THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC SLAWIN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:19-CV-4129-AT |
| | : | |
| v. | : | |
| | : | |
| BANK OF AMERICA MERCHANT | : | |
| SERVICES, et al, | : | |
| | : | |
| | : | |
| Defendants. | : | |

### STANDING ORDER:
### GUIDELINES TO PARTIES AND COUNSEL
### IN CASES PROCEEDING BEFORE
### THE HONORABLE AMY TOTENBERG

This case has been assigned to Judge Amy Totenberg. These guidelines are furnished to inform the parties and their counsel of the Court's policies, procedures, and practice, and to promote the just, speedy, and economical disposition of cases. This order, in combination with the Local Rules of this Court and the Federal Rules of Civil Procedure, shall govern this case. **You are required to sign and file a Certificate of Compliance in a format consistent with the Certificate of Compliance attached hereto.**

**Table of Contents**

I.   General Matters .................................................................................... 4

II.  Case Administration .......................................................................... 4

    a.   Contacting Chambers ................................................................. 4

    b.   Courtesy Copies of Documents ................................................. 5

    c.   Attorneys .................................................................................... 6

        i.    Admission of Counsel Pro Hac Vice .................................... 6

        ii.   Electronic Registration for All Counsel ............................. 6

        iii.  Leaves of Absence ............................................................... 7

        iv.   Withdrawal or Substitution of Counsel .............................. 7

        v.    Corporate Representation .................................................... 7

    d.   *Pro Se* Litigants ........................................................................ 8

III. Case Management ................................................................................. 11

    a.   Motions for Temporary Restraining Orders or Preliminary Injunctive Relief ........................................................................................... 11

    b.   Extensions of Time ..................................................................... 11

    c.   Conferences ................................................................................. 12

    d.   Discovery ..................................................................................... 12

        i.    General Principles of Discovery ......................................... 12

        ii.   Discovery Responses: Boilerplate and General Objections ........ 14

        iii.  Interrogatories ..................................................................... 15

        iv.   Requests for Production or Inspection ............................... 17

        v.    Requests for Admission ....................................................... 18

        vi.   Depositions .......................................................................... 18

    e.   Discovery Disputes ..................................................................... 20

    f.   Confidentiality Agreements, Protective Orders, and Motions to Seal ..... 22

        i.    Legal Standards Governing Public Access to Judicial Proceedings .... 22

        ii.   Procedure for Requesting the Court to Seal Information Designated as "Confidential" ..................................................................... 24

g.    Electronic Filing of Exhibits and Attachments..........................................25

h.    Motions for Summary Judgment..............................................................25

i.    Form of Statement of Material Facts & Response to Statement of Material Facts.........................................................................................................26

j.    Amended Complaints and Motions to Dismiss.........................................27

k.    Requests for Oral Argument on Motions..................................................27

l.    Pretrial Conference...................................................................................27

m.    Proposed Findings of Fact and Conclusions of Law................................28

n.    Jury Trial..................................................................................................29

o.    Jury Charges.............................................................................................34

p.    Courtroom Technology.............................................................................34

**Appendix: Certificate of Compliance**

## I.      GENERAL MATTERS

Attorneys and *pro se* litigants appearing in this court in civil litigation must observe three sets of rules:

1. The Federal Rules of Civil Procedure.   These rules are available at www.uscourts.gov/RulesAndPolicies/FederalRulemaking/Overview.aspx.

2. The local rules of this District Court and Instructions Regarding Pretrial Proceedings.   The local rules of this Court are available for downloading at www.gand.uscourts.gov/local-rules.  Various forms and the Court's pretrial instruction package are available at http://www.gand.uscourts.gov/rules-standing-orders-forms.

3. The rules and practices of the district judge, and magistrate judge if appropriate, assigned to your case.

## II.     CASE ADMINISTRATION

## a.     <u>**Contacting Chambers**</u>

Harry Martin, the Courtroom Deputy Clerk, is your principal point of contact on matters related to this case.  Where possible, communications with Mr. Martin should be via email (Harry_Martin@gand.uscourts.gov) Telephone (404-215-1437).   Please note that Mr. Martin is often in the courtroom, so telephone messages may not be returned for 24 hours.  Any mail, couriered, or hand-delivered communications should be addressed as follows:

Harry Martin
Courtroom Deputy Clerk
2388 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

<u>Neither the parties nor their counsel should discuss the merits of the case with</u>

<u>Mr. Martin or any of the Court's law clerks.</u>

**b.    <u>Courtesy Copies of Documents</u>**

Parties frequently forward copies of motions or other filings directly to chambers for the Court's convenience.  Courtesy copies are not required **except for** emergency motions filed pursuant to Local Rule 7.2B, NDGa, motions for temporary restraining orders and/or preliminary injunctions, motions for summary judgment, or motions with voluminous exhibits.  Courtesy paper copies of emergency motions, motions for temporary restraining orders, and/or motions for preliminary injunctions should be hand-delivered to chambers in Room 2388 on the 23rd floor of the Richard B. Russell Federal Building located at 75 Ted Turner Drive, SW.  Courtesy paper copies of motions for summary judgments, including all exhibits, or motions with voluminous exhibits, may be either hand-delivered to chambers in Room 2388 or submitted via regular mail to attention of the Courtroom Deputy Clerk at the above provided address.  Courtesy copies of motions and exhibits should be printed double-sided directly from the docket on the CM/ECF system with the docket header across the top of the document so

that the case number, docket number, and page numbers appear on each page. Courtesy copies should be assembled in a tabbed, indexed three-ring binder.

### c.   **Attorneys**

#### i.   **Admission of Counsel Pro Hac Vice**

In the event that lead counsel had been admitted pro hac vice, local counsel is required to be familiar with the case, and may be called upon to attend hearings or participate in conferences on behalf of the lead counsel.

#### ii.   **Electronic Registration for All Counsel**

All counsel — including counsel admitted pro hac vice — must register and participate in the Court's electronic filing system, CM/ECF (Case Management/Electronic Case Filing).  Standing Order 04-01 states,

> Effective July 15, 2005, absent good cause shown and the permission of the Court, attorneys in good standing admitted to practice before the Bar of this Court, to include attorneys admitted *pro hac vice*, will file, sign, and verify documents only by electronic means to the extent and in the manner authorized by this Standing Order, Local Rule 5.1 A. NDGa., and the administrative procedures attached hereto as Exhibits A and B, Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil and Criminal Cases in the United States District Court for the Northern District of Georgia (Administrative Procedures).

### iii.    Leaves of Absence

Counsel are encouraged to review their calendars and submit as early as possible any requests for leave of absence.  Leave requests shall comply with Local Rule 83.1, NDGa.

### iv.    Withdrawal or Substitution of Counsel

It is counsel's responsibility to keep the Court informed of any change of its status.  Counsel should comply with Local Rule 83.1, NDGa, when substituting or withdrawing as counsel.  Counsel who do not comply with this Local Rule will not be allowed to withdraw from the case until compliance is achieved.

### v.    Corporate Representation

Corporate entities must be represented in court by an attorney.    A corporate officer may not represent the corporation unless that officer is also licensed to practice law in the state of Georgia.  Local Rule 83.1, NDGa, states:

> a corporation may only be represented in court by an attorney, that a(n) attorney must sign all pleadings submitted to the court, and that a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the state of Georgia, and that failure to comply with this rule could result in a default being entered against the corporate party.

Failure to comply with this rule can result in dismissal of a corporation's complaint or default being entered against the corporation.

### d.   *Pro Se* Litigants

Parties proceeding *pro se* (without an attorney) are **ADVISED** that they must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as the Local Rules of the United States District Court for the Northern District of Georgia ("LR, NDGa.").   *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia.   Many documents are also available on the Court's website at www.gand.uscourts.gov. *Pro se* litigants may also utilize the law library located on the 23rd floor of the United States Courthouse at the above provided address.

Counsel and parties representing themselves are prohibited from engaging in *ex parte* communications with the Court or the Court's staff.   "*Ex parte* communications" mean any form of contact with the Court outside the presence of the opposing party or opposing party's counsel.   This includes, but is not limited to, telephone calls, written correspondence, or in-person contact, by one party or party's counsel.   If counsel or a *pro se* litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office and serve the opposing party or party's counsel.   *See* Fed. R. Civ. P. 5; LR 5.1 and 5.2, NDGa.; *see also* LR 7.4, NDGa. ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter. A letter seeking such action ordinarily

will not be treated as a motion. Counsel [and *pro se* litigants] shall not provide the Court with copies of correspondence among themselves relating to matters in dispute.").

The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party, unless expressly directed to do so by the Court. The Court will only direct the Clerk or the U.S. Marshals Service to serve in the following instances: (1) in the event a plaintiff is granted leave to proceed *in forma pauperis* (without prepayment of fees), the Court will direct the Clerk to prepare (and deliver to the U.S. Marshals Service if necessary) a service package containing the case initiating document(s) or (2) in exceptional circumstances under the Court's discretion. The National Association of Professional Process Servers provides a search engine for locating process servers across the nation at its website (www.napps.org).

A *pro se* plaintiff is **REQUIRED** to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the complaint and is further **REQUIRED** to **SERVE** upon the defendant(s) or counsel for the defendant(s),[1] by mail or by hand delivery under Rule 5 of the Federal Rules of Civil Procedure, a copy of every additional pleading or other paper described in Rule 5 of the Federal Rules of Civil Procedure.

---

[1] Once counsel for a defendant has appeared in the case, it is not necessary to serve the defendant individually; service on counsel is sufficient.

Each pleading or paper described in Rule 5, including pleadings, papers related to discovery required to be served, motions, notices and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendant(s) or their counsel.  This Court shall disregard any papers submitted which have not been properly filed with the Clerk, or which do not include a certificate of service.  *Pro se* parties are also **ADVISED** that, under Local Rule 7, NDGa, "PLEADINGS ALLOWED; FORM OF MOTIONS," if the deadline for a response to a motion passes without a response being filed, the motion is treated as unopposed.  *See* LR 7.1B, NDGa.  Furthermore, under Local Rule 56.1, NDGa, the failure by a respondent to a motion for summary judgment to contest the movant's statement of material facts will be taken as an admission of those facts not objected to in respondent's statement.

*Pro se* parties are further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit.  Local Rule 83.1D(3), NDGa provides that counsel and parties appearing *pro se* have, in all cases, a duty to notify the Clerk's Office by letter of any change in address and/or telephone number.  Per this rule, "a failure to keep the clerk's office so informed which causes a delay or otherwise adversely affects the management of a civil case shall constitute grounds for dismissal without prejudice or entry of a judgment by default."  *Pro se* parties are encouraged to provide the opposing

10

party/counsel with an email address for purposes of communicating regarding the case and serving copies of pleadings filed and served via regular mail.  If a *pro se* party provides an email address, opposing counsel shall serve copies of all pleadings via email and regular mail.  *Pro se* parties are **ADVISED**, however, that the Court serves via paper only and not via email.

## III.   CASE MANAGEMENT

### a.   <u>Motions for Temporary Restraining Orders or Preliminary Injunctive Relief</u>

The Court will not entertain granting a temporary restraining order or preliminary injunctive relief absent a properly supported motion with attached evidence pursuant to Fed. R. Civ. P. 65.  *See* LR 7.1A(1), NDGa.  If a party requests such relief only in their complaint or other pleadings, but fails to file a separate motion seeking the same, that request will not be considered until the merits of the case are addressed.

### b.   <u>Extensions of Time</u>

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolutions.  To that end, the Court seeks to set reasonable but firm deadlines.  Motions for extension, whether joint, unopposed, or designated as consent, will not be granted as a matter of course.  Parties seeking an extension should explain with specificity the unanticipated or

unforeseen circumstances necessitating the extension and should set forth a timetable for the completion of the tasks for which the extension is sought.

### c.     <u>Conferences</u>

Scheduling, discovery, pre-trial, and settlement conferences promote the speedy, just, and efficient resolution of cases.  Therefore, the Court encourages the parties to request a conference with the Court when counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference.  Conferences may be requested by contacting the Courtroom Deputy Clerk via email or telephone.

### d.     <u>Discovery</u>

Initial disclosures should be as complete as possible based upon information reasonably available.  Responses may not be reserved for later supplementation.

#### i.     **General Principles of Discovery**

Counsel and *pro se* litigants should be guided by courtesy, candor and common sense, and should conform to the Federal Rules of Civil Procedure, the Local Rules and applicable orders in conducting discovery.  In particular, counsel and *pro se* litigants should have in mind the restrictions on the scope of discovery stated in Fed. R. Civ. P. 26(b) and the good faith obligations implicit in Rule 26(g).  Direct and informal communication between counsel is encouraged to

facilitate discovery and resolve disputes.  In this regard, the Court refers counsel and parties to the guidance offered by the district court for the Central District of California in *O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 284 (C.D. Cal. 1999) (citations omitted):

> The Court would like to take this opportunity to address the parties and their counsel, to stress that "[t]he discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of [c]ivil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests."

All discovery must be served early enough so that the responses thereto are due on or before the last day of the discovery period.  Requests for extension of the discovery period or deadlines within the discovery period must be made in accordance with Local Rule 26.2B, NDGa.  All requests for extensions of the discovery period must be made via motion and must state: (1) the original (and if applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent.  An agreed upon

or consent motion to extend the discovery period or deadlines therein should be clearly designated as a <u>consent</u> motion.  Motions must be filed prior to the expiration of the existing discovery period.  The Court will not enforce the private agreements between the parties and/or their counsel to conduct discovery beyond conclusion of the discovery period.

The Court does not allow evidence at trial which was requested and not revealed during the discovery period.

### ii.    Discovery Responses: Boilerplate and General Objections

Boilerplate objections in response to discovery requests are strictly prohibited.  Parties should not carelessly invoke the usual litany of rote objections, i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, general objections are prohibited, i.e., a party shall not include in his response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome.  Instead, each individual discovery request must be met

with every specific objection thereto – but only those objections that actually apply to that particular request.  Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request.  All such general objections shall be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete, i.e., whether additional information or documents would have been provided but for the objection(s).  For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

### iii.    Interrogatories

Whenever possible, counsel should try to exchange information informally. The results of such exchanges, to the extent relevant, may then be made of record by requests for admission.

The parties are expected to observe the limitations regarding the number and scope of interrogatories as stated in Fed. R. Civ. P. 26(b) and 33.  Counsel's or a *pro se* litigant's signature on the interrogatories constitutes a certification of compliance with those limitations.    Interrogatories should be brief,

straightforward, neutral, particularized, and capable of being understood by jurors when read in conjunction with the answer. Ordinarily, they should be limited to requesting objective facts, such as, the identification of persons or documents, dates, places, transactions, and amounts. Argumentative interrogatories, attempts to cross-examine, and multiple repetitive interrogatories are objectionable.

Fed. R. Civ. P. 33(b) requires the respondent to provide separate written answers to each interrogatory unless it is objected to. If an objection is made, the reason(s) for the objection shall be stated and the interrogatory is to be answered to the extent it is not objectionable. When in doubt about the meaning of an interrogatory, give it a reasonable interpretation (which may be specified in the response) and answer it so as to provide rather than deny information. Generally, the responding party is required to produce information only in the form in which it is maintained or is available. If an answer is made by reference to a document, attach it or identify it and make it available for inspection. (*See* No. 9 below). Generalized cross-references, such as to a deposition, are not an acceptable answer.

The parties are directed to consult Rules 26(b) and 33(b)-(d) about the permissible scope of discovery and objections. Counsel's or a *pro se* litigant's signature on the answer constitutes a certification of compliance with the requirements of Fed. R. Civ. P. 26(g).

If an objection is based on privilege, the claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity. In the case of a document, such a statement should specify the privilege relied on and include the date, title, description, subject, and purpose of the document; the name and position of the author; and the addresses of other recipients. In the case of a communication, the statement should include the privilege relied on; the date, place, subject, and purpose of the communication; and the names and positions of all persons present. *See* Fed. R. Civ. P. 26(b)(5).

### iv.      Requests for Production or Inspection

Please consult Fed. R. Civ. P. 26(b) and 34 about the permissible scope of discovery and objections. To the extent possible, requests should specify with particularity the title and description of documents or records requested. (Information needed for specification can often be obtained by informal discovery or by deposition or by interrogatories, if necessary.) The certification requirement of Fed. R. Civ. P. 26(g) applies.

When responding to requests, materials (including electronically stored information), should be produced in accordance with Fed. R. Civ. P. 34(b)(2)(E). Documents should be produced either with labels corresponding to the categories in the specific requests to which they respond or in the manner in which they are kept in the usual course of business. Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and

similar procedures do not meet the good faith requirements of the rules.   The certification procedure of Fed. R. Civ. P. 26(g) is applicable.

### v.       Requests for Admission

Requests for admission are an economical and efficient means of making a record of informal exchanges of information, stipulations, and matters subject to judicial notice, and of narrowing issues.   Each request should be brief, clear, simple, addressed to a single point and stated in neutral, non-argumentative words.   Requests ordinarily should deal with only objective facts.   They may be combined with interrogatories to ask for the factual basis of a claim or a denial. The attorney's or *pro se* litigant's signature certifies compliance with Fed. R. Civ. P. 26(g).   Fed. R. Civ. P. 36(a)(4) requires that a response shall specifically deny a matter or set forth in detail the reasons why the party cannot admit or deny.   A denial shall fairly meet the substance of the request, and when good faith requires, a party shall specify so much as is true and qualify or deny the remainder.   The responding party has a duty to make reasonable inquiry before responding.   The certification requirement of Fed. R. Civ. P. 26(g) applies.

### vi.     Depositions

Barring extraordinary circumstances, opposing counsel and *pro se* litigants should be consulted, and the convenience of counsel, witnesses, and the parties

accommodated, before a deposition is noticed.  Concurrent depositions are not permitted in the absence of stipulation or order.

When counsel enter (or a party enters) into stipulations at the beginning of a deposition, the terms of the stipulation should be fully stated on the record of the deposition.

Questions should be brief, clear, and simple.  A deposition should not be used to harass or intimidate a witness.  Normally, except in the case of impeachment, a witness should be shown a document before being questioned about it.

Under Fed. R. Civ. P. 30(c)(2), objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record but the evidence objected to shall be taken subject to the objection.  In the absence of a good faith claim of privilege, instructions not to answer are rarely justified and may lead to sanctions under Fed. R. Civ. P. 37.  Speaking objections and other tactics for coaching a witness during the deposition are not permissible.  If counsel or a *pro se* litigant believes that a motion to terminate or limit the examination under Fed. R. Civ. P. 30(d) would be warranted, counsel and/or the *pro se* litigant should promptly initiate a conference call to the Court with opposing counsel for a pre-motion conference to attempt to resolve the problem.

Fed. R. Civ. P. 26(b)(4) should be consulted regarding expert disclosures. Experts who are prospective witnesses are normally produced for deposition by the opposing party as a matter of course.

The parties are expected to observe the limitations on depositions specified in Fed. R. Civ. P. 26(b) and 30 and, in particular, to avoid unnecessary depositions.

**e.   <u>Discovery Disputes</u>**

The parties shall not file discovery motions (including motions to compel, motions for protective order, and motions for sanctions) without prior permission from the Court.  These disputes are often resolved in a conference with the Court, thus avoiding a delay of discovery.  In the event a discovery dispute arises, the parties are required to meet and confer in an effort to resolve the dispute.  Counsel or *pro se* litigants are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the Court.  *See* Fed. R. Civ. P. 26(c) and 37(a)(1); LR 37.1A, NDGa.  The duty to confer is NOT satisfied by sending a written document, such as a letter, email, or fax, to the adversary, UNLESS repeated attempts to confer by telephone or in person are unsuccessful due to the conduct of the adversary.

If the dispute cannot be resolved, the parties shall file on the case docket via the CM/ECF system a Consolidated/Joint Discovery Statement outlining their positions on each of the discovery items in dispute.  The consolidated submission

is not to exceed 6 pages if there are 4 or less issues.  For 5-10 issues, the statement should not exceed 10 pages, and if there are more than 10 issues, the statement should not exceed 12 pages.  The statement should be formatted in a logical order, i.e., identify each issue in dispute followed by a discussion from each of the parties setting forth an explanation of its respective position on the issue as follows:

> **I.   Identify Discovery Issue #1**
> A. Party A's Position
> B. Party B's Response
> C. Party A's Reply
>
> **II.   Identify Discovery Issue #2**
> A. Party A's Position
> B. Party B's Response
> C. Party A's Reply

The parties are required to attach as an exhibit to the Consolidated Statement an excerpt of the relevant discovery requests including only the language of the specific requests and, potentially, the disputed responses, that are the subject of the dispute.  The parties should not attach an entire copy of their Interrogatories, Requests for Production of Documents, or Requests for Admission.  No other exhibits are allowed without prior permission from the Court.  The Court will determine whether the dispute can be resolved on the papers or whether a conference is necessary and will notify the parties accordingly.  All discovery conferences will be recorded by a court reporter.  If the

differences cannot be resolved during the conference with the Court, the Court will direct further proceedings.

**f.**   **Confidentiality Agreements, Protective Orders, and Motions to Seal**

    **i.**   **Legal Standards Governing Public Access to Judicial Proceedings**

In this Court, confidentiality of proceedings is the exception, not the rule. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests.").   Federal Rule of Civil Procedure 26 allows a court to enter a protective order rendering documents or portions thereof unavailable to the public after a showing of good cause.   Good cause is determined by balancing the public's "interest in obtaining access" against the "party's interest in keeping the information confidential."   *Id.* at 1315; *see also In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002) (quotation and citation omitted) (stating that "even where no third party challenges a protective order, the judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)").

Mere agreement by the parties that documents should be designated as confidential does not automatically satisfy the Rule 26(c) good cause standard. *See Chicago Tribune*, 263 F.3d at 1313; *CBS*, 184 F. Supp. 2d at 1362 ("calling a document confidential does not make it so in the eyes of the court; these consensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.'").  Good cause will generally only be established where the materials (e.g., documents or testimony) contain trade secrets, personal identifying information, and sensitive commercial information, where public disclosure would result in "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).

Where a party satisfies the good cause standard and information is filed under seal, the party is also entitled to the protection from public disclosure of such information through its being quoted verbatim in the pleadings, motions, and briefs filed with the Court.  The mere reference or discussion of confidential information, however, does not warrant sealing of the entire document and all attachments to be filed.  Instead, the Court is only interested in sealing or filing in a redacted format very specific portions of documents that contain or refer to confidential information.  *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) ("Material filed in connection with any substantive

23

pretrial motion, unrelated to discovery, is subject to the common law right of access . . . . A motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access.") (internal quotations and citations omitted).

### ii.    Procedure for Requesting the Court to Seal Information

"It is the general policy of this Court not to allow the filing of documents under seal without a Court order, even if all parties consent to the filing under seal." LR App H, Section II(J), NDGa. **To request to file material under seal, the Parties should follow the mechanism described in Section II(J) of Appendix H to the Court's Local Civil Rules**. If a document contains some discrete material that is deemed confidential and subject to protection from public disclosure under Rule 26(c), the Parties will be entitled to redact only those portions of the document deemed confidential. The Court cautions that only in rare instances will it be appropriate to seal an entire document from public access. Thus, pleadings, motions, or briefs which mention or reference a document containing confidential information, without disclosing the nature or contents of the protected information, shall not be sealed or filed in a redacted format. Where it is necessary for the Parties to quote or disclose protected confidential information in pleadings, motions, or briefs, the Parties shall file redacted versions of their pleadings, motions, or briefs.

g.    **Electronic Filing of Exhibits and Attachments**

The parties should make every effort to label all electronically uploaded exhibits and attachments according to their content to assist the Court in making its ruling.  For example, the Court would prefer to have documents uploaded as Ex. A: Smith Deposition, Ex. B: Employment Contract, and Ex. C: Jones Letter, rather than simply Ex. A, Ex. B, and Ex. C.

h.    **Motions for Summary Judgment**

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. When filing a brief in support of or in opposition to a motion for summary judgment, the party shall simultaneously file on the docket the complete transcript of each deposition referenced in the brief. The party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found. The party should also include as an exhibit to the brief a copy of the specific pages of the deposition that are referenced in the brief.  The party should not attach to the brief a copy of the entire deposition transcript.   The entire deposition transcript is to be filed separately.

i.   **Form of Statement of Material Facts & Response to Statement of Material Facts**

In addition to following the form instructions set out in Local Rule 56.1(B), NDGa, a party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following.   A party that chooses to reply to a response shall copy into its reply document its original numbered statement of material fact and the opposing party's response, then provide its reply to that statement immediately following.  Each party shall file its documents in a text-searchable PDF format.  For an example of the response format the Court prefers, *see Walker v. United States Postal Service*, No. 1:09-cv-2550, Doc. 45.   Statements of material fact that do not conform to these instructions will be returned to counsel for revision.

The parties are **REQUIRED** to submit courtesy paper copies of motions for summary judgments, including all exhibits, to chambers.  Courtesy copies may be hand-delivered to Room 2388 on the 23rd floor of the Richard B. Russell Federal Building or may be submitted via mail, addressed as follows:

>Harry Martin
>Courtroom Deputy Clerk
>2388 United States Courthouse
>75 Ted Turner Drive, SW
>Atlanta, GA 30303-3309

Courtesy copies of motions and exhibits should be printed double-sided directly from the docket on the CM/ECF system with the docket header across

26

the top of the document so that the case number, docket number, and page numbers appear on each page.  Courtesy copies should be assembled in a tabbed, indexed three-ring binder.

**j.**   **Amended Complaints and Motions to Dismiss**

If in response to a motion to dismiss, a plaintiff files an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1), the parties are directed to confer whether the motion to dismiss is rendered moot. If so, the defendant shall withdraw the motion prior to filing any motion to dismiss the amended complaint.

**k.**   **Requests for Oral Argument on Motions**

In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court will consider any request for hearing.  If oral argument is requested, the party or parties should specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument.  The Court will strongly consider granting oral argument in any case where a lawyer with less than five (5) years experience will be chiefly responsible for oral argument.

**l.**   **Pretrial Conference**

The Court will normally conduct a pretrial conference prior to trial.  The purpose of the conference is to simplify the issues to be tried and to rule on

evidentiary objections raised in the pretrial order.  Parties should bring to the conference a copy of the proposed pretrial order and attachments thereto, as well as any outstanding motions.

At the pretrial conference, the parties will be required to identify the specific witnesses they will call in their case at trial.  The Court may require the parties to bring to the pretrial conference those exhibits they plan to introduce at trial and to which there are objections, so that the Court may consider the objections thereto.

Unless otherwise directed, all motions in limine shall be filed at least fourteen (14) days before the pretrial conference. Briefs in opposition to motions in limine should be filed at least one (1) week before the pretrial conference. Ordinarily, the Court will decide motions in limine at the pretrial conference.

The attorneys for all parties are further directed to meet together by agreement, initiated by counsel for the plaintiff, no later than ten (10) days before the date of the pretrial conference to:

> a. discuss settlement;
> b. stipulate to as many facts and issues as possible.

The Court will discuss settlement with the parties if the case is to be tried by jury.

m. **Proposed Findings of Fact and Conclusions of Law**

When counsel is required to submit proposed findings of fact and conclusions of law, *see* LR 16.4B(25), NDGa, in addition to electronically filing

same, counsel should provide an electronic copy thereof in Microsoft Word format to the Courtroom Deputy Clerk, Mr. Martin, at Harry_Martin@gand.uscourts.gov

**n.**   **<u>Jury Trial</u>**

The Court usually is in session from 9:30 a.m. until 5:00 p.m.  There will be a fifteen (15) minute recess mid-morning and again mid-afternoon, as well as a lunch break.

When the jury is in the courtroom, it is the Court's and the litigants' responsibility to use the jury's time efficiently.  If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day.

Voir dire will be conducted as follows.  In civil cases that are not expected to last more than two (2) weeks, the Court will empanel eight (8) jurors, none of whom will serve as an alternate. The panel from which the eight (8) will be selected will normally consist of twenty (20) prospective jurors.  If counsel anticipate the need for a larger panel, e.g., in cases with media attention or in cases involving a mutual insurance company (which may be owned in part by one or more panel members), counsel should alert the Court promptly upon calendaring of the case for trial.

The jurors will enter the courtroom and be seated in the order listed on the juror list.  The Court will briefly inform the jury of the name and nature of the

case and will then collectively ask the jurors a list of qualifying questions.  One question will be whether any juror knows any witness in the case, so counsel should be prepared to identify the witnesses who may be called to testify (whether live or by deposition).  The Court will then individually question each juror.  Each juror will be identified by name (one at a time) and each juror will answer a predetermined list of questions.  This will be followed by a few more collective questions by the Court, and then counsel for each side will be allowed to question the jurors collectively and individually.

The jury will then be excused from the courtroom for a ten-minute recess. Once the jury is excused, the parties shall make motions to strike any juror(s) for cause.  Prior to returning the jury to the courtroom, the Court will consider any requests by counsel to ask any brief, follow-up questions to any particular juror(s).  After the Court rules on any such requests, the jury will be brought back into the Courtroom.   After the Court asks the follow-up questions (if any), counsel shall strike the jury.  Each side shall be entitled to three (3) peremptory strikes.  The Courtroom Deputy Clerk will pass the peremptory strike sheet back and forth between counsel, beginning with plaintiff, and counsel will write one juror number to be stricken.  This will continue until each side has exercised its allotted strikes.  The Court will then call the names of the jurors who have been selected, and they shall take a seat in the jury box.  At this time, counsel may

make motions challenging the makeup of the jury at a sidebar.  The remaining panel will be excused, and the selected jury will be sworn.

Opening statements are generally limited to twenty (20) minutes per side. Closing arguments generally are limited to thirty (30) minutes per side.  Parties requesting more time for these presentations must seek leave of Court at the pretrial conference.  During opening statement, counsel may refer to the contents of, and show the jury, exhibits — provided that counsel is unaware of a genuine issue as to the admissibility of the exhibit into evidence *and* counsel genuinely expects that each such exhibit will be admitted into evidence.

It is each party's responsibility to have enough witnesses on hand for each day's proceedings.

To assist the Court Reporter, all communications to the Court should be made before a microphone from a position at counsel table or from the lectern. During trial, a portable microphone is available that will allow counsel to move about the courtroom.  Any witness not testifying from the witness stand must also use a portable microphone.

Counsel should refrain from making disparaging remarks or displaying ill will toward other counsel and from causing or encouraging any ill feeling among the litigants.  Counsel and litigants are to refrain from making gestures, facial expressions, or audible comments as manifestations of approval or disapproval of testimony, argument, or rulings by the Court.

31

Arrangements with the Courtroom Deputy Clerk for the use of chalkboards, view boxes, tripods, or other visual aids should be made sufficiently in advance so that they may be set up while court is not in session.

Exhibits must be examined and marked before trial in compliance with Local Rule 16.4, NDGa.  Exhibits need not be shown to counsel during trial for the purpose of interposing objections or foundational inquires.  A notebook containing all exhibits should be tendered to the Courtroom Deputy Clerk prior to the start of trial, for use by the Judge on the bench during proceedings.

Because enlarged exhibits and demonstrative boards are often placed on an easel in front of the jury and thus out of the Court's view, it would be helpful if counsel, when showing such an exhibit or board to the jury, would provide the Court with a small (e.g., letter or legal-sized) copy of the exhibit or board so that the Court can view its contents.

All papers intended for the Judge should be handed to the Courtroom Deputy Clerk, who will pass them to the Judge.  Counsel are not required to obtain permission from the Judge to approach a witness in order to show the witness an exhibit or other document.

Only one attorney per party may object to the testimony of a witness being questioned by an opposing party.  The objection must be made by the attorney who has conducted or is to conduct the examination of the witness.  Only one attorney for each party may address the Court during the charge conference.

Examination of a witness should be limited to questions addressed to the witness.  Counsel are to refrain from making extraneous statements, comments, or remarks during examination.

Offers or requests for stipulations should be made privately, not within the hearing of the jury.

Counsel should refrain from putting any matter before the jury in the form of a question that counsel knows or expects will be subject to an objection that is likely to be sustained.  Such matters should be taken up with the Court outside the presence of the jury.

Counsel should not ordinarily make motions in the presence of the jury. Such matters may be raised at the first recess or at sidebar.  A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury.  When making an objection, counsel shall state only the legal basis of the objections (e.g., "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the Judge.

Counsel are prohibited from addressing comments or questions to each other.  All arguments, objections and motions should be addressed to the Court.

The Court expects five (5) to six (6) hours of testimony per day in jury trials and will not allow sidebar conferences or lengthy hearings outside the presence of the jury to disrupt the orderly presentation of evidence.

**o.**   **Jury Charges**

Ordinarily, the Court will charge the jury after closing argument.  The parties must file, and email to the Courtroom Deputy Clerk in Microsoft Word format, a single, unified set of proposed jury instructions on the law applicable to the specific case; where an instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction.  The Court will not accept supplemental jury charges from the parties that are submitted later than a day prior to the end of trial.  The parties must orally request leave of court to file supplemental jury charges.  The jury will be provided with a written copy of the jury charge.

**p.**   **Courtroom Technology**

The courtroom has various electronic equipment for use by counsel at trial.  For more information on the equipment, or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy Clerk, Mr. Martin, at Harry_Martin@gand.uscourts.gov or 404-215-1437.  It is the parties' responsibility to make sure they know how to use the equipment available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

A court order is required to bring boxes of exhibits, projectors, laptops—virtually anything necessary for use at trial—into the courthouse.  The parties

34

should file a motion, with proposed order, detailing the equipment they wish to bring into the courtroom.  This should be done not less than three (3) business days prior to the hearing or trial, to allow for proper notification to the United States Marshals Service.

**IT IS SO ORDERED** this 16th day of September, 2019.


_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| _____ | : | |
| _____, | : | |
| | : | |
| Plaintiff[s], | : | |
| | : | |
| v. | : | |
| | : | |
| _____ | : | CIVIL ACTION NO. |
| _____, | : | 1:\_\_\_\_-CV-_____-AT |
| | : | |
| Defendant[s]. | : | |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that I have read the Court's Standing Order in Cases Proceeding Before the Honorable Amy Totenberg and that I will comply with its provisions during the pendency of this litigation.

_____
Signature of counsel or *pro se* party