# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA MERCHANT SERVICES; BANK OF AMERICA CORPORATION; FIRST DATA CORPORATION; FISERV, INC.,<br><br>    Defendants. | Civil Action No. 1:19-cv-04129-AT |

## DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), Defendant Bank of America Corporation ("BOA") moves to dismiss all three of Plaintiff Eric Slawin's claims against it.

Alleging that Defendant Bank of America Merchant Services ("BAMS") terminated his employment in retaliation for his objection to unlawful conduct, Plaintiff asserts claims against BOA under: (1) the Sarbanes Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A; (2) the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. § 5567; and (3) the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 15 U.S.C. § 78u-6.

As further set forth in BOA's accompanying memorandum of law, Slawin fails to state a claim against BOA for the following four reasons:

1. Slawin was required to exhaust administrative remedies on his SOX and CFPA claims against BOA by naming BOA as a respondent in his administrative complaint. But Slawin did not name BOA as a respondent, and he therefore failed to exhaust administrative remedies as to BOA.

2. For Slawin to have a claim against BOA under SOX, the CFPA, and Dodd-Frank, BOA must have been Slawin's employer. Yet Slawin fails to allege that BOA was his employer.

3. To plead a *prima facie* case against BOA under SOX, the CFPA, and Dodd-Frank, Slawin must allege that he engaged in protected conduct, BOA knew of it, he suffered an adverse personnel action, and his protected conduct was a contributing factor or cause of the personnel action. However, Slawin fails to allege that BOA knew of his alleged protected conduct or took a personnel action against him.

4. To state a Dodd-Frank retaliation claim, a plaintiff must have reported a violation to the Securities and Exchange Commission ("SEC") before his termination. But Slawin does not allege that he reported a violation to the SEC before his termination.

Therefore, BOA requests that the Court dismiss all three of Slawin's claims against BOA.

Respectfully submitted this 19th day of November, 2019.

*s/ Ted Solley*
Theresia Moser (GA Bar Number 526514)
Ted Solley (GA Bar Number 010108)
Moser Law Co.
112 Krog Street NE Suite 26
Atlanta, GA 30307
404-537-5339
tmoser@moserlawco.com
tsolley@moserlawco.com

Sam S. Shaulson (*pro hac vice* motion to be filed)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6718
Fax: (212) 309-6001
sam.shaulson@morganlewis.com

Mark E. Zelek (*pro hac vice* motion to be filed)
Joseph D. Magrisso (*pro hac vice* motion to be filed)
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Telephone: (305) 415-3303
Fax: (305) 415.3001
mark.zelek@morganlewis.com
joseph.magrisso@morganlewis.com

*Attorneys for Defendant Bank of America Corporation*

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing brief has been prepared in accordance with Local Rule 5.1, including preparation in Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

This 19th day of November, 2019.

*s/ Ted Solley*
Ted Solley

## **CERTIFICATE OF SERVICE**

I certify that I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification or otherwise.

This 19th day of November, 2019.

*s/ Ted Solley*
Ted Solley

DB1/ 109570870.5