**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ERIC SLAWIN,<br><br>                 Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA MERCHANT<br>SERVICES; BANK OF AMERICA<br>CORPORATION; FIRST DATA<br>CORPORATION; FISERV, INC.,<br><br>                 Defendants. | Civil Action No. 1:19-cv-04129-AT |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT BANK OF AMERICA CORPORATION'S**
**MOTION TO DISMISS**

## I. __INTRODUCTION__

Plaintiff Eric Slawin asserts claims against his employer Bank of America Merchant Services ("BAMS"), and also asserts three employment retaliation claims against Defendant Bank of America Corporation ("BOA") under: (1) the Sarbanes Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A; (2) the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. § 5567; and (3) the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 15 U.S.C. § 78u-6.

Slawin fails to state a claim upon which relief can be granted against BOA. First, Slawin fails to state SOX and CFPA claims against BOA because he failed to name BOA as a respondent in his administrative complaint, and he therefore failed to exhaust administrative remedies as to BOA.  Second, Slawin fails to state SOX, CFPA, and Dodd-Frank claims against BOA because he fails to allege that BOA was his employer.  Third, Slawin fails to plead a *prima facie* case against BOA under SOX, the CFPA, and Dodd-Frank because he fails to allege that BOA knew of his alleged protected conduct before his termination, or that BOA took a personnel action against him.  And finally, Slawin fails to state a Dodd-Frank claim because he fails to allege that he reported a violation to the Securities and Exchange Commission ("SEC") before his termination.

Therefore, BOA requests that the Court dismiss Slawin's claims against BOA.

## II.   **BACKGROUND**

Slawin alleges that "BAMS terminated [his] employment on December 12, 2017." ECF No. 1 ¶ 105.

Slawin proceeds to allege that he "filed a whistleblower complaint with the SEC on December 12, 2017." *Id.* ¶ 106. Slawin does not allege that he reported a violation to the SEC before his termination.

Slawin also alleges that he "filed a whistleblower complaint … with OSHA [Occupational Safety and Health Administration] on December 12, 2017, the same day that he was terminated," *id.* ¶ 3, and that he "amended that complaint on April 27, 2018," *id.* ¶ 4. Slawin's OSHA complaint shows that he did not name BOA as a respondent in his OSHA complaint. Ex. 1 at 1.[1] Slawin does not allege that he named BOA as a respondent in his OSHA complaint.

---

[1] Although Slawin's OSHA complaint is not attached to the Complaint, the court may take judicial notice of it because it is referenced in the Complaint, ECF No. 1 ¶¶ 3, 4, and also because it is a public record, *see, e.g.*, *Roberts v. Fulton Cnty. Ry., LLC*, No. 07-2416, 2008 WL 542680, at *3 (N.D. Ga. Feb. 22, 2008) (stating that the court "may consider [an administrative] charge and related … documents … either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting [a] motion [to dismiss] to one [for] summary judgment" (internal quotation marks omitted)); *Fadaie v. Alaska Airlines, Inc.*, 293 F. Supp. 2d 1210,

Slawin claims that the reason that BAMS terminated his employment was that "he had objected to BAMS' strategy of misleading its customers to believe that it was PCI [Payment Card Industry] compliant when it was not, and that BAMS retaliated against him when he objected to participating in BAMS['] fraud on its customers and the SEC."  ECF No. 1 ¶ 3.

Slawin alleges that BAMS was the entity that "terminated" or made the "decision to terminate" his employment.  *Id.* ¶¶ 105, 120-122.  Slawin does not allege that BOA terminated his employment.

Although Slawin alleges that "[s]ince … BOA file[s] financial statements with the SEC, [it is a] covered employer[] under § 806 of Sarbanes-Oxley," *id.* ¶ 19, and that "[t]he Defendants are covered service providers employers [sic] within the meaning of the CFPA since they provide consumer financial products/services through their provision of credit card services and products within the meaning of the CFPA," *id.* ¶ 125, Slawin never alleges that BOA was *his* employer.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes motions to dismiss for "failure to state a claim upon which relief can be granted."  "A pleading that offers

1214-15 (W.D. Wash. 2003) ("[T]he Court could take judicial notice of public records, including the records and reports of administrative bodies such as OSHA. Administrative complaints and agency decisions are the type of public records that are properly the subject of judicial notice." (internal quotation marks omitted)).

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal brackets omitted) (quoting *Twombly*, 550 U.S. at 557).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV.   <u>ARGUMENT</u>

### A.   <u>Slawin fails to state SOX and CFPA claims against BOA because he failed to exhaust administrative remedies as to BOA.</u>

"Before an employee can assert a cause of action in federal court under the Sarbanes–Oxley Act, the employee must file a complaint with OSHA and afford OSHA the opportunity to resolve the allegations administratively."  *Bozeman v. Per-Se Techs., Inc.*, 456 F. Supp. 2d 1282, 1356 (N.D. Ga. 2006) (internal quotation marks and brackets omitted) (citing 18 U.S.C. § 1514A(b)(1)) (holding that plaintiff failed to exhaust administrative remedies for SOX claim).  The administrative complaint must be filed "not later than 180 days after the date on

which the violation occurs, or after the date on which the employee became aware of the violation."  18 U.S.C. § 1514A(b)(1).

Similarly, "[u]nder the CFPA, an employee must file a complaint with the Secretary of Labor within 180 days of the alleged retaliatory act" before commencing an action in court.  *Hall v. Bank of Am. Corp.*, No. 18-108, 2019 WL 215617, at *6 (W.D.N.C. Jan. 16, 2019) (citing 12 U.S.C. § 5567(c)(1)(A)) (dismissing CFPA claim for failure to exhaust administrative remedies), *aff'd*, 765 F. App'x 33 (4th Cir. 2019).

A plaintiff must "exhaust his administrative remedies for each claim he seeks to assert against each defendant" by "specifically nam[ing]" each defendant as a respondent in the administrative complaint.  *Bozeman*, 456 F. Supp. 2d at 1357-8; *accord Smith v. Psychiatric Solutions, Inc.*, No. 08-3, 2009 WL 903624, at *8 (N.D. Fla. Mar. 31, 2009) (holding that plaintiff failed to exhaust administrative remedies for Section 1514A claim against two defendants who were not named in her administrative complaint), *aff'd*, 358 F. App'x 76, 78 n.2 (11th Cir. 2009); *Smith v. Corning Inc.*, No. 06-6516, 2007 WL 2120375, at *2 (W.D.N.Y. July 23, 2007) ("[T]he federal courts that have considered the issue have consistently held that a plaintiff may not sue a particular defendant in federal court, or assert a particular claim, unless he has exhausted his administrative remedies as to that

defendant or claim.").  "[T]he mere fact that [a defendant] is mentioned in the body of the [administrative] complaint is insufficient."  *Bozeman*, 456 F. Supp. 2d at 1358; *accord Smith*, 2007 WL 2120375, at *2 ("[I]t is not sufficient to merely mention an individual in the body of the administrative complaint.").  Therefore, if a plaintiff files a claim in court without having specifically named the defendant as a respondent in the administrative complaint, the claim must be dismissed.  *Smith*, 2007 WL 2120375, at *2 (granting motion to dismiss claim against defendant that plaintiff had "fail[ed] to include … as a named person in the administrative complaint").

Here, Slawin alleges that "BAMS terminated [his] employment on December 12, 2017."  ECF No. 1 ¶ 105.  Slawin thus had to exhaust administrative remedies with respect to BOA within 180 days, or by June 10, 2018.  Slawin alleges that he "filed a whistleblower complaint … with OSHA on December 12, 2017," and amended it on April 27, 2018.  ECF No. 1 ¶¶ 3, 4, However, Slawin's OSHA complaint shows that he did not specifically name BOA as a respondent in the OSHA complaint, and Slawin does not allege otherwise.  Ex. 1 at 1.  Therefore, Slawin's SOX and CFPA claims against BOA must be dismissed.

**B.** **Slawin fails to state SOX, CFPA, and Dodd-Frank claims against BOA because he fails to allege that BOA was his employer.**

Slawin may assert his SOX, CFPA, and Dodd-Frank claims against BOA only if he adequately alleges that BOA was his employer.

"Section 1514A applies only to employers' decisions to 'discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an *employee in the terms and conditions of employment* because of any lawful act.'" *Kshetrapal v. Dish Network, LLC*, No. 14-3527, 2018 WL 1474375, at *8 (S.D.N.Y. Mar. 23, 2018) (quoting 18 U.S.C. 1514A(a)).  Thus, "a necessary element of a Sarbanes–Oxley whistleblower claim" is that the defendant was the plaintiff's employer, and a SOX claim fails if the plaintiff's complaint does not contain that allegation.  *Smith*, 2009 WL 903624, at *9 (holding that plaintiff's SOX claim against one defendant failed because plaintiff "[did] not allege in her [complaint] that [the defendant] was her employer"), *aff'd*, 358 F. App'x at 78 n.2.

Slawin alleges only that, "[s]ince … BOA file[s] financial statements with the SEC, [it is a] covered employer[] under § 806 of Sarbanes-Oxley."  ECF No. 1 ¶ 19.  Slawin's allegation is inadequate, and his SOX claim fails, because he never alleges that BOA was *his* employer.  Even if BOA has employees and is covered by Section 1514A as to those employees, that does not show that Slawin, specifically, was one of BOA's employees.

7

Similarly, the CFPA prohibits retaliation by a "covered person or service provider." 12 U.S.C. § 5567(a).  Section 5567 expressly narrows the scope of "covered persons" to *employers*.  *See, e.g.*, 12 U.S.C. § 5567(c)(3)(B) (stating that "no investigation … shall be conducted" by the Secretary of Labor "if the *employer* demonstrates … that the *employer* would have taken the same unfavorable personnel action in the absence of that behavior" (emphases added)).  This limitation avoids the absurd result of allowing an individual to bring a CFPA claim against any provider of a consumer financial product or service, regardless of whether the individual had any relationship with that provider.

Slawin alleges only that "[t]he Defendants are covered service providers employers [sic] within the meaning of the CFPA since they provide consumer financial products/services through their provision of credit card services and products within the meaning of the CFPA."  ECF No. 1 ¶ 125.  However, the mere allegation that BOA "provide[s] consumer financial products/services," *id.*, does not support that BOA was Slawin's employer.

Like SOX and the CFPA, Dodd-Frank requires Slawin to plead that BOA was his employer, as it states that "[n]o *employer* may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any

[enumerated] lawful act done by the whistleblower."  15 U.S.C. § 78u-6(h)(1)(A) (emphasis added).  Accordingly, Slawin's failure to plead any facts that would show an employment relationship between him and BOA dooms his Dodd-Frank claim just as it dooms his SOX and CFPA claims.

**C.**    **Slawin fails to plead a *prima facie* case against BOA under SOX, the CFPA, and Dodd-Frank because he fails to allege that BOA knew of his alleged protected conduct or took a personnel action against him.**

The elements of a *prima facie* case under SOX, the CFPA, and Dodd-Frank are substantially similar.

"To prevail on a whistleblower claim under Sarbanes–Oxley, the employee must show that (1) she engaged in protected conduct; (2) the employer knew that the employee engaged in the conduct; (3) the employee suffered an unfavorable personnel action; and (4) the protected conduct was a contributing factor in the personnel action."  *Smith*, 2009 WL 903624, at \*8; *accord Feldman v. Law Enforcement Assocs.*, 752 F.3d 339, 344 (4th Cir. 2014).

"The prima facie elements that [a plaintiff] must establish [under the CFPA] are that (1) he engaged in protected activity; (2) the employer knew or suspected, either actually or constructively, that he engaged in the protected activity; (3) he suffered an unfavorable personnel or employment action; and (4) the protected

9

activity was a contributing factor in the unfavorable action." *Veard v. F&M Bank*, 704 F. App'x 469, 473 (6th Cir. 2017) (internal quotation marks omitted).

"To plead a valid claim for retaliation under Dodd-Frank, Plaintiff must allege that: (1) he engaged in protected activity; (2) he suffered a materially adverse employment action; and (3) there was a causal connection between the adverse action and the protected activity." *Grimm v. Best Buy Co.*, No. 16-1258, 2017 WL 9274874, at *4 (D. Minn. Apr. 19, 2017), *report and recommendation adopted*, No. 16-1258, 2017 WL 2345585 (D. Minn. May 30, 2017); *see also Martensen v. Chicago Stock Exchange*, 882 F.3d 744, 746 (7th Cir. 2018) (affirming dismissal of Dodd-Frank claim where plaintiff "disclaim[ed] any contention that [defendant] retaliated against him for the act that made him a whistleblower").

Slawin fails to plead a *prima facie* case against BOA under these statutes. Slawin does not allege that BOA knew of his alleged protected conduct. As a result, he cannot allege that this protected conduct was a contributing factor or cause of any decision by BOA. In fact, Slawin does not allege that BOA took any personnel action against him. Slawin alleges only that *BAMS* "terminated" or made the "decision to terminate" his employment. ECF No. 1 ¶¶ 105, 120-122.

### D. **Slawin fails to state a Dodd-Frank claim because he fails to allege that he reported a violation to the SEC before his termination.**

To state a Dodd-Frank retaliation claim, a plaintiff must have reported a violation to the SEC "before his termination." *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 778 (2018) (holding that plaintiff "did not qualify as a 'whistleblower' at the time of the alleged retaliation" and was "therefore ineligible to seek relief under §78u-6(h)" because he "did not provide information 'to the Commission' before his termination" (quoting 15 U.S.C. § 78u-6(a)(6)).

Slawin alleges that "BAMS terminated Mr. Slawin's employment on December 12, 2017," and *then* he alleges that he "filed a whistleblower complaint with the SEC on December 12, 2017." ECF No. 1 ¶¶ 105-106. Slawin never alleges that he reported a violation to the SEC before his termination. Slawin's Dodd-Frank claim therefore must be dismissed.

## V. **CONCLUSION**

For the foregoing reasons, BOA requests that the Court dismiss Slawin's claims against BOA.

11

Respectfully submitted this 19th day of November, 2019.

*s/ Ted Solley*_____
Theresia Moser (GA Bar Number 526514)
Ted Solley (GA Bar Number 010108)
Moser Law Co.
112 Krog Street NE Suite 26
Atlanta, GA 30307
404-537-5339
tmoser@moserlawco.com
tsolley@moserlawco.com

Sam S. Shaulson (*pro hac vice* motion to be filed)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6718
Fax: (212) 309-6001
sam.shaulson@morganlewis.com

Mark E. Zelek (*pro hac vice* motion to be filed)
Joseph D. Magrisso (*pro hac vice* motion to be filed)
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Telephone: (305) 415-3303
Fax: (305) 415.3001
mark.zelek@morganlewis.com
joseph.magrisso@morganlewis.com

*Attorneys for Defendant Bank of America Corporation*

12

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I certify that the foregoing brief has been prepared in accordance with Local

Rule 5.1, including preparation in Times New Roman 14-point font, one of the font

and point selections approved by the Court in Local Rule 5.1(C).

This 19th day of November, 2019.

*s/ Ted Solley*_____
Ted Solley

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification or otherwise.

This 19th day of November, 2019.

*s/ Ted Solley*
Ted Solley

DB1/ 109571023.5