# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>           Plaintiff,<br><br>      v.<br><br>BANK OF AMERICA MERCHANT SERVICES; BANK OF AMERICA CORPORATION; FIRST DATA CORPORATION; FISERV, INC.,<br><br>           Defendants. | Civil Action No. 1:19-cv-04129-AT |

# REPLY IN SUPPORT OF
# DEFENDANT BANK OF AMERICA CORPORATION'S
# MOTION TO DISMISS

Slawin's SOX and CFPA claims against BOA fail because he failed to exhaust administrative remedies. Slawin's SOX, CFPA, and Dodd-Frank claims against BOA independently fail because BOA was not his employer, and Slawin's attempts to impose vicarious liability on BOA are contrary to law. In addition, Slawin's SOX, CFPA, and Dodd-Frank claims against BOA independently fail because he has not pled plausible claims against BOA. And Slawin's Dodd-Frank claim also independently fails because he failed to report a violation to the SEC before his termination. Therefore, Slawin's claims against BOA must be dismissed with prejudice.

## I. SLAWIN'S SOX CLAIM MUST BE DISMISSED.

Slawin's SOX claim fails for the following independent reasons.

### A. Slawin failed to exhaust administrative remedies as to BOA.

In its Motion, BOA showed that Slawin's SOX claim fails because he failed to exhaust administrative remedies as to BOA, as he did not name it as a respondent in his OSHA complaint. Although Slawin argues that he exhausted administrative remedies because BOA and BAMS are the same, even if that were true, Slawin's argument fails because his OSHA complaint did not give BOA notice that Slawin would seek to hold it liable.

BOA's argument is not, as Slawin mischaracterizes it, that Slawin did not

name BOA in the OSHA complaint's caption.  Rather, BOA's argument is that Slawin failed to identify BOA as a respondent *at all*.  The regulations require that, regardless of whether an administrative complaint is written or oral, the complainant must identify the respondent.  "***Respondent*** means the person named in the complaint who is alleged to have violated the Act."  29 C.F.R. § 1980.101(k).  The complainant "must allege the existence of facts and evidence" showing that "[t]he respondent knew or suspected that the employee engaged in the protected activity."  *Id.* § 1980.104(e)(2)(ii).  OSHA must give "the respondent" notice of the complaint, allegations, and evidence, and of the respondent's rights.  *Id.* § 1980.104(a), (b), (f).  As the case law that Slawin himself cites shows, "a primary objective of exhaustion requirements is to put parties on notice of the allegations against them."  *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 670 (4th Cir. 2015).

In his OSHA complaint, Slawin did not (1) identify BOA as a respondent, (2) accuse BOA of any violation, or (3) seek any relief from BOA.  *See* ECF No. 6-2 at 1-12.  All of his accusations of wrongdoing were against BAMS and employees of BAMS.  *See id.*  Slawin's prayer for relief sought relief only from "the Respondents," identified as BAMS and six of its employees.  *Id.* at 10-12. As a result, "[t]he OSHA investigation … could not reasonably be expected to extend

to" BOA, and Slawin's OSHA complaint could not have given BOA notice that Slawin would sue it. *Wallace v. Tesoro Corp.*, 796 F.3d 468, 477 (5th Cir. 2015).

Merely alleging that BOA was a joint venturer in or affiliate of BAMS does not bring it within the scope of the investigation. In *Wilson*, the court dismissed the plaintiff's claims against her employer's parent and affiliates for failure to exhaust administrative remedies, despite allegations that they were "part of a joint venture," reasoning that only the employer was "named" in the charge, the plaintiff did not allege that the affiliates had notice of the charge, and the parent and affiliates did not have notice that they would be accused of wrongdoing. *Wilson v. Kautex, Inc.*, No. 07-60, 2008 WL 474230, at *2-4, *7 (N.D. Ind. Feb. 15, 2008).

Slawin does not allege that BOA had notice of his OSHA complaint. And, even if BOA had notice of the OSHA complaint, nothing in it could have given BOA notice that Slawin would seek to hold BOA liable for retaliation.[1]

---

[1] Slawin's failure to allege wrongdoing by BOA in his OSHA complaint distinguishes this case from those on which Slawin relies, which either did not address whether an entity not named as a respondent could be sued, or involved defendants that **had** been accused of wrongdoing in the administrative complaints. For example, in *Wadler*, the court held that the plaintiff exhausted administrative remedies as to one defendant because the administrative complaint had accused him of terminating the plaintiff's employment, but that the employee failed to exhaust administrative remedies as to the other defendants, which had not been accused of retaliation in the administrative complaint. *Wadler v. Bio-Rad Labs., Inc.*, 141 F. Supp. 3d 1005, 1021 (N.D. Cal. 2015); *see also Andrews v. ING N. Am. Ins. Corp.*, No. 06-71, 2008 WL 7853805, at *1, *3 (ARB Aug. 29, 2008)

3

### B. BOA was not Slawin's employer, and is not vicariously liable under SOX.

In its Motion, BOA showed that an additional reason that Slawin's SOX claim fails is that he fails to allege that BOA was his employer. Slawin argues that BOA is vicariously liable because Section 929A of Dodd-Frank amended SOX to prohibit retaliation by a subsidiary or affiliate whose financial information is included in the publicly traded company's consolidated financial statements.

Slawin's argument fails because the statute merely states that such a subsidiary or affiliate may not retaliate—it does not state that the publicly traded company is vicariously liable. *See* 18 U.S.C. § 1514A(a) (stating that "[n]o company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78*l*), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78*o*(d)), … including any subsidiary or affiliate whose financial information is included in the

---

(addressing only whether complainant had to name parent to assert claim against ***subsidiary***, and ***not*** whether claimant exhausted claims against ***parent***; and, regardless, the complaint alleged that the parent was responsible for the termination); *Klopfenstein v. PCC Flow Techs. Holdings, Inc.*, No. 04-149, 2006 WL 3246904, at *9-10 (ARB May 31, 2006) (same); *Jones*, 777 F.3d at 669-70 (OSHA complaint identified the individuals as persons who violated the act); *Wallace*, 796 F.3d at 476 (did not address whether entity that was never identified as a respondent at the administrative stage could be sued); *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000) (same); *Sydnor v. Fairfax County*, 681 F.3d 591, 594-95 (4th Cir. 2012) (same); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) (same).

consolidated financial statements of such company" may retaliate).

The regulations eviscerate Slawin's argument that a company can be held vicariously liable despite having no involvement with the alleged retaliation. *See* 29 C.F.R. § 1980.104(e)(2)(ii) (requiring the employee to "allege the existence of facts and evidence" showing that "[t]he respondent knew or suspected that the employee engaged in the protected activity").

In addition, contrary to Slawin's claims, case law supports that BOA is not a proper defendant because it was not his employer. Slawin falsely claims that BOA cited only *Kshetrapal* and misrepresented it. The truth is that (1) *Kshetrapal* states that "Section 1514A applies only to employers' decisions to" retaliate. *Kshetrapal v. Dish Network, LLC*, No. 14-3527, 2018 WL 1474375, at *8 (S.D.N.Y. Mar. 23, 2018); and (2) BOA also cited *Smith*. The *Smith* district court held that "alleg[ing] that [the defendant] was [the plaintiff's] employer" is "a necessary element of a Sarbanes–Oxley whistleblower claim." *Smith v. Psychiatric Sols., Inc.*, No. 08-3, 2009 WL 903624, at *9 (N.D. Fla. Mar. 31, 2009). The Eleventh Circuit affirmed, holding that "the district court was correct in dismissing [the plaintiff's] claim on the basis that [she] … was not an employee of [the defendant]." *Smith v. Psychiatric Sols., Inc.*, 358 F. App'x 76, 78 (11th Cir. 2009).

The decisions on which Slawin relies do not support that the parent company

5

is vicariously liable. Nowhere in *Johnson* did the ARB state that the parent company was vicariously liable. To the contrary, the ARB expressly stated, "We render no opinion as to the claims against [the parent]," and, after remanding the case for a determination of whether the subsidiary was covered by SOX and was liable, the ARB separately stated, "We also leave open for remand whether our ruling today affects the dismissal of the claims against [the parent]." *Johnson v. Siemens Bldg. Techs., Inc.*, No. 08-32, 2011 WL 1247202, at *12 (ARB Mar. 31, 2011). Furthermore, *Leshinsky v. Telvent GIT, S.A.*, 873 F. Supp. 2d 582 (S.D.N.Y. 2012), contains no discussion of whether the parent is vicariously liable.

    **C.**    **<u>Slawin lacks a SOX claim because he does not allege that a public company was the perpetrator of the alleged fraud.</u>**

Even if BOA and BAMS were the same, which they are not, Slawin's SOX claim fails because § 1514A does not cover employees unless they reported fraud that a public company committed. Although SOX can protect employees of a private subsidiary of a public company, the employees must report fraud committed by the public company. *See Gibney v. Evolution Mktg. Research, LLC*, 25 F. Supp. 3d 741, 746-49 (E.D. Pa. 2014) (dismissing § 1514A claim because plaintiff did not allege "shareholder fraud either by the public company itself or *through* its contractors"); *Anthony v. Nw. Mut. Life Ins. Co.*, 130 F. Supp. 3d 644, 652-53 (N.D.N.Y. 2015) (dismissing § 1514A claim because plaintiff did not

6

"allege[] that she was providing services to the [publicly traded mutual funds], nor that she reported any wrongdoing committed either by [them] or on their behalf").

Slawin alleges only fraud by BAMS, which he does not allege is publicly traded. *See, e.g.*, ECF No. 1 ¶ 1. Although he alleges that "BAMS' conduct" was "fraudulent to shareholders of" BOA, *id.* ¶ 118, that is insufficient because he does not allege that BOA was the perpetrator, *see Gibney*, 25 F. Supp. 3d at 748 (SOX was not "intended to encompass *every* situation in which any party takes an action that has some attenuated, negative effect on the revenue of a publicly-traded company, and by extension decreases the value of a shareholder's investment"). Indeed, BOA would have been a victim of the alleged fraud, which would have misled it about the value of its BAMS investment; it would be absurd to hold BOA liable for a fraud against it. *See id.* at 747-49 (dismissing § 1514A claim where the public company was "the victim of fraud rather than its perpetrator").

D. **BOA is not vicariously liable as a joint venturer.**

Slawin's argues that BOA is liable as a joint venturer. His argument fails because, even if BOA were a joint venturer (and it is not), in cases in which a plaintiff seeks to hold an entity liable for an adverse employment action as a joint venturer, courts still require a showing that the entity controlled the plaintiff's

7

employment.² Slawin has not alleged that BOA controlled his BAMS employment. To the contrary, he alleges that BAMS terminated his employment. ECF No. 1 ¶ 105.

### E. Slawin pled no facts showing that BAMS is BOA's alter ego.

Slawin next unsuccessfully argues that BAMS is BOA's alter ego under Georgia and Delaware law. Delaware law applies because BAMS is a Delaware LLC. *See Horton Homes, Inc. v. Bandy*, No. 07-506, 2007 WL 4571251, at *2 (M.D. Ala. Dec. 26, 2007) ("[V]eil-piercing issues concerning disregard of corporate form are to be determined by reference to the law of the state under which the corporation exists."). Regardless of which law applies, Slawin's

---

² *See Harvey v. Uhs Pruitt Holdings, Inc.*, No. 14-54, 2016 WL 393997, at *4 (M.D. Ga. Feb. 1, 2016) (holding that ultimate parent company was not liable for employment discrimination despite plaintiff's allegation that it was "jointly and severally liable" because it and the subsidiary that employed her "engaged in a joint venture in the management and operation of the nursing home" where she worked, reasoning that the ultimate parent was not a joint employer because it "does not participate in the management or business of [the subsidiary]; does not exercise control over the terms and conditions of employment of [the subsidiary's] employees; and does not participate in decisions to hire or to terminate any [of the subsidiary's] employees, including Plaintiff"); *Cabrera v. Jacobs Tech., Inc.*, No. 10-1069, 2011 WL 1882517, at *2, *4-5 (S.D. Tex. May 17, 2011) (holding that plaintiff lacked employment retaliation claim against defendant that she alleged was "liable … under the theories of joint venture and enterprise, *respondeat superior* and vicarious liability," reasoning that defendant was not plaintiff's joint employer, including because another entity "maintained primary control over the plaintiff" and "set the terms and conditions of her employment," and plaintiff was not "dependent on the defendant as a matter of economic reality").

argument fails.

Under Delaware law, "the plaintiff must plead facts supporting an inference that the corporation, through its alter-ego, has created a sham entity designed to defraud investors and creditors." *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 497 (Del. 2003). Veil-piercing "is usually invoked when the shell corporate entity is insolvent." *Id.* Under Georgia law, "[i]t must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that there is such a unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud." *Horton Homes*, 2007 WL 4571251, at *3. The entity's "insolvency" is "a precondition to a plaintiff's piercing the corporate veil." *Johnson v. Lipton*, 328 S.E.2d 533, 535 (Ga. 1985).

Slawin has not alleged that BAMS is a sham designed to commit fraud; that BAMS is BOA's instrumentality; that their separate personalities do not exist; or that BAMS is insolvent. Slawin argues only that BAMS will be dissolved in June 2020. Even if that is true, Slawin's argument fails because BAMS' dissolution would not mean that it would be unable to satisfy a judgment against it. A dissolved LLC may still "defend suits" and "discharge or make reasonable

provision for [its] liabilities" until a cancellation certificate is filed. Del. Code Ann. tit. 6, § 18-803(b).

### F. Slawin pled no facts supporting his argument that BOA will succeed BAMS.

Slawin argues that he would be able to substitute BOA as BAMS' successor after BAMS' dissolution. But he has not pled any facts showing that BOA would be BAMS' successor upon its dissolution. Nor has Slawin cited any authorities stating that a claim against a company survives a motion to dismiss because the company may be a successor in the future. Slawin's cases show that "substitution of parties" is authorized only "after a transfer of interest has occurred." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994); *see also Wallace v. DM Customs, Inc.*, No. 05-115, 2006 WL 8440090, at *2 (M.D. Fla. May 12, 2006) (asset transfer already occurred).

### G. Slawin fails to plead a plausible claim against BOA.

In its Motion, BOA showed that Slawin failed to allege that BOA knew of his alleged protected conduct or took a personnel action against him, which are elements of his claims. Slawin does not deny that these are elements of his claims. Slawin instead argues that he does not need to plead a prima facie case, and that he only needs to state a plausible claim.

But Slawin fails to state a plausible claim against BOA. The problem with

10

Slawin's complaint is deeper than his failure to plead the elements of a prima facie case—it is that Slawin's allegations refute BOA's liability.  Specifically, Slawin does not just fail to allege that BOA took any personnel action against him; he alleges that ***BAMS***—not BOA—"terminated" or made the "decision to terminate" his employment.  ECF No. 1 ¶¶ 105, 120-122.  As cases that BOA cited in its Motion show, retaliation claims are subject to dismissal if the plaintiff would be unable to plead facts that would establish the claims.[3]

Slawin resorts to his erroneous argument that BAMS and BOA are the same.  As shown above, Slawin's argument fails.  *See supra* Pt. I.B, D-F.  Moreover, none of the "[a]dditional facts" that Slawin requests leave to plead would show BOA's liability.  Resp. at 17.  Slawin alleges that his training took place in One Bank of America Center; that OCC—not Slawin—told "BOA that it was at risk because of BAMS' activities"; and that he spoke to a BAMS—not BOA—employee about BAMS'—not BOA's—alleged violations.  *Id.* at 17-18.  But these allegations do

---

[3] *See Martensen v. Chicago Stock Exch.*, 882 F.3d 744, 746 (7th Cir. 2018) (affirming dismissal of Dodd-Frank claim where plaintiff "disclaim[ed] any contention that [defendant] retaliated against him for the act that made him a whistleblower"); *Grimm v. Best Buy Co.*, No. 16-1258, 2017 WL 9274874, at *4 (D. Minn. Apr. 19, 2017), *adopted*, No. 16-1258, 2017 WL 2345585 (D. Minn. May 30, 2017) (dismissing SOX claim because plaintiff failed to plead that "he was terminated because of" protected conduct, and the court could not "conceive of any set of facts under which Plaintiff would be entitled to relief" because the plaintiff's "new allegations" would not "alter the Court's findings or conclusions" (internal quotation marks and brackets omitted)).

not show that BOA knew of his protected conduct or terminated his employment. Slawin also claims that the Merchant Services Agreements provide for BAMs' and BOA's joint and several liability, but he does not specify what conduct these agreements make BAMS and BOA jointly and severally liable for, much less that they establish joint and several liability *for his termination*.[4]

## II. SLAWIN'S CFPA CLAIM MUST BE DISMISSED.

### A. Slawin's CFPA claim fails for many of the same independent reasons that his SOX claim fails.

Like his SOX claim, Slawin's CFPA claim fails for his failure to exhaust administrative remedies; his failure to plead a plausible claim; and because BOA is not liable as a joint venturer, alter ego, or successor. *See supra* Pt. I.A, D-G. Slawin's CFPA claim fails for the following additional independent reason.

### B. Slawin lacks a CFPA claim against BOA because BOA was not his employer, and he pleads no facts showing that he was covered.

As BOA showed in its Motion, the plain text of the CFPA narrows its application to employers. *See, e.g.*, 12 U.S.C. § 5567(c)(3)(B) (stating that "no investigation … shall be conducted" by the Secretary of Labor "if the *employer* demonstrates … that the *employer* would have taken the same unfavorable

---

[4] Slawin claims that, in *MobilePay*, BAMS, BOA, and First Data "were represented by the same counsel and admitted their joint venture status, and BOA's and First Data's joint ownership of BAMS." Resp. at 18 (emphasis removed). But BOA was not a party in *MobilePay* (a different Bank of America entity was).

personnel action in the absence of that behavior" (emphases added)). Slawin weakly argues that this subsection of the statute is procedural. That does not negate the fact that it shows that employers are the subjects of DOL investigations, and thus that only the employers are liable.

Slawin also argues that the CFPA prohibits a covered person not just from terminating employees, but also "caus[ing]" employees "to be terminated." *Id.* § 5567(a). But Slawin does not allege that BOA even caused him to be terminated.

Finally, Slawin argues that BOA is a "covered person" under the CFPA because BAMS and BOA process payments that consumers make to BAMS' and BOA's customers (merchants and municipalities), and that BOA is a "service provider." But Slawin's allegation that BAMS' and BOA's customers are merchants and municipalities dooms his claim. To be a "covered employee," Slawin must have "perform[ed] tasks related to the offering or provision of a consumer financial product or service." *Id.* § 5567(b). A consumer is "an individual" (or one acting "on behalf of an individual"). *Id.* § 5481(4). A "consumer financial product or service" is one "offered or provided for use by consumers primarily for personal, family, or household purposes." *Id.* § 5481(5). Thus, a covered employee's work relates to products or services primarily for individuals' personal, family, or household purposes—and Slawin does not allege

13

that this describes his work for BAMS.

### III. SLAWIN'S DODD-FRANK CLAIM MUST BE DISMISSED.

#### A. Slawin's Dodd-Frank claim fails for many of the same independent reasons that his SOX and CFPA claims fail.

Slawin's Dodd-Frank claim fails because Slawin failed to plead a plausible claim; and because BOA is not liable as a joint venturer, alter ego, or successor. *See supra* Pt. I.D-G. Slawin's Dodd-Frank claim fails for the following additional independent reasons.

#### B. Slawin failed to report a violation to the SEC before termination.

In its Motion, BOA showed that Slawin does not have a Dodd-Frank claim because the Supreme Court has held that a Dodd-Frank claim fails when the plaintiff "did not provide information 'to the Commission' before his termination." *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 778 (2018) (quoting 15 U.S.C. § 78u-6(a)(6)). Slawin argues that *Digital Realty* does not apply because the plaintiff there never filed an SEC complaint, and Slawin did, albeit after his termination.

But courts applying *Digital Realty* routinely reject Slawin's argument. For example, in rejecting a plaintiff's argument that Dodd-Frank applies to retaliation suffered before an SEC report, the Fifth Circuit reasoned as follows:

> [T]he Court did not qualify its holding that a whistleblower must "qualify as a 'whistleblower' at the time of the alleged retaliation" to distinguish between those who report after the retaliation and those

14

who never report…. *Digital Realty Trust* holds that a whistleblower may receive protection under the Dodd-Frank Act only for retaliation that occurs after they file a report with the SEC.

*Frye v. Anadarko Petroleum Corp.*, No. 18-20543, 2019 WL 7374806, at *5 (5th Cir. Nov. 4, 2019) (quoting *Digital Realty*, 138 S. Ct. at 778).[5]

### C. Dodd-Frank prohibits only retaliation by employers, but BOA was not Slawin's employer.

As BOA showed in its Motion, Dodd-Frank unambiguously prohibits only the "employer" from retaliating. 15 U.S.C. § 78u-6(h)(1)(A). Slawin argues that BAMS and BOA are the same under SOX, and that Dodd-Frank incorporates SOX's protections in 15 U.S.C. § 78u-6(h)(1)(A)(iii). But the subsection on which Slawin relies simply identifies acts for which an employer may not retaliate against a whistleblower—it does not state that it extends liability to a non-employer. 15 U.S.C. § 78u-6(h)(1)(A)(iii). In addition, as explained above, SOX does not impose vicarious liability on a non-employer just because it is a parent company, and Slawin lacks a SOX claim because he does not allege that a public company was the perpetrator of the alleged fraud. *See supra* Pt. I.B-C.

---

[5] *See also, e.g.*, *Rollins v. Goldman Sachs & Co. LLC*, No. 18-7162, 2019 WL 2754635, at *7 n.3 (S.D.N.Y. July 2, 2019); *Wutherich v. Rice Energy Inc.*, No. 18-200, 2018 WL 5724128, at *7 (W.D. Pa. Oct. 2, 2018), *adopted*, No. 18-200, 2018 WL 5722685 (W.D. Pa. Nov. 1, 2018); *Johnson v. AmeriGas Propane, L.P.*, No. 17-252, 2018 WL 2304742, at *5 (N.D.N.Y. May 21, 2018); *Price v. UBS Fin. Servs., Inc.*, No. 17-1882, 2018 WL 1885669, at *2 (D.N.J. Apr. 19, 2018).

Respectfully submitted this 6th day of March, 2020.

        *s/ Ted Solley*
        Ted Solley (GA Bar Number 010108)
        Moser Law Co.
        112 Krog Street NE Suite 26
        Atlanta, GA 30307
        404-537-5339
        tsolley@moserlawco.com

        Sam S. Shaulson (*pro hac vice*)
        MORGAN, LEWIS & BOCKIUS LLP
        101 Park Avenue
        New York, NY 10178-0060
        Telephone: (212) 309-6718
        Fax: (212) 309-6001
        sam.shaulson@morganlewis.com

        Mark E. Zelek (*pro hac vice*)
        Joseph D. Magrisso (*pro hac vice*)
        MORGAN, LEWIS & BOCKIUS LLP
        200 South Biscayne Boulevard, Suite 5300
        Miami, FL 33131-2339
        Telephone: (305) 415-3303
        Fax: (305) 415.3001
        mark.zelek@morganlewis.com
        joseph.magrisso@morganlewis.com

        *Attorneys for Defendant Bank of America Corporation*

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing brief has been prepared in accordance with Local Rule 5.1, including preparation in Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

This 6th day of March, 2020.

*s/ Ted Solley*
Ted Solley

## **CERTIFICATE OF SERVICE**

I certify that I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification or otherwise.

This 6th day of March, 2020.

*s/ Ted Solley*
Ted Solley

DB1/ 112653521.6