**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| ERIC SLAWIN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:19-cv-04129-AT |
| v. | : | |
| | : | |
| BANK OF AMERICA | : | |
| MERCHANT SERVICES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

<u>**DEFENDANT BANC OF AMERICA MERCHANT SERVICES, LLC'S**</u>
<u>**ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Defendant Banc of America Merchant Services, LLC ("BAMS"), by undersigned counsel, respectfully submits this Answer to Plaintiff's Complaint. Pursuant to Fed. R. Civ. P. 8(b)(3), BAMS denies each and every allegation in the Complaint except as expressly admitted or qualified hereafter. Furthermore, to the extent that the headings used throughout the Complaint contain substantive allegations, BAMS denies them.

**INTRODUCTION**

1.      BAMS admits that Plaintiff Eric Slawin brought this action under the Sarbanes-Oxley Act of 2002, 18 U.S.C. §1514A ("SOX"), the Consumer Financial Protection Act of 2010, 12 U.S.C. 5567 ("CFPA"), and the Dodd-Frank Wall Street

1

Reform and Consumer Protection Act, 15 U.S.C. §78u-6 ("Dodd-Frank").[1] BAMS is a limited liability company whose two members are subsidiaries of Fiserv, Inc. ("Fiserv") and Bank of America Corporation ("BofA"). BAMS' business was to provide payment processing and related business support products and services to merchants and governmental organizations through a joint venture between subsidiaries of Fiserv and BofA ("Joint Venture"). The Joint Venture was dissolved effective July 1, 2020. BAMS the legal entity remains extant, but ceased all business activity effective July 1, 2020. BAMS also admits that Plaintiff is a former Business Control Officer at BAMS, whose job duties included evaluating and assessing compliance issues, evaluating and assessing risk, developing and proposing measures to mitigate identified risks, and ensuring identified deficiencies in any process were properly corrected and resolved. BAMS asserts that it complied with applicable payment card industry and contractual data security rules, regulations, and requirements and therefore denies Plaintiff's allegation that it was "not PCI compliant." All remaining allegations contained in Paragraph 1 are denied except to the extent expressly admitted in response to other Paragraphs of the Complaint herein.

---

[1] Plaintiff's claims against BAMS made under Dodd Frank were dismissed by the Court on September 30, 2020. (Doc. 47.)

**JURISDICTION AND VENUE**

2.     BAMS admits that this Court has jurisdiction under 28 U.S.C. § 1331 and that venue is proper in this Court. BAMS denies all remaining allegations contained in Paragraph 2.

**CONDITIONS PRECEDENT**

3.     BAMS admits that Plaintiff filed a complaint under SOX with the Occupational Safety and Health Administration ("OSHA") on or before December 18, 2017. BAMS denies all remaining allegations contained in Paragraph 3.

4.     BAMS admits the allegations contained in Paragraph 4 of the Complaint.

5.     BAMS admits that on or about November 26, 2018, OSHA suspended its investigation based on Plaintiff's stated intent to file a case in federal court. BAMS also admits that the Secretary of Labor had not issued a final decision at this time. BAMS denies all remaining allegations contained in Paragraph 5.

6.     BAMS admits the allegations contained in Paragraph 6 of the Complaint.

## THE PARTIES

7.     BAMS admits that Plaintiff is a male U.S. citizen. BAMS lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and on that basis denies them.

8.     BAMS is a limited liability company whose two members are subsidiaries of Fiserv and BofA. BAMS denies all remaining allegations contained in Paragraph 8.

9.     BAMS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and on that basis denies them.

10.     BAMS admits the allegations contained in Paragraph 10 of the Complaint.

11.     BAMS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and on that basis denies them.

12.     BAMS denies the allegations contained in Paragraph 12 of the Complaint.

13.     BAMS admits that a Schedule 13D was filed by First Data Corporation on July 29, 2019 and that it describes First Data Corporation surviving a merger as

4

a wholly owned subsidiary of Fiserv. BAMS denies all remaining allegations contained in Paragraph 13.

14.　　BAMS admits the allegations contained in Paragraph 14 of the Complaint.

15.　　BAMS admits the allegations contained in Paragraph 15 of the Complaint.

16.　　BAMS admits the allegations contained in Paragraph 16 of the Complaint.

17.　　BAMS admits that Fiserv is a Wisconsin corporation. BAMS lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint and on that basis denies them.

18.　　BAMS denies that may be served by service upon either BofA, First Data Corporation, or Fiserv. BAMS denies all remaining allegations contained in Paragraph 18.

## FACTS

19.　　BAMS denies the allegations contained in Paragraph 19 of the Complaint.

20.　　BAMS admits the allegations contained in Paragraph 20 of the Complaint.

21.    BAMS admits the allegations contained in Paragraph 21 of the Complaint.

22.    BAMS admits that the PCI Security Standards Council has promulgated PCI Data Security Standards ("PCI DSS") for entities that store, process or transmit cardholder data to help protect the safety of that data. BAMS denies all remaining allegations contained in Paragraph 22.

23.    BAMS admits that Visa and Mastercard issue security rules for their merchant customers. BAMS denies all remaining allegations contained in Paragraph 23.

24.    BAMS denies that it is an "acquiring bank." BAMS lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint and on that basis denies them.

25.    BAMS ceased all business activity effective July 1, 2020, but admits that prior to that date it provided payment processing and related business support products and services to merchants and governmental organizations. BAMS denies all remaining allegations contained in Paragraph 25.

26.    BAMS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and on that basis denies them.

27.   BAMS denies the allegations contained in Paragraph 27 of the Complaint.

28.   BAMS denies the allegations contained in Paragraph 28 of the Complaint.

29.   BAMS denies the allegations contained in Paragraph 29 of the Complaint.

30.   BAMS denies the allegations contained in Paragraph 30 of the Complaint.

31.   BAMS denies the allegations contained in Paragraph 31 of the Complaint.

32.   BAMS admits that its merchant customers were required to comply with applicable card organization rules, including PCI DSS. BAMS denies all remaining allegations contained in Paragraph 32.

33.   BAMS admits that it provided payment processing services through First Data, or subsidiaries or affiliates thereof (hereinafter collectively "First Data"), and sold or leased First Data products including card acceptance equipment. BAMS denies all remaining allegations contained in Paragraph 33.

34.   BAMS admits that it marketed payment processing and related business support products and services to merchants and governmental organizations,

7

including the sale and leasing of point-of-sale equipment that enabled the acceptance of card payments and that it received fees for the products and services it provided. BAMS further admits that First Data processed the transactions. BAMS denies all remaining allegations contained in Paragraph 34.

35.   BAMS denies the allegations contained in Paragraph 35 of the Complaint.

36.   BAMS admits that First Data processed the payment card transactions and that some of the transactions were processed using First Data equipment. BAMS denies all remaining allegations contained in Paragraph 36.

37.   BAMS admits that First Data complied with all applicable PCI data security standards. BAMS denies all remaining allegations contained in Paragraph 37.

38.   BAMS admits that it was the point of contact for certain chargebacks. BAMS denies all remaining allegations contained in Paragraph 38.

39.   BAMS denies the allegations contained in Paragraph 39 of the Complaint.

40.   BAMS admits that on November 5, 2015, Plaintiff was offered a position of VP Operations Control Officer, which he started on December 7, 2015, and that in that position he was a liaison for operations with its audit, compliance

8

and risk functions. BAMS denies all remaining allegations contained in Paragraph 40.

41.    BAMS admits that Plaintiff's job duties included evaluating and assessing compliance issues, evaluating and assessing risk, developing and proposing measures to mitigate identified risks, and ensuring identified deficiencies in any process were properly corrected and resolved. BAMS denies all remaining allegations contained in Paragraph 41.

42.    BAMS admits the allegations contained in Paragraph 42 of the Complaint.

43.    BAMS admits that Plaintiff reported to Natasha Collins, Senior Vice President, Head of Sales Operations and Planning, in the summer of 2017. BAMS denies all remaining allegations contained in Paragraph 43.

44.    BAMS admits the allegations contained in Paragraph 44 of the Complaint.

45.    BAMS admits that Mark Kendall reported to Natasha Collins. BAMS denies all remaining allegations contained in Paragraph 45.

46.    BAMS denies the allegations contained in Paragraph 46 of the Complaint.

47.     BAMS denies the allegations contained in Paragraph 47 of the Complaint.

48.     BAMS admits that in June 2017 BAMS's risk organization raised a question about the use and handling of primary account number data in certain situations. BAMS denies all remaining allegations contained in Paragraph 48.

49.     BAMS denies the allegations contained in Paragraph 49 of the Complaint.

50.     BAMS denies the allegations contained in Paragraph 50 of the Complaint.

51.     BAMS denies the allegations contained in Paragraph 51 of the Complaint.

52.     BAMS denies the allegations contained in Paragraph 52 of the Complaint.

53.     BAMS admits the allegations contained in Paragraph 53 of the Complaint.

54.     BAMS denies the allegations contained in Paragraph 54 as stated.

55.     BAMS admits that in June 2017 David Ades, Executive Vice President, General Manager and Head of Sales, Client Managed, who reported to CEO Tim Tynan, sent an email regarding the question raised by the risk organization of the

use and handling of primary account number data in certain situations. BAMS denies all remaining allegations contained in Paragraph 55.

56.     BAMS denies the allegations contained in Paragraph 56 of the Complaint.

57.     BAMS admits Mr. Ades sent an email in June 2017 that contains the quoted language. BAMS denies all remaining allegations contained in Paragraph 57.

58.     BAMS denies the allegations contained in Paragraph 58 of the Complaint.

59.     BAMS denies the allegations contained in Paragraph 59 of the Complaint.

60.     BAMS denies the allegations contained in Paragraph 60 of the Complaint.

61.     BAMS denies the allegations contained in Paragraph 61 of the Complaint.

62.     BAMS admits that in 2017, Sherra Grissom was a Senior Vice President, Business Controls Manager and reported to Thomas Fontana. BAMS denies all remaining allegations contained in Paragraph 62.

63.     BAMS admits that in 2017, Thomas Fontana was the Chief Risk Officer and reported to CEO Tim Tynan. BAMS denies all remaining allegations contained in Paragraph 63.

64.     BAMS denies the allegations contained in Paragraph 64 of the Complaint.

65.     BAMS denies the allegations contained in Paragraph 65 of the Complaint.

66.     BAMS denies the allegations contained in Paragraph 66 of the Complaint.

67.     BAMS admits that Plaintiff was employed by BAMS from December 7, 2015, that his employment was terminated effective December 7, 2017, and that BAMS notified Plaintiff of the termination of his employment on December 12, 2017. BAMS denies all remaining allegations contained in Paragraph 67.

68.     BAMS admits the allegations contained in Paragraph 68 of the Complaint.

69.     BAMS denies the allegations contained in Paragraph 69 of the Complaint.

70.     BAMS denies the allegations contained in Paragraph 70 of the Complaint.

71.     BAMS denies the allegations contained in Paragraph 71 of the Complaint.

72.     BAMS denies the allegations contained in Paragraph 72 of the Complaint.

73.     BAMS denies the allegations contained in Paragraph 73 of the Complaint.

74.     BAMS denies the allegations contained in Paragraph 74 of the Complaint.

75.     BAMS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and on that basis denies them.

76.     BAMS denies the allegations contained in Paragraph 76 of the Complaint.

77.     BAMS denies the allegations contained in Paragraph 77 of the Complaint.

78.     BAMS denies the allegations contained in Paragraph 78 of the Complaint.

79.     BAMS denies the allegations contained in Paragraph 79 of the Complaint.

80.     BAMS denies the allegations contained in Paragraph 80 of the Complaint.

81.     BAMS denies the allegations contained in Paragraph 81 of the Complaint.

82.     BAMS denies the allegations contained in Paragraph 82 of the Complaint.

83.     BAMS admits that Plaintiff met with Natasha Collins and that they discussed the self-identified audit issue. BAMS denies all remaining allegations contained in Paragraph 83.

84.     BAMS admits that in 2017 Larry Brennan was a Senior Vice President for Merchant Data Security and Cyber Security. BAMS denies all remaining allegations contained in Paragraph 84.

85.     BAMS admits that Plaintiff mentioned the issue of PCI data security standard compliance in a conversation with Walt Zimmerman, VP Business Consultant – Large Corporate. BAMS denies all remaining allegations contained in Paragraph 85.

86.     BAMS denies the allegations contained in Paragraph 86 of the Complaint.

87.     BAMS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint and on that basis denies them.

88.     BAMS denies the allegations contained in Paragraph 88 of the Complaint.

89.     BAMS denies the allegations contained in Paragraph 89 of the Complaint.

90.     BAMS denies the allegations contained in Paragraph 90 of the Complaint.

91.     BAMS denies the allegations contained in Paragraph 91 of the Complaint.

92.     BAMS denies the allegations contained in Paragraph 92 of the Complaint.

93.     BAMS denies the allegations contained in Paragraph 93 of the Complaint.

94.     BAMS denies the allegations contained in Paragraph 94 of the Complaint.

95.     BAMS denies the allegations contained in Paragraph 95 of the Complaint.

96.     BAMS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and on that basis denies them.

97.     BAMS denies the allegations contained in Paragraph 97 of the Complaint.

98.     BAMS denies the allegations contained in Paragraph 98 of the Complaint.

99.     BAMS denies the allegations contained in Paragraph 99 of the Complaint.

100.    BAMS admits that Plaintiff sent BAMS emails to his personal email. BAMS denies all remaining allegations contained in Paragraph 100.

101.    BAMS admits that Mr. Solan and Mr. Kendall spoke with Plaintiff on December 8, 2017 concerning emails which contained confidential information that he sent from his BAMS email to his personal email. BAMS denies all remaining allegations contained in Paragraph 101.

102.    BAMS admits that Mr. Solan and Mr. Kendall asked Plaintiff to sign a declaration affirming, among other things, that he had deleted all copies of BAMS's confidential information from his personal email ("the Declaration"). BAMS denies all remaining allegations contained in Paragraph 102.

103.   BAMS admits that Mr. Solan contacted Plaintiff on December 11, 2017 to discuss the Declaration. BAMS denies all remaining allegations contained in Paragraph 103.

104.   BAMS admits that on December 11, 2017, Plaintiff sent an email to Mr. Solan stating that he would not sign the Declaration. BAMS denies all remaining allegations contained in Paragraph 104.

105.   BAMS admits that on December 12, 2017 it informed Slawin that his employment had been terminated effective December 7, 2017. BAMS denies all remaining allegations contained in Paragraph 105.

106.   BAMS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint and on that basis denies them.

107.   BAMS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint and on that basis denies them.

108.   BAMS denies the allegations contained in Paragraph 108 of the Complaint.

109.   BAMS denies the allegations contained in Paragraph 109 of the Complaint.

110.   BAMS denies the allegations contained in Paragraph 110 of the Complaint.

111.   BAMS denies the allegations contained in Paragraph 111 of the Complaint.

<u>COUNT I</u>
<u>SARBANES-OXLEY ACT OF 2002</u>
<u>18 U.S.C. §1514A</u>

112.   BAMS repeats each and every response contained in the paragraphs above and incorporates them by reference as though fully set forth at length herein.

113.   BAMS repeats each and every response contained in Paragraphs 1 through 18 and incorporates them by reference as though fully set forth at length herein.

114.   BAMS repeats the response contained in Paragraph 19 and incorporates it by reference as though fully set forth at length herein.

115.   BAMS repeats each and every response contained in Paragraphs 3 through 6 and incorporates them by reference as though fully set forth at length herein. BAMS denies all remaining allegations contained in Paragraph 115.

116.   BAMS admits the allegations contained in Paragraph 116 of the Complaint.

117.   BAMS repeats each and every response contained in Paragraphs 20 through 109 and incorporates them by reference as though fully set forth at length herein. BAMS denies all remaining allegations contained in Paragraph 117.

118.   BAMS repeats each and every response contained in Paragraphs 69 through 100, 104, 106-107 and incorporates them by reference as though fully set forth at length herein. BAMS denies all remaining allegations contained in Paragraph 118.

119.   BAMS repeats each and every response contained in Paragraphs 101 through 107 and incorporates them by reference as though fully set forth at length herein. BAMS denies all remaining allegations contained in Paragraph 119.

120.   BAMS denies the allegations contained in Paragraph 120 of the Complaint.

121.   BAMS denies the allegations contained in Paragraph 121 of the Complaint.

122.   BAMS denies the allegations contained in Paragraph 122 of the Complaint.

<u>COUNT II</u>
<u>CONSUMER FINANCIAL PROTECTION ACT OF 2010 ("CFPA")</u>
<u>12 U.S.C. 5567</u>

123.   BAMS repeats each and every response contained in the paragraphs above and incorporates them by reference as though fully set forth at length herein.

124.   BAMS repeats each and every response contained in Paragraphs 1 through 18 and incorporates them by reference as though fully set forth at length herein.

125.   BAMS denies the allegations contained in Paragraph 125 of the Complaint.

126.   BAMS denies the allegations contained in Paragraph 126 of the Complaint.

127.   BAMS repeats each and every response contained in Paragraphs 3 through 6 and incorporates them by reference as though fully set forth at length herein.

128.   BAMS admits the allegation contained in Paragraph 128 of the Complaint.

129.   BAMS repeats each and every response contained in Paragraphs 20 through 109 and incorporates them by reference as though fully set forth at length herein. BAMS denies all remaining allegations contained in Paragraph 129.

130.   BAMS denies the allegations contained in Paragraph 130 of the Complaint.

131.   BAMS denies the allegations contained in Paragraph 131 of the Complaint.

132.   BAMS denies the allegations contained in Paragraph 132 of the Complaint.

133.   BAMS denies the allegations contained in Paragraph 133 of the Complaint.

134.   BAMS denies the allegations contained in Paragraph 134 of the Complaint.

135.   BAMS denies the allegations contained in Paragraph 135 of the Complaint.

<u>COUNT III</u>
<u>DODD-FRANK WALL STREET REFORM</u>
<u>AND CONSUMER PROTECTION ACT</u>
<u>15 U.S.C. §78u-6</u>

The Court dismissed Count III of Plaintiff's Complaint on September 30, 2020 (Doc. 47), and accordingly no answer should be required.  To the extent any answer may be required, BAMS responds as follows.

136.   BAMS repeats each and every response contained in the paragraphs above and incorporates them by reference as though fully set forth at length herein.

137.   BAMS denies the allegations contained in Paragraph 137 of the Complaint.

138.   BAMS denies the allegations contained in Paragraph 138 of the Complaint.

139.   BAMS denies the allegations contained in Paragraph 139 of the Complaint.

140.   BAMS denies the allegations contained in Paragraph 140 of the Complaint.

141.   BAMS denies the allegations contained in Paragraph 141 of the Complaint.

142.   BAMS denies the allegations contained in Paragraph 142 of the Complaint.

143.   BAMS denies the allegations contained in Paragraph 143 of the Complaint.

BAMS responds to the unnumbered paragraph starting with "WHEREFORE" by stating that it denies that Plaintiff is entitled to any damages or relief of any kind, including the specific relief identified in sub-paragraphs 1 through 14.

## **AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, BAMS now alleges the following additional facts and affirmative defenses that demonstrate that Plaintiff is not entitled to any relief from BAMS—either on the causes of actions raised in his Complaint or otherwise. In addition to the affirmative defenses set forth below, BAMS intends to rely on all other properly provable defenses that may be revealed through further investigation and discovery in this case. BAMS may assert such additional defenses at any time through the time of trial. BAMS expressly reserves the right to seek leave of Court to amend its Answer to add additional affirmative defenses.

## **First Defense**

Plaintiff cannot state a claim upon which relief can be granted, including but not limited to because BAMS and Plaintiff are not covered or protected by SOX or the CFPA.

## **Second Defense**

Plaintiff did not engage in any behavior protected by SOX or the CFPA.

### Third Defense

Plaintiff cannot show that any behavior protected by SOX or the CFPA was a contributing factor in the termination of his employment.

### Fourth Defense

BAMS would have terminated Plaintiff's employment in the absence of any behavior by Plaintiff protected by SOX or the CFPA.

### Fifth Defense

Plaintiff has failed to mitigate his alleged damages, if any, or, to the extent he has mitigated those alleged damages, his alleged damages should be offset by the amount he has earned.

### Sixth Defense

Plaintiff's own actions or omissions caused or contributed to his alleged damages.

### Seventh Defense

BAMS reserves the right to rely upon such other defenses and affirmative defenses as may become available or apparent during discovery proceedings in this case. BAMS also reserves the right to amend this answer to assert additional defenses and other matters.

**WHEREFORE,** BAMS respectfully requests that the Court enter an Order that:

A.      Dismisses Plaintiff's Complaint in its entirety with prejudice and on the merits;

B.      Awards BAMS all costs, disbursements, and attorneys' fees that may be allowable by law; and

C.      Grants to BAMS any additional relief to which it is entitled by law, and which the Court deems just and proper.

Respectfully submitted this 7th day of December, 2020.

/s/ M. Laughlin Allen
M. Laughlin Allen (Ga. Bar No. 901999)
McGuireWoods LLP
1230 Peachtree Street, N.E.
Suite 2100, Promenade
Atlanta, GA  30309
Tel.:  (404) 443-5738
Fax:  (404) 443-5773
mlallen@mcguirewoods.com

Elena D. Marcuss (admitted *pro hac vice*)
McGuireWoods LLP
500 East Pratt Street, Suite 1000
Baltimore, MD  21202
Tel.:  (410) 659-4454
Fax:  (410) 659-4547
emarcuss@mcguirewoods.com

*Attorneys for Banc of America Merchant Services, LLC*

25

## CERTIFICATE OF SERVICE AND
## COMPLIANCE WITH LOCAL RULE 5.1B

I certify that on December 7, 2020, I electronically filed the foregoing *Defendant Banc of America Merchant Services, LLC's Answer to Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Jean Simonoff Marx, Esq.
Robert N. Marx, Esq.
Marx Law Group
1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
jeannie.marx@marxlawgroup.com
robert.marx@marxlawgroup.com
lawyers@marxlawgroup.com

Christopher Paul Galanek, Esq.
Aiten Musaeva McPherson, Esq.
Bryan Cave Leighton Paisner, LLP
One Atlantic Center, 14th Floor
1201 West Peachtree St., N.W.
Atlanta, GA 30309-3471
chris.galanek@bclplaw.com
aiten.mcpherson@bclplaw.com

Mark E. Zelek, Esq.
Joseph D. Magrisso, Esq.
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL  33131-2339
mark.zelek@morganlewis.com
joseph.magrisso@morganlewis.com

Ted Solley, Esq.
Moser Law Co.
112 Krog Street NE Suite 26
Atlanta, GA 30307
tsolley@moserlawco.com

I further certify that I prepared this document in 14 point Times New Roman

font and complied with the margin and type requirements of this Court.

*/s/ M. Laughlin Allen*
M. Laughlin Allen, Esq.