IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT SERVICES, LLC, s/h/a BANK OF AMERICA MERCHANT SERVICES,<br><br>　　　　　　　Defendant. | Civil Action File No.<br>1:19-cv-04129-AT |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.    **Description of Case:**

    **(a)    Describe briefly the nature of this action.**

    This is a whistleblower action under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A and the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5567(a).

    **(b)    Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

    Plaintiff's Statement: The Plaintiff was a former Vice President Operations

Control Officer at Bank of America Merchant Services ("BAMS") whose job was to evaluate and assess compliance issues at BAMS, evaluate and assess risk for BAMS, and to develop and propose measures to mitigate identified risks. On information and belief, at all relevant times BAMS was jointly owned by First Data Corporation, now Fiserv, Inc., and Bank of America Corporation ("Bank of America" or "BOA"). On information and belief, as of July 29, 2019, First Data Corporation became a wholly owned subsidiary of Fiserv, Inc. Plaintiff was responsible for advising BAMS regarding client inquiries regarding data security, including what is known as "PAN" data. PAN data is primary account number data on consumers' credit and debit cards. BAMS is a provider of payment processing services to its customers which include private merchants and governmental organizations. Both BAMS and its customers receive, store and/or transmit credit/debit card information which contain PAN data. Any entity, whether BAMS or its customers, which receives, stores or transmits credit/debit card information, is required to be "PCI" (Payment Card Industry) compliant in order to protect the security of such PAN data.  BAMS was not PCI compliant so that credit card information that was transmitted to and from it, and handled by it, was not data security protected. Rather this PAN data was at risk, potentially exposing BAMS, its merchant and municipal customers, and their customers to millions of dollars

loss, such as occurred as a result of the data breach that occurred involving Target Corporation in 2013. BAMS misleadingly sought to create the impression that PAN data conveyed to it was protected through its own PCI compliant processes when in fact BAMS was not PCI compliant. Plaintiff knew that BAMS was not PCI compliant and that BAMS was averse to becoming PCI compliant because of emails he received which so stated, and because of conversations he had. On repeated occasions, the Plaintiff raised concerns to his superiors that BAMS was acting fraudulently in misleading and misdirecting its customers when issues of PCI compliance were raised by those customers, and that BAMS' misrepresentations and omissions regarding its non-PCI compliance could severely hurt investors. Based on Mr. Slawin's long banking career in which he held regulatory and compliance positions, and BAMS' stated acknowledgement of the impropriety being non-PCI compliant and stated refusal to become PCI compliant, Mr. Slawin reasonably believed that BAMS' deceptive practices regarding its being non-PCI compliant violated federal mail fraud, bank fraud, and wire fraud laws, as well as violated federal law regarding corporate financial disclosures by omitting any reference to the substantial risks attendant to BAMS' departure from standardized practices regarding PAN data security. In retaliation for Mr. Slawin's opposition to and refusal to participate in BAMS' continuing fraud, BAMS retaliated against him by

terminating him.

According to SEC filings by Fiserv and BOA, BAMS is a joint venture between BOA and Fiserv. According to BAMS' current website, "Banc of America Merchant Services, LLC is a joint venture between Bank of America and Fiserv [formerly First Data]. In July 2019, it was announced that they will pursue independent merchant services strategies as of July 2020 – resulting in the dissolution of Banc of America Merchant Services, LLC. Bank of America and Fiserv have an agreement to provide uninterrupted delivery of products and services to Bank of America Merchant Services, LLC Clients. . . .**You will receive a notice in the mail which will inform you if your merchant services contract has been assigned to either Fiserv or Bank of America."** (emphasis in original). https://www.bankofamerica.com/smallbusiness/merchant-services/merchant-services-faq/.

Defendant's Statement: From 2015 to 2017, Plaintiff was employed by BAMS. BAMS, now known as JV Wind Down, LLC ("BAMS"), is a limited liability company whose two members are: FDS Holdings, Inc., a subsidiary of Fiserv, Inc. ("Fiserv"), and BAMS Solutions, Inc., an indirect subsidiary of Bank of America Corporation ("BofA"). BAMS' business was to provide payment processing and related business support products and services to merchants and

governmental organizations through a joint venture between subsidiaries of Fiserv and BofA ("Joint Venture"). The Joint Venture was dissolved effective July 1, 2020. The legal entity BAMS remains extant, but ceased all business activity effective July 1, 2020.  Plaintiff was never employed by either Fiserv, First Data Corporation, or BofA.

Consistent with BAMS' commitment to data security, transparency and compliance, BAMS self-identified a question that had been raised internally about Payment Card Industry Data Security Standard ("PCI DSS") compliance as an internal audit issue so that it could be assessed, and if needed, resolved, as appropriate.  Plaintiff, who was a Business Control Officer at BAMS, was tasked with leading the effort, but failed to act with any urgency.  By early fall 2017, Plaintiff's failure to complete assigned tasks and meet deadlines had become so significant that his managers formally counselled him about the need to improve his performance.  Plaintiff's performance did not improve and he continued to fail to complete his work in a timely and effective manner. Additionally, in late November 2017, BAMS' data loss prevention system flagged that Plaintiff had sent internal business-related emails to his personal email address in violation of BAMS' policy. BAMS terminated Plaintiff's employment as a result of this serious policy violation. Of importance, the self-identified audit question ultimately concluded that BAMS

was in full compliance with its legal and contractual data security requirements. Contrary to Plaintiff's allegation, BAMS complied with applicable payment card industry and contractual data security rules, regulations, and requirements and therefore adamantly denies Plaintiff's allegation that it was "non-PCI compliant."

  **(c)**    **The legal issues to be tried are as follows:**

1.  Whether Defendant terminated Plaintiff's employment in violation of the Sarbanes-Oxley Act of 2002, 18 U.S.C. §1514A.

2.  Whether Defendant terminated Plaintiff's employment in violation of the Consumer Financial Protection Act of 2010, 12 U.S.C. §5567(a).

3.  Whether BAMS' conduct caused any damage to Plaintiff.

4.  Whether Plaintiff mitigated his damages, if any.

5. The amount of Plaintiff's economic damages, if any.

6. The amount of Plaintiff's non-economic damages, if any.

In addition, Plaintiff also believes that the following issues need to be tried:

1.  Whether Bank of America Corporation is vicariously liable for all or any part of a judgment obtained against BAMS.

2.  Whether Bank of America Corporation should be substituted as a Defendant for BAMS under Fed. R. Civ. P. 25(c).

3.  Whether First Data Corporation is vicariously liable for all or any part of

a judgment obtained against BAMS.

4.  Whether First Data Corporation should be substituted as a Defendant for BAMS under Fed. R. Civ. P. 25(c).

5.  Whether Fiserv, Inc. is vicariously liable for all or any part of a judgment obtained against BAMS.

6.  Whether Fiserv, Inc. should be substituted as a Defendant for First Data Corporation under Fed. R. Civ. P. 25(c).

7.  Whether Fiserv, Inc. should be substituted as a Defendant for BAMS under Fed. R. Civ. P. 25(c).

Defendant disagrees that these are triable issues because no judgment has been entered, and the legal entity BAMS remains extant.

d)  **The cases listed below (include both style and action number) are:**

    **(1)  Pending Related Cases:** None**.**

    (2)  **Previously Adjudicated Related Cases:** None**.**

**2.  This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_ (1) Unusually large number of parties
    \_\_\_\_\_ (2) Unusually large number of claims or defenses
    \_X\_\_\_(3) Factual issues are exceptionally complex
    \_\_\_\_\_(4) Greater than normal volume of evidence
    \_X\_\_ (5) Extended discovery period is needed
    \_\_\_\_\_ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored information

3.    **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

      <u>**Plaintiff**</u>:        Robert N. Marx
                             Jean Simonoff Marx

      <u>**Defendant**</u>:     Elena D. Marcuss
                             M. Laughlin Allen

4.    **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**  No.

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    **Parties to This Action**

    **(a)    The following persons are necessary parties who have not joined:**

<u>Plaintiff's Statement</u>: Bank of America Corporation, First Data Corporation, Fiserv, Inc. and any purported members Defendant who are subsidiaries of Fiserv,

Inc. and Bank of America Corporation as per Defendant's Answer, Par. 8.

Defendant's Statement: BAMS is the only proper Defendant in this matter.

 (b)    **The following persons are improperly joined as parties:**

None.

(c)    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Banc of America Merchant Services, LLC, now known as JV Wind Down, LLC, was improperly named as Bank of America Merchant Services. BAMS does not raise any question of this Court's personal jurisdiction over it.

(d)    **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.    **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

(a)    **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Plaintiff: Plaintiff will seek to add Bank of America Corporation, First Data Corporation and Fiserv, Inc. as parties under Fed. R. Civ. P. 25(c).  Plaintiff is simultaneously filing a motion to extend the time to file such motion be to a date that will allow Plaintiff to take necessary discovery regarding the issue of successor liability. BAMS has alleged ambiguously in its Answer that it is a joint venture and is an LLC whose "members" are subsidiaries of First Data/Fiserv and Bank of America Corporation. Plaintiff's discovery will be aimed at disentangling the corporate structure and ascertaining the existence and location of corporate assets. Plaintiff will seek to add necessary parties who are discovered. Plaintiff respectfully submits that leave be given for him to do so given the cessation of operations of BAMS and the dissolution of the joint venture between First Data/Fiserv and Bank of America Corporation, and the continuation of BAMS business through Fiserv and Bank of America Corporation.

Plaintiff requests that he be given leave to amend the pleadings to add parties as described above, and to amend his complaint to include the necessary allegations regarding the corporate structure and existing situation regarding corporate assets based upon the above discovery within a reasonable time after discovery of regarding these issues.

Defendant: BAMS does not believe that discovery regarding the corporate

structure and assets is necessary because the employing entity remains in existence, with a name change, and is the only proper defendant in this litigation. Further, discovery as to the existence and/or location of corporate assets is premature, since there has been no judgment entered and the legal entity BAMS remains extant. Although BAMS does not believe that it is necessary or proper to amend the Complaint to add Bank of America Corporation, First Data Corporation or Fiserv, Inc. as defendants, BAMS does not oppose Plaintiff's anticipated motion to extend the time to file such motion to amend. BAMS reserves the right to oppose and challenge the merits of any such motion at the appropriate time.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

(a)    *Motions to Compel*: **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

(b)    *Summary Judgment Motions*:  **within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

(c)    *Other Limited Motions*:  **Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

(d)    *Motions Objecting to Expert Testimony*:  *Daubert* **motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

8.    **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties have agreed to exchange initial disclosures within two (2) weeks of the filing of this report.

9.    **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

None requested at this time.

**10.  Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

All subjects reasonably within the scope of Fed. R. Civ. P. 26, specifically including but not limited to BAMS' liability, if any, under the aforesaid statutes and Plaintiff's alleged damages and mitigation efforts, if any. Plaintiff also believes that discovery regarding the issue of successor liability and vicarious

liability, if any, of Bank of America Corporation, First Data Corporation and/or Fiserv, Inc. is necessary; as discussed above, BAMS does not agree.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or forced upon particular issues, please state those reasons in detail below:** The parties request an **eight month** track for discovery. Plaintiff seeks to take discovery regarding the issue of successor liability and vicarious liability, if any, of Bank of America Corporation, First Data Corporation and/or Fiserv, Inc. given the dissolution of the BAMS joint venture between First Data Corporation/Fiserv, Inc. and Bank of America Corporation. BAMS reserves the right to oppose/object to discovery regarding the issue of successor and vicarious liability. Plaintiff notes that since BAMS has ceased operations and prospective deponents are no longer under its control, Plaintiff may need to find and serve subpoenas on witnesses who have relevant information. In addition, the parties agree that the ongoing threat and impact of the coronavirus pandemic necessitate additional time for discovery.

**11.    Discovery Limitation:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and**

**what other limitations should be imposed.**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

__(x)__ Yes                              _____ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Electronically stored information ("ESI") shall be included within the category of "documents" as it is commonly used in discovery, and accordingly, shall encompass writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations stored in electronic form in/on any medium from which information can be obtained.

The parties agree that if ESI is the subject of discovery, it should be requested with as much specificity and as narrow a scope as reasonably possible to minimize unnecessary time and expense. In this regard, the parties agree to cooperate to achieve the goals of Federal Rule of Civil Procedure "to secure the just, speedy, and inexpensive determination" of this action. The parties agree that it is

too early in the litigation to discuss keyword search terms or other methods of culling voluminous discovery materials prior to conducting responsiveness reviews. Generally, however, if a request for production is issued, the parties agree to confer in an attempt to reach agreement regarding the method of culling voluminous materials. If necessary, the parties will reconvene to discuss any revision to the search term list before a final application of such terms is made against the data set. The responding party will then produce responsive materials in a mutually agreeable format.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata and have agreed as follows:**

Insofar as required by the Federal Rules of Civil Procedure and the Local Rules of this Court, the Parties will produce any electronically stored documents in a searchable electronic format. Plaintiff's position is that the production of ESI should be in PST format, that the parties should be required to preserve all documents in their native format with all metadata, and that voice mails be produced in digital format. Defendant's position is that not all ESI is able to be produced in

16

.pst format, that documents should be preserved in their native format with standard metadata to the extent possible, and that voicemails will be produced in digital format to the extent possible. The Parties agree to confer in good faith regarding a mutually agreeable format for production of responsive documents, including ESI, and in the absence of agreement on these issues shall request a scheduling conference pursuant to paragraph 9 hereof.

**12.  Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties anticipate submitting a Consent Protective Order to the Court.

**13.  Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>January 8, 2021</u>, and that they participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to party.**

<u>For Plaintiff</u>:        Lead counsel (signature):        s/ Jean Simonoff Marx

                                                                          s/Robert N. Marx

<u>For Defendants</u>:   Lead counsel (signature):        s/ M. Laughlin Allen

                                         Other participants:  None.

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

> (\_\_X\_) A possibility of settlement before discovery.
>
> (\_\_\_) A possibility of settlement after discovery.
>
> (\_\_\_) A possibility of settlement, but a conference with the judge is needed.
>
> (\_\_\_) No possibility of settlement.

**(c)   Counsel (x) do or (\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is undetermined.**

**(d)  The following specific problems have created a hindrance to settlement of this case:**   None.

**14.    Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)    The parties (\_\_\_\_\_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_\_.

(b)     The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 13th day of January 2021.

s/Jean Simonoff Marx
  Georgia Bar No. 475276
  Robert N. Marx
  Georgia Bar No. 475280
  Marx & Marx, L.L.C.
  1050 Crown Pointe Parkway
  Suite 500
  Atlanta, GA 30338
  Tel. (404) 261-9559
  lawyers@marxlawgroup.com
  jeannie.marx@marxlawgroup.com
  Attorneys for Plaintiff

s/ M. Laughlin Allen*
  Georgia Bar No. 901999
  McGuireWoods LLP
  1230 Peachtree Street, N.E., Suite 2100
  Atlanta, GA  30309
  Tel.:  (404) 443-5738
  mlallen@mcguirewoods.com
  Elena D. Marcuss (admitted *pro hac vice*)
  McGuireWoods LLP
  500 East Pratt Street, Suite 1000
  Baltimore, MD 21202
  Tel. (410) 659-4454
  emarcuss@mcguirewoods.com
  Attorneys for Defendant
*Robert N. Marx by express permission