IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC SLAWIN,

                    Plaintiff,

v.

BANC OF AMERICA MERCHANT
SERVICES, LLC, s/h/a BANK OF
AMERICA MERCHANT
SERVICES,

                    Defendant.

Civil Action File No.
1:19-cv-04129-AT

## PLAINTIFF'S INITIAL DISCLOSURES

**(1)  State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This is a whistleblower action under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A and the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5567(a).

The Plaintiff was a former Vice President Operations Control Officer at Bank of America Merchant Services ("BAMS") whose job was to evaluate and assess compliance issues at BAMS, evaluate and assess risk for BAMS, and to develop and propose measures to mitigate identified risks. On information and

1

belief, at all relevant times BAMS was jointly owned by First Data Corporation, now Fiserv, Inc., and Bank of America Corporation ("Bank of America" or "BOA"). On information and belief, as of July 29, 2019, First Data Corporation became a wholly owned subsidiary of Fiserv, Inc. Plaintiff was responsible for advising BAMS regarding client inquiries regarding data security, including what is known as "PAN" data. PAN data is primary account number data on consumers' credit and debit cards. BAMS is a provider of payment processing services to its customers which include private merchants and governmental organizations. Both BAMS and its customers receive, store and/or transmit credit/debit card information which contain PAN data. Any entity, whether BAMS or its customers, which receives, stores or transmits credit/debit card information, is required to be "PCI" (Payment Card Industry) compliant in order to protect the security of such PAN data.  BAMS was not PCI compliant so that credit card information that was transmitted to and from it, and handled by it, was not data security protected. Rather this PAN data was at risk, potentially exposing BAMS, its merchant and municipal customers, and their customers to millions of dollars loss, such as occurred as a result of the data breach that occurred involving Target Corporation in 2013. BAMS misleadingly sought to create the impression that PAN data conveyed to it was protected through its own PCI compliant processes when in fact BAMS was not PCI compliant. Plaintiff knew that BAMS was not PCI compliant

and that BAMS was averse to becoming PCI compliant because of emails he received which so stated, and because of conversations he had. On repeated occasions, the Plaintiff raised concerns to his superiors that BAMS was acting fraudulently in misleading and misdirecting its customers when issues of PCI compliance were raised by those customers, and that BAMS' misrepresentations and omissions regarding its non-PCI compliance could severely hurt investors. Based on Mr. Slawin's long banking career in which he held regulatory and compliance positions, and BAMS' stated acknowledgement of the impropriety being non-PCI compliant and stated refusal to become PCI compliant, Mr. Slawin reasonably believed that BAMS' deceptive practices regarding its being non-PCI compliant violated federal mail fraud, bank fraud, and wire fraud laws, as well as violated federal law regarding corporate financial disclosures by omitting any reference to the substantial risks attendant to BAMS' departure from standardized practices regarding PAN data security. In retaliation for Mr. Slawin's opposition to and refusal to participate in BAMS' continuing fraud, BAMS retaliated against him by terminating him.

According to SEC filings by Fiserv and BOA, BAMS is a joint venture between BOA and Fiserv. According to BAMS' current website, "Banc of America Merchant Services, LLC is a joint venture between Bank of America and Fiserv [formerly First Data]. In July 2019, it was announced that they will pursue

3

independent merchant services strategies as of July 2020 – resulting in the dissolution of Banc of America Merchant Services, LLC. Bank of America and Fiserv have an agreement to provide uninterrupted delivery of products and services to Bank of America Merchant Services, LLC Clients. . . .**You will receive a notice in the mail which will inform you if your merchant services contract has been assigned to either Fiserv or Bank of America."** (emphasis in original). https://www.bankofamerica.com/smallbusiness/merchant-services/merchant-services-faq/.

The legal issues to be tried are as follows:

1.  Whether Defendant terminated Plaintiff's employment in violation of the Sarbanes-Oxley Act of 2002, 18 U.S.C. §1514A.

2.  Whether Defendant terminated Plaintiff's employment in violation of the Consumer Financial Protection Act of 2010, 12 U.S.C. §5567(a).

3.  Whether BAMS' conduct caused any damage to Plaintiff.

4.  Whether Plaintiff mitigated his damages, if any.

5.  The amount of Plaintiff's economic damages, if any.

6.  The amount of Plaintiff's non-economic damages, if any.

7.  Whether Bank of America Corporation is vicariously liable for all or any part of a judgment obtained against BAMS.

8.  Whether Bank of America Corporation should be substituted as a Defendant for BAMS under Fed. R. Civ. P. 25(c).

9.  Whether First Data Corporation is vicariously liable for all or any part of a judgment obtained against BAMS.

10.  Whether First Data Corporation should be substituted as a Defendant for BAMS under Fed. R. Civ. P. 25(c).

11.  Whether Fiserv, Inc. is vicariously liable for all or any part of a judgment obtained against BAMS.

12.  Whether Fiserv, Inc. should be substituted as a Defendant for First Data Corporation under Fed. R. Civ. P. 25(c).

13.  Whether Fiserv, Inc. should be substituted as a Defendant for BAMS under Fed. R. Civ. P. 25(c).

**(2)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action:**

The Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A; the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5567(a); Fed. R. Civ. P. 25(c).

5

**(3)  Provide the name, and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

**(4)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

**(5)  Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody and control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**(6)  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection or copying as under Fed. R.Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**(7)  Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Responses to Mandatory Disclosures as Attachment E.)**

**(8)  Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

No parties have any subrogation interest in this matter.

<u>Attachment A</u>

David Ades
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Matthew Bartel
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Lawrence Brennan
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

JoAnn Carlton
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Natasha Collins
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Ali Davis
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Patrick Dillon
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Brian Glynn
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Shera Grissom
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Mark Kendall
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Monica Kennedy
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

David Madairy
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Joe Moll
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Brian Rubin
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Jessica Saha
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Eric Slawin
Mr. Slawin is the Plaintiff and will testify to the allegations of the complaint.

Michael Solan
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Mary Ann Tate
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Tim Tynan
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Walt Zimmerman
Contact information unknown at this time.
Subject of information: Failure of BAMS, Bank of America Corporation and First Data Corporation to be PCI-compliant and their response to that situation.

Any witness identified by Defendant.

Plaintiff reserves the right to supplement this Attachment based on discovery in this matter.

<u>Attachment B</u>
Plaintiff has not yet identified any expert testimony. Plaintiff reserves the right to supplement this attachment as a result of discovery in this matter.

<u>Attachment C</u>
Emails between and among Plaintiff and employees and officers of BAMS, Bank of America Corporation and First Data Corporation. Documents to be produced by Defendant from the personnel and payroll files of Plaintiff. Documents to be produced by Defendant regarding their failure to be PCI-

compliant. Documents to obtained by subpoena to Bank of America Corporation, First Data Corporation, Fiserv, Inc. and their customers reflecting their merchant processing agreements and regarding PCI-compliance or lack thereof. Documents to be obtained by subpoena to said parties reflecting their merchant processing agreements, assignment of such agreements, and successors to such agreements. Documents to be obtained from Defendants and by subpoena to the said parties, as well as to JV Wind Down, LLC, reflecting the contractual arrangements and understandings with respect to the dissolution of BAMS, and the merger of First Data Corporation with Fiserv, Inc. Documents to be obtained by subpoena to Mastercard, VISA and Discover regarding participation of Defendant, Bank of America Corporation, First Data Corporation and Fiserv, Inc. in said parties' information processing/credit card networks.

Plaintiff reserves the right to supplement this attachment as a result of discovery in this matter.

## Attachment D

Plaintiff's salary, bonus and benefits, at $17,283/month, yields $639,417 to date, accruing at the aforesaid monthly rate, plus compensation for mental anguish in an amount to be determined by a jury.

Plaintiff reserves the right to supplement this response based on discovery in this matter.

## Attachment E

Not applicable to Plaintiff.

Respectfully submitted this 28th day of January 2021.

 s/Robert N. Marx
Robert N. Marx
Georgia Bar Number 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Attorneys for Plaintiff
Marx & Marx, L.L.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
Telephone:  (404) 261-9559
E-mail:  lawyers@marxlawgroup.com

CERTIFICATE OF COMPLIANCE

     In accordance with L.R. 7.1(D), counsel for Plaintiff hereby certifies that this document was prepared in Times New Roman, 14-point font, as permitted by L.R. 5.1(B).

s/Robert N. Marx_____

Robert N. Marx

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>    Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT<br>SERVICES, LLC, s/h/a BANK OF<br>AMERICA MERCHANT<br>SERVICES,<br><br>    Defendant. | Civil Action File No.<br>1:19-cv-04129-AT |

CERTIFICATE OF SERVICE

   This is to certify that on January 28, 2021, I electronically filed: **Plaintiff's Initial Disclosures,** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

      M. Laughlin Allen, Esq.
      McGuire Woods LLP
      1230 Peachtree Street, Suite 2100
      Atlanta, GA 30309-3534
      mlallen@mcguirewoods.com

Respectfully submitted, this 28th day of January 2021.

       s/Robert N. Marx
       Georgia Bar Number 475280
       Marx & Marx, L.L.C.
       Attorneys for Plaintiff
       1050 Crown Pointe Parkway

Suite 500
Atlanta, Georgia 30338
Telephone:  (404) 261-9559
E-mail:  lawyers@marxlawgroup.com