IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>  Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT SERVICES, LLC, s/h/a BANK OF AMERICA MERCHANT SERVICES,<br><br>  Defendant. | Civil Action File No.<br>1:19-cv-04129-AT |

## **CONSENT PROTECTIVE ORDER**

1. This Protective Order shall apply to all Confidential Information that is produced by any party during discovery in this matter.

2. "Confidential Information" means confidential and/or proprietary business information, including trade secrets, competitively sensitive information, confidential research, development or commercial information, employment, medical and mental health, tax, financial, and personally identifiable information, personnel documents, and/or other information belonging to any of the Parties that is not publicly available and is of a generally understood personal and/or confidential nature. "Confidential Information" includes (a) all copies, extracts, and complete or partial summaries prepared from such papers or documents; and

1

(b) portions of deposition transcripts and exhibits thereto which relate to, contain, or incorporate by reference any such papers, documents, copies, extracts, or summaries; provided however, that no party shall be precluded from filing "Confidential Information" with the Court in this action or referring to it in any such filing nor shall any party be required to file "Confidential Information" with the Court under seal in the absence of a Court Order specifically requiring that such filing be made under seal.

3. Confidential Information, and all copies, summaries, compilations, notes, or abstracts, shall be used exclusively in this action and for no other purpose.

4. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action. If Confidential documents or information are disclosed to the general public by the producing party pursuant to the provisions of this paragraph, the documents or information so disclosed will no longer be deemed to be Confidential.

5. Any party producing documents or other materials pursuant to discovery in this action may designate such documents or other materials as "Confidential Information" by typing, stamping or imprinting on an appropriate place on the document or other material, "Confidential", or on the portion(s) of the document or other material for which confidential treatment is desired. With respect to

documents that have already been produced or information that has already been disclosed prior to entry of this order, the party who has produced such documents or disclosed such information may designate such documents or information as confidential by appropriate communication to the counsel for other parties with reference to the Bates numbers of the documents produced or by identification of the specific interrogatory responses regarding which the information was disclosed.

      6. Any party who challenges designation of a document or other material as "Confidential Information" shall specifically identify to the producing party the document or information it believes was wrongly designated as "Confidential Information"," whereupon the designating party shall provide to the challenging party within five (5) business days from receipt of the challenge a written statement describing the grounds supporting its designation unless it determines to remove the designation.  If the challenging party is not satisfied, the parties shall meet and confer in good faith to attempt a voluntary resolution of any challenge to a designation.  In the event the parties fail to reach agreement, they shall present such dispute for resolution by the Court.

      7. Except as provided herein, "Confidential Information" shall not be used directly or indirectly by any person for any reason or purpose whatsoever other than for the prosecution of the parties' claims and defenses in these actions.

Counsel for the parties agree not to disclose Confidential Information in any manner to any person not acting and participating as an attorney of record in these actions, subject only to the exceptions outlined in the following paragraphs. In addition, all persons to whom Confidential Information is disclosed are hereby prohibited from disclosing such Confidential Information to any person or entity except as provided in this Order.

8. Confidential Information may be disclosed to the parties in the course of their participation in the present litigation. The parties agree that they will at all times abide by the terms of this Order and maintain the confidentiality of such materials and will not disclose in any manner whatsoever either the documents themselves, copies thereof or the contents of any confidential information to anyone other than his, her or its counsel or a member of that counsel's staff.

9. Confidential Information may be disclosed to the parties to this action and their agents and/or employees, United States District Court for the Northern District of Georgia, and any court of competent appellate jurisdiction, as well as court personnel, including stenographic reporters regularly employed by the court, and to other stenographic reporters and videographers as are necessarily incident to the conduct of this action, to any expert witness retained to assist a party, or to testify on behalf of such party, and to any mediator selected by the parties, as well as any such mediator's staff or employees.

10. Disclosure of Confidential Information may be made to the extent necessary to examine or cross-examine witnesses during pre-trial depositions or at a trial. Deponents to whom Confidential Information is disclosed during a deposition or trial shall be given a copy of this Order and shall be advised that such deponent, and any entity whom the entity represented at such deposition or trial is bound by the terms of this Order and is/are hereby prohibited from disclosing such Confidential Information other than pursuant to any specified exception in this Order.

11. If any confidential document is used during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as Confidential Information.

12. The following exceptions to the restrictions set forth above shall be recognized, agreed to, and followed:

    (a) The parties' counsel may disclose Confidential Information to any person working with counsel in the prosecution or defense of this action. Such disclosures will occur only on the condition that any such staff person understands fully the confidentiality of the information and the restrictions regarding its disclosure as imposed by this Order and agrees to comply with such restrictions.

    (b) Counsel may disclose Confidential Information to any witness or prospective witness in connection with this case, during discovery, in preparation

of any motion, response to motion and/or reply to motion, or in preparation for or at trial, as needed to prepare such witness or prospective witness for such trial or pre-trial testimony, and/or to the extent necessary with respect to any appeal.

(c) Counsel may disclose Confidential Information to any expert or to any person who will or may provide expert testimony and/or who may submit an expert affidavit or declaration at any stage of these proceedings, including discovery, trial, and any appeal, provided that such expert agrees to be bound by the terms of this Order, as set forth in subsection (d) below.

(d) Any person to whom disclosure is made pursuant to the above subsections shall be given a copy of this Order, and shall acknowledge that he or she is fully subject and bound by the terms of this Order.

13. Nothing in this Protective Order shall prohibit any party from filing a motion to seal any documents containing Confidential Information designated as such under the terms of this Protective Order, whether at the time the documents are filed or afterward, in accordance with the Court's Local Rules and the Procedures for Electronic Filing Under Seal in Civil Cases, unless the presiding District Judge's procedures are inconsistent with those rules and procedures. Parties wishing any document or information previously designated as Confidential Information to be filed as part of the record under seal must first present a motion and/or consent order regarding said document to the Court.  The Clerk of the Court

is not authorized to accept for filing any document designated as sealed without an Order from the Court approving specific documents to be filed under seal.

14. The provisions of this Consent Protective Order will not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown. Nothing in this Protective Order shall prohibit any party from introducing at a hearing or trial, or filing with or submitting to the Court, any confidential information designated as such under the terms of this Protective Order. Nothing in this Order shall be construed as an admission by the parties that the trial in this matter should be closed to the public, nor shall anything in this paragraph or any part of this Order be used by any party in support of any assertion that the trial in these matters should be closed to the public.

15. (a) The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as privileged shall not waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

(b) Except in the event that the requesting party disputes the claim, any privileged document which the producing party deems to have been inadvertently

disclosed shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written request. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, the producing party may seek Court determination of the dispute.

(c) Any privileged documents inadvertently disclosed by the producing party to the requesting party and not subject to a dispute regarding the producing party's claim as to the protected nature of the inadvertently disclosed material, shall be and remain the property of the producing party.

(d) To the extent there may be inconsistency between the provisions of this paragraph and Federal Rule of Civil Procedure 26(b)(5), the latter shall control.

16. If Confidential Information is disclosed through inadvertence or otherwise to any person not authorized under this Consent Protective Order, the party causing such disclosure shall inform the person or entity receiving the Confidential Information that such Confidential Information is covered by this Consent Protective Order, make its best efforts to retrieve the Confidential

Information, and promptly inform the producing party of the disclosure.

17.  The provisions of Paragraphs 15 and 16 of this Consent Protective Order shall survive the final termination of this case regarding any retained documents or contents thereof.

18.  Within thirty (30) days after the final termination of this action, counsel for the parties shall make available for return to counsel for opposing party all documents and other materials deemed "Confidential" under the terms of this Order, including all copies of such materials.

19.  Nothing herein shall prevent any party from applying to the court for a modification of any provision of this Consent Protective Order should the moving party believe the existing Consent Protective Order is hampering its efforts to prosecute or defend this action or to prepare for trial; or from applying to the Court for further or additional protective provisions; or from an agreement between the parties to any modifications of this Consent Protective Order, subject to approval of the court.

CONSENTED TO:   This ____ day of August,, 2021.

/s/*Robert N. Marx*                                      /s/*Christopher P. Galanek*
Robert N. Marx                                            Christopher P. Galanek
Georgia Bar No. 475280                            Georgia Bar No.
lawyers@marxlawgroup.com                  chris.galanek@bclplaw.com
Jean Simonoff Marx                                  Aiten M. McPherson
Georgia Bar No. 475276                            Georgia Bar No.
jeannie.marx@marxlawgroup.com          aiten.mcpherson@bclplaw.com

9

| | |
|---|---|
| Marx & Marx, L.L.C. | Bryan Cave Leighton Paisner LLP-ATL |
| 1050 Crown Pointe Parkway | One Atlantic Center, 14th Floor |
| Suite 500 | 1201 West Peachtree Street, N.W. |
| Atlanta, GA 30338 | Atlanta, Ga 30309-3471 |
| (404) 261-9559 | (404) 572-6600 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

SO ORDERED, THIS \_\_\_\_\_ DAY OF _____, 2021.

_____
AMY TOTENBERG
United States District Judge