## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ERIC SLAWIN,

      Plaintiff,

v.

BANC OF AMERICA MERCHANT
SERVICES, LLC, s/h/a BANK OF
AMERICA MERCHANT SERVICES,

      Defendant.

Civil Action File
Case No. 1:19-cv-04129-AT

## DEFENDANT BANC OF AMERICA MERCHANT SERVICES LLC'S
## OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## FIRST DOCUMENT REQUESTS

Defendant Banc of America Merchant Services, LLC, s/h/a Bank of America Merchant Services ("**BAMS**" or "**Defendant**"), through undersigned counsel, serves its Objections and Responses to Plaintiff Eric Slawin's ("**Plaintiff**") First Document Requests ("**Requests**"). Specifically, Defendant responds as follows:

## RESPONSES AND SPECIFIC OBJECTIONS

**1.**     **Complete personnel file of Plaintiff.**

RESPONSE:   BAMS will produce Plaintiff's personnel file.

**2.**     **Complete payroll file of Plaintiff.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, and to the extent it is unclear exactly what records Plaintiff is seeking.

Subject to and without waiving the foregoing objections, BAMS responds that to the extent any payroll records are maintained and exist in Plaintiff's personnel file, they will be produced.

**3.     All documents regarding, referring to or reflecting Plaintiff's salary, and salary history.**

RESPONSE:   BAMS responds that to the extent any such salary records are maintained and exist in Plaintiff's personnel file, they will be produced.

**4.     All documents regarding, referring to or reflecting Plaintiff's bonus, and bonus history.**

RESPONSE: BAMS responds that to the extent any such bonus records are maintained and exist in Plaintiff's personnel file, they will be produced.

**5.     All documents regarding, referring to or reflecting Plaintiff's employment benefits, and employment benefits history.**

RESPONSE: BAMS responds that to the extent any such benefits records are maintained and exist in Plaintiff's personnel file, they will be produced.

**6.     All documents setting forth the criteria for payment of any bonus to Plaintiff.**

RESPONSE: BAMS objects to this Request as vague, overly broad, unduly burdensome, and to the extent it is unclear exactly what records Plaintiff is seeking.

**7.    All documents setting forth the criteria for payment of non-salary employment benefits to Plaintiff**.

RESPONSE:  BAMS responds that to the extent any records regarding the payment of non-salary employment benefits to Plaintiff are maintained and exist in Plaintiff's personnel file, they will be produced.

**8.    Documents that provide the basis for Defendant's statement in Paragraph 8 of its Answer that it is "a limited liability company whose two members are subsidiaries of Fiserv and BofA", including documents that identify the "two members" referred to in Paragraph 8 of the Answer**.

RESPONSE: BAMS objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**9.    All documents that describe or set forth any interrelationship between BOA and Defendant, including but not limited to, describing or setting forth their respective duties and obligations, and compensation, with respect to their joint provision of payment processing services to customers, including following the cessation of BAMS' business activity effective on or about July 1, 2020 as referred to in Paragraph 25 of Defendant's Answer.**

RESPONSE: BAMS objects to this Request as vague, overly broad, unduly burdensome, and as not material to any claim or defense. BAMS further objects to this Request as it is not proportional to the needs of this case as the burden and expense of the request outweighs its likely benefit.

**10.    All documents discussing, regarding, referring to, relating to, or reflecting the decision to terminate Plaintiff's employment**.

RESPONSE: BAMS objects to this Request as vague, overly broad, and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objection, BAMS will produce any responsive, non-privileged documents in its possession, custody or control.

**11.    All documents discussing, regarding, referring to, relating to, or reflecting the termination of Plaintiff's employment.**

RESPONSE: BAMS objects to this Request as vague and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objection, BAMS will produce any responsive, non-privileged documents in its possession, custody or control.

**12.    All MSA's entered into between Defendant and any of the Selected Merchants (Definitions, Section S).**

RESPONSE:  BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**13.    All MSA's with any of the Selected Merchants and signed by Defendant.**

RESPONSE:  BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**14.    Whether or not denominated as "MSA", all agreements with any of the Selected Merchants that discussed, described or set forth any role BAMS hand in the payment processing system involving such Selected Merchants.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**15.    All agreements between First Data Corporation and BAMS regarding, discussing, reflecting or referring to payment processing services.**

5

RESPONSE: BAMS objects to this Request as vague, overly broad, unduly burdensome, and as it is not proportional to the needs of this case as the burden and expense of the request outweighs its likely benefit.

**16.   All agreements between BOA and BAMS regarding, discussing, reflecting or referring to payment processing services.**

RESPONSE: BAMS objects to this Request as vague, overly broad, unduly burdensome, and as it is not proportional to the needs of this case as the burden and expense of the request outweighs its likely benefit.

**17.   All agreements between Bank of America, N.A., First Data Corporation and BAMS regarding, discussing, reflecting or referring to payment processing services.**

RESPONSE: BAMS objects to this Request as vague, overly broad, unduly burdensome, as not relevant to any claim or defense in this litigation, and as it is not proportional to the needs of this case as the burden and expense of the request outweighs its likely benefit.

**18.   All MSA's with any of the Selected Merchants and signed by Defendant signed on behalf of BOA.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks documents in the possession,

custody or control of a third party no longer a party to this action.  BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**19.   All MSA's with any of the Selected Merchants naming Defendant, and/or obligating Defendant to provide processing services along with BOA and/or participate along with BOA in any way to fulfill the MSA.**

RESPONSE:  BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks documents in the possession, custody or control of a third party no longer a party to this action.  BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**20.   All documents sent by BAMS to Selected Merchants discussing or referring to BAMS being PCI compliant.**

RESPONSE: BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as it is not proportional to the needs of this case as the burden and expense of the request outweighs its likely benefit.

**21.    All documents that set forth, describe, or discuss BAMS' role in providing payment-processing services in connection with the joint venture between First Data Corporation and BOA.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**22.    All documents that set forth, describe or discuss BAMS' role in providing payment processing services as that role related to any role played by First Data Corporation.**

RESPONSE: BAMS objects to this Request as vague, overly broad, nonsensical in that it is unclear what the Request is seeking, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**23.    All documents that set forth, describe or discuss BAMS; role in providing payment processing services as that role related to any role played by BOA or any of its subsidiaries or affiliates.**

RESPONSE: BAMS objects to this Request as vague, overly broad, nonsensical in that it is unclear what the Request is seeking, not relevant to any claim or defense in

this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**24.    All documents, including but not limited to emails, regarding, reflecting or referring to PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, not reasonably limited in time, and to the extent the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to the extent this Request seeks documents protected by the attorney-client privilege and/or work product doctrine.

**25.    All documents, including but not limited to emails, discussing, regarding, reflecting or referring to Defendant/BAMS being or not being PCI compliant.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

26.    All documents including but not limited to emails, discussing, regarding, reflecting or referring to Defendant/BAMS taking any action(s) to become PCI compliant.

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

27.    All documents, including but not limited to emails, discussing, regarding, reflecting or referring to BOA being or not being PCI compliant.

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**28.    All documents, including but not limited to emails, discussing, regarding, reflecting or referring to BOA taking any action(s) to become PCI compliant.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**29.    All documents sent to or received from BOA regarding PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**30.    All documents sent to or received from BOA regarding BAMS' being or not being PCI compliant.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**31.    All documents, sent to or received from BOA, including but not limited to emails, discussing, regarding, reflecting or referring to BOA taking any action(s) to become PCI compliant.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**32.    All documents, sent to or received from BOA, including but not limited to emails, regarding, reflecting or referring to Defendant/BAMS taking any action(s) to become PCI compliant.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**33.  All documents discussing or referring to Defendant/BAMS' handling of Primary Account Number Data.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**34.  All surveys, evaluations, calculations, investigations or any other documents that discuss, set forth, or refer to the volume of transactions handled by BAMS which required BAMS to obtain, convey, utilize, or in any other manner, handle PAN data.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**35.   All documents created by, referred to, relied upon, sent by or received from Joseph Moll regarding BAMS' handling of PAN data.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**36.   All documents that set forth, describe, or refer to Mr. Slawin's job functions and/or job responsibilities.**

RESPONSE: BAMS will produce any non-privileged responsive documents in its possession, custody, or control.

**37.   Natasha Collins' personnel file.**

RESPONSE: BAMS objects to this Request as it seeks private, confidential and personal personnel information concerning a nonparty to this litigation. BAMS

further objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**38.   Mark Kendall's personnel file.**

RESPONSE: BAMS objects to this Request as it seeks private, confidential and personal personnel information concerning a nonparty to this litigation. BAMS further objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**39.   Brian Rubin's personnel file.**

RESPONSE: BAMS objects to this Request as it seeks private, confidential and personal personnel information concerning a nonparty to this litigation. BAMS further objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**40.   Joseph Moll's personnel file.**

RESPONSE: BAMS objects to this Request as it seeks private, confidential and personal personnel information concerning a nonparty to this litigation. BAMS further objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**41.    All documents, including but not limited to emails, discussing, regarding, reflecting or referring to First Data Corporation being or not being PCI compliant.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding third parties who are no longer parties to this action. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**42.    All documents, including but not limited to emails, discussing, regarding, reflecting or referring to First Data Corporation taking any action(s) to become PCI compliant.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding third

parties who are no longer parties to this action. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**43.    All documents sent to or received from First Data Corporation regarding PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, seeks information regarding third parties who are no longer parties to this action and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**44.    All documents sent to or received from First Data Corporation regarding BAMS' being or not being PCI compliant.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, as it seeks information regarding a third party who is no longer a party to this action, and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**45.    All documents, sent to or received from First Data Corporation, including but not limited to emails, discussing, regarding, reflecting or referring to Defendant taking any action(s) to become PCI compliant**.

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, as it seeks information regarding a third party who is no longer a party to this action, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**46.    All documents in Defendant's possession, custody and control between First Data Corporation and BOA regarding PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding third parties who are no longer parties to this action. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**47.    All documents regarding, reflecting or referring to any joint venture between BOA and First Data Corporation and referring to Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request as it seeks information regarding third parties who are no longer parties to this action.

**48.    All documents discussing, regarding, referring to, or reflecting the purchase of First Data Corporation by Fiserv, Inc.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding third parties not parties to this litigation and information not in the possession custody or control of BAMS. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**49.    All documents discussing, regarding, referring to, or reflecting the purchase of First Data Corporation by Fiserv, Inc. and referring to Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding third parties not parties to this litigation and information not in the possession custody or

control of BAMS.  BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**50.    All documents discussing, regarding, referring to, or reflecting the purchase of First Data Corporation by Fiserv, Inc. and referring to BOA.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding third parties not parties to this litigation and information not in the possession custody or control of BAMS.  BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**51.    All documents discussing, regarding, referring to, or reflecting the purchase of First Data Corporation by Fiserv, Inc. and referring to Defendant/BAMS and BOA.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding third parties not parties to this litigation and information not in the possession custody or control of BAMS.  BAMS further objects to this Request as the documents sought

are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**52.    All documents discussing, regarding, referring to or reflecting the dissolution of First Data Corporation.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding third parties not parties to this litigation and information not in the possession custody or control of BAMS.  BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Subject to and without waiving the foregoing objections, BAMS responds that no such documents are within the possession custody or control of BAMS.

**53.    All documents discussing, regarding, referring to or reflecting the dissolution of First Data Corporation and referring to Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding a third party no longer a party to this action. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Subject to and without waiving the foregoing objections, BAMS responds that no such documents are within the possession custody or control of BAMS.

**54. All documents discussing, regarding, referring to or reflecting the dissolution of First Data Corporation and referring to BOA.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding a third party no longer a party to this action. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Subject to and without waiving the foregoing objections, BAMS responds that no such documents are within the possession custody or control of BAMS.

**55. All documents discussing, regarding, referring to or reflecting the dissolution of First Data Corporation and referring to Defendant/BAMS and BOA.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding a third party no longer a party to this action. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Subject to and without waiving the foregoing objections, BAMS responds that no such documents are within the possession custody or control of BAMS.

**56.    All documents regarding or referring to the assets of First Data Corporation upon its purchase by Fiserv, Inc.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding a third party no longer a party to this action and which are not in BAMS' possession, custody, or control.

**57.    All document regarding or referring to the assets of First Data Corporation upon its dissolution.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding a third party no longer a party to this action.

Subject to and without waiving the foregoing objections, BAMS responds that no such documents are within the possession, custody, or control of BAMS.

**58.    All documents regarding, referring to or discussing the assumption of First Data's liabilities upon its purchase by Fiserv, Inc**.

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks documents in the possession,

custody or control of a third party no longer a party to this action and which are not in BAMS' possession, custody, or control.

**59.** **All documents discussing, regarding, referring to or reflecting the disposition and/or assignment of any MSA's or any other agreements related to the provision of payment processing services upon the purchase of First Data Corporation by Fiserv, Inc.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding a third party no longer a party to this action. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**60.** **All documents discussing, regarding, referring or reflecting the disposition and/or assignment of any MSA's or any other agreements related to the provision of payment processing services upon the dissolution of First Data Corporation.**

RESPONSE:  BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding a third party no longer a party to this action. BAMS further objects to this Request as the

documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Subject to and without waiving the foregoing objections, BAMS responds that no such documents exist.

**61.    All documents discussing, regarding, referring to or reflecting the disposition and/or assignment of any MSA's or any other agreements related to the provision of payment processing services upon the dissolution of BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**62.    All documents discussing, regarding, referring to or reflecting the disposition and/or assignment of any MSA's or any other agreements related to the provision of payment processing services upon JV Wind Down, LLC becoming the successor to Defendant/BAMS.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this

Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**63.   All documents discussing, regarding, referring to or reflecting the disposition and/or assignment of any MSA's upon JV Wind Down, LLC becoming the successor to Defendant/BAMS.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**64.   All documents regarding, referring to or reflecting the incorporation and or organization of JV Wind Down, LLC.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**65.    All documents regarding, referring to or reflecting the owners and/or the ownership of JV Wind Down, LLC**.

RESPONSE:    BAMS objects to this Request as vague, overly broad, unduly burdensome, as not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**66.    All documents regarding, referring to or reflecting the owners of the stock of JV Wind Down, LLC.**

RESPONSE:    BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**67.    All documents regarding, referring to or reflecting the assets of Defendant/BAMS, including but not limited to checking and banking statements, and balance sheets.**

RESPONSE:    BAMS objects to this Request as vague, overly broad, unduly burdensome, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.  BAMS

further objects to this Request as it seeks confidential and/or proprietary business and financial information and amounts to impermissible post judgement discovery.

**68.    All documents regarding, referring to or reflecting the assets of JV Wind Down, LLC, including but not limited to checking and banking statements and balance sheets.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.  BAMS further objects to this Request as it seeks confidential and/or proprietary business and financial information.

**69.    All documents regarding, referring to or reflecting the disposition and/or transfer of assets of Defendant/BAMS to JV Wind Down, LLC., including but not limited to checking and banking statements, wire transfers, and balance sheets**.

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.  BAMS further objects to this

Request as it seeks confidential and/or proprietary business information and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**70.   All   agreements   between   JV   Wind   Down,   LLC   and Defendant/BAMS.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**71.   All agreements between JV Wind Down, LLC Defendant/BAMS and BOA.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**72.   All agreements between JV Wind Down, LLC Defendant/BAMS and Fiserv, Inc.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the

documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**73.    All documents discussing, regarding, referring to or reflecting any notices sent to any of the Selected Merchants upon or in reference to the purchase of First Data Corporation by Fiserv, Inc.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it is directed to a third party entity that is no longer a party to this action.

**74.    All documents discussing, regarding, referring to or reflecting any notices sent to any of the Selected Merchants upon or in reference to the dissolution of First Data Corporation.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this

Request to the extent it is directed to a third party entity that is no longer a party to this action.

**75.   All documents discussing, regarding, referring to or reflecting any notices sent to any of the Selected Merchants upon or in reference to the dissolution of Defendant/BAMS.**

RESPONSE:   BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**76.   All documents discussing, regarding, referring to or reflecting any notices sent to any of the Selected Merchants from or referring to JV Wind Down, LLC.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**77.   All documents discussing, regarding, referring to or reflecting any notices sent to any of the Selected Merchants upon or in reference to JV Wind Down, LLC becoming the successor to Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**78.    All documents regarding, referring to, or discussing the assumption of BAMS' liabilities upon the cessation of its operations.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**79.    All documents that provide the factual basis for BAMS' factual assertion that "it complied with applicable payment card industry and contractual data security rules, regulations, and requirements and therefore denies Plaintiff's allegations that it was 'not PCI compliant'" in Paragraph 1 of its Answer, and its similar denial in Paragraph 47 of its Answer.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation.  BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**80.    All documents providing the factual basis for BAMS' admission "that in June 2017 BAMS's risk organization raised a question about the use and handling of primary account number data in certain situations" in Paragraph 48 of its Answer, including but not limited to all documents, emails, investigations, surveys, memos, or any other document discussing, relating to, referring to, or regarding this admission.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation.  BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**81.    All emails discussing, referring to, or regarding PCI compliance by BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of prior Requests, and as not relevant to any claim or defense in this litigation.  BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**82.    All documents between BAMS and First Data Corporation discussing, describing or referring to its corporate, business, subsidiary, and/or**

other affiliate relationship between Defendant/BAMS and First Data Corporation.

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

83.    All documents between BAMS and BOA discussing, describing or referring to its corporate, business, subsidiary, and/or other affiliate relationship between Defendant/BAMS and BOA.

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

84.    All documents that provide the factual basis for Defendant's denial that Defendant/BAMS was required to be PCI compliant in Paragraph 23 of its Answer.

RESPONSE: BAMS objects to this Request as Paragraph 23 of its Answer does not in any way refer to being PCI compliant, but instead discusses the fact that Visa and MasterCard issue security rules for their merchant customers. BAMS further objects

34

to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**85.    All rulebooks from VISA applicable to Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation.  BAMS further objects to this Request as it seeks documents which are publically available and, as such, equally available to Plaintiff.

**86.    All rulebooks from MasterCard applicable to Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation.  BAMS further objects to this Request as it seeks documents which are publically available and as such equally available to Plaintiff.

**87.    All rulebooks from Discover applicable to Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation.  BAMS further objects to this Request as it seeks documents which are publically available and as such equally available to Plaintiff.

**88.    All documents setting forth, describing, or referring to any rules of VISA applicable to Defendant/BAMS regarding PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, in that it seeks documents that in any way may refer to rules applicable to BAMS, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks documents which are publically available and, as such, equally accessible to both Parties.

**89.    All documents setting forth, describing, or referring to any rules of MasterCard applicable to Defendant/BAMS regarding PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, in that it seeks documents that in any way may refer to rules applicable to BAMS, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks documents which are publically available and, as such, equally accessible to both Parties.

**90.    All documents prepared and/or created by, sent to, or received from Joseph Moll regarding, discussing, or referring to Defendant/BAMS' handling of PAN data and/or PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**91.    All documents prepared and/or created by, sent to, or received from David Ades regarding, discussing, or referring to Defendant/BAMS' handling of PAN data, and/or PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**92.    All documents prepared and/or created by, sent to, or received from Allie Davis regarding, discussing, or referring to Defendant/BAMS' handling of PAN data, and/or PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**93.    All documents prepared and/or created by, sent to, or received from Bryan Glynn regarding, discussing, or referring to Defendant/BAMS' handling of PAN data, and/or PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any

claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**94.    All documents prepared and/or crated by, sent to, or received from Brian Rubin regarding, discussing, or referring to Defendant/BAMS' handling of PAN data, and/or PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**95.    All documents prepared and/or created by, sent to, or received from Sherra Grissom regarding, discussing, or referring to Defendant/BAMS' handling of PAN data, and/or PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**96.    All documents prepared and/or created by, sent to, or received from Mark Kendall regarding, discussing, or referring to Defendant/BAMS' handling of PAN data, and/or PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**97.    All documents prepared and/or created by, sent to, or received from Natasha Collins regarding, discussing, or referring to Defendant/BAMS' handling of PAN data, and/or PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**98.    All documents prepared and/or crated by, sent to, or received from Larry Brennan regarding, discussing, or referring to Defendant/BAMS' handling of PAN data, and/or PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**99.    All documents prepared and/or created by, sent to, or received from Thomas Fontana regarding, discussing, or referring to Defendant/BAMS' handling of PAN data, and/or PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**100.    All documents prepared and/or created by, sent to, or received from Tim Tynan regarding, discussing, or referring to Defendant/BAMS' handling of PAN data, and/or PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**101.    All documents sent by or received by Defendant/BAMS, or prepared by Defendant/BAMS related to any filings by BOA with SEC.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, as not relevant to any claim or defense in this litigation, and to the extent it seeks documents protected by the attorney-client privilege and/or work

product doctrine.  BAMS further objects to this Request as it seeks confidential and/or proprietary business information regarding an entity that is no longer a party to this litigation.

**102.   All documents sent by or received by Defendant/BAMS, or prepared by Defendant/BAMs related to any filings by First Data with the SEC.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information regarding an entity that is no longer a party to this litigation.

**103.   All documents sent by or received by Defendant/BAMS, or prepared by BAMs related to any filings by Fiserv Corporation with the SEC.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information regarding an entity that is no longer a party to this litigation.

**104.   All documents that discussed, referred to or set forth any estimate or calculation of the amount of PAN data transmitted between First Data and Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**105.   All batch files containing PAN data transmitted between First Data and Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information and as it seeks confidential cardholder and account information data.

**106.   All spreadsheets containing, referring to or reflecting PAN data transmitted between First Data and Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information and as it seeks confidential cardholder and account information data.

**107.   All emails containing, referring to or reflecting PAN data transmitted between First Data and Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**108. All memos, notes, or any other documentation memorializing meetings or conversations or regarding such meetings or conversations that Plaintiff had with Natasha Collins, including meetings admitted by Defendant/BAMS in Paragraph 83 of its Answer.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation.

**109. All job descriptions or descriptions of job duties and/or job functions of Larry Brennan as Senior Vice President for Merchant Data Security and Cyber Security during 2017.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation.

**110. All memos, notes, or any other documentation memorializing meetings or conversations that Plaintiff had with Walt Zimmerman regarding**

PCI data security standard compliance admitted by Defendant/BAMS in Paragraph 85 of its Answer.

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation.

**111.   All questionnaires sent by Home Depot regarding or referring to PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation.

**112.   All documents in Defendant/BAMS' custody, control or possession regarding or responding to any questionnaires sent by Home Depot regarding or referring to PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**113.   All documents in Defendant/BAMS' custody, control or possession regarding or responding to any questionnaires or inquiries by any of the Selected Merchants regarding or referring to PCI compliance.**

RESPONSE: BAMS objects to this Request as vague, overly broad, in that it seeks any documents that could in any way refer to questionnaires or inquiries made by over 40 merchants, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**114.  All emails or text messages, memos, or any other documents sent between Mike Solan and Mark Kendall regarding or referring to Plaintiff.**

RESPONSE: BAMS objects to this Request as vague and overly broad, to the extent Plaintiff fails to specify what he means by emails or text messages "referring to Plaintiff." BAMS further objects as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**115.  All emails, text messages, memos, drafts or any other documents related to, discussing the substance and/or delivery of, or referring to the "Declaration" referred to in Paragraphs 102 of BAMS' Answer.**

RESPONSE: BAMS objects to this Request as vague, overly broad, and to the extent it seeks documents protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiving the foregoing, BAMS will produce any non-privileged, responsive documents in its possession, custody, or control.

**116. Each and every Power of attorney from BOA to Defendant/BAMS effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects tot this request to the extent it seeks documents protected by the attorney client privilege and/or work product doctrine.

**117. All agreements between Defendant/BAMS and VISA effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**118. All agreements between Defendant/BAMS and MasterCard effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**119.   All agreements between Defendant/BAMS and Discover effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**120.   All agreements signed by Defendant/BAMS on behalf of BOA with VISA effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**121.   All agreements signed by Defendant/BAMS on behalf of BOA with MasterCard effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**122.   All agreements signed by Defendant/BAMS on behalf of BOA with Discover effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**123.   All agreements with VISA that discuss, refer or relate to Defendant/BAMS providing any payment processing services effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**124.   All agreements with MasterCard that discuss, refer or relate to Defendant/BAMS providing any payment processing services effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**125.   All agreements with Discover that discuss, refer or relate to Defendant/BAMS providing any payment processing services effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**126.   All agreements between JV Wind Down, LLC and VISA effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the

documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**127.   All agreements between JV Wind Down, LLC and MasterCard effective during the period 2015 to date.**

<u>RESPONSE</u>: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**128.   All agreements between JV Wind Down, LLC and Discover effective during the period 2015 to date.**

<u>RESPONSE</u>: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**129.   All agreements signed by JV Wind Down, LLC on behalf of BOA with VISA effective during the period 215 to date.**

<u>RESPONSE</u>: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the

documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**130.  All agreements signed by JV Wind Down, LLC on behalf of BOA with MasterCard effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**131.  All agreements signed by JV Wind Down, LLC on behalf of BOA with Discover effective during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**132.  Defendant's/BAMS' banking and checking statements during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the

documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**133.   All profit and loss statements of Defendant/BAMS during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**124.   All balance sheets of Defendant/BAMS during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**125.   All documents regarding, referring to or reflecting the assets of Defendant/BAMS during the period 2015 to date.**

RESPONSE: BAMS objects to this Request as vague, overly broad, in that it seeks any document that may reflect any asset of BAMS over a six year period of time, not reasonably limited in time, not relevant to any claim or defense in this litigation,

and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**126. All documents regarding, referring to or reflecting the transfer and/or disposition of the assets of Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**127. All banking and checking statements of JV Wind Down, LLC.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request as it seeks impermissible post-judgment discovery.

**128. All profit and loss statements of JV Wind Down, LLC.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and

expense of the request outweighs its likely benefit. BAMS further objects to this Request as it seeks impermissible post-judgment discovery.

**129.   All balance sheets of JV Wind Down, LLC.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request as it seeks impermissible post-judgment discovery.

**130.   All documents regarding, referring to or reflecting the assets of JV Wind Down, LLC.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.  BAMS further objects to this Request as it seeks impermissible post-judgment discovery.

**131.   All documents discussing, regarding, referring to or reflecting the assignment and/or assumption of legal liabilities of Defendant/BAMS.**

RESPONSE: BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the

documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks document protected by the attorney-client privilege and/or work product doctrine.

**132.  All documents sent between Defendant/BAMS and BOA referring, relating to or discussing Defendant/BAMS' financial performance, assets, liabilities, receivables including but not limited to any such documents provided to BOA for purposes of BOA's reporting to the SEC.**

RESPONSE: BAMS objects to this Request as vague, overly broad, in that it seeks all documents that could in any way reference BAMS's financial performance, assets, liabilities or receivables, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**133.  All documents sent between Defendant/BAMS and First Data referring, relating to or discussing Defendant/BAMS' financial performance, assets, liabilities, receivables including but not limited to any such documents provided to First Data for purposes of First Data's reporting to the SEC.**

RESPONSE: BAMS objects to this Request as vague, overly broad, in that it seeks all documents that could in any way reference BAMS's financial performance,

assets, liabilities or receivables, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**134.    All documents sent between Defendant/BAMS and Fiserv, Inc. referring, relating to or discussing Defendant/BAMS' financial performance, assets, liabilities, receivables including but not limited to any such documents provided to Fiserv for purposes of Fiserv's reporting to the SEC.**

RESPONSE: BAMS objects to this Request as vague, overly broad, in that it seeks all documents that could in any way reference BAMS's financial performance, assets, liabilities or receivables, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**135.    All documents sent between Defendant/BAMS and First Data referring, relating to or discussing Defendant/BAMS' financial performance**.

RESPONSE: BAMS objects to this Request as vague, overly broad, in that it seeks all documents that could in any way reference BAMS's financial performance without any limitation, duplicative of other requests, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the

needs of the case as the burden and expense of the request outweighs its likely benefits.

**136.   All documents received from non-parties and regarding Plaintiff, whether received voluntarily, as a result of service of a subpoena, or otherwise.**

<u>RESPONSE</u>: BAMS objects to this Request as vague, overly broad, and unduly burdensome to the extent it seeks "all documents" that could have been received from non-parties related to Plaintiff in any way.

Subject to and without waiving the foregoing objections, BAMS will produce any responsive, non-privileged documents in its possession, custody or control that were received as a result of a service of a subpoena in this litigation.

This 2nd day of July, 2021.

*/s/ Aiten M. McPherson*
Christopher Paul Galanek
E-Mail: chris.galanek@bclplaw.com
Aiten M. McPherson
E-Mail: aiten.mcpherson@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Atlantic Center, Fourteenth Floor
1201 W. Peachtree Street, NW
Atlanta, GA  30309

*Counsel for Defendant Banc of America Merchant Services, LLC s/h/a Bank of America Merchant Services*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I served the foregoing **DEFENDANT BANC OF AMERICA MERCHANT SERVICES LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST DOCUMENT REQUESTS** to all counsel of record.

This 2nd day of July, 2021.

*/s/ Aiten M. McPherson*
Aiten M. McPherson