**MARX & MARX, L.L.C.**
**1050 Crown Pointe Parkway**
**Suite 500**
**Atlanta, GA 30338**
(404) 261-9559
lawyers@marxlawgroup.com

May 23, 2022

Via Email
Joseph Magrisso, Esq.
Morgan, Lewis & Bockius LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
joseph.magrisso@morganlewis.com

Re: Slawin v. BAMS
    1:19-cv-4129-AT

Dear Mr. Magrisso:

Responding to your email earlier today, we are prepared to narrow and modify the subpoena issued to Bank of America Corporation ("BOA") as follows:

Paragraphs Deleted in Their Entirety
2, 3, 5, 8, 9, 13, 14, 15, 16, 22, 33 – 37, 39, 44, 45, 48, 49, 52 – 56, 71 – 73, 78, 80 – 86, 88 – 100, 102 – 104, 108 – 110, 128, 129, 131, 132

Paragraphs Temporarily Limited to the Period 2015 to date
4, 24 – 32, 38, 40 – 43, 60 – 70, 79, 121 – 127, 130

Paragraphs that Remain the Same
6, 7, 10, 11, 12, 23, 46, 47, 50, 51, 57 – 59, 74, 77, 101, 105 – 107, 111 – 120.

As narrowed and modified, Attachment A to the subpoena would be as annexed hereto.

Joseph Magrisso, Esq.
May 23, 2022
Page **2** of **26**

     Please let us know BOA's response as soon as possible. Thank you.

                            Cordially,
                            s/<u>Robert N. Marx</u>
                            ROBERT N. MARX

RNM/rnm

Joseph Magrisso, Esq.
May 23, 2022
Page **3** of **26**

<u>Attachment "A" to Subpoena</u>

<u>Definitions</u>

A.  The Uniform Definitions in Discovery Requests set forth in Federal Rule of Civil Procedure 34(a) are incorporated herein and made a part hereof.

B.  "Document" and "tangible things" is used in the broadest sense, and means all <u>data</u>, both electronic and written. This includes writings and tangible things of any kind, and electronically stored information (ESI, as described in Definition C below),  including but not limited to all originals and non-identical copies, and drafts, alterations, modifications, changes and amendments of the following items, whether printed, recorded electronically or magnetically, reproduced by hand, typed, lithographed, transcribed, audio or video taped, disked, filmed, or otherwise stored or maintained in a computer, or in a computer-compatible mode, namely: graphic matter, correspondence, memoranda, notes, e-mails, voice mails, computer printouts, computer files, floppy discs, ASCII discs, computer tapes, summaries of personal conversations, meetings or interviews, minutes of meetings or conferences, opinions or reports of consultants, projections, statistical statements, financial and other reports, contracts, appraisals, studies, proposals, agreements, proposed agreements, parts of agreements, parts of proposed agreements, purchase orders, other orders, bills of lading, invoices, bills

Joseph Magrisso, Esq.
May 23, 2022
Page **4** of **26**

of sale, shipping orders, receipts, confirmations, cables, telegrams, telexes, fax

transmissions, logs, diaries, books, letters, literature, tape recordings, charts,

photographs, notebooks, drawings, plans, worksheets, interoffice and intraoffice

communications, operating manuals, instruction bulletins, test data, suggestions,

comments and any other matter relating in any way to the specified subject matter.

    C. Electronically Stored Information: This includes data promulgated or

maintained in any electronic medium, including but not limited to on any server,

hard drive, flash drive, thumb drive, laptop, in any cloud account, cloud storage or

source such as Amazon Web Services, Microsoft Azure, Box, Dropbox, Google

Drive, Microsoft OneDrive, Apple iCloud, and on any mobile device (including

but not limited to any phone, tablet, iPad).  ESI within this definition also includes

any email (on any email server whether maintained by BOA and/or Fiserv or on

any virtual machine leased from a cloud provider, running mail server software, or

hosted by a cloud provider), text message, chat (whether on a third party site or

group chat such as on Slack) or on any social media (including but not limited to

Facebook, Twitter, LinkedIn, Instagram, Snapchat or any blogging platform).

    This subpoena requires production of system metadata fields for all

produced files to include custodian, source device, originating path, filename,

modified dates including last modified date and last modified time. For email

Joseph Magrisso, Esq.
May 23, 2022
Page **5** of **26**

messages, these discovery requests required production of metadata to include

custodian, "to", "from", "cc", "bcc", subject, data sent (or received), time sent (or

received), attachments, mail folder path, message ID. Metadata also includes

metadata values generated in connection to responding to these document requests,

including but not limited to Bates numbers and ranges, hash values, production

paths and names, and family relationships.

 <u>This subpoena requires BOA and/or Fiserv to produce ESI in the form or

forms in which it is ordinarily maintained</u>, on a CD, flash drive or other similar

appropriate medium for downloading such data onto a transportable device. If

some or all responsive data is maintained by BOA and/or /Fiserv or any of <u>its</u>

agents in a hard copy form as well as electronically, BOA and/or Fiserv is

requested to produce the responsive data in both the computerized format as well

as the hard copy format.

 D. "Record" shall have the same meaning as "Document."

 E.  "And" as well as "Or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of any document request, all

documents that might otherwise be construed to be outside the scope of the

document request; and as used herein the singular shall include the plural and the

plural shall include the singular, except as the context may otherwise require.

Joseph Magrisso, Esq.
May 23, 2022
Page **6** of **26**

    F.  For any document including ESI responsive to this request claimed to be lost, destroyed, or otherwise disposed of since its preparation or receipt, set forth: (1) the names of all persons who received the original(s) and all copies; (2) the identity of the last person(s) to have custody or control of the document, including the original(s) or any copies; (3) the circumstances under which each such document was lost or destroyed;  and (4) all efforts and attempts which have been made to locate each such document.

    G.    "Defendant" is Banc of America Merchant Services, LLC, a/k/a BAMS, s/h/a Bank of America Merchant Services and on information and belief now known as JV Wind Down, LLC.

    H.    "Plaintiff" is Eric Slawin.

    I.    "PCI" is Payment Card Industry Data Security Standard, and "PCI" compliance refers to compliance with those standards.

    J.    "PAN data" is primary account number data.

    K.    "BOA" is Bank of America Corporation and includes any of its subsidiaries and/or affiliates.

    L.    "First Data" is First Data Corporation and includes any of its subsidiaries and/or affiliates and/or parent companies.

Joseph Magrisso, Esq.
May 23, 2022
Page **7** of **26**

 M. "Fiserv" is Fiserv, Inc. and includes any of its subsidiaries and/or affiliates.

 N. "MSA's" are any and all Merchant Services Agreements and/or Master Services Agreements and/or any other agreements providing for Defendant and/or BOA and/or First Data and/or Fiserv to provide processing services, including regarding credit, debit and certain other Card transactions and services entered into between Defendant and/or BOA and/or First Data and/or Fiserv and any merchants and from 2015 to the date of response, and/or any such agreements signed by Defendant on behalf of BOA, and/or First Data and/or Fiserv for such purposes and effective during said period, and/or any such agreements requiring Defendant to provide services that were executed by Bank of America Corporation, Bank of America, N.A., or in any other way required Defendant to provide processing services along with, in conjunction with, or as part of the Bank of America, and/or First Data and/or Fiserv corporate umbrellas.

 O. "Selected Merchants" are the following, including any subdivisions thereof and/or any wholly owned corporations thereof and/or any joint ventures thereof:

  1. Disney (The Walt Disney Company);

  2. Amazon;

Joseph Magrisso, Esq.
May 23, 2022
Page **8** of **26**

    3.  Best Buy;

    4.  MGM (MetroGoldwynMayer);

    5.  Exxon Mobil;

    6.  Target;

    7.  Home Depot (The Home Depot);

    8.  Staples;

    9.  Nordstrom;

    10.  Family Dollar;

    11.  Ross Stores;

    12.  P.F. Chang;

    13.  Macy's;

    14.  Publix;

    15.  Luxottica retail brands;

    16.  Safeway;

    17.  Albertsons;

    18.  Lowes;

    19.  CVS;

    20.  Estee Lauder;

    21. Adobe;

Joseph Magrisso, Esq.
May 23, 2022
Page **9** of **26**

22.  Dunkin Brands

23.  Walgreens;

24.  Chevron;

25.  American Airways;

26.  Party City.

27.  Alipay;

28.  Alibaba;

29.  Burlington Stores;

30.  Dish;

31.  NCL;

32.  AMC;

33.  American Eagle;

34.  Royal Caribbean;

35.  Xerox;

36.  Best Buy;

37.  Costco;

38.   State of Delaware;

39.  State of New Hampshire;

40.  State of Florida;

Joseph Magrisso, Esq.
May 23, 2022
Page **10** of **26**

     41. L Brands; and

     42. Metropolitan Transportation Authority (MTA).

P.  "Visa" includes any subsidiaries and affiliates.

Q.  "MasterCard" includes any subsidiaries and affiliates.

R.  "Discover" includes any subsidiaries and affiliates.

S.  With respect to emails, please produce all attachments.

T.  With respect to emails, please produce such emails in a format that allows Plaintiff to determine all chains of custody, including any blind copies, and to determine any edits that were made to any such emails.

U.  BOA and/or Fiserv shall produce all documents in <u>its</u> possession, custody or control including, but not limited to, documents in the physical possession of BOA's/ and/or Fiserv's attorneys.

V.  With respect to any document request regarding which respondent objects on the basis of privilege, respondent shall produce a privilege log regarding any allegedly privileged document(s), which log shall be produced simultaneously with the response to this subpoena, together with all non-privileged documents covered by such Document Request.

W.  "effective during the period 2015 to date" includes any documents that were dated from 2015 to the present.

Joseph Magrisso, Esq.
May 23, 2022
Page **11** of **26**

<u>Documents to be Produced</u>

1.

All MSA's entered into between BOA and any of the Selected Merchants from 2015 to the present.

2.

Whether or not denominated as "MSA", all agreements with any of the Selected Merchants that discussed, described or set forth any role Defendant had in the payment processing system involving such Selected Merchants from 2015 to the present.

3.

Whether or not denominated as "MSA", all agreements with any of the Selected Merchants that discussed, described or set forth any role Defendant had in the payment processing system involving such Selected Merchants from 2015 to the present.

4.

All agreements between BOA and Defendant regarding, discussing, reflecting or referring to payment processing services from 2015 to the present.

Joseph Magrisso, Esq.
May 23, 2022
Page **12** of **26**

5.

All documents that describe or set forth any interrelationship between BOA
and Defendant, including but not limited to, describing or setting forth their
respective duties and obligations, and compensation, with respect to provision of
payment processing services to customers, from 2015 to the present, including
following the cessation of BAMS' business activity effective on or about July 1,
2020.

6.

All agreements between BOA and/or First Data and/or Defendant regarding,
discussing, reflecting or referring to payment processing services from 2015 to the
present.

7.

All MSA's with any of the Selected Merchants and signed by Defendant on
behalf of BOA from 2015 to the present.

8.

All MSA's with any of the Selected Merchants naming Defendant, and/or
obligating Defendant to provide processing services along with BOA and/or
participate along with BOA in any way to fulfill the MSA from 2015 to the present.

Joseph Magrisso, Esq.
May 23, 2022
Page **13** of **26**

9.

All emails discussing, referring to, or regarding PCI compliance by

Defendant during the period 2015 to the present.

10.

All documents or communications sent to any Selected Merchants

discussing or referring to Defendant being PCI compliant during the period 2015 to

the present.

11.

All documents or communications sent to any Selected Merchants

discussing or referring to PCI compliance during the period 2017 to the present.

12.

Drafts of any documents intended or proposed to be sent or communicated

to any Selected Merchants regarding PCI compliance during the period 2017 to the

present.

13.

All documents that set forth, describe or discuss Defendant's role in

providing payment processing services in connection with the joint venture

between First Data and BOA from 2015 to the present during the period 2017 to

the present.

Joseph Magrisso, Esq.
May 23, 2022
Page **14** of **26**

14.

All documents that set forth, describe or discuss Defendant's role in providing payment processing services as that role related to any role played by BOA from 2015 to the present.

15.

All documents, including but not limited to emails, regarding, reflecting or referring to PCI compliance during the period 2015 to date.

16.

All documents, including but not limited to emails, discussing, regarding, reflecting or referring to Defendant being or not being PCI compliant during the period 2015 to date.

17.

All documents, including but not limited to emails, discussing, regarding, reflecting or referring to Defendant taking any action(s) to become PCI compliant during the period 2015 to date.

18.

All documents, including but not limited to emails, discussing, regarding, reflecting or referring to BOA being or not being PCI compliant during the period 2015 to date.

Joseph Magrisso, Esq.
May 23, 2022
Page **15** of **26**

19.

All documents, including but not limited to emails, discussing, regarding, reflecting or referring to BOA taking any action(s) to become PCI compliant during the period 2015 to date.

20.

All documents sent to or received from BOA regarding PCI compliance during the period 2015 to date.

21.

All documents sent to or received from BOA regarding Defendant being or not being PCI compliant during the period 2015 to date.

22.

All documents, sent to or received from BOA, including but not limited to emails, discussing, regarding, reflecting or referring to BOA taking any action(s) to become PCI compliant during the period 2015 to date.

23.

All documents, sent to or received from BOA, including but not limited to emails, regarding, reflecting or referring to Defendant taking any action(s) to become PCI compliant during the period 2015 to date.

Joseph Magrisso, Esq.
May 23, 2022
Page **16** of **26**

24.

All documents in BOA's possession, custody or control between First Data and BOA regarding PCI compliance during the period 2015 to date.

25.

All documents discussing or referring to Defendant's handling of Primary Account Number Data during the period 2015 to date.

26.

All surveys, evaluations, calculations, investigations or any other documents that discuss, set forth, or refer to the volume of transactions handled by Defendant which required Defendant to obtain, convey, utilize, or in any other manner, handle PAN data during the period 2015 to date.

27.

All documents created by, referred to, relied upon, sent by or received from Joseph Moll regarding Defendant's handling of PAN data. during the period 2015 to date.

28.

All documents regarding, reflecting or referring to any joint venture between BOA and First Data and referring to Defendant during the period 2015 to date.

Joseph Magrisso, Esq.
May 23, 2022
Page **17** of **26**

29.

All documents discussing, regarding, referring to, or reflecting the purchase of First Data by Fiserv and referring to BOA.

30.

All documents discussing, regarding, referring to, or reflecting the purchase of First Data by Fiserv and referring to Defendant and BOA.

31.

All documents discussing, regarding, referring to or reflecting the corporate status of First Data after its purchase by Fiserv, including whether or not it was dissolved, or established as a subsidiary of Fiserv, or some other entity under the Fiserv umbrella and referring to BOA.

32.

All documents discussing, regarding, referring to or reflecting the corporate status of First Data after its purchase by Fiserv, including whether or not it was dissolved, or established as a subsidiary of Fiserv, or some other entity under the Fiserv umbrella and referring to Defendant and BOA.

Joseph Magrisso, Esq.
May 23, 2022
Page **18** of **26**

33.

All documents discussing, regarding, referring to or reflecting the disposition and/or assignment of any MSA's or any other agreements related to the provision of payment processing services upon the dissolution of Defendant.

34.

All documents discussing, regarding, referring to or reflecting the disposition and/or assignment of any MSA's or any other agreements related to the provision of payment processing services upon JV Wind Down, LLC. becoming the successor to Defendant.

35.

All documents discussing, regarding, referring to or reflecting the disposition and/or assignment of any MSA's upon JV Wind Down, LLC becoming the successor to Defendant.

36.

All documents regarding, referring to or reflecting the incorporation and or organization of JV Wind Down, LLC during the period 2015 to date.

37.

All documents regarding, referring to or reflecting the owners and/or the ownership of JV Wind Down, LLC. during the period 2015 to date.

Joseph Magrisso, Esq.
May 23, 2022
Page **19** of **26**

38.

All documents regarding, referring to or reflecting the owners of the stock of JV Wind Down, LLC. during the period 2015 to date.

39.

All documents regarding, referring to or reflecting the owners and/or the ownership of Defendant during the period 2015 to date.

40.

All documents regarding, referring to or reflecting the owners of the stock of Defendant during the period 2015 to date.

41.

All documents regarding, referring to or reflecting the assets of Defendant, including but not limited to checking and banking statements, and balance sheets during the period 2015 to date.

42.

All documents regarding, referring to or reflecting the assets of JV Wind Down, LLC., including but not limited to checking and banking statements and balance sheets during the period 2015 to date.

Joseph Magrisso, Esq.
May 23, 2022
Page **20** of **26**

43.

All documents regarding, referring to or reflecting the disposition and/or transfer of assets of Defendant to JV Wind Down, LLC., including but not limited to checking and banking statements, wire transfers, and balance sheets during the period 2015 to date.

44.

All documents regarding, referring to or reflecting the disposition and/or transfer of assets of Defendant to any corporation, individual or entity, including but not limited to checking and banking statements, wire transfers, and balance sheets during the period 2015 to date.

45.

All agreements between JV Wind Down, LLC and Defendant during the period 2015 to date.

46.

All agreements between JV Wind Down, LLC, Defendant and BOA during the period 2015 to date.

Joseph Magrisso, Esq.
May 23, 2022
Page **21** of **26**

47.

All documents discussing, regarding, referring to or reflecting any notices sent to any of the Selected Merchants upon or in reference to the dissolution of Defendant.

48.

All documents discussing, regarding, referring to or reflecting any notices sent to any of the Selected Merchants from or referring to JV Wind Down, LLC. during the period 2015 to date.

49.

All documents discussing, regarding, referring to or reflecting any notices sent to any of the Selected Merchants upon or in reference to JV Wind Down, LLC. becoming the successor to Defendant during the period 2015 to date.

50.

All documents regarding, referring to, or discussing the assumption of Defendant's liabilities upon the cessation of its operations.

51.

All documents between Defendant and BOA discussing, describing or referring to its corporate, business, subsidiary, and/or other affiliate relationship between Defendant and BOA during the period 2015 to date.

Joseph Magrisso, Esq.
May 23, 2022
Page **22** of **26**

52.

All documents sent by or received by Defendant, or prepared by Defendant,

related to any filings by BOA with the SEC during the period 2015 to date.

53.

Each and every Power of attorney from BOA to Defendant effective during

the period 2015 to date.

54.

All agreements between Defendant and VISA effective during the period

2015 to date.

55.

All agreements between Defendant and Mastercard effective during the

period 2015 to date.

56.

All agreements between Defendant and Discover effective during the period

2015 to date.

57.

All agreements signed by Defendant on behalf of BOA with VISA effective

during the period 2015 to date.

Joseph Magrisso, Esq.
May 23, 2022
Page **23** of **26**

58.

All agreements signed by Defendant on behalf of BOA with Mastercard effective during the period 2015 to date.

59.

All agreements signed by Defendant on behalf of BOA with Discover effective during the period 2015 to date.

60.

All agreements between JV Wind Down, LLC and VISA effective during the period 2015 to date.

61.

All agreements between JV Wind Down, LLC and Mastercard effective during the period 2015 to date.

62.

All agreements between JV Wind Down, LLC and Discover effective during the period 2015 to date.

63.

All agreements signed by JV Wind Down, LLC on behalf of BOA with VISA effective during the period 2015 to date.

Joseph Magrisso, Esq.
May 23, 2022
Page **24** of **26**

64.

All agreements signed by JV Wind Down, LLC on behalf of BOA with

Mastercard effective during the period 2015 to date.

65.

All agreements signed by JV Wind Down, LLC on behalf of BOA with

Discover effective during the period 2015 to date.

66.

Defendant's banking and checking statements from 2015 to the present.

67.

All profit and loss statements of Defendant from 2015 to the present.

68.

All balance sheets of Defendant from 2015 to the present.

69.

All documents regarding, referring to or reflecting the assets of Defendant

from 2015 to the present.

70.

All documents regarding, referring to or reflecting the transfer and/or

disposition of the assets of Defendant during the period 2015 to the present.

Joseph Magrisso, Esq.
May 23, 2022
Page **25** of **26**

71.

All banking and checking statements of JV Wind Down, LLC. during the
period 2015 to the present.

72.

All profit and loss statements of JV Wind Down, LLC. during the period
2015 to the present.

73.

All balance sheets of JV Wind Down, LLC. during the period 2015 to the
present.

74.

All documents regarding, referring to or reflecting the assets of JV Wind
Down, LLC. during the period 2015 to the present.

75.

All documents discussing, regarding, referring to or reflecting the
assignment and/or assumption of legal liabilities of Defendant during the period
2015 to the present.

76.

All documents sent between Defendant and BOA referring, relating to or
discussing Defendant's financial performance, assets, liabilities, receivables

Joseph Magrisso, Esq.
May 23, 2022
Page **26** of **26**

including but not limited to any such documents provided to BOA for purposes of

BOA's reporting to the SEC during the period 2015 to the present.

77.

All documents sent between Defendant and BOA referring, relating to or

discussing Defendant's financial performance during the period 2015 to date.

* * * End of Attachment "A" to Subpoena * * *