IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC SLAWIN,                                                    x

                    :

              Plaintiff,

                    :

                              Civil Action File

BANK OF AMERICA MERCHANT                    :   No. 1:19-cv-04129-AT
SERVICES; BANK OF AMERICA
CORPORATION; FIRST DATA CORPORATION;  :
FISERV, INC.,

                    :

              Defendants.    :
_____x

PLAINTIFF'S RESPONSE IN OPPOSITION TO
TO DEFENDANT'S MOTION (ECF 94) TO WITHDRAW
THE JOINT MOTION (ECF 92) TO AMEND THE SCHEDULING ORDER
IN THIS MATTER

1. Discovery Should be Extended for the Reasons Set Forth in
   the Joint Motion (ECF 92)

       It is respectfully submitted that the joint motion to extend discovery (ECF

92) (hereinafter "joint motion") should be granted and that Defendant's motion

(ECF 94) to withdraw that earlier joint motion should be denied because – at least

as regards the Plaintiff's stated reasons for the extension – none of the reasons

have changed, and by entering into the joint motion – indeed, by promoting it –

Defendant acknowledged that the reasons set forth in the joint motion for the

extension of discovery are meritorious.

1

Defendant's counsel never acknowledged that its request for amendment of the scheduling order was based on having missed the August 1, 2022 deadline for submission of expert reports.  While discussing the bases for the joint motion, Plaintiff's counsel suggested that the parties set forth reasons for the joint motion, and Defendant's counsel never identified the need to extend the time for submission of expert reports as a reason, nor is it included in the motion that was filed.  Instead, Defendant asserted, in signing the joint motion, that the request was based on other reasons.  It now appears that Defendant was less than candid with the Court.

While not set forth specifically in the joint motion, Plaintiff's need for the extension of discovery was in fact based on Plaintiff's counsel's having COVID in April into May 2022 and their litigation schedule centered primarily around a week-long trial in the Northern District of Florida.  The subject case, *Bird v. University of Florida Board of Trustees*, Civil Action File No. 1:18-cv-221-AW-GRJ (hereinafter "*Bird v. UF*") was held during the week of May 16-20, involved approximately a dozen-plus witnesses from different states. Trial preparation took up most of Plaintiff's counsel's time from February 2022 until the commencement of the trial on May 16, 2022 largely due to last minute motions, judicial conferences, trial preparation and generally required Plaintiff's counsel's presence in Florida through much of May 2022. .

*Bird v. UF* is presently on appeal at the 11th Circuit involving both summary judgment and trial issues.  Appellant's brief is currently due on September 19, 2022.  That date will likely be extended to October 19, 2022, since there is a mediation in that case scheduled for September 21, 2022.

In addition, during the time from August 12 – 30, 2022, Plaintiff's counsel were involved in writing Objections to a Report and Recommendation in the matter of *Morris v. Georgia Public Service Commission*, Civil Action No. 1:20-cv-1023-CAP, pending in this District.   And in another matter, *Hanneck v. OneMain, et al.*, an arbitration, discovery is scheduled to close on October 31, 2022.

When Defendant's counsel approached Plaintiff's counsel in early July 2022 and suggested that the parties enter into a joint motion to extend discovery, we agreed based on the aforesaid litigation schedule, and since our family vacation was scheduled for August 31 – September 9.  None of these reasons have changed.

Plaintiff agreed to the joint motion also because there are remaining numerous discovery deficiencies to be addressed or resolved by the Court, which issues Plaintiff had clearly laid out for Defendant in September 2021 and are still unresolved. This is still the case because to date Defendant essentially produced a data dump with no correlation of Bates numbers to document requests, no confirmation that all responsive documents have been produced, and no indication which documents are being withheld.

3

After Mr. Slawin's deposition – and after Defendant sought to withdraw the joint motion because Mr. Slawin would not agree to an IME – we were unable to find a mutually agreeable date for a discussion regarding the discovery dispute until August 30, 2022, a day prior to our vacation which was from August 31 – September 9, 2022.  Even then, at the August 30 telephone conference, Defendant's counsel refused to tell us – with respect to each document request – whether all responsive documents have been produced, the Bates numbers for each such document request, whether any responsive documents have been withheld pursuant to an objection, and whether any responsive documents have been withheld pursuant to a claim of privilege.  While Defendant's counsel have asserted and continue to assert that their existing document production has mooted most or all of the items in dispute, they have continually refused to provide us with the aforesaid information that would allow us to ascertain whether some or all of the items in dispute have in fact been resolved.  In addition, even aside from whether an item in dispute has been resolved, we are still in the dark as to which produced documents are responsive to which document requests.  Defendant has merely produced a bunch of documents, without any reference to numbered document requests, and left us to guess as to which numbered requests each of the documents produced respond to.

From Plaintiff's perspective, Defendant continues to refuse to produce documents and information regarding BAMS not being PCI compliant, regarding any discussions about what if anything BAMS told the merchants about that, what the merchants were told when BAMS was dissolved, whether the contracts with those merchants required BAMS to be PCI compliant, whether the contracts with those merchants were assigned and if so to which entity, regarding JV Wind Down, LLC (identified in the Joint Preliminary Report and Discovery Plan [ECF 53 as BAMS' successor), and regarding the transfer of any assets to or from BAMS and JV Wind Down, LLC.  BAMS continues to refuse to produce information to enable Plaintiff to properly address subpoenas to select merchants regarding the PCI compliance issue, which is at the heart of Mr. Slawin's engagement in protected activity.

In addition, as relates to Plaintiff's submission of a Rule 25(c)motion and indeed possible supplementation of his responses in opposition to Fiserv's and BOA's motion to quash the subpoenas, BAMS' identification at Mr. Slawin's deposition of Sheila Lafferty, Esq.  and Jill Poole, Esq, as *BAMS'* corporate representatives, muddies the water regarding the parties and the interrelationship between BAMS, FISERV and BOA. ( Slawin Depo 9; 9:24-25; 81-86). Sheila Lafferty, Esq. the Director of Legal (and now Director, Employment Litigation

Legal Department at Fiserv) as well as the  Jill Poole, Esq. Associate General Counsel of First Data and Fiserv.

Two individuals with Fiserv, Inc. purporting to represent BAMS and to be the corporate representative for BAMS calls into question the repeated assertions of Fiserv, Inc., and by extension, Bank of America Corporation, that they are separate and distinct entities from BAMS.  It is respectfully submitted that this warrants supplementation of Plaintiff's responses to the aforesaid motions to quash, as they were primarily premised on the asserted separate identities of those entities and BAMS.

Defendant's counsel have asserted that in responding to Fiserv, Inc.'s motion to quash a subpoena (ECF 83), Plaintiff's counsel inaccurately stated that Defendant has not produced any documents at all in response to Plaintiff's First Document Requests.  Defendant's counsel is correct; it was a mistake, and Plaintiff's counsel takes this opportunity to correct the record and to apologize to the Court and any parties who might have been inconvenienced by that error.

After entry of the Consent Protective Order in this matter, and prior to this matter being taken off the calendar in view of an attempt at mediation, Defendant did in fact produce numerous documents.  But that document production did not and has not resolved the discovery issues in this matter.  The discovery dispute in this matter is based on the inadequacy of that document production, and the

numerous objections that Defendant still relies upon in rejecting any supplementation of its discovery responses.

2. Plaintiff Changed His Position Regarding an IME based on His Deposition Testimony and Applicable Case Law

Plaintiff acknowledges that prior to his deposition he did not object to an Independent Medical Examination (IME). Defendant requested dates for an IME in June 2022 when Mr. Slawin was out of town.  However, when it became clear from Mr. Slawin's deposition testimony on July 19, 2022 that he was not currently experiencing mental anguish or any other psychological harm, Plaintiff's counsel reviewed that fact in connection with the settled case law and concluded that under these circumstances an IME is not appropriate.  This was especially true since Mr. Slawin would not be submitting his own expert psychological report and had agreed to provide properly addressed releases regarding his past psychological providers. The reason that Plaintiff's counsel did not want to specifically mention the need for an IME as a reason for the requested amendment of the scheduling order is that he did not want that to be construed as his stipulation that an IME is warranted, and not because of any surreptitious purpose.  Indeed, as Plaintiff's counsel pointed out to Defendant's counsel in his email, there was no need to specifically mention that because the deadline for submission of expert reports would be extended if the joint motion were granted. As Plaintiff's counsel also told Defendant's counsel in a subsequent email, if Defendant feels it is entitled to an

7

IME, the appropriate course of action is to file a motion with the Court during the extended period of discovery, which includes updated deadlines for submission of expert reports. Plaintiff counsel explained Mr. Slawin's current position and had  invited Defendant's counsel to explain Defendant's present entitlement to an IME and the legal basis for that, indicating that if appropriate, Plaintiff might reconsider his position. Defendant declined to do so. Plaintiff's position is that it is clear that Defendant would not be able to satisfy its burden of demonstrating that Mr. Slawin has placed his medical condition in controversy merely by asking for mental anguish damages in this Complaint, given the present state of the record, and that he will not be offering his own expert psychological witness.

In *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964) the Supreme Court held that, unlike the other discovery vehicles, the standard for taking a physical or mental examination is not relevance but rather, whether the party's ". . . mental or physical condition . . . is in controversy . . .", *citing*, Fed.R.Civ.P. 35(a), and that the party seeking the physical or medical examination bears the burden of affirmatively demonstrating the existence of such controversy and that good cause exists for such examination.  The Supreme Court held that a party does not place his mental or physical condition in controversy within the meaning of the Rule by mere conclusory allegations in the pleadings. *Id*. At 118.

In *Turner v. Imperial Stores*, 161 F.R.D. 89, 91 (S.D. Cal. 1995), the court

summarized the existing case law as providing that a party does not place his

mental or physical condition in controversy merely by asking for mental anguish

damages in the complaint.  The court summarized the case law as follows:

> These cases suggest that courts will order plaintiffs to
> undergo mental examinations where the cases involve, in
> addition to a claim of emotional distress, one or more of
> the following: 1) a cause of action for intentional or
> negligent infliction of emotional distress; 2) an allegation
> of a specific mental or psychiatric injury or disorder; 3) a
> claim of unusually severe emotional distress; 4)
> plaintiff's offer of expert testimony to support a claim of
> emotional distress; and/or 5) plaintiff's concession that
> his or her mental condition is "in controversy" within the
> meaning of Rule 35(a).

*Turner v. Imperial Stores*, 161 F.R.D. at 95.

This case law has been recognized in this District:

> The majority of courts have held that plaintiffs do not
> place their mental condition in controversy merely by
> claiming damages for mental anguish or "garden variety"
> emotional distress.
> . . . .
> A similar majority—indeed many of the same courts—
> also recognize that a mental exam is warranted when one
> or more of the following factors are present: (1) a tort
> claim is asserted for intentional or negligent infliction of
> emotional distress; (2) an allegation of a specific mental
> or psychiatric injury or disorder is made; (3) a claim of
> unusually severe emotional distress is made; (4) plaintiff
> intends to offer expert testimony in support of claim for
> emotional distress damages; and/or (5) plaintiff concedes
> that her mental condition is in controversy within the
> meaning of Rule 35. *See Ricks v. Abbott Labs.*, 198

F.R.D. 647, 648–50 (D.Md.2001) (denying exam and citing with approval recent cases—*Fox* and *Turner*—that delineated additional factors that would be necessary before a mental exam would be appropriate); *Fox v. The Gates Corp.,* 179 F.R.D. 303, 307–08 (D.Colo.1998) (denying exam, explaining plaintiff had not asserted a separate tort action for intentional infliction of emotional distress, did not allege a specific mental or psychiatric injury or disorder, and did not claim unusually severe emotional distress); *Ford v. Contra Costa County,* 179 F.R.D. 579, 579–80 (N.D.Cal.1998) (denying exam and noting that "the bulk of the reported case law demonstrates that a claim for emotional distress damages, by itself, is not sufficient to place plaintiff's mental condition in controversy"); *O'Sullivan v. Minnesota,* 176 F.R.D. 325, 327–28 (D.Minn.1997) (additional factors listed in *Turner* were not present; thus exam not warranted); *Neal v. Siegel–Robert, Inc.,* 171 F.R.D. 264, 266–67 (E.D.Mo.1996) (deciding that request for damages does not place mental condition in controversy—exam denied); *Lahr v. Fulbright & Jaworski, LLP,* 164 F.R.D. 204, 210–11 (N.D.Tex.1996) (noting that exam would not be warranted based solely on Title VII plaintiff's claim of mental anguish associated with being the victim of discrimination); *O'Quinn v. N.Y. Univ. Med. Ctr.,* 163 F.R.D. 226, 227–28 (S.D.N.Y.1995) (denying exam where, although plaintiff was seeking damages for mental anguish and emotional distress, no separate tort claim had been filed); *Smith v. J.I. Case Corp.,* 163 F.R.D. 229, 231 (E.D.Pa.1995) (plaintiff seeking damages for embarrassment has not placed mental condition in controversy); *Turner v. Imperial Stores,* 161 F.R.D. 89, 95–97 (S.D.Cal.1995) (reviewing several cases and concluding that " 'emotional distress' is not synonymous with the term 'mental injury' " and denying examination); *Bridges,* 850 F.Supp. at 221–222 (citing several cases and concluding that mental exam not warranted where no separate tort claim filed and where plaintiffs did not claim the mental injury suffered by the abusive working conditions were "ongoing" or caused a

> "psychiatric disorder"); *Sabree v. United Bhd. of*
> *Carpenters & Joiners,* 126 F.R.D. 422, 426
> (D.Mass.1989) (plaintiff in discrimination suit did not
> place mental condition in issue by "garden-variety claim
> of emotional distress"—mental exam not warranted);
> *Robinson,* 118 F.R.D. at 531 (plaintiff did not place her
> mental condition in controversy even though she claimed
> back pay for days lost due to stress and alleged serious
> effect on psychological well-being); *Cody v. Marriott*
> *Corp.,* 103 F.R.D. 421, 422 (D.Mass.1984) (mental
> condition not placed in controversy by claiming damages
> for emotional distress).

*Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 553–54 (N.D. Ga. 2001),

*citing*, *inter alia*, *Turner v. Imperial Stores*.  In *Stevenson* the IME was compelled

only because the plaintiff's complaint included a cause of action for intentional

infliction of emotional distress, which is not present here.  *See* also, *Fanelli v.*

*BMC Software, Inc.*, No. 1:11-CV-00436-JOF, 2012 WL 12949886, at *1–2 (N.D.

Ga. Oct. 30, 2012) (IME compelled because plaintiff included a cause of action for

intentional infliction of emotional distress); *Watkins v. Bigwood,* 2020 WL

6781747, n. 2 at *4 (S.D. Fla. Nov. 17, 2020); *United States v. Univ. of Miami*,

2017 WL 11220353, n. 4 at *4 (S.D. Fla. Dec. 21, 2017); *Winstead v. Lafayette*

*Cnty. Bd. of Cnty. Commissioners*, 315 F.R.D. 612, 614–15 (N.D. Fla. 2016); *Diehl*

*v. Bank of Am. Corp.*, 2010 WL 4829970, at *1–2 (M.D. Fla. Nov. 19, 2010)

Here, Mr. Slawin has not pled any cause of action for intentional infliction

of emotional distress and has merely sought damages for mental anguish.  In

addition, he has no plans to adduce expert medical testimony on his behalf, and he

testified at his deposition in July 2022 that he is not currently experiencing or being treated for any mental anguish, or psychological or psychiatric condition, has not recently consulted any medical professional, nor is he currently taking any medications for any such condition (Slawin Depo., 79, 86-88, 105-06, 119). Plaintiff has agreed to sign a properly prepared medical release addressed to his providers for the period for which he was seen and treated for mental anguish relating to Defendant's conduct.

Aside from the settled law that the Complaint did not place Mr. Slawin's mental condition in controversy, subjecting Mr. Slawin to an IME at this point would be fruitless since any forensic medical expert could only examine his current medical/psychological condition, and would thus be unable to opine on his medical and/or psychiatric condition two or more years ago. Defendant can still engage a medical professional to examine his past medical records for the actual period during which he sustained mental anguish damages and for which he is seeking relief.

<u>CONCLUSION</u>
<u>THE JOINT MOTION TO AMEND THE SCHEDULING ORDER (ECF 92)</u>
<u>SHOULD BE GRANTED, THE MOTION TO WITHDRAW THAT MOTION</u>
<u>(ECF 94) SHOULD BE DENIED</u>

Respectfully submitted, this 13th day of September 2022.

/s/Robert N. Marx
Robert N. Marx
Georgia Bar Number 475280
Jean Simonoff Marx
Georgia Bar Number 475276
Attorneys for Plaintiff
Marx & Marx, L.L.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
Telephone:  (404) 261-9559
lawyers@marxlawgroup.com
jeannie.marx@marxlawgroup.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC SLAWIN,                                               x

                    Plaintiff,                             :

                                                           :

                                                           Civil Action File
BANK OF AMERICA MERCHANT           :   No. 1:19-cv-04129-AT
SERVICES; BANK OF AMERICA
CORPORATION; FIRST DATA CORPORATION;  :
FISERV, INC.,

                                                           :

                    Defendants.    :
_____x

<u>CERTIFICATE OF SERVICE</u>

        This is to certify that on September 13, 2022, I electronically filed:
**Plaintiff's Opposition to Defendant's Motion (ECF 94) to Withdraw the Joint
Motion (ECF 92) to Amend the Scheduling Order in this Matter,** with the
Clerk of the Court using the CM/ECF system which will automatically send email
notification of such filing to the following attorney of record:

                    Christopher Paul Galanek, Esq.
                    Bryan Cave Leighton Paisner LLP-ATL
                    One Atlantic Center, 14th Floor
                    1201 West Peachtree Street, N.W.
                    Atlanta, GA 30309-3471
                    chris.galanek@bclplaw.com

                    Aiten Musaeve McPherson, Esq.
                    Bryan Cave Leighton Paisner LLP-ATL
                    One Atlantic Center, 14th Floor
                    1201 West Peachtree Street, N.W.
                    Atlanta, GA 30309-3471
                    aiten.mcpherson@bclplaw.com

14

Respectfully submitted, this 13th day of September 2022.

                                  s/Robert N. Marx
                                   Georgia Bar Number 475280
                                   Marx & Marx, L.L.C.
                                   Attorneys for Plaintiff
                                   1050 Crown Pointe Parkway
                                   Suite 500
                                   Atlanta, Georgia 30338
                                   Telephone:  (404) 261-9559
                                   E-mail:  lawyers@marxlawgroup.com

15