IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>  Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT SERVICES, LLC; BANK OF AMERICA CORPORATION; FIRST DATA COROPRATION; and FISERV, INC,<br><br>  Defendants. | Civil Action<br>File No. 1:19-cv-04129-AT |

PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DISCOVERY
TO MAY 18, 2023

Plaintiff Eric Slawin, by his counsel of record, Robert N. Marx of Marx & Marx, L.L.C., moves this Court for an extension of discovery in this matter for ninety (90) days, to and including May 18, 2023. In support of the motion, Plaintiff sets forth as follows:

1. Discovery in this matter is currently scheduled to conclude on February 17, 2023.

2. Plaintiff requests an extension of discovery for ninety (90) days, to and including May 18, 2023, because the parties are still involved in preparing the Consolidated/Joint Discovery Statement ("the Joint Statement") that is required

1

under the Court's individual rules before any motion to compel discovery may be made. Plaintiff was unable to commence preparation of the Joint Statement until September 20, 2022, when Defendant first served its Supplemental Responses and Objections to Plaintiff's First Document Requests.

3. In a real sense, any attempt at discussing the discovery dispute between the parties did not commence and could not have commenced until September 20, 2022, when Defendant finally supplemented its responses and objections to Plaintiff's First Document Requests.

4. Prior to that time, Plaintiff had repeatedly asked Defendant to supplement its responses and objections to reflect 1) which documents, by Bates numbers, had been produced in response to each specific numbered Document Request, 2) whether, with respect to each Document Request, all responsive documents had been produced, and 3) whether, with respect to each Document Request, any responsive documents were being withheld pursuant to an objection or a claim of privilege. Aside from the fact that such clarification is required under the Court individual rules[1], Plaintiff specifically asked Defendant for that information on March 3, 2022, August 15, 16, 17 and 18, 2022, and September 19, 2022.

---

[1] Standing Order: Guidelines to Parties and Counsel in Cases Proceeding before the Honorable Amy Totenberg (Doc. 2), Part III (d) (ii), pp. 14 – 15.

5.  Defendant finally supplemented its discovery responses to provide that information only after this Court indicated on September 13, 2022 in a telephone conference that Defendant needed to provide that information. Even then, the supplementation was inadequate and not in compliance with the Court's individual rules because the purported supplementation failed to set forth the foregoing information with respect to numerous Document Requests.  Thus, for example, Defendant's supplementation sets out the foregoing information regarding Document Request No. 45 and the next entry is for Document Request No. 80. There is no statement regarding Document Requests Nos. 46 – 79. There is also no statement regarding numerous other document requests.[2]  With respect to these Document Requests, Defendant's purported supplementation still leaves Plaintiff guessing whether all responsive documents have been produced or if some are being withheld pursuant to an objection or a claim of privilege.

6.  Plaintiff forwarded a draft of a Joint Statement on October 28, 2022.

7.  Defendant responded with proposed revisions on November 11, 2022.  At the time, Plaintiff was involved in preparing a brief to the Eleventh Circuit Court of Appeals in the matter of *Victoria Bird v. University of Florida Board of Trustees, et al.*, No. 22-12061, which brief was due on November 21, 2022.

---

[2] Nos. 6, 8, 9, 12 – 24, 26 – 32, 34, 37 – 43, 82 – 89, 99 – 107, 111, 113, 114, 116 – 135 , 137 – 146. [Document Requests Nos. 134 – 146 were misnumbered as 124 – 136.]

8. Also at that time, Plaintiff's counsel was attending to the emergent medical needs of their son, for whom surgery was imminent.

9. In addition, on October 17, 2022, a jury trial was set for January 10, 2023 in the matter of *Morris v. Georgia Public Service Commission, et al*. No. 1:20-cv-1023-CAP, and on November 17, 2022, the Court ordered submission of pretrial documents on or before December 17, 2022.

10. Plaintiff responded to Defendant's proposed revisions to the Joint Statement on December 16, 2022. Defendant forwarded its response on January 13, 2023, with proposed revisions and questions. On January 31, 2023, Plaintiff's counsel responded with further proposed revisions and answered the questions posed by Defendant's counsel. Defendant forwarded its further revisions on February 7, 2023. Plaintiff anticipates that the completed document will be ready for submission to the Court in the near future.

11. Since the Joint Statement has not yet been completed or submitted to the Court, Plaintiff has been unable to proceed with depositions. It would be futile to take depositions without the necessary documents, production of which have been held up pending resolution of the discovery dispute.

12. Defendant's official statement to this Court is that the currently-named Defendant, Banc of America Merchant Services, LLC ("BAMS") has been dissolved. (Joint Preliminary Report and Discovery Plan [Doc. 53], pp. 4 -5).

Since BAMS no longer has employees as it has been dissolved, it is likely that witnesses for depositions will have to be subpoenaed.

13. Without attributing any delay to any party, the fact is that Plaintiff has been stymied in his discovery. It is respectfully submitted that it would be inappropriate for this Court to allow the "clock to run out" on Plaintiff's discovery solely because it has taken several months for counsel for the parties diligently working together in good faith to prepare file the aforesaid Joint Statement.

14. Accordingly, it is respectfully submitted that discovery in this matter should be extended for ninety (90) days, in order to allow the parties to submit the Joint Statement regarding discovery, to allow the Court to consider the discovery dispute and issue any appropriate orders, and to allow Plaintiff to receive whatever further documents and information he might receive as a result of such order and prosecute and conclude discovery in this matter.

15. Defendant has been advised of this motion and does not oppose it.

16. There have been previous request for and grants of discovery in this matter. Following the Court's Order on motions to dismiss the complaint, on January 14, 2021 (Doc. 54), the initial discovery period was set to end on September 14, 2021. One June 4, 2021, by Docket Entry only, discovery was extended to December 31, 2021. On September 21, 2021 (Doc. 71), this mater was Administratively Closed pending an attempt at mediation. On February 11, 2022,

by Docket Entry only, this matter was reopened after the mediation was unsuccessful.  On February 28, 2022 (Doc. 78), discovery was extended to October 15, 2022.  On September 13, 2022, by Docket Entry only, discovery was extended to the current deadline of February 17, 2023.

WHEREFORE, it is respectfully requested that discovery in this matter be extended to and including May 18, 2023.

Respectfully submitted, this 9th day of February 2023.

    /s/Robert N. Marx
Robert N. Marx
Georgia Bar Number 475280
Jean Simonoff Marx
Georgia Bar Number 475276
Attorneys for Plaintiff
Marx & Marx, L.L.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
Telephone:  (404) 261-9559
lawyers@marxlawgroup.com
jeannie.marx@marxlawgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>          Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT SERVICES, LLC; BANK OF AMERICA CORPORATION; FIRST DATA COROPRATION; and FISERV, INC,<br><br>          Defendants. | Civil Action<br>File No. 1:19-cv-04129-AT |

CERTIFICATE OF SERVICE

      This is to certify that on February 9, 2023, I electronically filed: **Plaintiff's Unopposed Motion to Extend Discovery to May 18, 2023,** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

      Christopher Paul Galanek, Esq.
      Bryan Cave Leighton Paisner LLP-ATL
      One Atlantic Center, 14th Floor
      1201 West Peachtree Street, N.W.
      Atlanta, GA 30309-3471
      chris.galanek@bclplaw.com

      Aiten Musaeve McPherson, Esq.
      Bryan Cave Leighton Paisner LLP-ATL
      One Atlantic Center, 14th Floor
      1201 West Peachtree Street, N.W.
      Atlanta, GA 30309-3471

aiten.mcpherson@bclplaw.com

Respectfully submitted, this 9th day of February 2023.

 s/Robert N. Marx
Georgia Bar Number 475280
Marx & Marx, L.L.C.
Attorneys for Plaintiff
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
Telephone:  (404) 261-9559
E-mail:  lawyers@marxlawgroup.com