## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>            Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT SERVICES, LLC, s/h/a BANK OF AMERICA MERCHANT SERVICES,<br><br>            Defendant. | Civil Action File No.<br>1:19-cv-04129-AT |

## CONSOLIDATED/JOINT DISCOVERY STATEMENT

**Issue No. 1 - Discovery of persons who were involved in and/or made the termination decision - Plaintiff's Interrogatories Nos. 2 and 3**

**Plaintiff's Statement**: Defendant fails to provide identifying/contact information. Plaintiff should not be limited to contacting **former** employees of BAMS through BAMS' counsel. Defendant's refusal to set forth the steps that each person took, inhibits Plaintiff's ability to identify the depositions he needs to take. Interrogatory No. 2 asks for all persons who were involved in any way in the termination decision, No. 3 is not duplicative: it asks for all persons who actually made the decision.

**Defendant's Statement**:  BAMS has provided the reason for Plaintiff's termination, has set forth the five individuals responsible for the termination and stated Plaintiff may contact each individual through BAMS' counsel. BAMS has also produced documents relating to Plaintiff's termination and the basis for the same.  Further, BAMS will produce the last known contact information for each of these individuals.

**Issue No. 2 - Emails between and among BAMS employees/officers re PCI-Compliance - Plaintiff's Document Requests Nos. 29, 30, 32, 34, 99 and 100**

**Plaintiff's Statement:** BAMS' awareness of the potential problems caused by it not being PCI-compliant, its decision not to become PCI compliant, its actions in hiding those facts from its customers, its pressuring Plaintiff to deflect customer inquiries (to cover up) its PCI non-compliance, and Plaintiff's opposition to doing that are central to this case. BAMS' contracts with its customers (MSA's) specifically required it to be PCI complaint. Plaintiff was retaliated against for refusing to mislead customers in concert with BAMS' cover up. This is relevant because Plaintiff must show an objective basis for his complaints. DR. No. 34 seeks documents that would reflect the magnitude of the problem of BAMS' PCI non-compliance. Defendant objected in part to Nos. 99 and 100 on the basis that they are duplicative of Nos. 25 and 33, but Defendant objected to those requests as well. DR's Nos. 29, 30 and 32 do not seek documents to customers, but documents reflecting

what Defendant would say to customers, relevant to Plaintiff's refusal to participate in the cover up. Requests Nos. 99 and 100 are not intended to harass, but to discover how the Chief Risk Officer and the CEO understood the magnitude of non-compliance, which is relevant to BAMS' retaliatory motive.

**Defendant's Statement**: Plaintiff only needs to establish he was terminated in retaliation for complaints related to PCI non-compliance. BAMS does not dispute, and has stipulated, that it was not PCI compliant. Further, BAMS' PCI compliance is not relevant to Plaintiff's claim, as Plaintiff does not have to establish non-compliance in order to meet his burden. As such, these requests (setting aside the enormous burden they would impose on BAMS) are completely irrelevant. Further, Requests No. 29, 30, and 32 seek documents sent to or received ***from*** Bank of America regarding BAMS' PCI compliance, and does not seek any communications to/from customers. Request 34 seeks investigations regarding the volume of transactions handled by BAMS and the manner in which PAN data was handled. BAMS has repeatedly admitted that an employee of BAMS identified the issue with the handling of PAN data, triggering a self-identified audit with which Plaintiff was directed to document and assess. BAMS has already produced documents related to the audit and BAMS' assessment, the handling of the audit, and Plaintiffs role in the same. Requests 99 and 100 seek any documents related to communications the CEO

and Chief Risk Officer of BAMS may have had regarding the handling of PAN data and or PCI compliance, which is clearly overbroad and merely intended to harass.

**Issue No. 3 - Discovery of BAMS and PCI-Compliance Plaintiff's Document Requests Nos. 104, 106, 107**

**Plaintiff's Statement**: These requests are relevant for the same reasons as set forth regarding issue No. 2. DR No. 104 does not request any PAN data, but rather, BAMS' calculation of the scope of the problem caused by its PCI non-compliance which is relevant to BAMS' retaliatory motive for terminating Plaintiff. DR's Nos. 106 and 107 seek spreadsheets and emails reflecting transmittal of PAN data, relevant to BAMS' understanding of the magnitude of the PCI non-compliance issue, which is related to the issue of retaliatory motive. Any confidentiality issues are addressed by the Consent Protective Order.

**Defendant's Statement**: BAMS reiterates its position as set forth in Issue No. 2. Request No. 104 seeks calculations regarding the volume of PAN data transmitted, which is irrelevant to Plaintiff's claims as to whether Plaintiff engaged in protected activity. Requests 106 and 107 seek documents and spreadsheets as to the transmittal of PAN data between First Data and BAMS. PAN data contains personal cardholder and account information data for individual consumers and is not only completely irrelevant to Plaintiff's claims but also highly confidential.

**Issue No. 4 - Discovery of conversations between and among BAMS' employees and officers re PCI compliance and possible notice to customers that BAMS was not PCI-compliant - Plaintiff's Interrogatories Nos. 6 – 8**

**Plaintiff's Statement**: These interrogatories are relevant for the same reasons as set forth regarding issue No. 2, above.

**Defendant's Statement**:  Defendant reiterates there is no dispute over BAMS' PCI compliance, nor does Plaintiff need to show BAMS was not PCI compliant in order to establish retaliation. Further, Plaintiff has served more than 25 written interrogatories, including discrete subparts.

**Issue No. 5 - Discovery regarding customers and notices/emails to them re PCI-compliance - Plaintiff's Interrogatory No. 24, Requests Nos. 20, 111, 113**

**Plaintiff's Statement**: These requests are relevant for the same reasons as set forth regarding issues Nos. 2 and 3, above. Interrogatory No. 24 seeks information sufficient to frame subpoenas to a small sample of merchants, to discover what if anything they were told about BAMS not being PCI compliant, whether they made inquiries or sent questionnaires to BAMS regarding that issue, and if so, what they were told in response.  Limitation of Interrogatory No. 24 to just 41 merchants out of thousands of merchants serviced by BAMS, limits the burden on Defendant and the Court by focusing on the largest customers of BAMS.  Plaintiff agrees to modify DR's Nos. 20, 111 and 113 to 2017 and 2018. BAMS' statements and representations

to customers, and its misleading of customers about PCI compliance goes to the heart of Mr. Slawin's opposition and BAMS' retaliatory motive. While Plaintiff knows the identity of the corporations, he does not know the names of the specific corporate entities who signed the MSA's nor their specific addresses.

**Defendant's Statement**: Plaintiff has not limited the merchants but has sought information for 42 separate merchants, including for their parent or subsidiary organizations. Further, and to the extent Plaintiff is seeking the production of Master Service Agreements for 42 entities (many of which are updated regularly and would require the production of 2-3 agreements per merchant) in order to subpoena these merchants, Plaintiff knows the identity of these merchants and can subpoena them to ask these questions without the production of the MSAs. This request is unduly burdensome and not relevant to the sole claim in this case-- retaliation. Further, what each customer was told regarding BAMS' PCI compliance is not at issue in this case. BAMS does not dispute it was not PCI compliant, nor does BAMS dispute a self-identified audit was conducted into its handling of PAN data. What customers have been told about an internal self-identified audit is irrelevant to Plaintiff's assertions that he engaged in protected activity.

**Issue No. 6 - Discovery of the joint venture that set up BAMS and the legal relationship between and among BAMS, BOA, First Data and Fiserv Plaintiff's Interrogatories Nos. 9 – 12; Document Requests Nos. 15 – 18, 21 – 23, 47, 49, 51, 82, 83, 101 – 103, 116, 142  - 145 [Misnumbered as 132 – 135]**

**Plaintiff's Statement**: Defendant concedes that, "BAMS' business was . . . through a joint venture between subsidiaries of Fiserv and BofA [Bank of America Corporation] . . . . [which] was dissolved effective July 1, 2020." (Doc. 53, pp. 4-5). Plaintiff's awareness is no basis for an objection and anyway the joint venture was between *subsidiaries* of those corporations. These interrogatories and document requests seek to discover the creation, existence, parameters, and dissolution of that joint venture, and to identify the joint venturers.  Defendant's Initial Disclosures state that Defendant is ". . . now known as JV Wind Down, LLC", making it relevant to discover who that is.  Defendant's assertion that the possible addition of other entities, such as Bank of America Corporation and Fiserv, Inc., is irrelevant, overlooks this Court's Order (Doc. 47, p. 17) specifically authorizing a motion pursuant to Fed.R.Civ.P. 25(c). This information is also relevant to Plaintiff's alternative bases of liability under theories of joint venture liability, alter ego and successor liability. BAMS intones the "burdensomeness" objection, but provides no factual basis for an alleged burden of producing specified documents limited to 42 merchants.

**Defendant's Statement**: Plaintiff's potential Rule 25(c) motion does not in and of itself make his requests relevant as he attempts to claim, nor can Plaintiff point to any case law or precedent showing otherwise.  The only relevant issue is whether Plaintiff was retaliated against by BAMS when his employment was terminated. Further, and as Plaintiff acknowledges in his statement above, Plaintiff is already aware of the joint venturers in BAMS - Fiserv and Bank of America. Plaintiff's discovery requests spanning over 20 separate requests for production and 5 interrogatories on this issue alone, are not only irrelevant but unduly burdensome. Moreover, the requests identified above seek information far outside the scope of any joint venture, including asking for all ownership percentages and circumstances surrounding any changes, agreements entered into between First Data and BAMS, all agreements between BOA and BAMS, all Merchant Services Agreements ("MSAs") entered into with 42 merchants, document related to BAMS role in providing payment processing services, document related to the purchase of First Data by Fiserv, any SEC Filings made by not only BAMs, but also by BOA and First Data (who are not parties to this litigation), power of attorney documents, and documents related to BAMS, First Data's and BOA's financial performance.  These requests are irrelevant to Plaintiff's retaliation claim. Nor do legal arguments made in Motions to Dismiss, which have already been ruled upon, make them relevant.

**Issue No. 7 - Discovery of the dissolution of BAMS, the successor corporation to BAMS (JV Wind Down, LLC), and the transfer of assets and liabilities upon the dissolution of BAMS- Plaintiff's Interrogatories Nos. 18 – 23; Plaintiffs Document Requests Nos. 61 – 72, 75 – 78, 126 – 141 [134-141 Misnumbered as 124 – 131]**

**Plaintiff's Statement**: As set forth above regarding Issue No. 6, it is relevant to discover the details of the dissolution of BAMS, its successor corporation, and the transfer of any assets or liabilities upon such dissolution and creation of the successor corporation, JV Wind Down, LLC. Fed.R.Civ.P. 25(c) case law notes that the rule's purpose is to add successor entities during the pendency of a litigation. Defendant cites no authority for its assertion that "post judgment discovery [] is inappropriate at this stage." Defendant's argument regarding "post judgment discovery" is inapposite since discovery related to damages is relevant in cases such as this which are not bifurcated. Fed.R.Civ.P. 69 regarding judgments does not limit discovery under Fed.R.Civ.P. 26-37, and courts in this Circuit have refused to delay discovery related to financial asset/net worth issues.

**Defendant's Statement**: Once again, Plaintiff's potential Rule 25(c) motion does not in and of itself make his requests relevant as he attempts to claim. Further, the assets and liabilities of JV Wind Down are completely irrelevant and effectively constitute post judgment discovery, which is inappropriate at this stage.

**Issue No. 8: Discovery regarding pleadings in the Answer- Document Requests Nos. 8, 79, 84**

**Plaintiff's Statement:** These requests seek documents that provide the basis for specific allegations in the Answer.

**Defendant's Statement**: BAMS has not made any "allegations" in its Answer, but merely responded to factual allegations set forth by Plaintiff. Further, many of these Requests seek documents that would contain the mental impressions of counsel and, as such, are protected by the attorney-client privilege and/or work product doctrine.

**Issue No. 9-  Discovery of documents reflecting or referring to BAMS' PCI non-compliance. - Document Requests Nos. 44 – 46**

**Plaintiff's Statement**: These requests are relevant for the same reasons as set forth regarding Issues Nos. 2 – 3.

**Defendant's Statement:**  Despite several requests to clarify, Plaintiff has refused to provide his statement. As such, Defendant is unable to respond to this statement.

**Issue No. 10 - Discovery regarding the MSA's - Interrogatories Nos. 13, 14, 17; Document Requests Nos. 12 – 13.**

**Plaintiff's Statement:** Interrogatories Nos. 13, 14, 17 seek to discover whether any of the contracts with 42 selected merchants were assigned upon any of the changes in the legal relationships involving Defendant/BAMS.  DRs Nos. 12 and 13 seek production of contracts with the 42 selected merchants signed by Defendant/ BAMS.

Plaintiff agrees to limit these discovery requests to 2015 – 2020. This discovery is relevant for the same reasons as set forth regarding Issues Nos. 6 and 7.

**Defendant's Statement:** Assignment of Master Service Agreements (agreements which set forth the terms between the merchant and payment process provider) are completely irrelevant to Plaintiff's claims nor does Plaintiff explain their relevancy above. For the same reason, the contracts themselves are not relevant as BAMS has admitted it was not PCI compliant and self-identified the issue.

**Issue No. 11:  Discovery regarding VISA, Mastercard, Discover contracts and rule books- Document Requests Nos. 86 – 89, 123 – 125.**

**Plaintiff's Statement:** Plaintiff agrees to limit the scope of these Requests to 2015 to date. They are relevant for the same reasons as Issues Nos. 2 – 5.

**Defendant's Statement:** Once again, Plaintiff has refused to set forth a detailed statement of relevancy of these requests.  Rulebooks issued by Visa, MasterCard and Discover are not relevant to Plaintiff's sole claim.  Further, and should Plaintiff believe they are, these rulebooks are publicly available on each brand's website.

**Issue No. 12 - Calculation of Damages, BAMS Interrogatory 4 and Request 10.**

**Defendant's Statement**: Interrogatory No. 4 asks that Plaintiff itemize and detail how he calculated his damages, including economic, non-economic and punitive damages. Plaintiff responded by stating his salary, bonus, and benefits yield $17,283

per month, but failed to provide how he calculated that number, the time period he claims he is entitled to be paid such compensation, whether his damages are impacted by subsequent employment or earnings, or to provide any number for the alleged mental anguish he claims to have suffered. Request No. 10 asks that Plaintiff provide documents related to his damages, including any raw data, computation sheets, or summary of damages.  Plaintiff has refused to provide any such documents.

**Plaintiff's Statement:** Plaintiff agrees to supplement his responses to set forth a specific calculation of his backpay.  Plaintiff has produced all available W-2's and income tax returns through 2021, reflecting all earned income.  Picking an arbitrary number for mental anguish damages would be unavailing since they are not quantifiable would be determined by a jury.  Plaintiff's computation sheets are privileged under the attorney-client and material prepared for litigation privileges.

**Issue No. 13 - Information Regarding Plaintiff's Claims - BAMS Interrogatories Nos. 14 and 15 and Requests for Production 16 and 17**

**Defendant's Statement**: Interrogatories Nos. 14 and 15 ask that Mr. Slawin identify all documents concerning his allegations that he was retaliated against and his employment with BAMS was improperly terminated. Similarly, Requests for Production 16 and 17 seek documents concerning these allegations. Plaintiff refuses to provide any such information or documents insisting they are mental impressions

of counsel. BAMS is not seeking the impressions of counsel, but seeking the information and documents Plaintiff claims establish he was retaliated against or improperly terminated. The information sought is clearly relevant.

**Plaintiff's Statement**: Requiring Plaintiff to identify which specific documents among the documents that he has produced, are ostensibly responsive to or constitute proof of any of his claims, is in fact improper under the attorney mental impression doctrine. Defendant's request does not seek any additional documents beyond those that have already been produced, but would require Plaintiff's attorney to select for benefit of the Defendant's counsel those documents that Plaintiff's counsel believes "concern" any of Plaintiff's claims, which is precisely what is protected from discovery under the attorney mental impression doctrine.

**Issue No. 14- RFP Nos 14 and 15 and Plaintiff's Failure to Supplement**

**Defendant's Statement**: Plaintiff has refused to provide any schedules attached to his tax records, including those reflecting other sources of income (including income earned as a day trader both during his employment – and during business hours – and after the termination of his employment as he engaged in such stock trading in lieu of employment). These schedules are relevant as they go to potential stressors that may have affected Plaintiff and his mental health during the relevant period.

**Plaintiff's Statement**:  See response to Issue No. 12. Plaintiff's unearned income is not relevant to backpay.  The assertion that Plaintiff's stock trading might have affected Plaintiff's mental health – if indeed that happened and there is no evidence that it did – would be too attenuated and speculative to constitute proximate cause of any mental anguish.  If – *after* his termination – Plaintiff felt pressured to make up for lost income by engaging in stock trading, that would actually increase his claim for mental anguish damages.

Respectfully submitted this 21st day of March 2023.

/s/ Robert N. Marx
Robert N. Marx
Georgia Bar No. 475280
Jean Simonoff Marx
Georgia Bar No. 475276
Marx & Marx, L.L.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
(404) 261-9559
lawyers@marxlawgroup.com

*Counsel for Plaintiff*

/s/ Christopher P. Galanek*
Christopher P. Galanek
Georgia Bar No. 282390
chris.galanek@bclplaw.com
Aiten M. McPherson
Georgia Bar No. 439899
aiten.mcpherson@bclplaw.com
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, N.W.
Atlanta, GA 30309-3471
Tel. (404) 572-6600

*Counsel for Defendant*
*By Robert N. Marx wep.

14

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing pleading has been prepared with Times New Roman 14 point font, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

This 21st day of March, 2023.

*/s/ Robert N. Marx*
Robert N. Marx

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **Consolidated/Joint Discovery Statement, with Exhibit thereto** with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all counsel of record.

This 21st day of March, 2023.

*/s/ Robert N. Marx*
Robert N. Marx

3333IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>            Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT SERVICES, LLC, s/h/a BANK OF AMERICA MERCHANT SERVICES,<br><br>            Defendant. | Civil Action File No.<br>1:19-cv-04129-AT |

## EXHIBIT TO CONSOLIDATED/JOINT DISCOVERY STATEMENT

**Issue No. 1**
**Discovery of persons who were involved in and/or made the termination decision**
**Plaintiff's First Interrogatories, Nos. 2, 3**

Plaintiff's Interrogatory No. 2

Identify (Definitions, Section C(1)) each person who was involved in any way in the decision to terminate Plaintiff's employment and with respect to each such person, set forth in detail each action taken and/or decision made by each such person in connection with Plaintiff's termination.

16

. . . . C.  "Identify":

      1.  When used in reference to a natural person shall mean to state the person's full name, present or last known business and residence addresses (designating which), present or last known position and business affiliation (designating which), date of birth, job title, employer, department in which person was/is employed, employment address, current or last known business and residence telephone numbers, cell phone number, employee number, and Social Security number.

<u>Defendant's Response</u>:

      BAMS objects to this Interrogatory as vague and overly broad, in that it is unclear what Plaintiff means when asking BAMS to identify any person who may have been involved in "any way" in the decision to terminate his employment. BAMS further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, BAMS responds that Mark Kendall, Maryann D. Castro, Mark Solan, Lori Orrico, and a representative from BAMS legal department were involved in the decision to terminate Plaintiff's employment for the reasons set forth in Interrogatory No. 1. Each of these individuals may be contacted through the undersigned counsel.

Plaintiff's Interrogatory No. 3:

Identify each person who made the decision to terminate Plaintiff's employment and with respect to each such person, set forth in detail each action taken and/or decision made by each such person in connection with Plaintiff's termination.

Defendant's Response:

BAMS objects to this Request as vague and overly broad, and as duplicative of Interrogatory No. 2. BAMS further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, BAMS directs Plaintiff to its response to Interrogatory No. 2

**Issue No. 2**
**Emails between and among BAMS employees/officers re PCI-Compliance**
**Plaintiff's Document Requests Nos. 29, 30, 32, 34, 99 and 100**

Plaintiff's Document Request No. 29

All documents sent to or received from BOA regarding PCI compliance.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of

the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Plaintiff's Document Request No. 30

All documents sent to or received from BOA regarding BAMS' being or not being PCI compliant.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Plaintiff's Document Request No. 32

All documents, sent to or received from BOA, including but not limited to emails, regarding, reflecting or referring to Defendant/BAMS taking any action(s) to become PCI compliant.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited

in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Plaintiff's Document Request No. 34

All surveys, evaluations, calculations, investigations or any other documents that discuss, set forth, or refer to the volume of transactions handled by BAMS which required BAMS to obtain, convey, utilize, or in any other manner, handle PAN data.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Plaintiff's Document Request No. 99

All documents prepared and/or created by, sent to, or received from Thomas Fontana regarding, discussing, or referring to Defendant/BAMS' handling of PAN

data, and/or PCI compliance.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

Plaintiff's Document Request No. 100

All documents prepared and/or created by, sent to, or received from Tim Tynan regarding, discussing, or referring to Defendant/BAMS' handling of PAN data, and/or PCI compliance.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative of Requests Nos. 25 and 33, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information.

**Issue No. 3**
**Discovery of BAMS and PCI-Compliance**
**Document Requests Nos. 104, 106, 107**

Plaintiff's Document Request No. 104

All documents that discussed, referred to or set forth any estimate or

calculation of the amount of PAN data transmitted between First Data and Defendant/BAMS.

Defendant's Response:

Plaintiff's Document Request No. 106

All spreadsheets containing, referring to or reflecting PAN data transmitted between First Data and Defendant/BAMS.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information and as it seeks confidential cardholder and account information data.

Plaintiff's Document Request No. 107

All emails containing, referring to or reflecting PAN data transmitted between First Data and Defendant/BAMS.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information and to the extent it seeks documents protected by the attorney-client

privilege and/or work product doctrine.

**Issue No. 4**
**Discovery of conversations between and among BAMS' employees and**
**officers re PCI compliance and possible notice to customers that BAMS was**
**not PCI-compliant**
**Plaintiff's Interrogatories Nos. 6 – 8**

Plaintiff's Interrogatory No. 6

Set forth in detail (Definitions, Section K) each discussion had or held

between and/or among any employees or agents of Defendant/BAMS, including

any discussion had or held between and/or among any employees or agents of

Defendant/BAMS and any employees or agents of BOA or First Data Corporation,

regarding the issue of Defendant/BAMS being or not being PCI-compliant and/or

regarding taking or not taking any steps to make Defendant/BAMS PCI-complaint,

including but not limited to any discussion had or held regarding any notice,

response, advisement or communication made or to be made to any of the Selected

Merchants regarding any of the aforesaid issues, and identify each document,

including but not limited to emails, memorializing, discussing, responding to or in

any other way communicating any information regarding each such discussion had

or held. If Defendant/BAMS claims any privilege regarding any responsive

discussion had or held or regarding any document to be identified, please so state

and provide a privilege log with respect to each responsive discussion had or held

and with respect to each document to be identified in response to this

Interrogatory. [Emphasis in original.]

Definitions, Section K

 K.  "Set forth in detail" with respect to a discussion (See Nos. 6-8 *infra*)

means to set forth the date and time of each discussion, the participants in each

such discussion, the location of each such discussion, the substance of each such

discussion, the substance of what each participant said during each such

discussion, and whether or not there was any written and/or recorded

memorialization of each such discussion whether or not it was contemporaneous or

produced at a time subsequent to the discussion.

Definitions, Section J:

 J.   "Selected Merchants" are the following, including any subdivisions

thereof and/or any wholly owned corporations thereof and/or any joint ventures

thereof:

 1.  Disney (The Walt Disney Company);

 2.  Amazon;

 3.  Best Buy;

 4.  MGM (MetroGoldwynMayer);

 5.  Exxon Mobil;

24

6.  Target;

7.  Home Depot (The Home Depot);

8.  Staples;

9.  Nordstrom;

10.  Family Dollar;

11.  Ross Stores;

12.  P.F. Chang;

13.  Macy's;

14.  Publix;

15.  Luxottica retail brands;

16.  Safeway;

17.  Albertsons;

18.  Lowes;

19.  CVS;

20.  Estee Lauder;

21. Adobe;

22.  Dunkin Brands

23. Walgreens;

24.  Chevron;

25.  American Airways;

26.  Party City.

27. Alipay;

28. Alibaba;

29. Burlington Stores;

30.  Dish;

31.  NCL;

32.  AMC;

33. American Eagle;

34. Royal Caribbean;

35.  Xerox;

36.  Best Buy;

37. Costco;

38.   State of Delaware;

39.  State of New Hampshire;

40. State of Florida; and

41. Metropolitan Transportation Authority (MTA).

Defendant's Response:

     BAMS objects to this Interrogatory as vague, overly broad, nonsensical, and

to the extent it contains numerous Interrogatories within one Interrogatory in an

attempt to circumvent the limits of Rule 33 which allows a party to serve no more

than 25 written interrogatories, including all discrete subparts. BAMS further

objects to the extent this Interrogatory seeks information protected by the attorney-

client privilege and/or work product doctrine.

Plaintiff's Interrogatory No. 7

Set forth in detail (Definitions, Section K) each discussion had or held

between and/or among any of the individuals identified in response to

Interrogatory No. 5, including any discussion had or held between and/or among

any of those individuals and any employees or agents of BOA or First Data

Corporation, regarding the issue of Defendant/BAMS being or not being PCI-

compliant and/or regarding taking or not taking any steps to make

Defendant/BAMS PCI-complaint, including but not limited to any discussion had

or held regarding any notice, response, advisement or communication made or to

be made to any of the Selected Merchants regarding any of the aforesaid issues,

and identify each document, including but not limited to emails, memorializing,

discussing, responding to or in any other way communicating any information

regarding each such discussion had or held.  If Defendant/BAMS claims any

privilege regarding any responsive discussion had or held or regarding any

document to be identified, please so state and provide a privilege log with respect to each responsive discussion had or held and with respect to each document to be identified in response to this Interrogatory. [Emphasis in original.]

<u>Defendant's Response</u>:

BAMS objects to this Interrogatory as vague, overly broad, nonsensical, and to the extent it contains numerous Interrogatories within one Interrogatory in an attempt to circumvent the limits of Rule 33 which allows a party to serve no more than 25 written interrogatories, including all discrete subparts. BAMS further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

<u>Plaintiff's Interrogatory No. 8</u>

Set forth in detail (Definitions, Section K) each discussion had or held between and/or among any of the individuals <u>identified in response to Interrogatory No. 4</u>, including any discussion had or held between and/or among any of those individuals and any employees or agents of BOA or First Data Corporation, regarding the issue of Defendant/BAMS being or not being PCI-compliant and/or regarding taking or not taking any steps to make Defendant/BAMS PCI-complaint, including but not limited to any discussion had or held regarding any notice, response, advisement or communication made or to

28

be made to any of the Selected Merchants regarding any of the aforesaid issues, and identify each document, including but not limited to emails, memorializing, discussing, responding to or in any other way communicating any information regarding each such discussion had or held.  If Defendant/BAMS claims any privilege regarding any responsive discussion had or held or regarding any document to be identified, please so state and provide a privilege log with respect to each responsive discussion had or held and with respect to each document to be identified in response to this Interrogatory. [Emphasis in original.]

<u>Defendant's Response</u>:

BAMS objects to this Interrogatory as vague, overly broad, nonsensical, and to the extent it contains numerous Interrogatories within one Interrogatory in an attempt to circumvent the limits of Rule 33 which allows a party to serve no more than 25 written interrogatories, including all discrete subparts. BAMS further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

**Issue No. 5**
**Discovery regarding the customers and notices/emails to them re PCI-compliance**
**Plaintiff's Interrogatory No. 24, Document Requests Nos. 20, 111, 113**

Plaintiff's Interrogatory No. 24

Set forth the current address of each of the Selected Merchants (Definitions, Section J), sufficient to frame a subpoena.

Defendant's Response:

BAMS objects to this Interrogatory as overly broad and unduly burdensome, and as it seeks information not relevant to any claim or defense in this litigation. BAMS further objects to this Interrogatory as it exceeds the limits of Rule 33 which allows a party to serve no more than 25 written interrogatories, including all discrete subparts.

Plaintiff's Document Request No. 20

All documents sent by BAMS to Selected Merchants discussing or referring to BAMS being PCI compliant.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as it is not proportional to the needs of this case as the burden and expense of the request outweighs its likely

benefit.

Plaintiff's Document Request No. 111

All questionnaires sent by Home Depot regarding or referring to PCI compliance.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation.

Plaintiff's Document Request No. 113

All documents in Defendant/BAMS' custody, control or possession regarding or responding to any questionnaires or inquiries by any of the Selected Merchants regarding or referring to PCI compliance.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, in that it seeks any documents that could in any way refer to questionnaires or inquiries made by over 40 merchants, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**Issue No. 6**
**Discovery of the joint venture that set up BAMS and the legal relationship**
**between and among BAMS, BOA, First Data and Fiserv**
**Plaintiff's Interrogatories Nos. 9 – 12; Plaintiff's Document Requests Nos. 15**
**– 18, 21 – 23, 47, 49 – 51, 82, 83, 101 – 103, 116, 142  - 145 [Misnumbered as**
**132 – 135]**

Plaintiff's Interrogatory No. 9

  Set forth the legal relationship, if any, between and among

Defendant/BAMS, BOA and First Data Corporation in 2017.

Defendant's Response:

  BAMS objects to this Interrogatory as vague, overly broad, and as not

relevant to any claim or defense in this litigation. BAMS further objects to this

Interrogatory to the extent it seeks information regarding third parties who are not

parties to this litigation

Plaintiff's Interrogatory No. 10

  Set forth and describe any change in the legal relationship, if any, between

and among Defendant/BAMS, BOA and First Data Corporation from 2017 to the

date of response.

Defendant's Response:

  BAMS objects to this Interrogatory as vague, overly broad, and as not

relevant to any claim or defense in this litigation. BAMS further objects to this

Interrogatory to the extent it seeks information regarding third parties who are not parties to this litigation.

Plaintiff's Interrogatory No. 11

In 2017 was Defendant/BAMS a joint venture? If so, identify the joint venturers.

Defendant's Response:

BAMS objects to this Interrogatory as vague, overly broad, and as not relevant to any claim or defense in this litigation

Plaintiff's Interrogatory No. 12

Identify the owners of Defendant/BAMS during the period 2017 to date of response, setting forth the ownership percentage of each owner, setting forth in what manner the ownership changed, if at all, each date on which the ownership changed, if at all, and the circumstances surrounding each change of ownership, if at all.

Defendant's Response:

BAMS objects to this Interrogatory as vague, overly broad, unduly burdensome, and as not relevant to any claim or defense in this litigation.

Plaintiff's Document Request No. 15

All agreements between First Data Corporation and BAMS regarding,

33

discussing, reflecting or referring to payment processing services.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome, and as it is not proportional to the needs of this case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 16

All agreements between BOA and BAMS regarding, discussing, reflecting or referring to payment processing services.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome, and as it is not proportional to the needs of this case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 17

All agreements between Bank of America, N.A, First Data Corporation and BAMS regarding, discussing, reflecting or referring to payment processing services.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome, as not relevant to any claim or defense in this litigation, and as it is not

proportional to the needs of this case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 18

All MSA's with any of the Selected Merchants and signed by Defendant signed on behalf of BOA.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks documents in the possession, 7 custody or control of a third party no longer a party to this action. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 21:

All documents that set forth, describe or discuss BAMS' role in providing payment processing services in connection with the joint venture between First Data Corporation and BOA.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its

35

likely benefit.

Plaintiff's Document Request No. 22:

All documents that set forth, describe or discuss BAMS' role in providing payment processing services as that role related to any role played by First Data Corporation.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, nonsensical in that it is unclear what the Request is seeking, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 23:

All documents that set forth, describe or discuss BAMS' role in providing payment processing services as that role related to any role played by BOA or any of its subsidiaries or affiliates.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, nonsensical in that it is unclear what the Request is seeking, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 47

All documents regarding, reflecting or referring to any joint venture between BOA and First Data Corporation and referring to Defendant/BAMS.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request as it seeks information regarding third parties who are no longer parties to this action.

Plaintiff's Document Request No. 49

All documents discussing, regarding, referring to, or reflecting the purchase of First Data Corporation by Fiserv, Inc. and referring to Defendant/BAMS.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding third parties not parties to this litigation and information not in the possession custody or control of BAMS. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

37

<u>Plaintiff's Document Request No. 51</u>

All documents discussing, regarding, referring to, or reflecting the purchase of First Data Corporation by Fiserv, Inc. and referring to Defendant/BAMS and BOA.

<u>Defendant's Response:</u>

BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding third parties not parties to this litigation and information not in the possession custody or control of BAMS. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

<u>Plaintiff's Document Request No. 82</u>

All documents between BAMS and First Data Corporation discussing, describing or referring to its corporate, business, subsidiary, and/or other affiliate relationship between Defendant/BAMS and First Data Corporation.

<u>Defendant's Response:</u>

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of

the request outweighs its likely benefit.

Plaintiff's Document Request No. 83

       All documents between BAMS and BOA discussing, describing or referring to its corporate, business, subsidiary, and/or other affiliate relationship between Defendant/BAMS and BOA.

Defendant's Response:

       BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 101

       All documents sent by or received by Defendant/BAMS, or prepared by Defendant/BAMS related to any filings by BOA with the SEC.

Defendant's Response:

       BAMS objects to this Request as vague, overly broad, not reasonably limited in time, as not relevant to any claim or defense in this litigation, and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. BAMS further objects to this Request as it seeks confidential and/or proprietary business information regarding an entity that is no longer a party to this

litigation.

Plaintiff's Document Request No. 102

All documents sent by or received by Defendant/BAMS, or prepared by Defendant/BAMs related to any filings by First Data with the SEC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information regarding an entity that is no longer a party to this litigation.

Plaintiff's Document Request No. 103

All documents sent by or received by Defendant/BAMS, or prepared by BAMs related to any filings by Fiserv Corporation with the SEC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks confidential and/or proprietary business information regarding an entity that is no longer a party to this litigation.

Plaintiff's Document Request No. 116

Each and every Power of attorney from BOA to Defendant/BAMS effective

during the period 2015 to date.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects tot this request to the extent it seeks documents protected by the attorney client privilege and/or work product doctrine.

Plaintiff's Document Request No. 142 [132]

All documents sent between Defendant/BAMS and BOA referring, relating to or discussing Defendant/BAMS' financial performance, assets, liabilities, receivables including but not limited to any such documents provided to BOA for purposes of BOA's reporting to the SEC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, in that it seeks all documents that could in any way reference BAMS's financial performance, assets, liabilities or receivables, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 143 [133]

All documents sent between Defendant/BAMS and First Data referring, relating to or discussing Defendant/BAMS' financial performance, assets, liabilities, receivables including but not limited to any such documents provided to First Data for purposes of First Data's reporting to the SEC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, in that it seeks all documents that could in any way reference BAMS's financial performance, assets, liabilities or receivables, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 144 [134]

All documents sent between Defendant/BAMS and Fiserv, Inc. referring, relating to or discussing Defendant/BAMS' financial performance, assets, liabilities, receivables including but not limited to any such documents provided to Fiserv for purposes of Fiserv's reporting to the SEC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, in that it seeks all documents that could in any way reference BAMS's financial performance, assets,

liabilities or receivables, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 145 [135]

All documents sent between Defendant/BAMS and First Data referring, relating to or discussing Defendant/BAMS' financial performance.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, in that it seeks all documents that could in any way reference BAMS's financial performance without any limitation, duplicative of other requests, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefits.

**Issue No. 7**
**Discovery of the dissolution of BAMS, the successor corporation to BAMS (JV Wind Down, LLC), and the transfer of assets and liabilities upon the dissolution of BAMS**
**Plaintiff's Interrogatories Nos. 18 – 23; Plaintiffs Document Requests Nos. 61 – 72, 75 – 78, 126 – 141 [134 – 140 misnumbered as Nos. 124 – 130]**

Plaintiff's Interrogatories No. 18

Identify the bank, banking entity or financial entity that held each of the assets of Defendant/BAMS as of December 31, 2017, setting forth the full legal

name, address and telephone number of each such bank, banking entity or financial

entity, the amount in dollars in dollars or other relevant currency of each such asset

as of December 31, 2017, and the account number(s) or other relevant identifying

information for each such asset.

Defendant's Response:

BAMS objects to this Interrogatory as vague, overly broad, not reasonably

limited in time, not relevant to any claim or defense in this litigation, and as the

information sought is not proportional to the needs of the case as the burden and

expense of the request outweighs its likely benefit. BAMS further objects to this

Interrogatory as it seeks impermissible post-judgment discovery. BAMS further

objects to this Interrogatory as it exceeds the limits of Rule 33 which allows a party

to serve no more than 25 written interrogatories, including all discrete subparts.

Plaintiff's Interrogatories No. 19

Set forth and describe in detail the transfer of any and all assets of

Defendant/BAMS upon or in consequence of each transfer of ownership set forth

in response to Interrogatory No. 10, setting forth the owner of each such asset at

the time of response, including the amount in dollars or other relevant currency of

each such asset. [Emphasis in original.]

<u>Defendant's Response</u>:

BAMS objects to this Interrogatory as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as it seeks impermissible post-judgment discovery. BAMS further objects to this Interrogatory as it exceeds the limits of Rule 33 which allows a party to serve no more than 25 written interrogatories, including all discrete subparts.

<u>Plaintiff's Interrogatories No. 20</u>

Set forth and describe in detail the transfer of any and all assets of Defendant/BAMS upon or in consequence of each transfer of ownership set forth <u>in response to Interrogatory No. 12</u>, setting forth the owner of each such asset at the time of response, including the amount in dollars or other relevant currency of each such asset. [Emphasis in original.]

<u>Defendant's Response</u>:

BAMS objects to this Interrogatory as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as it seeks impermissible post-judgment discovery. BAMS further objects to this Interrogatory as it exceeds the limits of Rule 33 which allows a party to serve no more than 25 written interrogatories, including all discrete subparts.

Plaintiff's Interrogatories No. 21

Identify the bank, banking entity or financial entity currently holding each of the assets identified in response to Interrogatories Nos. 18, 19 and 20, setting forth the full legal name, address and telephone number of each such bank, banking entity or financial entity holding such assets, the current amount in dollars or other relevant currency of each such asset, and the account number(s) or other relevant identifying information for each such asset as of the date of response.  Please note that, as set forth in the Definitions Section above, and consistent with the applicable Federal Rules of Civil Procedure, the response to this Interrogatory must be supplemented and/or updated on a reasonable basis as, if and when such assets are transferred and/or as, if and when the amount of such assets change significantly and/or as, if and when the identity of the holder of each such asset changes. [Emphasis in original.]

Defendant's Response:

BAMS objects to this Interrogatory as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as it seeks impermissible post-judgment discovery. BAMS further objects to this Interrogatory as it exceeds the limits of Rule 33 which allows a party to serve no more than 25 written interrogatories, including all discrete subparts.

Plaintiff's Interrogatories No. 22

Identify (Definitions, Section C(2)) JV Wind Down, LLC, setting forth the date of incorporation, the State of incorporation, whether or not said corporation is registered with the Secretary of State of Georgia to conduct business in Georgia, and the owner(s)/ownership of said corporation.

Definitions

C.  "Identify":

. . .

2.  When used in reference to a corporation, shall mean to state its full name, place and date of incorporation or foundation, address and principal place of business, whether, when and in what manner the certificate of incorporation has been amended, whether the corporation is active, inactive or dissolved, and any parent corporation or other entity owning fifty-one percent (51%) or more of the shares of the corporation.

Defendant's Response:

BAMS objects to this Interrogatory as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as it seeks information regarding a third party not a party to this action. BAMS further objects to this Interrogatory as it exceeds the limits of Rule 33 which allows a party

to serve no more than 25 written interrogatories, including all discrete subparts.

Plaintiff's Interrogatories No. 23

      Set forth the assets of JV Wind Down, LLC, including the full legal name, address and telephone number of each such bank, banking entity or financial entity holding such assets, the current amount in dollars or other relevant currency of each such asset, and the account number(s) or other relevant identifying information for each such asset as of the date of response. Please note that, as set forth in the Definitions Section above, and consistent with the applicable Federal Rules of Civil Procedure, the response to this Interrogatory must be supplemented and/or updated on a reasonable basis as, if and when such assets are transferred and/or as, if and when the amount of such assets change significantly and/or as, if and when the identity of the holder of each such asset changes.

Defendant's Response:

      BAMS objects to this Interrogatory as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as it seeks impermissible post-judgment discovery. BAMS further objects to this Interrogatory as it seeks information regarding a third party not a party to this action. BAMS further objects to this Interrogatory as it exceeds the limits of Rule 33 which allows a party to serve no more than 25 written interrogatories, including

all discrete subparts.

Plaintiff's Document Request No. 61

      All documents discussing, regarding, referring to or reflecting the disposition and/or assignment of any MSA's or any other agreements related to the provision of payment processing services upon the dissolution of BAMS.

Defendant's Response:

      BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 62

      All documents discussing, regarding, referring to or reflecting the disposition and/or assignment of any MSA's or any other agreements related to the provision of payment processing services upon JV Wind Down, LLC. becoming the successor to Defendant/BAMS.

Defendant's Response:

      BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the

request outweighs its likely benefit. BAMS further objects to this  Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Plaintiff's Document Request No. 63

All documents discussing, regarding, referring to or reflecting the disposition and/or assignment of any MSA's upon JV Wind Down, LLC becoming the successor to Defendant/BAMS.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Plaintiff's Document Request No. 64

All documents regarding, referring to or reflecting the incorporation and or organization of JV Wind Down, LLC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome,

not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Plaintiff's Document Request No. 65

All documents regarding, referring to or reflecting the owners and/or the ownership of JV Wind Down, LLC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome, as not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 66

All documents regarding, referring to or reflecting the owners of the stock of JV Wind Down, LLC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought

are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 67

All documents regarding, referring to or reflecting the assets of Defendant/BAMS, including but not limited to checking and banking statements, and balance sheets.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS 28 further objects to this Request as it seeks confidential and/or proprietary business and financial information and amounts to impermissible post judgement discovery.

Plaintiff's Document Request No. 68

All documents regarding, referring to or reflecting the assets of JV Wind Down, LLC., including but not limited to checking and banking statements and balance sheets.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought

are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request as it seeks confidential and/or proprietary business and financial information.

Plaintiff's Document Request No. 69

All documents regarding, referring to or reflecting the disposition and/or transfer of assets of Defendant/BAMS to JV Wind Down, LLC., including but not limited to checking and banking statements, wire transfers, and balance sheets.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this  Request as it seeks confidential and/or proprietary business information and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Plaintiff's Document Request No. 70

All agreements between JV Wind Down, LLC and Defendant/BAMS.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought

are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No.71

     All agreements between JV Wind Down, LLC Defendant/BAMS and BOA.

Defendant's Response:

     BAMS objects to this Request as vague, overly broad, unduly burdensome, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 72

     All agreements between JV Wind Down, LLC Defendant/BAMS and Fiserv, Inc.

Defendant's Response:

     BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 75

     All documents discussing, regarding, referring to or reflecting any notices sent to any of the Selected Merchants upon or in reference to the dissolution of

Defendant/BAMS.

<u>Defendant' Response</u>:

BAMS objects to this Request as vague, overly broad, unduly burdensome, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

<u>Plaintiff's Document Request No. 76</u>

All documents discussing, regarding, referring to or reflecting any notices sent to any of the Selected Merchants from or referring to JV Wind Down, LLC.

<u>Defendant' Response</u>:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

<u>Plaintiff's Document Request No. 77</u>

All documents discussing, regarding, referring to or reflecting any notices sent to any of the Selected Merchants upon or in reference to JV Wind Down, LLC. becoming the successor to Defendant/BAMS.

<u>Defendant' Response</u>:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

<u>Plaintiff's Document Request No. 78</u>

All documents regarding, referring to, or discussing the assumption of BAMS' liabilities upon the cessation of its operations.

<u>Defendant's Response</u>:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

<u>Plaintiff's Document Request No. 126</u>

All agreements between JV Wind Down, LLC and VISA effective during the period 2015 to date.

<u>Defendant's Response</u>:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents

sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 127

All agreements between JV Wind Down, LLC and Mastercard effective during the period 2015 to date.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 128

All agreements between JV Wind Down, LLC and Discover effective during the period 2015 to date.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 129

All agreements signed by JV Wind Down, LLC on behalf of BOA with VISA effective during the period 2015 to date.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 130

All agreements signed by JV Wind Down, LLC on behalf of BOA with Mastercard effective during the period 2015 to date.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 131

All agreements signed by JV Wind Down, LLC on behalf of BOA with Discover effective during the period 2015 to date.

<u>Defendant's Response</u>:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

<u>Plaintiff's Document Request No. 132</u>

Defendant's/BAMS' banking and checking statements during the period 2015 to date.

<u>Defendant's Response</u>:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

<u>Plaintiff's Document Request No. 133</u>

All profit and loss statements of Defendant/BAMS during the period 2015 to date.

<u>Defendant's Response</u>:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents

sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 134 [124]

All balance sheets of Defendant/BAMS during the period 2015 to date.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 135 [125]

All documents regarding, referring to or reflecting the assets of Defendant/BAMS during the period 2015 to date.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, in that it seeks any document that may reflect any asset of BAMS over a six year period of time, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

60

Plaintiff's Document Request No. 136 [126]

All documents regarding, referring to or reflecting the transfer and/or disposition of the assets of Defendant/BAMS.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 137 [127]

All banking and checking statements of JV Wind Down, LLC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request as it seeks impermissible post-judgment discovery.

Plaintiff's Document Request No. 138 [128]

All profit and loss statements of JV Wind Down, LLC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request as it seeks impermissible post-judgment discovery.

Plaintiff's Document Request No. 139 [129]

All balance sheets of JV Wind Down, LLC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request as it seeks impermissible post-judgment discovery.

Plaintiff's Document Request No. 140 [130]

All documents regarding, referring to or reflecting the assets of JV Wind Down, LLC.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited

in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request as it seeks impermissible post-judgment discovery.

Plaintiff's Document Request No. 141 [131]

All documents discussing, regarding, referring to or reflecting the assignment and/or assumption of legal liabilities of Defendant/BAMS.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit. BAMS further objects to this Request to the extent it seeks document protected by the attorney-client privilege and/or work product doctrine.

**Issue No. 8**
**Discovery regarding pleadings in the Answer**
**Document Requests Nos. 8, 79, 84**

Plaintiff's Document Request No. 8

Documents that provide the basis for Defendant's statement in Paragraph 8 of its Answer that it is "a limited liability company whose two members are

subsidiaries of Fiserv and BofA", including documents that identify the "two

members" referred to in Paragraph 8 of the Answer.

Defendant's Response:

BAMS objects to this Request to the extent it seeks documents protected by

the attorney-client privilege and/or work product doctrine.

Plaintiff's Document Request No. 79

All documents that provide the factual basis for BAMS' factual assertion

that "it complied with applicable payment card industry and contractual data

security rules, regulations, and requirements and therefore denies Plaintiff's

allegations that it was 'not PCI compliant'" in Paragraph 1 of its Answer, and its

similar denial in Paragraph 47 of its Answer.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited

in time, and as not relevant to any claim or defense in this litigation. BAMS further

objects to this Request to the extent it seeks documents protected by the attorney-

client privilege and/or work product doctrine.

Plaintiff's Document Request No. 84

All documents that provide the factual basis for Defendant's denial that

Defendant/BAMS was required to be PCI compliant in Paragraph 23 of its Answer.

<u>Defendant's Response</u>:

BAMS objects to this Request as Paragraph 23 of its Answer does not in any way refer to being PCI compliant, but instead discusses the fact that Visa and MasterCard issue security rules for their merchant customers. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

**<u>Issue No. 9</u>**
**<u>Discovery of documents reflecting or referrig to BAMS' PCI non-compliance.</u>**
**<u>Document Requests Nos. 44 – 46.</u>**

<u>Plaintiff's Document Request No. 44</u>

All documents sent to or received from First Data Corporation regarding BAMS' being or not being PCI compliant.

<u>Defendant's Response</u>:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, not relevant to any claim or defense in this litigation, as it seeks information regarding a third party who is no longer a party to this action, and to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

<u>Plaintiff's Document Request No. 45</u>

All documents, sent to or received from First Data Corporation, including

but not limited to emails, discussing, regarding, reflecting or referring to Defendant taking any action(s) to become PCI compliant.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, as it seeks information regarding a third party who is no longer a party to this action, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

Plaintiff's Document Request No. 46

All documents in Defendant's possession, custody and control between First Data Corporation and BOA regarding PCI compliance.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as it seeks information regarding third parties who are no longer parties to this action. BAMS further objects to this Request as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**<u>Issue No. 10</u>**
**<u>Discovery regarding the MSA's</u>**
**<u>Interrogatories Nos. 13, 14, 17 [Limited to the Selected Merchants]; Document</u>**
**<u>Requests Nos. 12 – 13.</u>**

<u>Plaintiff's Interrogatory No. 13</u>

       If any of the MSA's were assigned or otherwise transferred upon or in

consequence of any change of ownership set forth <u>in response to Interrogatory No.</u>

<u>10</u>, set forth and describe in detail how and to which entity each such MSA was

assigned or otherwise transferred, setting for the date(s) of each such assignment or

transfer. [Emphasis in original.]

<u>Defendant's Response</u>:

       BAMS objects to this Interrogatory as vague, overly broad, unduly

burdensome, to the extent this Interrogatory seeks information regarding an

undisclosed number of merchant service agreements without specification or

limitation, and as not relevant to any claim or defense in this litigation. BAMS

further objects to this Interrogatory as it exceeds the limits of Rule 33 which allows

a party to serve no more than 25 written interrogatories, including all discrete

subparts.

Plaintiff's Interrogatory No. 14

If any of the MSA's were assigned or otherwise transferred upon or in consequence of any change of ownership set forth in response to Interrogatory No. 12, set forth and describe in detail how and to which entity each such MSA was assigned or otherwise transferred, setting for the date(s) of each such assignment or transfer. (Emphasis in original.)

Defendant's Response:

BAMS objects to this Interrogatory as vague, overly broad, unduly burdensome, to the extent this Interrogatory seeks information regarding an undisclosed number of merchant service agreements without specification or limitation, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Interrogatory as it exceeds the limits of Rule 33 which allows a party to serve no more than 25 written interrogatories, including all discrete subparts.

Plaintiff's Interrogatory No. 17

If any of the MSA's for any of the Selected Merchants was assigned or transferred at any time after 2017, set forth and describe in detail each such assignment or transfer, identifying the entity(ies) to which each assignment or transfer was made, and setting forth the date(s) of each such assignment or transfer.

<u>Defendant's Response</u>:

BAMS objects to this Interrogatory as vague, overly broad, and unduly burdensome, to the extent this Interrogatory seeks information regarding any merchant service agreement that could have been assigned or transferred by over 40 separate merchants throughout an unlimited period of time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Interrogatory as it exceeds the limits of Rule 33 which allows a party to serve no more than 25 written interrogatories, including all discrete subparts.

<u>Plaintiff's Document Request No. 12</u>

All MSA's entered into between Defendant and any of the Selected Merchants (Definitions, Section S).

<u>Defendant's Response</u>:

BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

<u>Plaintiff's Document Request No. 13</u>

All MSA's with any of the Selected Merchants and signed by Defendant.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**Issue No. 11**
**Discovery regarding VISA, Mastercard, Discover contracts and rule books**
**Document Requests Nos. 86 – 89, 123 – 125. [Limited to effective during 2015 to date].**

Plaintiff's Document Request No. 86

All rulebooks from MasterCard applicable to Defendant/BAMS.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks documents which are publicly available and as such equally available to Plaintiff.

Plaintiff's Document Request No. 87

All rulebooks from Discover applicable to Defendant/BAMS.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited

in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks documents which are publicly available and as such equally available to Plaintiff.

Plaintiff's Document Request No. 88

All documents setting forth, describing, or referring to any rules of VISA applicable to Defendant/BAMS regarding PCI compliance.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks documents which are publicly available and as such equally available to Plaintiff.

Plaintiff's Document Request No. 89

All documents setting forth, describing, or referring to any rules of MasterCard applicable to Defendant/BAMS regarding PCI compliance.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, and as not relevant to any claim or defense in this litigation. BAMS further objects to this Request as it seeks documents which are publicly available and as such equally available to Plaintiff.

Plaintiff's Document Request No. 123

All agreements with VISA that discuss, refer or relate to Defendant/BAMS providing any payment processing services effective during the period 2015 to date.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 124

All agreements with Mastercard that discuss, refer or relate to Defendant/BAMS providing any payment processing services effective during the period 2015 to date.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

Plaintiff's Document Request No. 125

All agreements with Discover that discuss, refer or relate to Defendant/BAMS providing any payment processing services effective during the period 2015 to date.

Defendant's Response:

BAMS objects to this Request as vague, overly broad, not reasonably limited in time, duplicative, not relevant to any claim or defense in this litigation, and as the documents sought are not proportional to the needs of the case as the burden and expense of the request outweighs its likely benefit.

**Issue No. 12 – Calculation of Damages, BAMS' Interrrogatory No. 4 and Document Request No. 10**

Defendant's Interrogatory No. 4:

Itemize and show how you calculate any damages claimed by you in this action, whether economic, non-economic, punitive, or other, including but not limited to any amounts claimed for backpay, emotional damages, and front pay.

Plaintiff's Response:

Plaintiff's salary, bonus and benefits, at $17,283/month, yields $673,983 to date, accruing at the aforesaid monthly rate, plus compensation for mental anguish in an amount to be determined by a jury.

73

Defendant's Document Request No. 10:

All documents concerning your claims for damages, or the methods used to calculate such alleged damages, including all raw data and computation sheets upon which the amount of any alleged claim for damages is or may be based and the working papers from which any exhibit or potential exhibit purporting to summarize, demonstrate, or otherwise reflect any alleged damages was prepared.

Plaintiff's Response:

Plaintiff objects to this request on the grounds that it is vague, overbroad, on the basis of attorney-client privilege and material prepared for litigation. No responsive documents are being withheld pursuant to the objections that the request is vague and overbroad. See Privilege Log for documents being withheld on the basis of privilege.

**Issue No. 13 – Information Regarding Plaintiff's Claims – BAMS'
Interrogatories Nos. 14 and 15 and Requests for Production Nos. 16 and 17**

Defendant's Interrogatory No. 14:

Identify all documents concerning your allegation that you were retaliated against.

Plaintiff's Response:

Plaintiff objects to this interrogatory on the grounds of attorney mental

74

impression doctrine.

Defendant's Interrogatory No. 15:

Identify all documents concerning your allegation that your employment with BAMS was improperly terminated.

Plaintiff's Response:

Plaintiff objects to this interrogatory on the grounds of attorney mental impression doctrine.

Defendant's Requests for Production No. 16:

All documents concerning your allegation that you were retaliated against.

Plaintiff's Response:

Plaintiff objects to this document request on the ground of attorney mental impression doctrine.  See Privilege Log for documents being withheld on the basis of privilege.  No responsive documents are being withheld pursuant to any objection other than privilege.

Defendant's Requests for Production No. 17:

All documents concerning your allegation that your employment with BAMS was improperly terminated.

Plaintiff's Response:

Plaintiff objects to this document request on the ground of attorney mental

impression doctrine.  See Privilege Log for documents being withheld on the basis of privilege. No responsive documents are being withheld pursuant to any objection other than privilege.

## Issue No. 14 – Defendant's Requests for Production Nos. 14 and 15 and Plaintiff's Failure to Supplement

Defendant's Request for Production No. 14:

All documents identifying your income or other sources of money or living expenses from December 7, 2017 to present.

Plaintiff's Response:

Plaintiff objects this requests as overbroad and irrelevant.  Without prejudice to these objections, Document Nos. 000581 – 000611 produced May 10, 2021, reflecting Plaintiff's earned income from the date of his termination by BAMS to the present, including income tax returns redacted to reflect earned income and W-2 forms, without any attachments that do not relate to or reflect earned income. Pursuant to the aforesaid objection, schedules on Plaintiff's income tax returns reflecting unearned income, and all information in Plaintiff's income tax returns other than earned income is being withheld pursuant to the aforesaid objections. Plaintiff will supplement this response to produce any W-2 or 1099 statements for 2020 and 2021, and any state and/or federal income tax returns for 2020 and 2021,

other than those portions of any such income tax returns reflecting unearned income.

Defendant's Request for Production No. 15:

Your federal and state tax returns (including all attachments and schedules thereto) for the tax years 2017 to the present, including any W-2's and 1099's.

Plaintiff's Response:

Plaintiff objects this requests as overbroad and irrelevant.  Without prejudice to these objections, see documents produced in response to No. 14, reflecting Plaintiff's earned income from the date of his termination by BAMS to the present, including income tax returns redacted to reflect earned income and W-2 forms, without any attachments that do not relate to or reflect earned income.  Plaintiff will supplement this response as indicated in No. 14.  See No. 14 for statement regarding responsive documents being withheld pursuant to the objections that the request is overbroad and irrelevant.