# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>    Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT SERVICES, LLC, s/h/a BANK OF AMERICA MERCHANT SERVICES,<br><br>    Defendant. | Civil Action File No.<br>1:19-cv-04129-AT |

## AMENDED NOTICE OF DEPOSITION OF DEFENDANT BANC OF AMERICA MERCHANT SERVICES, LLC s/h/a BANK OF AMERICA MERCHANT SERVICES PURSUANT TO FED.R.CIV.P. 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Fed.R.Civ.P. 30(b)(6) the deposition of Banc of America Merchant Services, LLC, s/h/a Bank of America Merchant Services, shall be taken on May 5, 2023 at 10:00 A.M. by stenographic and audiovisual means at the office of Bryan Cave Leighton Paisner LLP, One Atlantic Center, 14th Floor, 1201 West Peachtree Street, N.W., Atlanta, GA 30309-3471, before a notary public or before some other officer authorized to administer oaths, for the purpose of discovery or for use as evidence in this action, or for any other purpose allowed by the Federal Rules of Civil Procedure or by the

1

Federal Rules of Evidence. The deposition will continue from day to day until completed. The matters for examination are as follows:

1. Discovery of persons who were involved in the decision to terminate Plaintiff's employment.

2. Discovery of persons who made the decision to terminate Plaintiff's employment.

3. The reason(s), if any, for termination of Plaintiff's employment.

4. The awareness of Defendant Banc of America Merchant Services, LLC, s/h/a Bank of America Merchant Services (hereinafter "Defendant", or "BAMS" or "Defendant/BAMS") in 2017 that it was not PCI compliant.

5. Whether or not Defendant/BAMS was required to be or to become PCI compliant in 2017 and the reason(s) if any, for such belief or conclusion.

6. Any decision in 2017 to take action for BAMS to become or not to take action for BAMS to become PCI compliant.

7. Discovery of any or all person(s) who made any decision in 2017 to take action to make BAMS become or not to take action to make BAMS become PCI compliant.

8. How BAMS estimated or understood the magnitude of it not being PCI compliant in 2017.

9. Inquiries from and responses to inquiries from merchants in 2017 regarding whether or not Defendant/BAMS was PCI compliant.

10. Notices and/or other communications to merchants in 2017 regarding Defendant/BAMS and PCI compliance.

11. Non-privileged communications with and/or documents sent to or received from JV Wind Down, LLC regarding or referring to BAMS, PCI compliance issue, Eric Slawin, the allegations raised in Mr. Slawin's complaint in the current action, the location of business records previously in the custody or control of BAMS, the creation and business purpose of JV Wind Down, LLC, business dealings of JV Wind Down, LLC involving BAMS to date.

12. The joint venture that set up Defendant/BAMS and the legal relationship between and among Defendant/BAMS, Bank of America Corporation ("BOA"), First Data Corporation ("First Data") and Fiserv, Inc. ("Fiserv"), including any representations made to the Securities and Exchange Commission ("SEC") in any filings with that agency.

13. The dissolution of Defendant/BAMS.

14. The successor, if any, to Defendant/BAMS.

15. The transfer of assets from Defendant/BAMS upon or in connection with or as a result of its dissolution.

16. The transfer of any liabilities of Defendant/BAMS upon or in connection with or as a result of its dissolution, including but not limited to the assignment of any Merchant Processing Agreements and/or Merchant Services Agreements and/or Master Services Agreements.

17. The current location of any assets that were transferred from or out of Defendant/BAMS upon or in connection with or as a result of its dissolution.

18. Incorporation of, incorporators of, owners of, corporate organization of, officers of and location of JV Wind Down, LLC.

19. Any assets of JV Wind Down, LLC that were previously assets of Defendant/BAMS.

20. Communications with and/or documents sent to or received from BAMS regarding Defendant/BAMS' being or not being PCI compliant.

21. Communications with and/or documents sent to or received from BAMS regarding Defendant/BAMS and PCI compliance.

22. Communications with and/or documents sent to or received from First Data Corporation regarding Defendant/BAMS' being or not being PCI compliant.

23. Communications with and/or documents sent to or received from First Data regarding Defendant/BAMS and PCI compliance.

24. Communications with and/or documents sent to or received from Fiserv regarding Defendant/BAMS' being or not being PCI compliant.

25. Communications with and/or documents sent to or received from Fiserv, Inc. ("Fiserv") regarding Defendant/BAMS and PCI compliance.

26. Documents in BOA's' possession, custody or control between and/or among Defendant/BAMS, First Data Corporation and BOA regarding PCI compliance.

27. The mailing address sufficient to frame a subpoena, and the corporate name used in the Merchant Services Agreements and/or Master Services Agreements ("MSA's") effective during 2017 with the following merchants:

    (a) Disney (The Walt Disney Company);

    (b) Amazon;

    (c) Best Buy;

    (d) MGM (MetroGoldwynMayer);

    (e) Exxon Mobil;

    (f) Target;

    (g) Home Depot (The Home Depot);

    (h) Staples;

    (i) Nordstrom;

    (j) Family Dollar;

    (k) Ross Stores;

    (l) P.F. Chang;

(m) Macy's;

(n) Publix;

(o) Luxottica retail brands;

(p) Safeway;

(q) Albertsons;

(r) Lowes;

(s) CVS;

(t) Estee Lauder;

(u) Adobe;

(v) Dunkin Brands

(w) Walgreens;

(x) Chevron;

(y) American Airways;

(z) Party City;

(aa) Alipay;

(ab) Alibaba;

(ac) Burlington Stores;

(ad) Dish;

(ae) NCL;

(af) AMC;

    (ag) American Eagle;

    (ah) Royal Caribbean;

    (ai) Xerox;

    (aj) Best Buy;

    (ak) Costco;

    (al) State of Delaware;

    (am) State of New Hampshire;

    (an) State of Florida;

    (ao) L Brands; and

    (ap) Metropolitan Transportation Authority (MTA).

28. The establishment of the joint venture with Fiserv to set up BAMS.

29. The business relationship between BOA and BAMS from the inception of BAMS until its dissolution.

30. BOA's role and or participation in the decision to establish/incorporate JV Wind Down, LLC, its role in the process of the establishment/incorporation of JV Wind Down, LLC. and its business relationship with JV Wind Down, LLC from its incorporation to date.

31. BOA's role as "Servicer" along with Defendant/BAMS as reflected in Merchant Processing Agreements and/or Merchant Services Agreements and/or Master Services Agreements.

32. Merchant Processing Agreements and/or Merchant Services Agreements and/or Master Services Agreements entered into by BOA and BAMS.

33. BOA's understanding of "Card Organization Rules" including the nature and scope of any warranty of compliance by BAMS regarding PCI compliance as co-servicer along with BOA under Merchant Processing Agreements and/or Merchant Services Agreements and/or Master Services Agreements.

34. BOA's understanding of consequences of breach of warranty of PCI compliance in Merchant Processing Agreements and/or Merchant Services Agreements and/or Master Services Agreements naming BOA and BAMS as "Servicer".

35. Communications to BOA's stockholders regarding BAMS being or not being PCI compliant.

36. BOA's understanding regarding the consequences of any possible data breach as a result of BAMS' PCI non-compliance.

37. BOA's understanding about what happened to BAMS' personnel records after its dissolution.

38. The location of documents previously in the possession and/or control of BAMS, including documents regarding or referring to former BAMS' personnel, merchants that BOA serviced along with BAMS, information related to

BAMS' PCI non-compliance, text messages, emails, or any other documents regarding or referring to Mr. Slawin's lawsuit against BAMS (including communications with BAMS and/or First Data); including but not limited to the identity of any persons or entities currently in possession or control of any such documents; and including but not limited to the destruction of any such documents, whether pursuant to a document retention policy or otherwise.

39. BOA's role in attracting customers to be serviced by BAMS during BAMS existence.

40. Whether BOA discussed PCI compliance with BAMS, and if so, the names and contact information of the individuals involved, their job titles, and the substance of those communications.

41. All non-privileged discussions about this lawsuit including the names, job titles, and contact information of individuals having such discussions, and the substance of such discussions.

42. The roles of Jill Poole and Sheila Lafferty as corporate representatives for BAMS at Mr. Slawin's deposition.

43. The location of documents related to or discussing BAMS' PCI non-compliance, and the necessary steps to locate and produce them.

44. The decision to dissolve BAMS.

45. The allocation of BAMS' customers between BOA and First Data/Fiserv, upon the dissolution of BAMS.

46. Non-privileged communications with and/or documents sent to or received from First Data Corporation regarding Mr. Slawin's lawsuit, pending in this Court, Civ. Action No. 1:19-cv-04129 (AT) (hereinafter "Mr. Slawin's lawsuit").

47. Non-privileged communications with and/or documents sent to or received from Fiserv regarding Mr. Slawin's lawsuit, Civ. No. 1:19-cv-04129.

48. Any non-privileged communications regarding Mr. Slawin's lawsuit, Civ. No. 1:19-cv-04129.

49. The business dealings between BOA and BAMS.

50. The business dealings between BAMS and JV Wind Down, LLC.

51. The business dealings between BAMS and BOA, First Data Corporation and Fiserv, Inc. to the extent that they refer to or involve BAMS or JV Wind Down, LLC.

52. Defendant's policies related to employment effective 2015 – 2017.

53. PCI Data Security Standards ("PCI DSS") promulgated by the PCI Security Standards Council for entities that store, process or transmit cardholder data as they were applicable to Defendant/BAMS.

54. VISA and Mastercard security rules for their merchant customers, as they were applicable to Defendant/BAMS.

55. Whether or not Defendant/BAMS was deemed to be or considered an "acquiring bank" and the reason(s) for such conclusion.

56. The services and/or products that Defendant/BAMS provided.

57. The factual basis for Defendants/BAMS' Answer.

58. The factual basis for the information provided by Defendant/BAMS in its Initial Disclosures.

59. The factual basis for the answers provided by Defendant/BAMS to each of Plaintiff's interrogatories.

60. Defendant/BAMS' efforts to obtain factual information to support their answers to Plaintiff's Complaint and discovery.

61. Defendant/BAMS' document retention policy, including after its dissolution in July 2020.

62. The factual basis for Defendant/BAMS' affirmative defenses.

63. Any disciplinary communications or actions taken regarding Mr. Slawin during his employment.

64. Defendant/BAMS' progressive discipline policy or any other disciplinary policy, including but not limited to related to performance, applicable during Mr. Slawin's employment.

65. Plaintiff's performance.

66. The identity of each person having information and/or documents supporting your position on each of the above-numbered topics.

This 14th day of April 2023.

                                       /s/Robert N. Marx
                                       Robert N. Marx, Esq.
                                       Georgia Bar No. 475280
                                       Jean Simonoff Marx, Esq.
                                       Georgia Bar No. 475276
                                       Marx & Marx, L.L.C.
                                       1050 Crown Pointe Parkway
                                       Suite 500
                                       Atlanta, Georgia 30338
                                       Tel. (404) 261-9559
                                       lawyers@marxlawgroup.com

                                       *Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT SERVICES, LLC, s/h/a BANK OF AMERICA MERCHANT SERVICES,<br><br>　　　　　　Defendant. | Civil Action File No.<br>1:19-cv-04129-AT |

## CERTIFICATE OF SERVICE

This is to certify that on April 14, 2023, I served: **Amended Notice of Deposition of Banc of America Merchant Services, LLC pursuant to Fed.R.Civ.P. 30(b)(6) for May 5, 2023,** by email to Defendant's attorneys of record as follows:

>Aiten McPherson, Esq.
>aiten.mcpherson@bclplaw.com
>Christopher P. Galanek, Esq.
>Chris.Galanek@bclplaw.com
>Bryan Cave Leighton Paisner LLP
>One Atlantic Center, 14th Floor
>1201 West Peachtree Street, N.W.
>Atlanta, GA 30309-3471

This 14th day of April 2023.

　　　　　　　　　　　　　　　　/s/Robert N. Marx
　　　　　　　　　　　　　　　　 Robert N. Marx, Esq.
　　　　　　　　　　　　　　　　 Georgia Bar No. 475280
　　　　　　　　　　　　　　　　 Jean Simonoff Marx, Esq.
　　　　　　　　　　　　　　　　 Georgia Bar No. 475276

        Marx & Marx, L.L.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
Tel. (404) 261-9559
lawyers@marxlawgroup.com

*Attorneys for Plaintiff*