IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>        Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT SERVICES, LLC, s/h/a BANK OF AMERICA MERCHANT SERVICES,<br><br>        Defendant. | Civil Action File No.<br>1:19-cv-04129-AT |

## CONSOLIDATED JOINT DISCOVERY STATEMENT

**Defendant's Statement**: Banc of America Merchant Services, LLC ("**BAMS**" or "***Defendant***") submits its statement seeking to have Plaintiff Eric Slawin ("***Plaintiff***") fully respond to Interrogatories Nos. 14 and 15 and Requests for Production Nos. 15 and 16, requests which were originally served on February 19, 2021. Plaintiff's responses are attached hereto as Exhibit A. As the Court is aware, the Parties submitted a Consolidated Joint Discovery Statement on March 22, 2023, wherein BAMS requested that Plaintiff identify documents related to his allegations that he was retaliated against and that his employment was improperly terminated. [Dkt. No. 110 at 12-13.]  In its April 20, 2023 Order, the Court asked Defendant to

"reframe and circulate" a more narrow set of questions. [Dkt. No. 122-1 at 11.] Defendant's counsel did so[1], and after holding a discovery conference on this issue and others, the Court ordered Plaintiff to "identify any documents that relate to Plaintiff's claims" with respect to each interrogatory and request, as modified. [Dkt. No 129-1 at 4.] Despite the Court's order, Plaintiff responded to each request by identifying his entire 758-page production, which includes: (1) redacted tax records; (2) emails with recruiters; (3) applications for employment; and (4) medical records. Plaintiff's response is evasive and fails to identify what *specific* documents in his production relate to his claim of retaliation or what documents support his claim that his employment was improperly terminated. Plaintiff has failed to abide by the Court's April 26th Order. Accordingly, Defendant asks that Plaintiff once again be

---

[1] ***Modified Interrogatories***: 16.   Please identify those documents you contend support your claim you were retaliated against by BAMS.
17. Please identify those documents you contend support your claim your employment with BAMS was terminated not as a result of a violation of BAMS policy, but instead because of your engagement in protected activity.

***Modified Request For Production***: **16**. Please produce those documents in your possession, custody, or control you contend support your claim you were retaliated against by BAMS.
**17**. Please produce those documents in your possession, custody, or control you contend support your claim your employment with BAMS was terminated not as a result of a violation of BAMS policy, but instead because of your engagement in protected activity.

ordered to provide a proper response to Interrogatories Nos. 14 and 15 and Requests

for Production Nos. 14 and 15.

## Plaintiff's Statement

Plaintiff has already produced all responsive documents and identified all

possible documents that he may list in a pretrial order.  Defendant's requirement

that Plaintiff select, compile and itemize documents regarding his specific claims

falls squarely within attorney work product/mental impression protection:

> . . . the selection process of . . . counsel in grouping
> certain documents together out of the thousands produced
> in this litigation is work product entitled to protection
> under Federal Rule of Civil Procedure 26(b)(3) and the
> principles of *Hickman v. Taylor,* 329 U.S. 495 (1947)
> . . . . [b]ecause identification of the documents as a group
> will reveal defense counsel's selection process, and thus
> his mental impressions . . .

*Sporck v. Peil*, 759 F.2d 312, 315, 319 (3d Cir. 1985), *cert. denied*, 474 U.S. 903

(1985).  While the Eleventh Circuit has not ruled on this issue, courts in this

Circuit are in accord:

> The Court agrees that requiring the FDIC-R to group and
> categorize the documents to correspond with each request
> could implicate the thought processes of counsel and thus
> invade the work product privilege. *See, Spork* [sic]
> *v. Peil,* 759 F. 2d 312, 316 (3d Cir. 1985).

*Fed. Deposit Ins. Corp. v. Brudnicki*, No. 5:12-cv-00398-RS -GRJ, at *18-19

(N.D. Fla. 6/14/13); *Jackson v. Geometrica, Inc*., 2006 WL 510059, at *2 (M.D.

Fla., 3/2/06) ("The thrust of [the request] [brackets in original] is not to discover evidentiary facts, but to discover counsel's evaluation . . . in regard to evidentiary facts", *citing*, *Mead Corp. v. Riverwood Nat. Res. Corp*., 145 F.R.D. 512, 521 (D. Minn. 1992)"; *Rosen v. Provident Life & Accident Ins. Co*., 308 F.R.D. 670, 679-80 (N.D. Ala. 2015), <u>as</u> <u>amended</u> (July 10, 2015).

Florida District Court cases which have not followed *Spork* are inapposite here, because they involve *<u>production of documents not already produced</u>*, and documents selected to prepare witnesses for a deposition. Mr. Slawin's deposition has already been taken. *See e.g. In Re Trasylol Products Liability Litigation*, 2009 WL 936597 (S.D. Fla 2009)(document production related to witness preparation); *Hunter's Ridge Golf Co., Inc. et al. v. Georgia-Pacific Corporation*, 233 F.R.D. 678 (M.D. Fla. 2006) (*<u>production</u>* of documents); *Jackson v. Geometrica, Inc*., 2006 WL 510059 (M.D. Fla. 2006)( *<u>production of documents not already</u> <u>produced</u>* ("Defendant is not being asked for a compilation of documents that would reveal strategies or opinions . . ." at *2; court *<u>denied</u>* discovery requests that " . . . ha[ve] the potential to provide Plaintiff's with a window into the trial strategy of their opponent." *Id*.) *In Re Seroquel Products Liability Litigation*, 2008 WL 215707 (M.D. Fla 2008)(identifying and producing documents for witness deposition preparation). *<u>In the Northern District of Georgia</u>*, the district court *<u>denied</u>* a motion to compel revelation of specific documents most probative of

claims. *Arconic Inc. v. Universal Alloy Corp.*, 2018 WL 4839225, at *6–7 (N.D.

Ga. 7/31/18) *citing*, *inter alia Spork*; *In re Allen*, 106 F.3d 582, 608 (4th Cir.

1997); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986).

Respectfully submitted, this 17th day of August 2023.

<table>
<tr><td>

*/s/ Robert N. Marx*
Robert N. Marx
Georgia Bar No. 475280
Jean Simonoff Marx
Georgia Bar No. 475276
MARX & MARX, LLC
1050 Crown Pointe Parkway
Atlanta, GA 30338
Tel: (404) 261-9559
lawyers@marxlawgroup.com

*Counsel for Plaintiff*

</td><td>

*/s/ Aiten M. McPherson* *
Christopher P. Galanek
Georgia Bar No. 282390
chris.galanek@bclplaw.com
Aiten M. McPherson
Georgia Bar No. 439899
aiten.mcpherson@bclplaw.com
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, N.W.
Atlanta, GA 30309-3471
Tel. (404) 572-6600

*Counsel for Defendant*
*By Robert N. Marx wep.

</td></tr>
</table>