IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT SERVICES, LLC, s/h/a BANK OF AMERICA MERCHANT SERVICES,<br><br>　　　　Defendant. | Civil Action File No.<br>1:19-cv-04129-AT |

## JOINT STATUS REPORT AND REQUEST FOR MODIFICATION OF THE SCHEDULING ORDER

The parties in this matter hereby submit this Joint Status Report and Request for Modification of the Scheduling Order in this matter pursuant to the Court's direction at the teleconference on April 12, 2024.

Extension of Discovery

Counsel for the parties have conferred regarding a requested extension of discovery. The Parties jointly propose that discovery be extended to and including August 28, 2024, which is 120 days from the Court's scheduled teleconference on April 30, 2024. The Parties further propose that remaining case deadlines be calculated from the close of discovery in accordance with the Local Rules of the Northern District of Georgia and the standing order of this Court.

1

Parties' Summary of Remaining Discovery to be Completed

Based on the Court's instruction during the April 12, 2024 teleconference, the Parties understand the Court has requested a summary of what discovery they believe remains to be completed in this case. Without waiving any objections which either party may ultimately raise with respect to any discovery sought by the other party, each party summarizes the anticipated discovery that said party intends to pursue as follows:

Plaintiff responds that he currently anticipates pursuing the following discovery:

1. Ten depositions, tentatively including the following:

    a. Mike Solan;

    b. Mark Kendall;

    c. Natasha Collins;

    d. Joseph Moll or Ali Davis;

    e. David Ades;

    f. possibly Marty Mederos at Bank of America;

    g. 30(b)(6) corporate representative of Defendant ;

    h. 30(b)(6) corporate representative of former Defendant Bank of America;

    i. 30(b)(6) corporate representative of former Defendant Fiserv; and

  j. 30(b)(6) corporate representative of JV Wind Down, LLC, if not resolved by 30(b)(6) deposition of corporate representative of Defendant.

Defendant responds that it currently anticipates pursuing the following discovery:

1. Two depositions, including the following:

  a. 30(b)(6) corporate representative of Wells Fargo; and

  b. Plaintiff's expert witness (if any).

2. The identification of a rebuttal expert witness in response to Plaintiff's expert witness (if any).

<u>Plaintiff's Statement Regarding Remaining Discovery Issues</u>

Plaintiff's understanding is that the Court requested the parties to advise it of remaining discovery issues in this matter. Plaintiff has given Defendant notice of specific documents produced by Defendant regarding which Plaintiff has either challenged redactions on those documents or has challenged the classification of confidentiality pursuant to the Consent Protective Order in this matter. Plaintiff's understanding is that Defendant will submit a response to those specific challenges in the near future, and that counsel for the parties will thereupon confer in an effort to resolve any resulting discovery disputes. Plaintiff has also given Defendant notice that on at least one of the documents produced in 2023, there is a reference

to a person "pinging" another person, which Plaintiff has advised his counsel reflects the fact that communications were made in modes other than emails, such as by Skype or other manner. Counsel for the parties are similarly in the process of discussing this question.

Defendant's Response to Plaintiff's Statement Regarding Discovery Issues

Counsel for Plaintiff have identified certain documents which Plaintiff contends should not be redacted or should not be designated as confidential. Counsel for Defendant will review the identified documents and will meet and confer with counsel for Plaintiff in an attempt to resolve any such disputes.

Separately, Plaintiff's counsel have raised questions concerning the meaning of a reference to "pinging" in one of the produced documents. Counsel for Defendant have expressed that to the extent Plaintiff has questions concerning the meaning of this language, Plaintiff's counsel may pose questions regarding the same to the witness responsible for the statement at issue during the anticipated deposition of said witness.

Respectfully submitted, this 26th day of August 2024.

| | |
|---|---|
| /s/ Robert N. Marx | /s/ Christopher P. Galanek* |
| Robert N. Marx | Christopher P. Galanek |
| Georgia Bar No. 475280 | Georgia Bar No. 282390 |
| Jean Simonoff Marx | chris.galanek@bclplaw.com |
| Georgia Bar No. 475276 | Brian M. Underwood |
| MARX & MARX, LLC | Georgia Bar No. 804091 |
| 1050 Crown Pointe Parkway | brian.underwood@bclplaw.com |
| Atlanta, GA 30338 | Bryan Cave Leighton Paisner LLP |

| | |
|---|---|
| Tel: (404) 261-9559<br>lawyers@marxlawgroup.com<br><br>*Counsel for Plaintiff* | One Atlantic Center, 14th Floor<br>1201 West Peachtree Street, N.W.<br>Atlanta, GA 30309-3471<br>Tel. (404) 572-6600<br><br>*Counsel for Defendant*<br>*By Robert N. Marx wep. |

5