IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC SLAWIN,<br><br>        Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MERCHANT SERVICES, LLC, s/h/a BANK OF AMERICA MERCHANT SERVICES,<br><br>        Defendant. | Civil Action File No.<br>1:19-cv-04129-AT |

## **CONSOLIDATED/JOINT DISCOVERY STATEMENT**

The Parties submit this Consolidated/Joint Discovery Statement concerning matters related to Plaintiff's 30(b)(6) notice. This statement sets forth Defendant's Statement and Plaintiff's Response without further reply. The Parties stand ready to discuss such matters further at discovery conference as needed. The 30(b)(6) Notice of Deposition is attached hereto as Exhibit A.

**Issue No. 1 – Topic 2: Factual basis for Defendant's affirmative defenses.**

**Defendant's Position:** Certain affirmative defenses are purely legal, including the First Defense and Fifth Defense. The Seventh Defense is just a reservation of rights. While Defendant can provide a designee on the factual basis for factual defenses, including the Second Defense, Third Defense, Fourth Defense, and Sixth Defense, it is improper to use a 30(b)(6) deposition to require a lay witness to testify as to pure legal defenses.

1

**Plaintiff's Position:** Plaintiff's Topic is denominated *factual bases* of Defendant's affirmative defenses which is a proper 30(b)(6) topic. "[N]umerous courts have ruled that a Rule 30(b)(6) notice of deposition that seeks the factual bases for another party's claims or defenses is proper." *Smith v. General Mills, Inc.*, 2006 WL 7276959, (D. Conn. 2006); *Sunrise of Coral Gables Propco, LLC v. Current Builders, Inc.*, 2023 WL 6638050, at *10 (S.D. Fla. Oct. 12, 2023) (factual basis of affirmative defenses proper 30(b)(6) topic); *Ventron Mgmt., LLC v. Tokio Marine Specialty Ins. Co.*, 2020 WL 8614606, at *4 (S.D. Fla. Dec. 21, 2020) (same).

**Issue No. 2 – Topic 3.a: The joint venture that set up Defendant/BAMS and the legal relationship between and among Defendant/BAMS, BOA, First Data/Fiserv.**

**Defendant's Position:** Defendant provided interrogatory responses on substantially similar matters, including Pl. ROGs 9-11. As discovery unfolded, the legal relationship between these entities has not played any meaningful role besides Plaintiff's attempts to relitigate dismissal of the other parties or to inquire into matters appropriate for post-judgment discovery such that this topic would be overbroad and unduly burdensome.

**Plaintiff's Position:** The relevance and appropriateness of this topic has already been reflected by the Court's Order regarding the discovery dispute in this matter. See, Doc. 122-1, p. 4 (Pl. ROG's 9, 10, 11). That allowed the Plaintiff to discover the relationship between BAMS, BOA, First Data/Fiserv to the present and any changes in that relationship. It is respectfully submitted that it is relevant – indeed, necessary – to identify the current entity, if any, that would be responsible for payment of any

judgment in this matter, and who the actual Defendant is. Mr. Galanek's Notice of Appearance states that he is appearing for BAMS "now known as JV Wind Down, L.L.C.." (Doc. 62). Mark Kendall, Mr. Slawin's former boss at BAMS testified that FISERV's counsel was also present with his attorney during his deposition preparation even though FISERV is no longer a defendant in this case. (Kendall Dep. 11-12) FISERV's counsel was also BAMS' corporate representative at the depositions of BAMS' former employees as well as at Mr. Slawin's deposition. If FISERV is not a party, the presence of its counsel waives any attorney/client privilege. Joe Moll testified that FISERV was paying for BAMS' law firm to represent him. (Moll Dep. 6). The topic does not cover JV Wind Down assets, banking or related financial information, or ownership information, aside from the formal corporate identity of BAMS' successor and role of FISERV given its apparent *continuing voluntary involvement* in this matter.

**Issue No. 3 – Topic 3.c: Who will be responsible for the payment of any judgment in this matter?**

**Defendant's Position:** This matter is premature and more appropriate for post-judgment discovery, based upon the Court's prior rulings concerning the appropriate subjects for post-judgment discovery across various requests in ECF No. 122-1 (e.g., requests pertaining to the wind down entity, including as to Pl. ROGs 22-23 and Pl. RPDs 62-66, 68-72, 76-77, 126-131, and 137-140).

**Plaintiff's Position:** See Plaintiff's statement regarding 3.a, above.

**Issue No. 4 – Topic 4.a: BAMS' document retention policy from January 1, 2016 until dissolution of BAMS as it pertained to emails in 2017.**

**Defendant's Position:** Defendant maintains that this topic is irrelevant, and it is unduly burdensome in light of the reasonable needs of the case particularly given the current posture. Discovery is about to close, the time for serving new document requests has passed, and there are no allegations of spoliation. Defendant engaged in extensive document productions, this Court has resolved disputes concerning the collection and production of documents, and this request will not any impact any triable issue.

**Plaintiff's Position:** David Ades, Mark Kendall and Mike Solan all testified that messages were *routinely* exchanged by "IM's" or instant messages, on an internal BAMS messaging system and that IM's were retained in a similar manner to emails, but no IM's were produced. BAMS was dissolved in 2020, making relevant discovery of what happened to BAMS' documents after the dissolution. Plaintiff is entitled to discover Defendant's document retention policies and practices, especially in light of the above testimony. This topic does not sidestep the Court's prior order about post judgment discovery. See, statement regarding Topic 3.a, above.

Defendant's duty to preserve relevant document arose when litigation became "reasonably foreseeable" and was not dependent on receipt of a litigation hold letter. The Eleventh Circuit has made clear that a duty to preserve documents only "arises once litigation is pending or reasonably foreseeable." *Graff v. Baja Marine Corp.*,

4

310 Fed. Appx. 298, 310 (11th Cir. 2009). "[T]he duty to preserve evidence ... arises when a party reasonably anticipates litigation and thereafter requires that party to suspend its routine document retention or destruction policies and institute a litigation hold to ensure the party properly preserves relevant documents." *McBride v. Coca-Cola Refreshments, USA, Inc.*, 2012 WL 12915435 (M.D. Fla. June 20, 2012). Further, even at the time of Plaintiff's termination, Defendant considered the question of whether he should be considered a "whistleblower" (Exh. 42, Bates Nos. 8367-68)**,** and Mr. Slawin filed an SEC whistleblower complaint immediately after he was fired in December 2017.

**Issue No. 5 – Topic 4.b: Preservation of documents relevant to this litigation, especially after Bams dissolution.**

**Defendant's Position:** Defendant maintains that these several topics are objectionable for the same reasons set forth in Topic 4.a, as well as Topic 3.c as it pertains to previously disallowed discovery on matters concerning the wind down of Defendant.

**Plaintiff's Position:** See Plaintiff's statement regarding 4.a, above.

**Issue No. 6 – Topic 4.c: What happened to BAMS' data storage system(s) after BAMS was dissolved, including location, identity and contact information of current custodian? This topic includes the location of non-privileged documents previously in the possession and/or control of BAMS. This topic also includes the location of 1) documents regarding or referring to former BAMS personnel, 2) documents regarding or referring to merchants that BAMS serviced (including with BOA), 3) documents regarding or referring to BAMS' PCI non-compliance, 4) documents regarding or referring to Plaintiff's termination, 5) text messages, 6) emails, 7) any other non-privileged documents regarding or referring to Mr. Slawin's lawsuit against BAMS (including communications with BOA and/or First Data/Fiserv). This topic also covers the identity of any persons or entities currently**

5

**in possession or control of any such documents (including location and contact information), and whether any documents were destroyed.**

**Defendant's Position:** Defendant maintains that these several topics are objectionable for the same reasons set forth in Topic 4.a, as well as Topic 3.c as it pertains to previously disallowed discovery on matters concerning the wind down of Defendant.

**Plaintiff's Position:** See Plaintiff's statement regarding 4.a, above.

**Issue No. 7 – Topic 4.d: Location of BAMS documents after dissolution.**

**Defendant's Position:** Defendant maintains that this topic is objectionable for the same reasons set forth in Topic 4.a, as well as Topic 3.c as it pertains to previously disallowed discovery on matters concerning the wind down of Defendant.

**Plaintiff's Position:** See Plaintiff's statement regarding 4.a, above.

**Issue No. 8 – Topic 4.e: Bams' IM system testified to by Messrs. Solan, Kendall and Ades.**

**Defendant's Position:** Defendant maintains that this topic is objectionable for the same reasons set forth in Topic 4.a. Plaintiff has also deposed multiple witnesses on this topic, and Defendant's counsel conferred with Plaintiff about this issue months ago. Preparing on an irrelevant matter would be unduly burdensome in light of the reasonable needs of the case.

**Plaintiff's Position:** See Plaintiff's statement regarding 4.a, above.

**Issue No. 9 – Topic 5: MSA's produced in this litigation including documents produced on or about October 19, 2023 pursuant to the Court's order.**

**Defendant's Position:** Plaintiff extensively examined David Ades on the subject of the

6

MSAs. Mr. Ades testified being in charge of having the agreements executed and negotiated, and having ultimate authority to sign them. (Ades Dep. at 19:21, 50:10-14.) Defendant has offered to adopt the testimony of David Ades on questions pertaining to the produced MSAs, but otherwise objects on the grounds that a second round of testimony on this topic would be duplicative and unduly burdensome including but not limited to because Mr. Ades lives in Canada and is no longer employed by BAMS.

**Plaintiff's Position:** Mr. Ades testified that he negotiated and executed some of the MSA's not all of them, and in any event, he testified only as to his personal knowledge and recollection. Of the five MSA's produced by Defendant in October 2023 pursuant to the Court's Order, most were signed by Steve Herrmann and John Rubinetti. Defendant does not assert that this topic is irrelevant, and this Court's prior Order reflects that it is indeed relevant. Doc. 129-1, p. 3 (RPD 12). Plaintiff is entitled, under Fed.R.Civ.P. 30(b)(6), to the *corporation's* testimony regarding MSA's.

**Issue No. 10 -- Topic 6: A witness representing Defendant who is knowledgeable regarding, can testify regarding the particulars of and can authenticate the following documents: [list].**

**Defendant's Position:** BAMS requests a hearing on this topic given the number of subparts. As to the issue of authentication, Defendant offers to stipulate to the authenticity of the documents it has produced in that the documents are what they purport to be on their face. Defendant otherwise objects that this request is unduly burdensome. It calls on

7

Defendant to prepare a witness (or more likely, a number of witness) to testify on 62 categories of documents consisting of nearly 200 individual documents (including two entire production zip files containing 135 documents alone), many of which were already used as exhibits in the depositions, conducted within the last month, of those who have (or would have had but for the passage of time) relevant knowledge of them.

**Plaintiff's Position:** Defendant produced over 9,000 documents without any organization or any indication of which of the produced documents were responsive to which of Plaintiff's document requests. The production violated Rule 34(b)(2)(E)(i) since documents were produced without reference to any of Plaintiff's specific numbered document requests, and were produced out of sequence. This required Plaintiff's counsel to piece together out-of-sequence Bates stamped email chains that appeared to go together. This required Plaintiff's counsel to piece together 9,000 documents in order to understand which emails went with which.

Plaintiff needs to verify that the email chains and other exhibits are in fact in correct order, that no parts of the email chains are missing, that all attachments to the email chains have been produced, and to understand the substance of those documents. Defendant admits that the topic covers only a small number of documents relative to the 9,000 produced. Defendant's duplicative testimony argument is without merit because witnesses testified to their ignorance regarding some or all of the documents, and in in some instances to a failure of memory.

Some email chains included witnesses other than the deponents.

**Issue No. 11 -- Topic 7.b: BAMS' understanding of legal, economic and reputational consequences of its PCI non-compliance.**

**Defendant's Position:** On its face, the topic calls for speculation concerning the hypothetical consequences of PCI non-compliance, and the request is objectionable on that basis.

**Plaintiff's Position:** Defendant's assertion of speculation is belied by its own documents. In the same document that Mike Solan discussed Mr. Slawin downloading emails to his personal email – which Defendant articulates as the reason for the discharge – Mr. Solan identified as part of the "Risk Summary" ". . . extensive reputational damage . . ." that could result from the downloading. (Ex. 42). Mr. Solan clarified at his deposition that that the "reputational damage" referred to the merchants becoming aware that BAMS was not PCI compliant. (Solan Dep. 57-61; 135-36).

**Issue No. 12 -- Topic 7.c: Inquiries from and responses to inquiries from merchants in 2017 regarding whether or not Defendant/BAMS was PCI compliant.**

**Defendant's Position:** The Court previously limited the scope of discovery regarding inquiries by merchants, including in connection with Pl. RPD 113. (ECF No. 122-1.) Unless the inquiries involved the decision makers in Plaintiff's termination, it is not material or relevant. Plaintiff has deposed multiple witnesses on this topic, and preparing a corporate witness would be duplicative and unduly burdensome.

**Plaintiff's Statement:** As the Court is aware, BAMS's PCI non-compliance, its

reluctance to take steps to become PCI compliant, and Plaintiff's allegations that he was fired because he refused to conceal that fact from merchants, is at the heart of this case. The relevance and appropriateness of this topic has already been indicated by the Court's decision regarding the discovery dispute. See, Doc. 122-1, p. 3 (RPD 20 [all documents to merchants re BAMS' PCI compliance], 111 [The Home Depot questionnaires re BAMS PCI compliance], p. 4 (RPD 113) [questionnaires or inquiries from merchants re BAMS PCI compliance], p. 9 (RPD's 79, 84, 44, 45, 46), p. 10 (RPD's 123, 124), p. 11 (RPD 125). Thus, there is no basis for Defendant's argument that the inquiries needed to involve decision makers in Plaintiff's termination. Defendant's argument re alleged duplicative testimony again overlooks the difference between 30(b)(6) testimony and individual testimony which is limited to personal knowledge or recollection.

**Issue No. 13 -- Topic 7.e: Notices and/or other communications to merchants in 2017 regarding Defendant/BAMS and PCI compliance/noncompliance.**

**Defendant's Position:** The Court previously limited the scope of discovery regarding information provided to merchants concerning PCI compliance, including in connection with Pl. RPD 20. (ECF No. 122-1.) Additionally, unless the communications involved the decision makers in Plaintiff's termination, it is not material or relevant to the case. Plaintiff has exhaustively deposed multiple witnesses on matters related to this topic, and preparing a corporate witness would be duplicative and unduly burdensome in light of the reasonable needs of the case.

**Plaintiff's Statement:** See Plaintiff's statement in 7.c regarding Defendant's argument that the communications needed to involve the decision makers. The individual witnesses often testified to lack of memory or knowledge, and many of the communications involved numerous individuals aside from deponents.

**Issue No. 14 -- Topic 9: BAMS's Answers To Interrogatories and Document Requests.**

**Defendant's Position:** Defendant offers to put forward a designee on the Interrogatories verified by Ali Davis (except for matters concerning any objections). Plaintiff deposed Natasha Collins using the interrogatories she verified as an exhibit. Re-deposing Ms. Collins would be duplicative and unduly burdensome. The Document Requests are inappropriate subjects for fact testimony, as the responses and objections are prepared by counsel. (*See* ECF Nos. 122-1, 129-1.) Moreover, the volume of Document Requests means Topic 9 consists of over 130 subparts (one for each request), which itself is overbroad and unduly.

**Plaintiff's Statement:** Ms. Collins testified that she did not remember if she prepared the answers to interrogatories or if they were prepared by someone else and she could only assume that they were correct, but she did not know. (Collins Dep. 129-131).

Jointly submitted this 26th day of August, 2024.

| | |
|---|---|
| */s/ Robert N. Marx (with permission)* | */s/ Brian M. Underwood Jr.* |
| Robert N. Marx | Christopher Paul Galanek |
| Georgia Bar No. 475280 | Georgia Bar No. 282390 |
| Jean Simonoff Marx | E-Mail: chris.galanek@bclplaw.com |
| Georgia Bar No. 475276 | Brian M. Underwood, Jr. |

11

| | |
|---|---|
| Marx & Marx, L.L.C. | Georgia Bar No. 804091 |
| 1050 Crown Pointe Parkway | E-Mail: |
| Suite 500 | brian.underwood@bclplaw.com |
| Atlanta, Georgia 30338 | **BRYAN CAVE LEIGHTON** |
| Tel. (404) 261-9559 | **PAISNER LLP** |
| lawyers@marxlawgroup.com | One Atlantic Center, Fourteenth Floor |
| jeannie.marx@marxlawgroup.com | 1201 W. Peachtree Street, NW |
| | Atlanta, GA  30309 |
| *Attorneys for Plaintiff* | Telephone: 404-572-6600 |
| | |
| | *Counsel for Defendant Banc of America Merchant Services, LLC s/h/a Bank of America Merchant Services* |

## CERTIFICATION UNDER L.R. 7.1.D

I hereby certify that the foregoing pleading has been prepared with Times New Roman 14-point font, one of the font selections approved by the Court in L.R. 5.1, N.D. Ga.

This 26th day of August, 2024.

*/s/ Brian M. Underwood, Jr.*
Brian M. Underwood, Jr.

12

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all counsel of record.

This 26th day of August, 2024.

*/s/ Brian M. Underwood, Jr.*
Brian M. Underwood, Jr.