**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ERIC SLAWIN,<br><br>                Plaintiff,<br>v.<br><br>BANC OF AMERICA MERCHANT<br>SERVICES, LLC, s/h/a BANK OF<br>AMERICA MERCHANT<br>SERVICES,<br><br>              Defendant. | Civil Action File No.<br>1:19-cv-04129-AT |

## CONSOLIDATED/JOINT DISCOVERY STATEMENT

The Parties submit this Consolidated/Joint Discovery Statement concerning redactions in Defendant's document production.

**Issue No. 1 – Redactions**

**Plaintiff's Statement**

The main issue relates to redactions of emails in response to RPD's 111, 20 and 113 which were produced by

BAMS as BAMS 006 production, in compliance with the Court's Order to produce documents sent by BAMS to Selected Merchants discussing BAMS being PCI compliant relative to 20 selected merchants. (Doc. 122-1, pp. 3-4).  Accordingly the documents all relate to the business purpose of BAMS' responding to merchants' inquiries about data security including PCI compliance. Plaintiff respectfully submits that the disputed redactions should be reviewed *in camera* so the Court can determine whether the communications are "designed to meet problems which can fairly be characterized as predominately legal" or whether the primary purpose was business advice. *Rowe v. E.I. duPont de Nemours and Co*., 2008 WL 4514092, at *8 (D.N.J. Sept. 30, 2008); *Preferred Care Partners Holding Corp. v. Humana, Inc*., 258 F.R.D. 684 (S.D. Fl. 2009)


"Attorney-client communications concerning business matters are not within the attorney-client privilege." *BellSouth Adver. & Publ'g Corp. v. Am. Bus. Lists, Inc.*, 1992 WL 338392, at *8 (N.D.Ga. Sept.8, 2002) "When advice given by an attorney relates to both business and legal matters, the legal advice must predominate in order for the attorney-client privilege to apply." *Carpenter v. Mohawk Indus., Inc*., 2007 WL 5971741, at *9 (N.D.Ga. Oct. 1, 2007); *Marten v. Yellow Freight Sys., Inc*., 1998 WL 13244, at *7 (D.Kan. Jan.6, 1998). "The mere mention of business considerations is not enough to compel the disclosure of otherwise privileged material ... Legal advice should remain protected along with 'nonlegal considerations' discussed between client and counsel that are relevant to that consultation, but when the ultimate decision then requires the exercise of business judgment and when what were relevant nonlegal considerations incidental to the formulation of legal advice emerged as the business reasons for and against a course of action, those business reasons considered among executives are not privileged." *Carpenter*, 2007 WL 5971741, at *9 *quoting*, *Eglin Fed. Credit Union v. Cantor, Fitzgerald Sec. Corp*., 91 F.R.D. 414, 420 (N.D.Ga.1981) (quoting SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 517 (N.D.Conn.1976)). When advice given by an attorney relates to both business and legal matters, the legal advice must predominate in order for the attorney-client privilege to apply. *Carpenter*, 2007 WL 5971741, at *9. See also, *Hasty v. Lockheed Martin Corp*., 1999 WL 600322, at *2 (E.D.La. Aug. 6, 1999) ("(T)he business aspects of (a corporate) decision are not protected simply because legal considerations are also involved;" and, "in those cases where the document does not contain sufficient information to indicate whether the material was considered confidential, that material should not be privileged.").

2

Numerous of the emails are not to or from any attorney.

As to those redactions where Theresa Allen (BAMS's counsel) is one of a group of BAMS' employee recipients or is cc'd on the emails related to responding the merchant security questionnaires, BAMS cannot claim that the primary purpose of the email was for legal advice or assistance since it served both business and legal purposes. *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 789, 805 (E.D.La.2007). "…By the same token, a communication is not necessarily privileged simply because a lawyer is copied. As the proponent of the privilege, Defendants must show, irrespective of whether one or more lawyers sent or received the communication, that the communication was confidential and that the primary purpose of the communication was to relay, request or transmit legal advice. See, e.g., *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Cen*., 2012 WL 5415108, at *4 (M.D. Fla. Nov. 6, 2012).

"When, for example, Merck simultaneously sends communications to both lawyers and non-lawyers, it usually cannot claim that the primary purpose of the communication was for legal advice or assistance because the communication served both business and legal purposes. See *United States v. Chevron Corp*., 1996 WL 444597 (N.D.Cal.1996) ("When a document is prepared for simultaneous review by non-legal as well as legal personnel, it is not considered to have been prepared primarily to seek legal advice and the attorney-client privilege does not apply."); *United States v. International Business Machines Corp.*, 66 F.R.D. 206, 213 (S.D.N.Y.1974) ("If the document was prepared for purposes of simultaneous review by legal and non-legal personnel, it cannot be said that the primary purpose of the document is to secure legal advice."). As a consequence, the privilege does not protect the communications. When these simultaneous conveyances for mixed purposes are through an e-mail message that lists the lawyers' names in the header of the e-mail message, Merck is revealing the contents of the single message that may have been conveyed to its lawyer primarily for legal assistance. In that circumstance, the single message could have been withheld as a privileged communication had Merck sent blind copies to the lawyers, instead of electing this format. Through a blind copy, the content of what was communicated to its attorney would have remained confidential after future discovery of the document from the other recipient's files, its purpose would have been primarily legal, and the privilege would have been applicable. Similarly, if Merck had sent a wholly separate e-mail communication with the same materials to the lawyer, the same claim could be successfully made for that single communication even though it otherwise served mixed purposes. In modern

vernacular, Merck, in a variety of instances, "could have had a V-8," but it chose another format and manner of document circulation and cannot now be heard to complain about the consequences of those choices." *In re Vioxx Prod. Liab. Litig.*, 501 F. Supp. 2d 789, 805–06 (E.D. La. 2007). Accordingly, even if emails were sent to or received from BAMS' counsel, this was part of the business dialogue for the business purpose of refining how to respond to merchant questionnaires.

BAMS also redacted information related to the financial stakes involved which is not confidential or proprietary financial information, and rather supports the testimony of BAMS' witnesses that there was concern about the merchants finding out about BAMS' non-PCI compliance. BAMS' documents state that risk associated with the PCI non-compliance issue was "reputational risk" which Mr. Solan among others testified involved the merchants finding out about BAMS' non-PCI compliance.

Plaintiff has set forth the disputed redactions in the table below.  The table lists the disputed redactions, and whether they are documented in a privilege log produced by BAMS on September 28, 2024 relative to the BAMS 006 production.

## Defendant's Statement

This is a simple dispute over redactions such that extended briefing is excessive and inappropriate. Defendant received Plaintiff's statement (above) at 6:57pm on the last day of discovery, leaving Defendant the bare minimum amount of time to review and respond. Defendant simply states the following:

Of all the redactions at issue, only two are for reasons other than privilege: dollar figures on BAMS 9589 and 9649, which could be revelatory of sensitive pricing information. On April 20, 2023, by email to the Court's Courtroom Deputy Clerk, the Defendant's counsel sought permission to redact "unique and proprietary pricing information" contained within the agreements it would be producing. Mr. Martin responded the same day indicating, "Judge approves your request to redact." BAMS can provide a copy of this email exchange at the Court's request. BAMS continues to maintain that information tending to reveal "unique and proprietary pricing information" should be redacted—both due to the sensitivity of the information and its lack of relevance.

All other redactions were made on the basis of privilege. The Court is familiar with the principles of privilege, and Defendant does not believe it is necessary to belabor the point. Instead, Defendant notes that notwithstanding Plaintiff's apparent fixation with the well-known principle that simply CC'ing a lawyer does not subject a communication to privilege, a cursory review of the documents demonstrates that this is not what Defendant did. Defendant was selective in its redactions to only redact those communications or portions of communications for which there is a basis for asserting a claim of privilege, leaving the overwhelming majority of remaining communications—yes, even communications in which BAMS in-house legal counsel is CC'd—unredacted. Plaintiff's attempts to pierce the privilege are speculative or altogether unexplained (see BAMS 9653). In any event, if the Court believes it is necessary to review the unredacted documents resolve the claims of privilege, BAMS will comply with any order to submit the unredacted documents to chambers for *in camera* review.

Redactions in Dispute

| Bates No(s). | Listed on BAMS' Privilege Log | Merchant/ Email Chain[i] | Apparent substance of redacted material | Plaintiff's Statement | Defendant's Statement |
|---|---|---|---|---|---|
| 9589 | No | Adobe (9583-9589) | ". . . renewal conversations with BAMS for their [REDACTED] of business that expires 12/31/17." | Indicates financial significance of a merchant failing to renew a contract. Does not reflect pricing or proprietary information. The email chain refers to Adobe's Security Questionnaire, and the redaction is contained | As noted above, BAMS previously sought and obtained information to redact "unique and proprietary pricing information" from MSAs. The dollars amount here could be revelatory of such |

| | | | | within email discussing PCI issue. Defendant's witnesses testified to concern about merchants learning about PCI noncompliance as reason for Plaintiff's termination, and financial significance is not proprietary. | pricing and was redacted on that basis as well as relevance. |
|---|---|---|---|---|---|
| 9599-9600/9670-9672 | Yes | Broward County (9599-9600) (9670-74) | Subject is Broward County -Vendor Security Questionnaire | The disputed redactions on these sets of Bates Nos. are similar and refer, three emails in the chain are identical, and all refer to how to respond to Broward County's questionnaire related to the PCI issue as reflected on 9672. Chronologically, the disputed redactions are as follows:<br>a) Slawin October 25, 2017 12:30 PM email to Michelle Whalen; cc to BAMS' non-legal | The redacted materials are privileged attorney-client communications. In the first redaction, Eric Slawin added Theresa Allen (BAMS Legal) to an existing the chain to seek legal advice concerning confidentiality obligations. The subsequent communications contain or facilitate that requested legal advice, including communications from |

| | | | | personnel and to Theresa Allen (BAMS' counsel), business question (Bates No. 9672)<br><br>b) October 26, 2017, 3:21 PM Theresa Allen's response to Mr. Slawin's business question is business related advice (Bates No. 9671);<br><br>c) Aaron Einhorn, October 27, 2017, 8:16 AM, (Bates No. 9670-9671 identical to email at 9599-9600). This email is to Ms. Allen, Mr. Slawin, Ms. Whalen, and cc'd to other non-legal BAMS' employees pertaining to the business issue of responding to Broward County;<br><br>d)  Larry Brennan, | Ms. Allen and Aaron Einhorn (BAMS Legal). |

| | | | | October 27, 2017, 8:16 AM (Bates No. 9599) to Aaron Einhorn, Theresa Allen, Eric Slawin, Michelle Whalen, and cc'd to several non-legal BAMS employees re responding to Broward County, inclusion of attorney along with Mr. Slawin and other non-legal personnel re business issue of responding to Broward County questionnaire;<br><br>e) Larry Brennan, October 27, 2017, 2:28 PM to Aaron Einhorn, Theresa Allen, Eric Slawin, Michelle Whalen, and cc'd to several non-legal BAMS employees re responding to Broward County, inclusion of attorney along with Mr. Slawin and other non- | |
|---|---|---|---|---|---|

| | | | | legal personnel re business issue of responding to Broward County questionnaire | |
|---|---|---|---|---|---|
| 9607 | No | Ross Stores (9604-9610) (9653-9665) (9698-9708) | Subject is Ross Stores' questionnaire. | 7/10/17, 12:08 PM email Mathew Bartel to Joseph Moll, neither of whom is an attorney and no cc to any attorney. Part of email chains about how to respond to Ross questionnaire. | Defendant's counsel emailed Plaintiff's counsel at 1:32 PM and 2:41 PM that it would remove these redactions, which were based on responsiveness. The unredacted document is forthcoming. |
| 9706/9662 -9663 duplicates | Yes | Ross Stores (9604-9610) (9653-9665) (9698-9708) | Subject is Ross Stores' questionnaire | Joe Moll email dated July 7, 2017, 9:05 AM, to Doug Larson and others, including Theresa Allen, an attorney.  Ms. Allen was just cc'd, and any advice would appear to be limited to business-related advice. 9664 demonstrates that Ms. Allen's participation is | The redacted materials are privileged attorney-client communications. BAMS has logged this privileged statement: "Attorney-client communication from Joe Moll to Doug Larson and Theresa Allen (BAMS Legal) seeking legal advice regarding client |

| | | | | | |
|---|---|---|---|---|---|
| | | | | in the context of BAMS' business decision, and the surrounding emails show that she is one of numerous, non-attorney participants in the email chains about responding to Ross. | questionnaire." The email is directed to Ms. Allen in the "To" line and directs comments to her for input. |
| 9707/9663 | Yes | Ross Stores (9604-9610) (9653-9665) (9698-9708) | Subject is Ross Stores questionnaire | Theresa Allen email dated July 7, 2017 , 8:33 AM. This email is duplicated on 9663 and 9707, as part of duplicate/identical email chains referring to responding to Ross's questionnaire.<br><br>Defendant's unredacted emails from Doug Larson on 9663/9664 at 8:20 and 10:03 AM reflect that Ms. Allen's response is business-advice and should also be unredacted. (Defendant has agreed | The redacted materials are privileged attorney-client communications. BAMS has logged this privileged statement: "Attorney-client communication from Theresa Allen (BAMS Legal) providing legal advice concerning confidentiality obligations." The email is from Ms. Allen to pertinent parties and contains legal advice relevant to the matter under discussion. |

| | | | | to unredact the identical Larson emails on 9606 and 9607). The entire context of these emails reflects business input from assorted BAMS non-attorney individuals, as well as Ms. Larson, regarding the business issue of how to respond to Ross. reply, at the top of 9707. Defendant's agreement to unredact Mr. Larson's question to Ms. Allen would indicate that her response also is only business-related advice and should also be unredacted. | |
| 9648 | Yes | L Brands 9646-52 | Subject is Vendor Security Assessment. | This email chain is about responding to a merchant's security questionnaire and seeks only business-related advice. Ms. Allen, the attorney, did not | The privileged redactions (which BAMS has logged) are emails from Eric Slawin and Matthew Bartel seeking legal advice and input from |

| | | | | | |
|---|---|---|---|---|---|
| | | | | respond to them, so that she did not provide advice of any kind. | Theresa Allen (BAMS Legal) (in the "To" line of both emails) concerning confidentiality obligations. The redacted materials are privileged attorney-client communications. Ms. Allen did not respond, but the privilege protects communications seeking advice as well as providing it. |
| 9649 | No | L Brands 9646-52 | | This email was not sent to or received from an attorney, nor was an attorney cc'd on it.  The email reflects how much business would be lost if a merchant's security questions were not answered in a timely manner. This reflect BAMS' financial concerns regarding its PCI non- | As noted above, BAMS previously sought and obtained information to redact "unique and proprietary pricing information" from MSAs. The dollars amount here could be revelatory of such pricing and was redacted on that basis as well as relevance. |

| | | | | | compliance. |
|---|---|---|---|---|---|
| 9653 | Yes | Ross Stores (9604-9610) (9653-9665) (9698-9708) | Subject is Ross Stores | The unredacted portion of this document contains, "@Theresa", which confirms deposition testimony that BAMS employees routinely communicated via IM, and not merely by email. | Plaintiff wildly misinterprets contemporary usage of the "@" sign. Joe Moll sought legal advice from Theresa Allen (BAMS Legal) concerning an external communication, specifically identifying that portion of the email for Ms. Allen's attention with the designation "@Theresa." The second email is from Ms. Allen and provides the requested legal advice. The redacted materials are privileged attorney-client communications. "@Theresa" was left unredacted to make clear the basis for privilege: that a communication was |

13

| | | | | | being directed to in-house counsel seeking legal advice. In any event, this is an email, not an IM, it is privileged, and Plaintiff provides no basis for why it is not. |
|---|---|---|---|---|---|
| | | | | | |

---

[1]Bates Nos. refer to the email chain within which the disputed redaction is contained.

Respectfully submitted this 28th day of August 2024.

/s/ Robert N. Marx
Robert N. Marx
Georgia Bar No. 475280
Jean Simonoff Marx
Georgia Bar No. 475276
Marx & Marx, L.L.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
(404) 261-9559
lawyers@marxlawgroup.com

/s/ Brian M. Underwood, Jr.
Christopher P. Galanek
Georgia Bar No. 282390
chris.galanek@bclplaw.com
Brian Underwood 804091
Georgia Bar No. 439899
brian.underwood@bclplaw.com
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, N.W.
Atlanta, GA 30309-3471
Tel. (404) 572-6600

*Counsel for Plaintiff*

*Counsel for Defendant*
*By Robert N. Marx wep.