## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ERIC SLAWIN,

      Plaintiff,

v.

BANC OF AMERICA MERCHANT
SERVICES, LLC, s/h/a BANK OF
AMERICA MERCHANT SERVICES,

      Defendant.

Civil Action File
Case No. 1:19-cv-04129-AT

## DEFENDANT'S RESPONSE TO ECF NO. 164

Defendant opposes Plaintiff's proposed lines of inquiry regarding Topic 5 of

Plaintiff's Notice of 30(b)(6) Deposition (ECF No. 164) and responds as follows:[1]

**Proposal 1: "At the time that addenda to the MSA's were signed, was BAMS PCI compliant?"**

This asks whether BAMS was PCI compliant on certain dates, which is

irrelevant to Plaintiff's termination and otherwise has nothing to do with Topic 5 as

written.  Regardless, for addenda signed in 2017 (the year of Plaintiff's termination),

this is already covered by Topic 7(a) (on which BAMS agreed to provide a witness)

and expanding that topic to other years is unreasonable.

**Proposal 2: "What was BAMS' understanding of the consequences of a merchant becoming aware that it was not PCI compliant?"**

---

[1] The Notice of Deposition was filed as ECF No. 155-1.  The Court has already ruled upon a number of proposed topics.  (ECF No. 160.)

This is a near verbatim recitation of and entirely subsumed within Topic 7(b), which the Court already addressed in its Order (ECF No. 160), and otherwise has nothing to do with Topic 5 as written.

**Proposal 3: "What was BAMS' understanding of its responsibility under the MSA's to ensure that both it and any subcontractor be PCI compliant, and were there any reporting requirements [etc.] . . . ?"**

Plaintiff already asked about BAMS' purported contractual obligations to be PCI compliant.  (Ades Dep. at 56:5-57:16.)  Regardless, any such obligations are set forth in the MSA's themselves, and preparing a fact witness to offer a legal interpretation of the MSA's (or simply recite the MSA's language) is inappropriate.

**Proposal 4: "What steps were taken by BAMS to become PCI compliant as required under the MSA's and did it ever become PCI compliant?"**

This line of inquiry asks about BAMS' solutions to any purported PCI noncompliance issues, which is irrelevant to Plaintiff's termination and otherwise has nothing to do with Topic 5 as written.  Regardless, this is wholly duplicative of Topic 7(d) (on which BAMS already agreed to provide a witness).

**Proposal 5: "Was the audit required by the Disney MSA ever conducted by an appropriate inspector?"**

This line of inquiry asks about BAMS' fulfillment of obligations to a third party, which is irrelevant to Plaintiff's termination. Further, there is no allegation that Plaintiff was ever involved in the Disney MSA's performance.

Respectfully submitted this 27th day of August, 2024.

> _/s/ Brian M. Underwood Jr._
> Christopher Paul Galanek
> Georgia Bar No. 282390
> E-Mail: chris.galanek@bclplaw.com
> Brian M. Underwood, Jr.
> Georgia Bar No. 804091
> E-Mail: brian.underwood@bclplaw.com
> **BRYAN CAVE LEIGHTON PAISNER LLP**
> One Atlantic Center, Fourteenth Floor
> 1201 W. Peachtree Street, NW
> Atlanta, GA  30309
> Telephone: 404-572-6600
>
> _Counsel for Defendant Banc of America Merchant Services, LLC s/h/a Bank of America Merchant Services_

## CERTIFICATION UNDER L.R. 7.1.D

I hereby certify that the foregoing pleading has been prepared with Times New Roman 14-point font, one of the font selections approved by the Court in L.R. 5.1, N.D. Ga.

This 27th day of August, 2024.

> _/s/ Brian M. Underwood, Jr._
> Brian M. Underwood, Jr. (Ga. Bar 804091)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all counsel of record.

This 27th day of August, 2024.

*/s/ Brian M. Underwood, Jr.*
Brian M. Underwood, Jr. (Ga. Bar 804091)
