IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC SLAWIN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:19-cv-4129-AT |
| v. | : | |
| | : | |
| BANC OF AMERICA MERCHANT SERVICES, LLC, s/h/a BANK OF AMERICA MERCHANT SERVICES, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

Before the Court is a final discovery dispute concerning Plaintiff's requested 30(b)(6) topics.[1] This dispute concerns (1) Plaintiff's request to question a 30(b)(6) witness about the 5 merchant service agreements (MSAs) produced in this litigation and (2) Defendant's responsive offer to adopt the testimony of Mr. Ades[2] on this topic.

After hearing from the parties on this issue during the 9/3/24 teleconference, the Court directed the parties to submit the full deposition of Mr. Ades. Upon review of the deposition, the Court requested that Plaintiff provide a

---

[1] The Court previously held a teleconference (Docs. 159, 165) and issued an Order (Doc. 160) in connection with the various disputes concerning Plaintiff's 30(b)(6) topic requests.

[2] Mr. Ades, who was Executive Vice President and General Manager of BAMS, testified that was head of the division that negotiated and executed the relevant MSAs. (Doc. 162 pp. 50).

short statement indicating what questions/lines of inquiry he wishes to pursue in questioning a 30(b)(6) witness that were not covered in Mr. Ades' deposition. Plaintiff submitted 5 questions/lines of inquiry (Doc. 164). Defendant provided a response. (Doc. 166).

Having reviewed the parties' submissions, as well as Mr. Ades' deposition, the Court rules on Plaintiff's requested lines of inquiry as follows:

1. Inquiry 1: Whether BAMS was PCI compliant at the time the addenda to the MSAs were signed. The Court finds that any addenda to the MSAs signed in 2017 are appropriate topics for a 30(b)(6) witness but the two later-signed addenda (signed in 2018 and 2019) are beyond the relevant scope of this case.

2. Inquiry 2: What was BAMS' understanding of the consequences of PCI noncompliance, including a merchant's awareness of PCI noncompliance. The Court previously addressed Plaintiff's request to question a 30(b)(6) witness about BAMS' understanding of the consequences of PCI noncompliance. (*See* Doc. 160) (ordering that the 30(b)(6) witness must prepare, as best he/she can, to speak to BAMS' understanding of the economic and reputational consequences of PCI noncompliance but need not be prepared to address the legal consequences). Defendant's compliance with the directive in Doc. 160 will satisfy this line of inquiry.

3. Inquiry 3: What was BAMS' understanding of its responsibility under the MSAs to ensure PCI compliance. Mr. Ades testified about BAMS' contractual obligation to ensure PCI compliance (Doc. 162 pp. 56-57) and Defendant has offered to adopt that testimony. This sufficiently addresses this line of inquiry. Plaintiff may of course argue the legal implications of any language in the MSAs at summary judgment; however, it is not proper for Plaintiff to question a 30(b)(6) fact witness on the legal interpretation of the contracts.

4. Inquiry 4: What steps were taken by BAMS to become PCI compliant? Defendant has already agreed to provide a 30(b)(6) witness to address the topic of "solutions to BAMS' PCI

noncompliance." This sufficiently addresses this topic. Plaintiff may of course argue the legal implications of any language in the MSAs at summary judgment.

5. <u>Inquiry 5: Was the audit required by the Disney MSA ever conducted by an appropriate inspector?</u> The Court finds that this topic is not relevant to Plaintiff's claims and Defendant need not provide a 30(b)(6) witness on this topic.

These rulings should provide the parties with sufficient direction to proceed.

**IT IS SO ORDERED** this 4th day of October, 2024.

_____
**HONORABLE AMY TOTENBERG
UNITED STATES DISTRICT JUDGE**