# Exhibit C

Page 1

1          IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
2                    ATLANTA DIVISION
3    ERIC SLAWIN,                )
                                 )
4            Plaintiff,          )
                                 ) CIVIL ACTION FILE NO.
5    v.                          )
                                 ) 1:19-CV-04129-AT
6    BANC OF AMERICA MERCHANT )
     SERVICES, LLC, S/H/A BANK)
7    OF AMERICA MERCHANT        )
     SERVICES,                   )
8                                )
             Defendant.          )
9

     _____

10
11          REMOTE VIDEOTAPED DEPOSITION OF
12                   MICHAEL SOLAN
13
14
15                  July 16, 2024
16
17                  10:02 a.m.
18
19               Atlanta, Georgia
20
21
22
23
24
25          Linda Panzica, CCR No. 2773

Page 2

1           A P P E A R A N C E S   O F   C O U N S E L

2

   ON BEHALF OF THE PLAINTIFF:

3

   ROBERT N. MARX, ATTORNEY AT LAW
4  Marx & Marx, L.L.C.
   1050 Crown Pointe Parkway
5  Suite 500
   Atlanta, Georgia 30338
6  404.261.9559
   lawyers@marxlawgroup.com

7

8  and

9  JEAN SIMONOFF MARX, ATTORNEY AT LAW
   Marx & Marx, L.L.C.
10 1050 Crown Pointe Parkway
   Suite 500
11 Atlanta, Georgia 30338
   404.261.9559
12 jeannie.marx@marxlawgroup.com

13

14 ON BEHALF OF THE DEFENDANT:
15 CHRISTOPHER P. GALANEK, ATTORNEY AT LAW
   Bryan Cave Leighton Paisner LLP
16 One Atlantic Center
   14th Floor
17 1201 West Peachtree Street, N.W.
   Atlanta, Georgia 30309-3471
18 404.572.6600
   chris.galanek@bclplaw.com

19

20

21

22

23

24

25

Michael Solan                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 3

1              APPEARANCES OF COUNSEL (cont'd.)

2

   ALSO PRESENT:

3

   SHEILA LAFFERTY, CORPORATE REPRESENTATIVE FISERV

4

   SHELLEY MARX, PARALEGAL MARX & MARX, L.L.C.

5

6

7              (Pursuant to Article 10(B) of the Rules
   and Regulations of the Georgia Board of Court
8  reporting, a written disclosure statement was
   submitted by the court reporter to all counsel
9  present at the proceeding.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 4

1                  INDEX OF EXAMINATION

2

  WITNESS: MIKE SOLAN

3

  EXAMINATION                                    PAGE

4

  Cross-Examination By Mr. Marx                     8

5

6

7                  INDEX TO EXHIBITS

8    PLAINTIFF'S         DESCRIPTION              PAGE

9    Exhibit 30   pp. 170-75                       179

10   Exhibit 31   pp. 176-81                       180

11   Exhibit 32   pp. 182-88                       181

12   Exhibit 33   pp. 189-96                       182

13   Exhibit 34   pp. 197-204                      183

14   Exhibit 35   pp. 205-12                       184

15   Exhibit 36   pp. 213-17                       185

16   Exhibit 37   pp. 218-23                       186

17   Exhibit 38   pp. 224-29                       187

18   Exhibit 39   Ex 39, pp. 230-35                188

19   Exhibit 40   pp. 302-05                        47

20   Exhibit 41   BAMS 1328-31                      98

21   Exhibit 42   8367-68 unredacted                78

22   Exhibit 43   p. 314                           103

23   Exhibit 44   1342 Solan to Choi               178

24   Exhibit 45   BAMS 1287-88                      129

25

Page 5

1                INDEX TO EXHIBITS (cont'd.)

2     DEFENDANT'S          DESCRIPTION              PAGE

3     Exhibit 46   BAMS 1268                       188

4     Exhibit 47   p. 320                           70

5     Exhibit 48   BAMS 70-78, 1809                136

6     Exhibit 49   p. 335                          190

7     Exhibit 50   pp. 340-41                      131

8     Exhibit 51   pp. 342-45                      105

9     Exhibit 69   Proprietary Rights and         160

                   Information Agreement, 2718-19

10

      Exhibit 70   Global Information Security     155

11                 Policy

12    Exhibit 71   Code of Ethics                  166

13    Exhibit 72   Associate Handbook              162

14

15

16

17

18

19

20

21

22

23

24

25

Michael Solan                      July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

                                          Page 6

1           P R O C E E D I N G S

2                              10:02 a.m.

3           THE VIDEOGRAPHER:  Today's date is July

4      16, 2024, and the time is 10:02 a.m.  This

5      will be the videotaped deposition of Mike

6      Solan.  Would counsel present please identify

7      themselves for the record, starting with the

8      taking attorney.

9           MR. MARX:  For the plaintiff, Robert Marx

10     and Jeannie Marx of Marx & Marx.  Also, as our

11     paralegal attending, Shelley Marx.

12          MR. GALANEK:  And I'm Chris Galanek.  I'm

13     with Bryan Cave Leighton Paisner, and I

14     represent both the witness, Mr. Solan, as well

15     as the defendant BAMS.

16          THE COURT REPORTER:  And will you raise

17     your right hand please?  Mark -- Mike?

18          THE WITNESS:  I'm sorry.

19          THE COURT REPORTER:  No, that's fine.

20     Can you raise your right hand, please?

21          THE WITNESS:  Sure, yep.

22          THE COURT REPORTER:  Do you solemnly

23     swear the testimony you're about to give will

24     be the truth, the whole truth, and nothing but

25     the truth so help you God?

Page 7

1            THE WITNESS:  I do.

2            THE COURT REPORTER:  Thank you.  You may

3       put your hand down.  Thank you.  You can get

4       started gentlemen -- and lady.

5            MR. MARX:  This will be the deposition of

6       Mike Solan in the matter of Eric Slawin versus

7       Bank of America Merchant Services, matter

8       pending in the Northern District of Georgia,

9       United States District Court, Civil Action

10       Number 1:19-cv-04129-AT.

11            Good morning, Mr. Solan.  My name is

12       Robert marks.  I'm the attorney for Eric

13       Slawin, the plaintiff in this case.  I'm going

14       to be asking you some questions.  This is not

15       a marathon.  If you need to take a break for

16       any reason, be happy to accommodate that.  I'm

17       just going to ask if you -- if we do go out on

18       a break, that you answer any then pending

19       question before we go on the break; is that

20       okay with you?

21            THE WITNESS:  Yep, sounds good.

22   Whereupon,

23                 MIKE SOLAN,

24   was called as a witness herein and, first having

25   been duly sworn via Zoom, was examined and

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

                                                    Page 8

1    testified as follows:

2                    CROSS-EXAMINATION

3    BY MR. MARX:

4         Q.    And I believe you're represented by Mr.

5    Galanek today as counsel; is that right?

6         A.    I am, yes.

7         Q.    And when did that representation begin?

8         A.    I don't recall the exact day.  It was at

9    least a few years, a year or so ago.  Yeah, it

10   wasn't -- it wasn't recent.

11        Q.    Was that in 2023?

12        A.    That sounds about right.  Sounds like, I

13   believe, 2023, sometime, at some point.

14        Q.    Are you paying Mr. Galanek for his

15   representation of you?

16        A.    I believe the company is.

17        Q.    Okay.  Which company?

18        A.    Bank of America.

19        Q.    Okay.  Is that Bank of America National

20   Association, or is it Bank of America Merchant

21   Services?

22        A.    I believe -- I'm not -- I'm not sure

23   exactly.

24        Q.    Okay.

25        A.    I believe Bank of America National.

Michael Solan                        July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 9

1       Q.    Okay.  Did you do anything to prepare for
2    today's deposition?
3       A.    Yes.  I met with my attorney, Chris,
4    before this.
5       Q.    Okay.  And again, I'm not interested in
6    what you said to him; that's privileged.  Could you
7    tell me when you met with him?
8       A.    Met within the last few weeks.  And then
9    we also met about, it was last year, some point
10   last year as well.
11      Q.    Okay.  I'm sorry.  Let me back up a
12   minute here.  Is there any medical or physical
13   reason why you cannot give testimony today?
14      A.    No.
15      Q.    Okay.  And are you taking any
16   prescription or over-the-counter medications that
17   would affect your ability to hear and understand
18   the questions and give the answers to them?
19      A.    No.
20      Q.    Thank you.  Now let's talk about a few
21   weeks ago.  I think you said, you met with Mr.
22   Galanek.  Was that in person, or was that on the
23   phone or remote?
24      A.    I was remote over Zoom.
25      Q.    Over Zoom, okay.  And do you know whether

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 10

1    anyone else was on that Zoom call?

2         A.    Yes.   There was other representation as

3    well.   Sheila was on the call --

4         Q.    Is that Sheila Lafferty?

5         A.    -- as well.   Correct, yep.

6         Q.    Okay.   Anybody else?

7         A.    Yes.   There was another representative,

8    but I can't recall.   I don't recall the name.

9         Q.    Okay.   Did you look at any documents in

10   preparation for today's deposition?

11        A.    Yes, I did.

12        Q.    What did you look at?

13        A.    The policies that Bank of America -- Bank

14   of America Merchant Services had.   Relevant

15   policies were provided to me by counsel.

16        Q.    Do you know which policies you looked at?

17        A.    It was the intellectual -- the

18   information security policy, the handbook, the code

19   of ethics.   I think those were three policies.

20        Q.    Is that the information security policy?

21        A.    Correct.

22        Q.    And the handbook, you said?

23        A.    Yeah.   And the code of ethics.

24        Q.    Did you look at anything else, any other

25   policy?

Michael Solan                              July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 11

1        A.    I believe those were the only policies I

2   looked at.  I believe I was also shared a -- one of

3   the onboarding materials.  It's like a -- it's an

4   agreement about, I think, around intellectual

5   property.  I forget the exact name of it, but it's

6   like -- it's not a policy.  It's a part of the

7   onboarding paperwork that all employees signed as

8   they were coming to the company.

9        Q.    It's a proprietary information agreement?

10       A.    That's right.  That sounds right, yeah.

11       Q.    Okay.  What is your current address?

12       A.    Current address is 21619 Torrence,

13   T-O-R-R-E-N-C-E, Chapel --

14       Q.    I'm sorry.  Torrence is it?

15       A.    Yeah, Torrence, T-O-R-R-E-N-C-E.  Next

16   word, Chapel and Road, Cornelius,

17   C-O-R-N-E-L-I-U-S, Cornelius, North Carolina.

18       Q.    Cornelius where?

19       A.    Cornelius, North Carolina.

20       Q.    Oh, North Carolina.  Thank you.

21       A.    Yep.

22       Q.    Yeah, if you could speak up a little bit,

23   that would be a great help.

24       A.    Got it.  Yeah, will do.

25       Q.    What's the ZIP Code there?

Page 12

1        A.    28031.

2        Q.    28, okay.  And what is your current

3   telephone number?

4        A.    704 -- no, I'm sorry.  Current telephone

5   number is 980-388-0128.

6        Q.    Uh-huh.  And what's the 704 number,

7   what's that?

8        A.    That was my cell phone.

9        Q.    Is that your cell phone?

10       A.    That's a cell phone, yes.

11       Q.    Yeah, can I get the cell phone number

12   please?

13       A.    Yep, 704-574-0074.

14       Q.    Thank you.  And what is your current

15   email?

16       A.    Current email is michael.solan@bofa.com.

17       Q.    I'm sorry, V --

18       A.    B-O-F-A.

19       Q.    B-O-F-A?

20       A.    Yeah, B-O-F-A.com.

21       Q.    Dot com, thank you.

22       A.    Yep.

23       Q.    Are you currently employed?

24       A.    I am.

25       Q.    By whom are you currently employed?

Michael Solan                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 13

1      A.    Bank of America.

2      Q.    Okay.  And through what period of time

3   have you been employed by Bank of America?

4      A.    Since 20 -- late 2022.

5      Q.    To the current time?

6      A.    Yes.

7      Q.    Okay.  And was there a time that you

8   worked at the Bank of America Merchant Services?

9      A.    There was a time that I was at Bank of

10  America Merchant Services, yes.

11     Q.    Okay.  That the same as BAMS, B-A-M-S?

12     A.    Yeah, yeah.

13     Q.    Okay.  So from time to time, I'm going to

14  refer, during this deposition, to BAMS, which is

15  the acronym, capital B, capital A, capital M,

16  capital S, which is Bank of America Merchant

17  Services.  Do you understand that?

18     A.    I do, yep.

19     Q.    Okay.  Thank you.  And during what period

20  of time were you employed by BAMS?

21     A.    2017 to 2019.

22     Q.    I'm sorry, 2017 to when?

23     A.    To 2019.

24     Q.    Thank you.  And after -- why did you

25  leave BAMS in 2019?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 14

1      A.    That joint venture was dissolving, so I

2    left to another company.

3      Q.    Okay.  So when you left BAMS in 2019,

4    were you subsequently employed by another company?

5      A.    I was, yep.

6      Q.    By which company?

7      A.    Called Brighthouse Financial.

8      Q.    Brighthouse?

9      A.    Brighthouse Financial.  Brighthouse is

10   all one word.

11     Q.    Can you spell the first word there?

12     A.    Yep.  So B-R-I-G-H-T-H-O-U-S-E.

13     Q.    Thank you.

14     A.    The words bright and house all together.

15     Q.    Brighthouse Financial.  And where are

16   they located?

17     A.    In Ballantine, North Carolina.

18     Q.    Ballantine?

19     A.    Yeah.  Suburb --

20     Q.    North Carolina?

21     A.    Yep.

22     Q.    Okay.  And how long did you work there?

23     A.    2020 up until about mid year 2022.

24     Q.    And did you go from there to Bank of

25   America?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 15

1          A.    I did.

2          Q.    Thank you.  And how did it come about

3     that you left Brighthouse Financial?

4          A.    I just -- there was an opportunity at

5     Bank of America that I applied for and wanted

6     and --

7          Q.    Was that a --

8          A.    -- won it.

9          Q.    -- voluntary leave?

10         A.    It was, yep.

11         Q.    When you worked at BAMS, let's -- let's

12    break this down.  When you first started at BAMS in

13    2017, did you have a job title?

14         A.    Yes, I did.

15         Q.    Okay.  And what was that?

16         A.    It was -- I believe it was called

17    associate relations partner.

18         Q.    And what were your job duties as

19    associate relations partner at BAMS?

20         A.    So main job duties were involved in

21    investigating and helping resolve a number of

22    different employment-related matters, such as, you

23    know, investigations into alleged policy violations

24    or -- or other kind of employee conflict in the

25    work place, such as harassment or, you know, things

Page 16

```
 1    like that.  I also supported the company and
 2    management with performance and attendance, you
 3    know, issues.
 4        Q.    Okay.  And was that in the human
 5    resources department?
 6        A.    Correct.
 7        Q.    Okay.  And while you were an associate
 8    relations partner, did you have an email there at
 9    BAMS?
10        A.    I did.
11        Q.    What was that?
12        A.    I don't recall exactly what it -- yeah, I
13    don't recall exactly how BAMS ended their email,
14    whether it was BAMS or Bank of America Merchant
15    Services.  I don't recall.
16        Q.    You mean after the at sign, you don't
17    recall?
18        A.    Yeah, yeah, I don't recall exactly how
19    they -- I believe --
20        Q.    Okay.
21        A.    -- it was my first name, dot, last name
22    at --
23        Q.    Okay.
24        A.    -- what the standard was.
25        Q.    Do you remember what came before the at
```

Michael Solan                           July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 17

1    sign?

2         A.    I believe it was michael.solan.

3         Q.    Okay.  Was there an email known as

4    associate relations at Bank of America Merchant

5    Services, to your knowledge?

6         A.    Yes.  To my knowledge, the team did have

7    a big group mailbox that individuals could email

8    into instead of going directly to a member.

9         Q.    Okay.  So was that a group email -- a

10   group email box that you would access on a regular

11   basis?

12        A.    I believe.  I don't recall if I

13   personally accessed it or if our manager did, so I

14   don't recall personally accessing the group

15   mailbox.

16        Q.    Okay.  So the email

17   AssociateRelations@BankofAmericaMerchant.com would

18   be accessed by somebody in the HR department,

19   either you or somebody working under you; is that a

20   correct statement?

21        A.    Correct?

22        Q.    Okay?  Did you have more than one email

23   address while you were at BAMS?

24        A.    I believe I only had one email address at

25   BAMS.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 18

1      Q.   That's when you've given us,

2   michael.solan?

3      A.   I believe so.

4      Q.   Okay.  So while at BAMS, how long did you

5   continue as associate relations partner?

6      A.   That was my role throughout my employment

7   there, so through the year 2019.

8      Q.   Okay.  So let's go back to that

9   AssociateRelations@BankofAmericaMerchant that

10  email.  Was there any individual whose job it was

11  to monitor that email?

12     A.   Yeah, yes.  My --

13     Q.   And who --

14     A.   -- to my knowledge it was my -- my

15  manager.

16     Q.   I'm sorry.  What was that name?

17     A.   The name was Maryann De Castro.

18     Q.   You said, was she your manager?

19     A.   Correct.

20     Q.   So would it be a correct statement that

21  you reported to her?

22     A.   Correct.

23     Q.   And what was her job title, do you know?

24     A.   I don't recall her exact title.

25     Q.   Okay.  And was she also in the human

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 19

1  relations department?

2         A.    She was, yes, yep.

3         Q.    Okay.  Do you know what her job function

4  was?

5         A.    Yes.  I mean, she managed the associate

6  relations or employee relations team.

7         Q.    Do you know who she reported to?

8         A.    I don't recall exactly --

9         Q.    Okay.

10        A.    -- who she reported to.  I believe it

11  changed a few times.

12        Q.    Do you know whether the person that she

13  reported to was also in the HR department?

14        A.    Yes.

15        Q.    Okay.  Do you know the job title of the

16  person who she reported to?

17        A.    Again, I don't recall exactly who she

18  reported to.

19        Q.    Okay.  Did she report to David Ades?

20        A.    No.

21        Q.    Okay.  So aside from yourself, can you

22  tell me who else was on the associate relations

23  team?

24        A.    Yes.  There was one other person.  Her

25  name is Susan, S-U-S-A-N, and then last name is

Page 20

```
 1   Hanky, H-A-N-K-Y.
 2        Q.   Do you know what her job title was?
 3        A.   The same as mine.  It was an associate
 4   relations partner.
 5        Q.   Was she on a lateral level to you?
 6        A.   Don't know.
 7        Q.   Okay.  Did you report to her?
 8        A.   No.
 9        Q.   Did she report to you?
10        A.   No.
11        Q.   Do you know if she reported Ms. De
12   Castro?
13        A.   Yes.
14        Q.   She did?
15        A.   Yes.
16        Q.   Okay.  Now, while you worked at BAMS, did
17   you work on a computer?
18        A.   I did.
19        Q.   Okay.  Was that a desktop, laptop, both?
20        A.   It was a laptop.
21        Q.   A laptop.  Did you ever work on a
22   desktop?
23        A.   Not that I recall.
24        Q.   Okay.  And was that laptop, to your
25   understanding, was that BAMS' property?
```

Michael Solan                                      July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 21

1        A.   Yes.

2        Q.   Okay.  And while you worked at BAMS, did

3   you have a company-issued telephone?

4        A.   I don't recall.

5        Q.   Okay.  While you were at BAMS, did you

6   work in an office or at home?

7        A.   It was an in-office job.  I worked in the

8   office.

9        Q.   And where is that office located?

10       A.   It's 150 North College Street in

11   Charlotte, North Carolina.

12       Q.   In Charlotte, North Carolina?

13       A.   (Nods head up and down.)

14       Q.   Yes?

15       A.   Yes.

16       Q.   Okay.  Just for the record, we need

17   verbal answers --

18       A.   Sorry.

19       Q.   -- so the court reporter can get it down.

20   I knew you said yes because you were shaking your

21   head, but a court reporter can't get that.

22       A.   No, got it.

23       Q.   If you'll remember that during the course

24   of this deposition, it would be helpful.

25       A.   Will do.

Michael Solan                              July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 22

1        Q.    Did you ever send work emails on a cell
2    phone?
3        A.    Ever send work emails on a cell phone?
4    Yes, I believe.
5        Q.    Okay.  Was that a regular course of
6    practice or rare?
7        A.    That would have been a regular course of
8    practice.
9        Q.    Okay.  So that cell phone, was that the
10   BAMS' cell phone or your cell phone?
11       A.    I don't recall.  It was either a
12   BAMS-issued cell phone or it was a work app that
13   was in a personal cell phone.  I don't recall.
14       Q.    Oh, okay.  Well, when you left BAMS in
15   2019, did you keep that cell phone?
16       A.    No.
17       Q.    Sorry.
18       A.    No.  If it was a --
19       Q.    Okay.
20       A.    -- work cell phone, I would have returned
21   the work cell phone.
22       Q.    So I'm asking, do you recall whether or
23   not you returned a cell phone when you left BAMS?
24       A.    I do not recall, no.
25       Q.    You don't recall either way?

Case 1:19-cv-04129-AT    Document 174-3    Filed 01/08/25    Page 24 of 260

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 23

1          A.    I don't recall either way, no.

2          Q.    Okay.  So if I understand you correctly,

3     your electronic records would be on a laptop that

4     was owned by BAMS.  Would that be a correct

5     statement?

6          A.    Correct.

7                MR. GALANEK:  Objection to form.

8     BY MR. MARX:

9          Q.    And did you store any kinds of electronic

10    records on the laptop?

11         A.    Yes.

12         Q.    Any emails?

13         A.    Yes.

14         Q.    Yes.  What about -- what about IMs,

15    instant messages?  Did you store that too on the

16    laptop?

17         A.    (Indiscernible.)

18                MR. GALANEK:  Objection, form,

19         foundation.

20    BY MR. MARX:

21         Q.    Sorry.  What was the answer?

22         A.    Yes.

23         Q.    Okay.  Are you aware of an IM or instant

24    messaging system at BAMS?

25         A.    Yes.

Page 24

1      Q.   Okay.  And was that, to your

2  understanding, used by employees of BAMS on a

3  regular basis?

4      A.   To my understanding, yes.

5      Q.   And did you use it when you spoke to

6  other employees?

7      A.   Yes.

8      Q.   Okay.  Do you know what, whether this IM

9  system had a name?

10     A.   It had a name.  I don't recall which

11  system.

12     Q.   Was it an app, do you know?

13     A.   I don't recall which system BAMS used.

14     Q.   Was it Skype?

15          MR. GALANEK:  Objection, form.

16          THE WITNESS:  I don't recall.

17  BY MR. MARX:

18     Q.   Was it slack?

19          MR. GALANEK:  Objection, form.

20          THE WITNESS:  No.

21  BY MR. MARX:

22     Q.   Okay.  Do you have any understanding as

23  to where the items on your BAMS computer were

24  stored?

25     A.   Can you repeat the question?

Page 25

1      Q.    Yeah.  Do you have any understanding as

2    to where the items on your BAMS computer was

3    stored?

4      A.    Like, which folder?

5      Q.    Yes.

6      A.    Sorry.  I'm not sure I understand the

7    question.

8      Q.    Okay.  Well, I think you said, you had

9    emails that you sent and received on your BAMS

10   computer; is that a correct statement?

11     A.    Correct.

12     Q.    Okay.  And do you have an understanding

13   as to where those emails are stored?

14     A.    Yes.  That would have been in the Outlook

15   system that my laptop accessed.

16     Q.    Okay.  While you were employed at BAMS,

17   did you have a personal laptop?

18     A.    No.

19     Q.    And do you have an understanding as to

20   where the IMs were stored?

21         MR. GALANEK:  Objection, form,

22      foundation.

23   BY MR. MARX:

24     Q.    Do you know whether the IMs were stored

25   anywhere?

Michael Solan                              July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 26

1        A.    I do not.

2        Q.    Okay.  Did there come a time that you

3   were asked to search for documents in connection

4   with this case?

5        A.    Can you repeat the question?  Was I asked

6   to find documents?

7        Q.    Well, let me rephrase the question.  Did

8   there come a time that you looked for documents

9   regarding this case we have now?

10       A.    Yes.

11       Q.    Okay.  And when was that?

12       A.    I don't recall the exact dates that this

13  case came -- came to my attention --

14       Q.    Okay.

15       A.    I believe 2017.

16       Q.    And again, I'm trying to be sure that we

17  don't breach attorney-client privilege, so I'm not

18  asking what was said to you by any attorney, but

19  where did you look?

20       A.    Where did I look for documents?

21       Q.    Yeah.

22       A.    As part of the investigation, I would

23  partner with a number of individuals to get

24  documents, as well as myself had access to certain

25  documents through the course of a normal

Michael Solan                        July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 27

1    investigation.

2         Q.    Okay.  Well, when in 2019 did you leave

3    BAMS?

4         A.    It was the end of the year.  I don't

5    recall which exact month, but end of year 2019.

6         Q.    Okay.  And when you looked for documents,

7    were you still working at BAMS?

8         A.    For this case?

9         Q.    Yeah.

10        A.    Yes.

11        Q.    Okay.

12        A.    Yes.

13        Q.    Now, if you were at BAMS and you wanted

14   to look at an IM exchange, what would you do to

15   find it?

16            MR. GALANEK:  Objection, foundation.  But

17        answer if you can.

18            THE WITNESS:  I would reach out to our --

19        my IT or InfoSec security partners to see what

20        information, if any, they could pull.

21   BY MR. MARX:

22        Q.    Okay.  When you say IT partners, who

23   would that be?

24        A.    I don't recall their names, but it was

25   the -- our information security team at BAMS.  That

Michael Solan                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 28

1   was our primary partners for accessing system

2   related information.

3       Q.   So otherwise known as InfoSec?

4       A.   Yes.

5       Q.   And for the court reporter, would it be

6   correct as I-N-F-O-S-E-C?

7       A.   Yes.

8       Q.   Thank you.  And do you have an

9   understanding as to whether or not, while you were

10  employed at BAMS, you could, in fact, access IMs?

11      A.   I believe there were -- I believe there

12  were some instances where we could access IMs.

13      Q.   And if you wanted to do that, would you

14  contact InfoSec; is that right?

15      A.   I believe -- I believe so, yes.

16      Q.   Would that be a person by name Robert

17  Galarza maybe?

18      A.   The name sounds familiar, but I don't

19  recall exactly.

20      Q.   Okay.  Now, other than what was on the

21  BAMS' computer, did you have your own files

22  regarding anything regarding this case?

23      A.   Yes.

24      Q.   Okay.  And where were those --

25      A.   On the BAMS' computer -- on the BAMS'

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 29

1    computer though.

2        Q.    It was on the BAMS' computer?

3        A.    Correct.

4        Q.    Okay.  My question is, was there anything

5    you kept regarding this case that was not on the

6    BAMS' computer?

7        A.    No, no.

8        Q.    And you said, you looked for documents

9    regarding this case in 2019; is that right?

10              MR. GALANEK:  Object to form.

11              THE WITNESS:  No.

12              MR. MARX:  Okay.

13              THE WITNESS:  No.

14    BY MR. MARX:

15        Q.    Do you know when you looked for documents

16    regarding this case?

17        A.    I believe it was the year 2017.

18        Q.    2017, okay.  Did you look for documents

19    regarding this case at any time after 2017?

20        A.    I don't believe so.

21        Q.    Okay.  To your recollection, did you look

22    for documents regarding this case in 2018?

23        A.    I don't recall.

24              MR. GALANEK:  Objection, form.

25    BY MR. MARX:

Page 30

1          Q.   Do you recall whether you looked for

2     documents regarding this case in 2019?

3          A.   I don't recall.

4               MR. GALANEK:  Objection, form.

5     BY MR. MARX:

6          Q.   Now, and again, I don't want to know any

7     conversation that you might have had with counsel.

8     What I want -- in 2017, why did you look for

9     documents regarding this case?

10              MR. GALANEK:  No, don't answer that

11         question.

12              THE WITNESS:  All right.

13              MR. GALANEK:  You -- if you were looking

14         for documents upon the instruction of counsel,

15         I would tell you, you should not answer the

16         question.  You should merely indicate that

17         it's based on conversations with counsel.

18              MR. MARX:  I'm going to withdraw the

19         question.

20              MR. GALANEK:  Thank you.

21              MR. MARX:  I'm going to withdraw the

22         question.

23    BY MR. MARX:

24         Q.   Now, when you looked for documents

25    regarding this case, did you speak with anybody

Page 31

1    other than counsel?

2        A.   Yes.

3        Q.   To whom did you speak?

4        A.   I recall speaking with the manager,

5    Eric's manager, Mark, I believe his name was.  I

6    don't --

7        Q.   Is that Mr. --

8        A.   -- recall --

9        Q.   -- Kendall?  Is that Mark Kendall?

10       A.   I believe so.

11       Q.   Okay.

12       A.   I believe so.

13       Q.   And did you speak with anyone else other

14   than counsel regarding --

15       A.   Yes.

16       Q.   -- when you were searching for documents?

17   And who was that?

18       A.   When I was specifically searching for

19   documents, I recall speaking to the information

20   security partner.  I don't recall her name.

21       Q.   Is that Maryann Carpena -- or Marlynn

22   Carpena -- excuse me.

23       A.   Sorry, I don't know for sure.

24       Q.   Okay.  Was it a woman?

25       A.   I don't recall.

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 32

1      Q.   Okay.  What did -- what -- what did you

2  say to this information security partner?

3      A.   At the time, I was made aware of a

4  potential data breach, so I was talking to them and

5  making sure I understood and had all the materials

6  relevant to that alleged policy violation.

7      Q.   So this conversation you had with the

8  information security partner, was that before Mr.

9  Slawin was fired?

10     A.   Yes.

11     Q.   Okay.  And the same question with respect

12 to Mr. Kendall.  When you had conversations with

13 Mr. Kendall regarding looking for documents

14 regarding this case in 2017, was that before Mr.

15 Slawin was fired?

16     A.   Yes.

17     Q.   Okay.  At any time after Mr. Slawin was

18 fired, did you look for documents regarding this

19 case?

20     A.   I don't recall.

21     Q.   Okay.  After Mr. Slawin was fired, did

22 you discuss with anybody, other than counsel,

23 looking for documents regarding this case?

24     A.   I don't recall, no.

25     Q.   So we're clear:  You don't have any hard

Page 33

1   copy of any documents regarding this case; is that

2   a correct statement?

3        A.   Correct.

4        Q.   Okay.  And you didn't keep any at home or

5   in your office; is that a correct statement?

6        A.   Correct.

7        Q.   Okay.  Now, do you recall discussing with

8   anybody after Mr. Slawin was fired, looking for

9   documents regarding this case, other than counsel?

10            MR. GALANEK:  Objection, form.

11       Objection, form.

12            THE WITNESS:  I don't recall.

13  BY MR. MARX:

14       Q.   Does that mean you didn't, or you just

15  don't remember either way?

16       A.   I don't remember either way.

17       Q.   All right.  So you're aware that Mr. Eric

18  Slawin is the plaintiff in this case, right?

19       A.   I am.

20       Q.   And he was an employee of BAMS; is that

21  right?

22       A.   Correct.

23       Q.   Okay.  And there came a time that you

24  became aware that Mr. Slawin had downloaded some

25  emails to his personal email; is that right?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 34

1        A.    Yes.

2        Q.    Okay.  And we'll get into that, okay.

3   But I want to know before you made -- were made

4   aware of that fact, were you aware of Mr. Slawin?

5        A.    No.

6        Q.    Okay.  So you didn't know Mr. Slawin

7   before you were advised that he had downloaded

8   certain emails; is that correct?

9        A.    Yes.

10       Q.    Okay.  And you didn't interact with Mr.

11  Slawin as part of your normal job duties, correct?

12       A.    No.

13       Q.    No, meaning, that's correct, right?

14       A.    I'm sorry.  Could you say that again?

15       Q.    Okay.  You said, no.  Is it a correct

16  statement that you did not interact with Mr. Slawin

17  as part of your normal job duties?

18       A.    Correct.

19       Q.    Okay.  And how did you become aware that

20  Mr. Slawin had downloaded emails to his personal

21  email?

22       A.    The information security team notified

23  associate relations.

24       Q.    Okay.  And that was the email that we

25  were talking about before, the associate relations

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 35

1    email, correct?

2         A.    Don't recall if it came to me directly or

3    through mailbox.

4         Q.    Okay.  Okay.  But you became aware, if I

5    understand your answer correctly, you became aware

6    that Mr. Slawin had downloaded emails to his

7    personal email when notice was sent to associate

8    relations; is that right?

9         A.    Yes.

10         Q.    Okay.  And so you were made aware by

11    looking at an email; is that correct?

12         A.    I believe it was an email to --

13              MR. GALANEK:  Objection, form.

14              THE WITNESS:  I believe it was an email

15         that the information security team sent us to

16         initially make us aware of this -- of this

17         alleged policy violation.

18              MR. MARX:  Okay.  Chris, what's the basis

19         for that objection?

20              MR. GALANEK:  Can I have the question

21         read back to me, Linda, please?  I believe it

22         was a foundation objection.  Go ahead.  Read

23         it back to me, Linda.

24              THE COURT REPORTER:  No problem.  Give me

25         a moment.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 36

1                (...Read back begins...)
2                "Q.   And so you were made aware of
3         looking at an email; is that correct?
4                (...Read back is concluded...)
5                MR. GALANEK:   Yeah, foundation and form.
6    BY MR. MARX:
7         Q.   And were you made aware of the fact that
8    Mr. Slawin had downloaded emails to his personal
9    email by any verbal means?
10        A.   I'm sorry.  What was the last part of
11   that question?
12        Q.   I'll read it back, or I'll re-ask it, I
13   guess.  Were you made aware that Mr. Slawin had
14   downloaded emails to his personal emails by any
15   verbal means?
16        A.   I recall being initially made aware via
17   email from the information security team.
18        Q.   By an email?
19        A.   By an email.
20        Q.   Okay.  My question is, did anyone call
21   you or talk to you about that fact?
22        A.   I had subsequent verbal conversations
23   with -- with others about this, yes.
24        Q.   Okay.  So but that was after you received
25   the first email; is that right?

Michael Solan                      July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 37

1         A.    Yes.

2         Q.    Okay.  So after you received the email,

3    who did you talk to about it?  Again, all my

4    questions are other than counsel.

5         A.    I recall talking to our information

6    security partner at the time.  I recall some point

7    throughout the -- throughout the investigation,

8    talking to Eric's manager Mark.  I recall talking

9    to my manager, Maryann De Castro, the head of the

10   associate relations department.  I at least recall

11   talking to those -- those three individuals.

12        Q.    I want to start with the information

13   security partners.  Was that the woman whose name

14   you can't remember?

15        A.    I don't --

16              MR. GALANEK:  Objection, form.

17              THE WITNESS:  I don't recall if it was a

18        woman.

19   BY MR. MARX:

20        Q.    All right.  So you spoke to somebody whom

21   you understand to be an information security

22   partner.  What do you say to that person, and what

23   did that person say to you?

24        A.    The purpose of our conversation was,

25   again, to help make sure that I had all the

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 38

1   relevant information and materials and documents

2   that were sent, so they were providing information

3   to support our review of the matter.

4       Q.   And during that conversation was the

5   issue of PCI noncompliance brought up?

6       A.   I believe it came up, yes.

7       Q.   And did you have one conversation with

8   this information security partner or more than one?

9       A.   I don't recall.

10       Q.   And when was that conversation?

11       A.   I don't remember the specific dates.

12   That would have been early on in the investigation,

13   so shortly after I was made aware.

14       Q.   Within a few days after you were made

15   aware?

16       A.   (Nods head up and down.)

17       Q.   Is that a yes?

18       A.   Yes.

19       Q.   Okay.  And I believe he said you spoke

20   with Ms. De Castro about being notified that Mr.

21   Slawin had downloaded emails to his personal email;

22   is that right?

23       A.   Yes.

24       Q.   Okay.  And did you also speak with her

25   within a few days after receiving the first notice?

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 39

1      A.    Yes.

2      Q.    And what did you say to her during that

3  conversation?  What did she say to you?

4      A.    I don't recall specifics, but the gist

5  was, she was my manager, so I made sure that I

6  talked to her throughout the investigation, keep

7  her updated, make sure we were aligned in -- in our

8  review, and at the end of the investigation, I

9  notified her of my recommendation.

10     Q.    Okay.  Well, let's start with that first

11  conversation.  That -- was it shortly after you

12  received the notice from InfoSec; is that right?

13     A.    Yes.

14     Q.    Okay.  And during that conversation, did

15  the issue of PCI noncompliance come up?

16     A.    With Maryann De Castro?

17     Q.    Yes.

18     A.    I don't recall specifically if that came

19  up in that initial conversation.

20     Q.    During that initial conversation, did you

21  discuss -- discuss any of the details of the

22  contents of the downloaded messages?

23     A.    I believe so.

24     Q.    Okay.  And were any of those contents

25  that they referred to PCI noncompliance to your

Page 40

1    recollection?

2        A.    The contents that have -- include that.

3    I just don't recall specifically if that came up

4    with conversation with Maryann De Castro.

5        Q.    Okay.  Do you recall if anything was said

6    between you and Ms. De Castro about the PCI

7    noncompliance issue?

8        A.    I don't recall any specifics.

9        Q.    Okay.  And with respect to your

10   conversation with the, what you call the

11   information security partner, what, if anything,

12   was said about the PCI noncompliance issues?

13       A.    I don't recall any specifics of what was

14   discussed.

15       Q.    Okay.  Tell me everything you recall

16   about that conversation.

17       A.    So again, my -- it was less about the

18   content, and specifically, more about, do I have

19   all the -- all the documents that were sent?  So

20   again, their role, information security role, was

21   providing me with supporting materials to support

22   the review.

23       So I would have contacted them to make sure

24   that I had any relevant materials that were sent

25   outside of our firewalls, into personal email

Page 41

1   address or elsewhere.  And just to make sure I

2   understood the scope of their review, before going

3   too far with my own investigation.  That was what I

4   recall as the gist of that conversation.

5        Q.   Now, you were advised that Mr. Slawin had

6   downloaded emails to his personal email sometime at

7   the end of November of 2017; is that right?

8        A.   Sometime in 2017, yes.

9        Q.   Towards the end of November; is that

10  right?

11       A.   I don't recall the exact month.

12       Q.   Uh-huh.  And were you advised that the

13  emails had been downloaded from a time frame

14  beginning sometime in or about June of 2017?

15       A.   I don't recall specific months.  I do

16  recall that there were several time frames of

17  downloaded materials, yeah.

18       Q.   Did you ask anyone at InfoSec why you had

19  not been notified earlier?

20       A.   I don't recall specifically if I asked

21  that question to our InfoSec partners.

22       Q.   Did that question occur to you?

23       A.   Yes.  I recall it was, it was actually

24  somewhat common that information security doesn't

25  always catch everything, so sometimes they?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 42

1   Review.  That's why I was contacting them, because

2   they do a manual review, when the system does flag

3   something.  That manual review can sometimes reveal

4   additional information that was sent.

5        Q.   Did you ask anybody -- anybody at

6   InfoSec, how they had discovered these issues of

7   downloading emails.

8        A.   I don't recall specifically.

9        Q.   Do you know whether anybody had been

10  looking to see whether Mr. Slawin had downloaded

11  emails?

12       A.   To my knowledge, the system flagged

13  information that was sent, and that's what

14  triggered a manual review.  To my knowledge, no one

15  was looking before the system flagged that he had

16  sent something.

17       Q.   How many conversations did you have with

18  Ms. De Castro about this -- Mr. Slawin downloading

19  emails?

20       A.   I would say at least three, but I don't

21  recall exactly how many.

22       Q.   Okay.  Do you recall any other

23  conversations with Ms. De Castro, other than the

24  one you've talked to me about?

25       A.   Yes.  I also recall a conversation with

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 43

1   her around a recommendation based on the findings

2   of our review.  The recommendation was to -- around

3   terminating his employment.

4        Q.   And whose recommendation was that?

5        A.   It was my recommendation.

6        Q.   Okay.  And was that sometime on or about

7   December 8, 2017?

8        A.   I don't recall the specific dates, but it

9   was towards the end of 2017.

10       Q.   Okay.  And why did you make that

11  recommendation?

12       A.   I made that recommendation based on the

13  findings of the review.

14       Q.   Okay.  And were the -- who made these

15  findings, do you know?

16       A.   It was myself, including the supporting

17  partners, but it was my review, my investigation,

18  into this matter.

19       Q.   Okay.  So based on your findings, you

20  made a recommendation; is that right?

21       A.   That's correct.

22       Q.   And why did you make that

23  recommendation --

24            MR. MARX:  Strike that.

25  BY MR. MARX:

Michael Solan                           July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 44

1      Q.    What was your recommendation?

2      A.    My recommendation was to terminate Mr.

3    Slawin's employment.

4      Q.    Okay.  And why did you make that

5    recommendation?

6      A.    He violated several Bank of America

7    Merchant Services policies, and was not cooperative

8    through the investigation, and could no longer be

9    trusted in his role to continue to operate and have

10   access to what's considered confidential

11   information.

12     Q.    And what policies did he violate, to your

13   understanding?

14     A.    He violated several policies.  To my

15   understanding, he violated the information security

16   policy, the employee handbook, the conduct or code

17   or ethics, forget exactly what it's called, but

18   that policy as well.

19     Q.    Okay.  So were you concerned that Mr.

20   Slawin should comply with the code of ethics?

21     A.    Yes, sir.  We expect all employees to

22   comply with the code of ethics.

23     Q.    Including yourself, right?

24     A.    Correct.

25     Q.    Okay.  Now, sir, these emails, some of

Michael Solan                            July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 45

1   them raise the issue of PCI noncompliance, correct?

2        A.   Correct.

3        Q.   And what was your understanding of that

4   issue?

5             MR. GALANEK:  Objection, foundation.

6             MR. MARX:  I'm going to withdraw that

7        question.

8   BY MR. MARX:

9        Q.   Did you have an understanding as to what

10  that issue was about?

11       A.   Not until this -- this case was reviewed.

12       Q.   Not until this case?

13       A.   Correct.

14       Q.   Okay.  Did you speak with Mr. Kendall

15  about the issue of PCI noncompliance?

16       A.   I did, yes.

17       Q.   Okay.  And on one occasion, or more than

18  one occasion?

19       A.   At least one occasion.  I recall there

20  were several conversations.

21       Q.   Okay.  Do you recall any of these

22  occasions when you spoke with Mr. Kendall about the

23  issue of PCI noncompliance?

24       A.   I do, yes.

25       Q.   And what do you recall him saying to you

Case 1:19-cv-04129-AT    Document 174-3    Filed 01/08/25    Page 47 of 260

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 46

1    about PCI noncompliance?

2        A.    I recall, in general, it being an

3    ongoing -- essentially a matter that his team,

4    including Mr. Slawin, were in the efforts of

5    reviewing and remediating.

6        Q.    Remediating what?

7        A.    Addressing, so reviewing and addressing

8    the PCI noncompliance.

9        Q.    Okay.  Did Mr. Kendall tell you that BAMS

10   was not PCI compliant?

11       A.    I was aware through that conversation

12   that there were PCI compliance questions and

13   issues, yes.

14       Q.    Okay.  And are you familiar with the term

15   PAN data, P-A-N data?

16       A.    Not familiarly, no.

17       Q.    During the conversation with Mr. Kendall,

18   did he refer to PAN data?

19       A.    I don't recall specifically if he did.

20       Q.    Okay.  Now, after speaking with Mr.

21   Kendall about PCI noncompliance, did he then convey

22   to you an understanding of what that is?

23            MR. GALANEK:  Objection, form.

24            THE WITNESS:  I recall a limited

25        understanding at that time.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 47

1    BY MR. MARX:

2         Q.    And what was that limited understanding?

3         A.    That it that an issue around BAMS' -- how

4    to word it, because it was many years ago, but it

5    was an issue around our compliance with protection

6    of certain information and data, like, customer

7    information.

8         Q.    Uh-huh.  Okay, Mr. Slawin [sic], we're

9    going to be sharing the screen to show you certain

10   exhibits, and so I don't interrupt you in the

11   middle, if it's okay with you, I'd like to have the

12   following understandings.  You can tell Shelley to

13   go up and down, tell her when you're done with a

14   page, so she can go to the next page, and then when

15   you finish, to your satisfaction, having gone

16   through the entire document, then tell me, I'm

17   ready to answer questions so that I'll know when to

18   get started.

19        A.    Okay.

20             MR. MARX:  Okay.  So let's show the --

21        share the screen to show the -- and Linda,

22        we've premarked these exhibits so they have

23        our numbers.  This will be Exhibit 40.

24             (Whereupon, Plaintiff's Exhibit Number 40

25   was marked for identification.)

Case 1:19-cv-04129-AT    Document 174-3    Filed 01/08/25    Page 49 of 260

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 48

1    BY MR. MARX:

2        Q.    And again, just tell Shelley up and down

3    when you finish with a page.  Then let me know when

4    you're ready to answer questions.

5        A.    Okay.

6            THE WITNESS:  Can you scroll down a

7        little bit.  Stop.  Okay.  You can scroll down

8        a little bit.  Perfect, right there.  Can you

9        scroll down, please?  Okay.  You can scroll

10       down, please.  Okay.  Okay.  You can scroll

11       down, please.  If you can scroll down, please.

12       Okay.  Right there.  Okay.  Scroll down.

13       Okay.  Scroll down a bit.  Was that the end,

14       sorry?

15           THE PARALEGAL:  Uh-huh.

16           THE WITNESS:  All right.  I'm ready to

17       answer any questions on this document.

18           MR. MARX:  Okay.  So for the record,

19       Exhibit 40 documents produced by defendant,

20       bearing Bates numbers BAMS26628378187 and 188.

21   BY MR. MARX:

22       Q.    In or about 2017, did you see any of

23   these documents?

24       A.    Yes, I recall seeing these documents.

25       Q.    All right.  Let's take the first page,

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 49

1    which is page 2662.  The top purports to be an

2    email from, BAMS InfoSec.  That was the information

3    security party we're talking about, right?

4           A.    Yes.

5           Q.    Okay.

6           A.    It's their group mailbox.

7           Q.    And it's to associate relations, which is

8    the group mailbox you were talking about, correct?

9           A.    Yes.

10          Q.    Okay.  And that's dated Thursday,

11   November 30, 2017 at 4:33 p.m.  Did you see that in

12   or about November of 2017?

13          A.    I believe so.

14          Q.    All right.  And then under it, there's

15   other emails.  There's one from Cyber Analytic

16   Services.  Do you know who that is?

17          A.    I do not.

18          Q.    All right.  And that -- that's dated

19   November 30, 2017 at 2:10 p.m.  Did you see that in

20   or about November of 2017?

21          A.    I saw that lower in the email chain, yes.

22          Q.    Okay.  And so this, the one that begins

23   from Cyber Analytic Services --

24          A.    Uh-huh.

25          Q.    -- says the following set of DLP -- what

Michael Solan                               July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 50

1    is DLP, do you know?

2            A.    DLP means data loss prevention.

3            Q.    Thank you.

4            A.    Data Loss Prevention.

5            Q.    Thank you.  So it says (as read) The

6    following set of DLP incidents have been escalated

7    to your team for investigation.  Do you see that?

8            A.    I do.

9            Q.    Okay.  And did you see that in or about

10   November of 2017?

11           A.    I believe so, yes.

12           Q.    Okay.  (Audio played) Now, and then

13   there's some texts where it says, number of

14   incidents, 10.  Do you see that?

15           A.    I do.

16           Q.    And then there's a statement of comments.

17   I'm not going to read the whole comment.  Do you

18   see that?

19           A.    I do see the comments, yes.

20           Q.    Okay.  And did you read that in or about

21   November of 2017?

22           A.    Yes.

23           Q.    Okay.  And one, two, three, the fourth

24   line down refers to PCI compliance, right?

25           A.    Yes, it does.

Michael Solan                                     July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 51

1       Q.   Okay.  And it's probably on the second

2    line, it says (as read) The first email dates back

3    to 6/13/2017 where David Ades sent an email to a

4    group of BAMS employees, noting that BAMS was

5    discovered as using full PAN data in client support

6    situations, and debating whether BAMS should become

7    PCI compliant.  And it goes on.  You see that?

8       A.   I do see that, yes.

9       Q.   And did you read that in or about

10   November of 2017?

11      A.   Yes.

12      Q.   Okay.  After you saw this -- and did you

13   see this on or about November 30th of 2017?

14      A.   I believe so, right about there, yes.

15      Q.   Okay.  And before you read this, were you

16   aware of what PCI compliance was?

17      A.   Not specifically, no.

18      Q.   Okay.  After you read it, did you ask

19   anybody what PCI compliance was, other than

20   counsel?

21      A.   Yes.  That was part of my conversation

22   with Eric's manager Mark about understanding the

23   context of the matter that was -- that was sent,

24   yes.

25      Q.   Okay.  And that's Mark Kendall, right?

Page 52

1      A.    That's correct.

2      Q.    Okay.  And what did you ask him about PCI

3    compliance, and what did he say to you?

4      A.    I don't recall specifically what I asked,

5    but the gist of my conversation was to understand

6    the content, understand his role.  And so what I

7    recall him describing was that, yes, BAMS had been

8    made aware of, you know, PCI compliance issues or

9    questions, and that he was on the team specifically

10   working on reviewing those compliance issues and

11   having his dialogue about mediating them or

12   addressing them.

13     Q.    During that conversation with Mr.

14   Kendall, was anyone else part of that conversation?

15     A.    I don't believe so, no.

16     Q.    Was that in person or over the phone?

17     A.    Don't recall.

18     Q.    Okay.  Was any part of that communication

19   by instant messaging?

20     A.    No.

21     Q.    Okay.  Was any part of that conversation

22   by email?

23     A.    I believe those were over the phone or

24   via email -- or -- or over the phone or in person.

25   I don't recall specifically which one.

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 53

1     Q.    Okay.  Did Mr. Kendall tell you that the

2  issue of PCI noncompliance had to do with

3  merchants?

4     A.    Yes, I did understand.  Again, at a high

5  level, that issues around client data or protection

6  and handling of client data, yes.

7     Q.    And after speaking with Mr. Kendall in or

8  about November of 2017, did you have an

9  understanding of whether or not the PCI

10 noncompliance issue had to do with security of

11 account information?

12    A.    Don't recall specifically.

13    Q.    Okay.  Did you recall whether or not Mr.

14 Kendall mentioned to you Merchant Services

15 agreements or MSA?

16    A.    I don't recall specifically, no.

17    Q.    Okay.  Let's start on the second page of

18 the exhibit, which is BAMS 8378.  Appears to be

19 another email dated November 30, 2017 9:33 p.m.

20 from BAMS, InfoSec to associate relations.  Did you

21 see that in or about November 30th of 2017?

22    A.    About then, yes.

23    Q.    All right.  And the body of the email

24 says, (as read) DLP escalation involves BAMS

25 associated, Eric Slawin, forwarding BAMS sensitive

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 54

1    information to a Gmail account period.  The nature

2    of the information in the email messages has to do

3    with PCI noncompliance and could cause reputational

4    damage through unauthorized release.  Do you see

5    that?

6          A.    I do.

7          Q.    And did you read that on about November

8    30, 2017?

9          A.    I did, about then, yes.

10         Q.    Okay.  And did you discuss that with Mr.

11   Kendall?

12         A.    Yes.

13         Q.    Okay.  And what did you say to him, and

14   what did he say to you about that?

15         A.    The gist of our conversation was that I

16   had become aware through our information security

17   team about sensitive information being sent outside

18   of our firewalls, and my first conversation with

19   him was to understand the content, understand his

20   role, and just kind of review -- review the

21   situation.

22         Q.    I'm sorry.  What situation?

23         A.    To review this situation.

24         Q.    Oh, this situation, the downloading of

25   the email, is that what you're referring to?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 55

1        A.    Correct.   That's what I'm referring to,
2    correct.
3        Q.    Okay.   And did you understand what the
4    reference was in this email to reputational damage?
5        A.    Yes, I understand the reference, yeah.
6        Q.    What was that understanding?
7        A.    That some of the information could be
8    insensitive and could cause reputational damage if
9    released.
10        Q.    And did you understand that that -- did
11    you have an understanding whether or not the issue
12    of reputational damage referred to merchants
13    becoming aware that BAMS was not PCI compliant?
14            MR. GALANEK:   Objection, form.
15            THE WITNESS:   That's -- that was implied,
16        yes, yes.
17    BY MR. MARX:
18        Q.    Let me ask you a question.   This email,
19    which is on page 8378, the second page of Exhibit
20    40, purports to be from Dan Mong, Risk Manager.   Do
21    you see that?
22        A.    I do, yeah.
23        Q.    Did you speak with Mr. Mong on November
24    30, 2017 or about that time?
25        A.    I don't recall specifically if I talked

Case 1:19-cv-04129-AT    Document 174-3    Filed 01/08/25    Page 57 of 260

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 56

1    to Dan or one of the other individuals on the

2    InfoSec team, but I do recall speaking to someone

3    on that team following this email exchange.

4         Q.   Okay.  And again, is that the

5    conversation you've already referred to?

6         A.   That is, yes.

7         Q.   We've -- we've already covered that

8    conversation; is that right?

9         A.   That's correct.

10        Q.   Yeah.  Let's go to the third page of

11   Exhibit 40, which is, has the Bates number 9187.

12   And on the top of the page appears to be an email

13   from you, right?

14        A.   Yes.

15        Q.   Okay.  And that was -- I'm sorry.  No, it

16   was to you from Marlynn Carpena; is that right?

17        A.   Yes.

18        Q.   Was that the InfoSec person you whose

19   name you couldn't remember before?

20        A.   It could be.  Again, there were several

21   members of that team, and I interacted with several

22   of them throughout this review, so I don't recall.

23   But I do recall engaging with her on this, yes.

24        Q.   Okay.  Now, but the second email down,

25   which is actually the second on the page of 9187,

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 57

1    that is from you to Ms. Carpena, right?

2        A.    Yes.

3        Q.    Yeah.  And you sent that on about

4    December 6, 2017; is that right?

5        A.    Yes.

6        Q.    And you said, (as read) After speaking

7    with his manager -- M-G-R, is manager, right?

8        A.    Yes.

9        Q.    He said -- he wrote, (as read) After

10   speaking with his manager, there are very serious

11   concerns about the content, those emails he sent to

12   himself.

13       Okay.  I'm presuming the word of after the

14   word content might have been intended, content of

15   those emails he sent to himself.  Would that be a

16   correct statement?

17       A.    That does appear to be a typo, yes.

18       Q.    All right.  And you're referring to his

19   manager.  That was Mr. Kendall, right?

20       A.    Yes.

21       Q.    All right.  And what was your

22   understanding of these very serious concerns you

23   were referring to?

24       A.    My understanding of those concerns were,

25   again, that he's referring to reputational risk

Case 1:19-cv-04129-AT    Document 174-3    Filed 01/08/25    Page 59 of 260

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 58

1    associated with the emails and information we're

2    aware of that he -- that he had sent to himself.

3        Q.    And that reputational risk referred to

4    merchants becoming aware that BAMS was not PCI

5    compliant; is that correct?

6        A.    That's correct.  Around awareness of this

7    compliance issue.

8        Q.    Okay.  That was the concern you were

9    referring to; is that right?

10       A.    That is the concern I'm referring to,

11   yes.

12       Q.    And who has these very serious concerns,

13   to your knowledge?

14       A.    In this instance, I'm referring to myself

15   and Mark.

16       Q.    Mark Kendall, right?

17       A.    Yes, correct, Mark Kendall.

18       Q.    Okay.  So when you're referring to Mark,

19   or you're referring to his manager, or Mr. Slawin's

20   manager, you're referring to Mark Kendall, correct?

21       A.    Mark Kendall, I believe, yes.

22       Q.    Okay.  What did Mr. Kendall say to you

23   about his concerns?

24       A.    Again, there was a compliance issue that

25   we had been made aware of, and that there were

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 59

1    individuals dedicated to reviewing and addressing

2    these -- these issues, but they were a known risk

3    and compliance issue at that time.

4         Q.   Would it be fair to say, the concern was

5    that the merchants would find out that BAMS was not

6    PCI compliant?

7              MR. GALANEK:  Objection, form.

8    BY MR. MARX:

9         Q.   You can answer.

10        A.   Yeah, that was implied, yes.  The risk is

11   around reputational damage being client awareness

12   of this issue, yes.

13        Q.   When you say client awareness, the

14   clients, the BAMS were the merchants, right?

15        A.   That's correct.

16        Q.   Okay.  Strength.  The bottom of the page

17   of 9187, page -- the third page of Exhibit 40,

18   that's also your email, December 6, 2017, to 10:31

19   a.m. to Ms. Carpena, right?

20        A.   That's correct.

21        Q.   Okay.  Asking her to provide you with the

22   emails and attachments; is that right?

23        A.   Yes.

24        Q.   Okay.  Let's go to the next page, which I

25   believe is the last page of the Exhibit 40, bears

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 60

1    Bates number is 9188.  That was sent -- I'm not

2    sure it was sent.  It says to associate relations.

3    Actually, if you look at the bottom of the page

4    before it 910 -- 9187, the very bottom appears to

5    be from BAMS InfoSec; you see that?

6        A.    I do.

7        Q.    Yeah.  Okay.  So this, and associate

8    relations again, that was the group mailbox you

9    referred to in HR, right?

10       A.    Yes.

11       Q.    Okay.  And so this email that's dated

12   November 30, 2017 at 4:34 p.m., did you see that at

13   or about the date indicated November 30, 2017?

14       A.    Around that date, yes.

15       Q.    All right.  And it said, the -- (as read)

16   The nature of the information of the email messages

17   has to do with PCI noncompliance and could cause

18   reputational damage.

19       Do you see that?  Did you see that?

20       A.    I did, yes.

21       Q.    And you saw that at or about the time

22   indicated, November 30, 2017?

23       A.    Yes.

24       Q.    And the reputational damage had to do

25   with merchants finding out that PCI -- that BAMS

Michael Solan                                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 61

1   was not PCI compliant, correct?

2        A.   Yes.

3        Q.   The first page of Exhibit 40 --

4             MR. MARX:  If you can go back to that,

5        Shelley.

6   BY MR. MARX:

7        Q.   The first page of Exhibit 40, the top

8   email is dated November 30, 2017 at 4:33 p.m.  Do

9   you see that?

10       A.   I do.

11       Q.   Then, there's an email under it, which

12  was apparently prior in time, November 30, 2017 at

13  2:10 p.m.  Do you see that?

14       A.   I do.

15       Q.   And then, on the next page there's one,

16  November 30, 2017, 9:33 p.m.  Do you see that?

17            THE WITNESS:  If you could scroll down.

18       All right.

19  BY MR. MARX:

20       Q.   It's on the second page?

21            THE WITNESS:  (Cross-talk) Scroll down a

22       little more, yeah.

23            MR. MARX:  Second page.

24            THE WITNESS:  Yes.

25  BY MR. MARX:

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 62

1      Q.   Okay.  And I think under that, appears to

2   be a repeat of the same email that's on the first

3   page, November 30, 2017 at 2:10 p.m.  Do you see

4   that?

5      A.   I do.

6      Q.   Okay.  And then if you go to the next

7   page, page 9187, Bates number, the second email

8   down is your email where you're sending an email to

9   Marlynn Carpena, see that?

10      A.   I do.

11      Q.   And that's dated, November -- sorry,

12   December 6, 2017 at 5:03 p.m., right?

13      A.   Yes.

14      Q.   Okay.  So my question is, what, if

15   anything, happened between November 30th and

16   December 6, 2017 regarding this issue?

17      A.   I don't recall --

18      Q.   Do you recall anything happening during

19   that time?

20      A.   Not to my knowledge, no.

21      Q.   Okay.  During the period of, I say

22   December 1st, which would be the day after November

23   30th, between December 1, 2017 and December 5,

24   2017, did you send or receive any emails regarding

25   Mr. Slawin downloading emails to his personal

Page 63

1    email?

2          A.    Not to my knowledge, no.

3          Q.    Okay.  During that same period, December

4    1, 2017 to December 5, 2017, did you send or

5    receive any instant messages to anybody regarding

6    the issue of Mr. Slawin downloading emails to his

7    personal email?

8          A.    Not to my knowledge, no.

9          Q.    During that -- during that same period of

10   time, December 1, 2017 to December 5, 2017, did you

11   speak to anybody, other than counsel, regarding the

12   issue of Mr. Slawin downloading emails to his

13   personal email?

14         A.    Not that I recall, no.

15         Q.    Okay.  During the period December 1, 2017

16   to December 5, 2017 -- excuse me, did you do

17   anything about the issue of Mr. Slawin downloading

18   emails to his personal email?

19         A.    I do not recall.

20         Q.    Uh-huh.  To your knowledge, during that

21   period, December 1 to December 5, 2017 did Mr.

22   Kendall do anything regarding the issue of Mr.

23   Slawin downloading emails to his personal email?

24         A.    Not to my knowledge, no.

25         Q.    To your knowledge, during that period of

Page 64

1    time, December 1 to December 5, 2017 did anybody do

2    anything regarding Mr. Slawin downloading emails to

3    his personal email, other than counsel?

4         A.    Not to my knowledge, no.

5         Q.    Is it fair to say that you let the issue

6    sit for a week?

7              MR. GALANEK:  Objection, form.

8              THE WITNESS:  Yes.  It appears that it

9         took us a couple days to get to this case,

10        yes.

11   BY MR. MARX:

12        Q.    On December -- I'm sorry, November 30th,

13   did you consider that issue of Mr. Slawin

14   downloading emails to his personal email having to

15   do with PCI noncompliance, did you consider that to

16   be urgent issue?

17        A.    Upon reviewing the matter, yes.

18        Q.    And you did nothing about that between

19   December 1 and December 5, 2017; is that a correct

20   statement?

21             MR. GALANEK:  Objection, form.

22             THE WITNESS:  I do not recall reviewing

23        this matter between those dates, no.

24   BY MR. MARX:

25        Q.    Okay.  So is it fair to say, that the

Michael Solan                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 65

1   next thing that happened regarding Mr. Slawin

2   downloading emails to his personal email was on

3   December 7, 2017?

4          MR. GALANEK:  Objection, form.

5          THE WITNESS:  Yes.  I believe that the

6       review began around December 6 or December 7,

7       yes.

8   BY MR. MARX:

9       Q.   Now you say, the review began on December

10  7, 2017; is that right?

11      A.   It looks like December 6 or 7, because

12  when the emails began between myself and DLP

13  partners.

14      Q.   Okay.  And tell me what that review

15  consisted of?

16      A.   The review consisted of, initially, via

17  email exchanging with them to make sure that they

18  were providing all relevant materials that were

19  sent outside our firewalls.  And then upon

20  receiving those and reviewing those, I believe, I

21  recall that I called a data -- a DLP or InfoSec

22  partner to discuss those, discuss their search and

23  discuss the materials that they found.

24      Q.   Okay.  Now, you've testified from the

25  initial conversation you had on or about November

Page 66

1  30, 2017 with the InfoSec partner whose name you

2  can't recall, correct?

3      A.    That's correct.

4      Q.    Okay.  Was there a subsequent

5  conversation with the InfoSec partner after you

6  received the emails?

7      A.    That is the one I was referring to.  I

8  was referring to one conversation, at least that

9  I'm aware of.  There may have been multiple, but at

10  least one conversation with our InfoSec partners

11  after receiving and reviewing the materials, not

12  before.

13      Q.    Okay.  So you received the materials --

14  by materials, it would be the downloaded emails,

15  right?

16      A.    That's correct.  That's correct.

17      Q.    Okay.  And at that point, you discussed

18  it with the InfoSec partner, which you've already

19  testified to, right?

20      A.    That's correct.

21      Q.    Okay.  And when you received those

22  emails, did you then discuss it with Mr. Kendall?

23      A.    Yes.  I believe I discussed with Mr.

24  Kendall afterwards as well, yes.

25      Q.    Was that the conversation which he

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 67

1  discussed with you, the issue of PCI noncompliance?

2      A.   I believe it came up in both

3  conversations, but I don't recall specifics.

4      Q.   Okay.  I'm trying to understand when you

5  say both conversations, which two conversations are

6  you referring to?

7      A.   So I talked to Mr. Kendall at least -- at

8  least one time, if not multiple times, as part of

9  the review of this -- this case I was working.

10     Q.   Okay.  So is it fair to say you spoke

11  with Mr. Kendall at least -- least twice regarding

12  the issue of the downloading emails?

13     A.   At least once, probably twice, yes.

14     Q.   Okay.  And do you recall any of these

15  conversations?

16     A.   Yes.

17     Q.   What do you recall?

18     A.   I recall making Mr. Kendall aware of the

19  alleged policy violation, and I recall inquiring

20  with Mr. Kendall about the content of those

21  materials that he may be aware of, as well as his

22  better understanding of Eric's role in the company

23  and (inaudible) in general understanding --

24     Q.   During -- I'm sorry.  I didn't know if

25  you had finished your answer.  During -- during

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 68

1   which of these conversations did the issue of PCI

2   noncompliance come up?

3        A.   It was -- I don't recall specifically,

4   but I believe it would be in the first conversation

5   that it was mentioned.

6        Q.   Okay.  Now, this first page of Exhibit

7   40, the content --

8             MR. MARX:  The content.  Further down

9        Shelley.  Right there, the content.

10  BY MR. MARX:

11       Q.   You see that where it says, comment?

12       A.   I do.

13       Q.   Okay.  And one, two, three, like, third

14  and fourth line down are first, David Ades,

15  A-D-E-S?

16       A.   Yes.

17       Q.   Did you ever speak to Mr. Ades about this

18  issue?

19       A.   No.

20       Q.   Okay.  Did you speak to Natasha Collins

21  about this issue?

22       A.   I don't recall.

23       Q.   Don't recall.  Don't recall means you

24  might have, or you don't remember?

25       A.   I don't remember if I did or did not

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 69

1    speak with Natasha Collins.

2         Q.    Uh-huh.  And the issue would be the

3    downloading of the email; is that right?

4         A.    That's correct.

5         Q.    Okay.  And -- and the issue was, to your

6    understanding, concerning because the downloaded

7    emails referred to PCI noncompliance, correct?

8              MR. GALANEK:  Objection, form.

9              THE WITNESS:  Sorry.  Can you repeat the

10        question?

11   BY MR. MARX:

12        Q.    Yeah.  The issue was concerning because

13   the downloaded emails referred to the issue of PCI,

14   BAMS being PCI noncompliant; is that correct?

15             MR. GALANEK:  Objection, form.

16             THE WITNESS:  That is -- that is correct.

17   BY MR. MARX:

18        Q.    All right.  We're going to show you

19   Exhibit 47 again.

20             MR. GALANEK:  Robert --

21   BY MR. MARX:

22        Q.    Let me --

23             MR. GALANEK:  Robert.

24             MR. MARX:  Yes, sir.

25             MR. GALANEK:  Before you start with a new

Case 1:19-cv-04129-AT    Document 174-3    Filed 01/08/25    Page 71 of 260
Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 70

1        exhibit, can we take a quick restroom break.

2        We've been --

3              MR. MARX:  Oh, yeah.

4              MR. GALANEK:  -- going for about an hour

5        and a half.

6              MR. MARX:  I'm sorry.  I lost track of

7        time.  Let's take 10 minutes.

8              THE VIDEOGRAPHER:  The time is 11:32 a.m.

9        We are off video record.

10             (Whereupon, after a brief recess was

11   taken, the proceeding resumed.)

12             THE VIDEOGRAPHER:  The time is 11:43 a.m.

13        We are back on video record.

14             (Whereupon, Plaintiff's Exhibit Number 47

15   was marked for identification.)

16   BY MR. MARX:

17        Q.   Okay.  So Mr. Solan, we're going to show

18   you what we've marked as Exhibit 47, and again,

19   it's a one page document, but let me know when you

20   scroll through the whole thing and are ready to

21   answer questions.

22             THE WITNESS:  Okay.  You can scroll down.

23        Okay.  Keep scrolling down.

24             THE PARALEGAL:  End of the document.

25             THE WITNESS:  Oh, that's the end of the

Michael Solan                              July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 71

1        document, okay.  Yeah, yeah, I'm ready to

2        answer questions about this.

3              MR. MARX:  Okay.  So again for the

4        record, Exhibit 47 one page document produced

5        by defendant bearing BAMS numbers 9426 --

6        number 9426.

7   BY MR. MARX:

8        Q.    There appear to be two emails on this

9   page.  The top one is dated, appears to be dated,

10  December 8, 2017 at 10:54 p.m.  Do you see that?

11       A.    I do.

12       Q.    Okay.  And did you see that email at or

13  about that date, December 8, 2017?

14       A.    About then, yes.

15       Q.    Okay.  Did you receive it at about that

16  day?

17       A.    I recall being aware of this around that

18  date, yes.

19       Q.    Okay.  And the bottom of the page has

20  another email, appears to be from BAMS InfoSec to

21  associate relations, dated November 30, 2017, at

22  2:34 p.m.  Do you recall receiving that at or about

23  that date?

24       A.    I recall seeing that around that date,

25  yes.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 72

1      Q.    Okay.  And just the BAMS InfoSec was the

2  -- what you call the -- the information security

3  partner, correct?

4      A.    That's correct.

5      Q.    And associate relations was the group

6  email for the HR you were talking about, correct?

7      A.    That's correct, yep.

8      Q.    Okay.  I think that bottom email we might

9  have seen before.  Would that be a correct

10  statement?

11      A.    Yes.

12      Q.    Yeah.  Now the top email, the second

13  paragraph says, (as read) I was notified this

14  afternoon -- this afternoon by Mike Solan, BAMS HR,

15  that Eric Slawin is being terminated.  And it goes

16  on, you see that?

17      A.    I do see that, yes.

18      Q.    Did you -- and did you have any

19  conversations with anybody on or about that date

20  about Mr. Slawin being terminated, other than

21  counsel?

22      A.    Yes.

23      Q.    And what were those conversation -- one

24  conversation or more than one conversation?

25      A.    I don't recall exactly how many

Michael Solan    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 73

1    conversations, but there were multiple individuals

2    who I made aware of his termination of employment.

3        Q.    Okay.  And again, I'm not asking about

4    any conversations you had with counsel.  Tell me

5    which individuals you were talking about in your

6    last answer.

7        A.    To my knowledge, I made aware the

8    individuals on this email exchange so Larry

9    Brennan, Jarra Keskessa, Dan Mong.  They were our

10   information security partners, so I made them aware

11   that that's the conclusion of the case that they

12   brought to us.  I also made aware HR partner at the

13   time of -- I don't recall which HR partner, but

14   there's a HR partner of the group that specifically

15   supported the line of business and team that Mr.

16   Slawin and Mr. Kendall were a part of.  Believe

17   those were the -- and certainly, Mr. Kendall and

18   his leadership team as well.

19       Q.    Okay.  So let's start with the Larry

20   Brennan.  You say Larry -- was he InfoSec?

21       A.    I believe I recall that Larry was a part

22   of the InfoSec team, maybe -- maybe a leader within

23   that group.

24       Q.    Okay.  Did you speak to Mr. Brennan about

25   Mr. Slawin?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 74

1      A.    I don't recall specifically if I spoke to

2  Mr. Brennan.

3      Q.    Okay.  What about Jarra Keskessa; is that

4  correct?

5      A.    That's about how to pronounce it, yes.

6  Again, I don't recall specifically if I spoke to

7  Jarra.  To my recollection, I've worked with

8  several members of that team, but I don't recall

9  specifically who I spoke to.

10      Q.    Jarra Keskessa, is that man or a woman?

11      A.    It's a man.

12      Q.    Okay.  Well, even though you don't

13  remember the identity of who you spoke to, you said

14  you spoke to somebody at InfoSec about Mr. Slawin

15  being terminated; is that right?

16      A.    That's correct.  I notified someone on

17  that team about the conclusion of that case, yes.

18      Q.    Tell me everything you said to that

19  individual about the conclusion of the case, to

20  your understanding?

21      A.    To my understanding, and it seems that

22  this email references it, I made the information

23  security team aware of the decision to terminate

24  Mr. Slawin, and that, because he had not signed the

25  affidavit and not affirmed that he had deleted

Page 75

1    permanently that information that he had sent

2    outside of our firewalls, that there was still some

3    ongoing discussions and review about that -- about

4    that situation.

5          Q.   Okay.  And did you tell that to the

6    information security partner on or about December

7    8, 2017?

8          A.   On or about then, yes.  I don't recall a

9    specific date.

10         Q.   Okay.  And did you tell the information

11   security partner that it was in part because Mr.

12   Slawin had not returned the affidavit you wanted

13   him to sign?

14         A.   I don't believe I went into specifics

15   about the reason for termination.  It was an update

16   about the conclusion of it, which was that he was

17   terminated.

18         Q.   Okay.  Actually, that was my question.

19   Did you tell anybody at the InfoSec partner, whose

20   identity you can't recall, the reasons why Mr.

21   Slawin was being terminated?

22         A.   I do not recall specifically saying the

23   reasons why he was terminated, no.

24         Q.   Okay.  Were you asked?

25         A.   I do not recall if I was asked.

Michael Solan                           July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 76

1        Q.   And this communication to the InfoSec

2   partner about your understanding of the conclusion

3   of the investigation regarding Mr. Slawin

4   downloading emails to his personal account, was

5   that verbal or email?

6        A.   I don't recall specifically if it was via

7   email or the phone.  Don't recall.

8        Q.   Okay.  And I think you also said you

9   spoke to the HR partner who was involved, but you

10  couldn't remember that person's name; is that

11  right?

12       A.   Correct.  There were several HR partners,

13  but -- but I do recall making that partner aware as

14  well.

15       Q.   Was that Susan Hanky?

16       A.   No.

17       Q.   Was that Maryann De Castro?

18       A.   No.

19       Q.   Okay.  And now, did you speak with anyone

20  at Bank of America about that decision?

21       A.   No.

22       Q.   Did you speak to anyone at First Data

23  about that decision?

24       A.   Not that I recall, no.

25       Q.   Did you send an email to anyone at Bank

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 77

1    of America about that decision?

2         A.    No.

3         Q.    Did you send an email to anyone at First

4    Data about that decision?

5         A.    I don't know if any of the information

6    security partners were technically a part of First

7    Data.  It was a close partnership on the

8    information security side, being the two companies.

9    So I don't recall if anyone that I emailed happened

10   to be a First Data employee.  I can't say with

11   confidence that I did not.  I might have.

12        Q.    Okay.  So but other than InfoSec, which

13   might have been First Data, you don't remember, did

14   you send an email to anybody at First Data

15   regarding the decision to fire Mr. Slawin?

16        A.    No.

17        Q.    Okay.  And did you send an instant

18   message to anybody at First Data regarding the

19   decision to fire Mr. Slawin?

20        A.    No.

21        Q.    Did you send an instant message to anyone

22   at Bank of America regarding the decision to fire

23   Mr. Slawin?

24        A.    No.

25        Q.    Did you send an instant message to

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 78

1    anybody, other than counsel, regarding the decision

2    to fire Mr. Slawin.

3         A.    I do not recall.

4         Q.    Well, does that mean you might have, or

5    you just don't remember either way?

6         A.    It means, I do not --

7              MR. GALANEK:  Objection form.

8              THE WITNESS:  -- remember either way.

9    BY MR. MARX:

10        Q.    Cannot remember either way, okay.  And

11   I'm just, to ask the question.  Does the fact that

12   this top email on page 40 -- excuse me on Exhibit

13   47 is written, apparently by Dan Mong, does that

14   refresh your recollection as to whether you spoke

15   to him about the decision to fire Mr. Slawin?

16        A.    It would appear so, but I can't -- it

17   doesn't refresh my memory.  I can't say for certain

18   that I spoke to him directly.  I might have but --

19        Q.    Okay.

20        A.    -- I can't say for certain.

21        Q.    Don't even know, okay.

22              (Whereupon, Plaintiff's Exhibit Number 42

23   was marked for identification.)

24   BY MR. MARX:

25        Q.    Okay.  Mr. Solan, we're going to show you

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 79

1  Exhibit 42 again.  Tell Shelley to scroll up or

2  down, and when you're ready, let me know you're

3  ready to answer questions.

4       A.   Okay.  Okay.  I'm ready to answer any

5  questions on this.

6       Q.   Okay.  So Exhibit 42, document produced

7  by defendant bearing Bates numbers 8367 through

8  8368, is this an email that you wrote?

9       A.   This is an email that I wrote, yes.

10      Q.   And you wrote this on -- you sent this on

11 December, 7, 2017 at 12:34 a.m.; is that right?

12      A.   Yes.

13      Q.   About right after midnight, right?

14      A.   Yep.

15      Q.   Okay.  And did anyone help you to write

16 this?

17      A.   Other than gathering the supporting

18 materials, no.  I wrote this.

19      Q.   Okay.  Did you write all of this

20 material?

21      A.   I wrote all this material, although I

22 might have received some information in the content

23 summary section from my conversations with -- with

24 Mr. Kendall.

25      Q.   Okay.  So the reason I'm asking, if you

Case 1:19-cv-04129-AT    Document 174-3    Filed 01/08/25    Page 81 of 260

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 80

1    see where it says, content summary?

2        A.    I do.

3        Q.    Okay.  And if you go one, two, three,

4    four, five, six lines down, there's a statement

5    that begins, (as read) Eric and I have been

6    working, and it goes on.  I'm not going to read the

7    rest of the sentence.  Is that something that Mr.

8    Kendall wrote?

9        A.    Yeah, that looks like something Mr.

10   Kendall wrote.  And I had not edited, you know,

11   edited out that wording, but yes.

12       Q.    So you just kind of dropped that into

13   your memo; is that right?

14       A.    Correct, yeah.

15       Q.    Okay.  So let me ask the question then,

16   where it says, content summary, one, two, three,

17   four, five, six, seven, eight, consists of nine

18   lines, is that all that Mr. Kendall wrote, and you

19   just dropped it in?

20       A.    I don't recall specifically which parts

21   of it I wrote and which parts I, you know, used

22   information he had provided me.

23       Q.    Okay.  And to your knowledge, did Mr.

24   Kendall write any other parts of this document?

25       A.    No, he wouldn't have written any other

Case 1:19-cv-04129-AT    Document 174-3    Filed 01/08/25    Page 82 of 260
Michael Solan                      July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 81

1    parts of this email.

2        Q.   Did you discuss preparing this document

3    with Mr. Kendall?

4        A.   I don't believe so, no.

5        Q.   Did you discuss preparing this document

6    with anybody other than counsel?

7             MR. GALANEK:  Objection, form.

8             THE WITNESS:  My manager was aware that I

9        was putting this thing together.

10   BY MR. MARX:

11       Q.   Your manager, is that Ms. De Castro?

12       A.   Yes.

13       Q.   Did she tell you to write this document?

14       A.   This is me putting information together

15   for a meeting with relevant parties, which I

16   believe included counsel.

17       Q.   Okay.  So did Ms. De Castro ask you to

18   prepare this document for a meeting?

19       A.   This was our -- I don't recall if she

20   specifically asked me to prepare this.  This is

21   something that we -- this was standard practice

22   that we did for these meetings.

23       Q.   And the, where it says, content summary,

24   we've talked about those nine lines, is that based

25   on what Mr. Kendall told you?

Michael Solan                              July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 82

1      A.   That is largely based on information from

2   Mr. Kendall, yes.

3      Q.   Is it based -- sorry.  I didn't know if

4   you finished your answer.

5      A.   Yes.

6      Q.   Yeah.  Is it based on information from

7   anybody else, other than counsel?

8           MR. GALANEK:  Other than counsel, or

9        other than Kendall?

10          MR. MARX:  Counsel, other than counsel.

11          MR. GALANEK:  All right.  I'm going to

12       object to the question.  Don't -- don't --

13       don't -- don't respond to that.

14          If it's other than counsel, you're

15       effectively asking him for attorney-client

16       privilege communication.

17          MR. MARX:  Are you -- I'm asking -- let

18       me understand this, Chris.  I'm asking the

19       witness whether he's -- any part of this

20       prepared by anybody other than counsel, and

21       you're telling the witness not to answer that

22       question.  Can I understand why?

23          MR. GALANEK:  If you're asking him --

24       yes.  If you're asking him, did he create this

25       document based on anything anyone said other

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 83

1          than counsel, you are suggesting that counsel

2          asked him to create this document, which would

3          be privileged.  It's just a bad question.  You

4          can certainly ask him who, if anyone, did you

5          discuss this document with, and he can answer

6          that question.  You can ask him who, if

7          anyone, contributed to this document.  That's

8          a fair question.  The way you've asked it

9          implicates the privilege, so I'm not going to

10         let him answer the question the way you asked

11         it.  I am fine with you asking any of these

12         other questions.

13               MR. MARX:  Well, I don't necessarily

14         agree with that, but in order to move along,

15         I'm going to try and use one of your

16         questions.

17    BY MR. MARX:

18         Q.   Other than any conversations you had with

19    counsel, did anyone help you to prepare this

20    document?

21         A.   No.

22         Q.   Let's go to the second page of the

23    document.  There's a series of bullet headings.

24    Did you write these bullet headings?

25         A.   Yes.

Michael Solan                                        July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 84

1        Q.    Okay.  The third bullet heading down

2   says, (as read) Partner with legal to understand

3   whether he has any whistleblower protections.  You

4   wrote that.

5        A.    I did write that, yes.

6        Q.    Okay.  He meaning Mr. Slawin, right?

7        A.    Yes.

8        Q.    Okay.  So you were concerned at the time

9   whether Mr. Slawin could be considered a

10  whistleblower, correct?

11            MR. GALANEK:  Objection, form.

12            THE WITNESS:  It was basically a note to

13        say is a matter to discuss with legal around

14        that question and whistleblower implications

15        of protection.

16  BY MR. MARX:

17       Q.    Okay.  At the time in about December,

18  when you wrote this, December 7, 2017, did you have

19  an understanding of what a whistleblower was?

20       A.    Yes.

21       Q.    What was that understanding?

22       A.    That if somebody -- it goes to a -- makes

23  a complaint or basically lodges an allegation with

24  a regulatory body, for an example, then they have

25  blown the whistle at that point, and that there are

Page 85

1    to be protected from retaliation for doing so, for

2    good faith complaints to regulatory bodies or other

3    -- other agencies, is my understanding.

4         Q.   Now, did you ask Mr. Kendall if Mr.

5    Slawin had objected to any issues about the PCI

6    noncompliance?

7         A.   Did I ask Mr. Kendall if he had objected?

8    I don't recall specifically if I asked that

9    question to Mr. Kendall.

10        Q.   Did you ask Mr. Kendall whether Mr.

11   Slawin had ever discussed with him, Mr. Kendall,

12   his concerns, Mr. Slawin's concerns about what

13   merchants are being told about the PCI issue?

14        A.   Not specifically.  That was their job is

15   to discuss this -- matter, but I recall

16   specifically if they discussed concerns.  They were

17   -- they had a lot of discussions about this matter.

18   That was their -- their main responsibilities.

19        Q.   Okay.  But did you ask Mr. Kendall what,

20   if anything, Mr. Slawin had said about his concern

21   about withholding information from the merchants,

22   about BAMS' PCI noncompliance?

23        A.   I do not --

24             MR. GALANEK:  Object to form.

25             THE WITNESS:  -- specifically recall.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 86

1    BY MR. MARX:

2        Q.    You did not ask that question?

3        A.    I do not specifically recall asking that

4    question.  I don't know whether I did or did not, I

5     rephrase.

6        Q.    Would it have been appropriate to ask

7    that question?

8            MR. GALANEK:   Objection, form.

9            THE WITNESS:   Yes, that have been a fair

10       question as part of this review, yes.

11   BY MR. MARX:

12       Q.    I'm sorry.  Did you say it would be a

13   fair question as part of your review?

14       A.    Yes.

15       Q.    Okay.

16       A.    That's what I said.

17       Q.    But you don't remember asking that

18   question?

19       A.    I don't recall specifically whether I

20   asked that -- that question of Mr. Kendall.

21       Q.    And it was the next day, am I correct,

22   December 8, 2017 that you decided to fire Mr.

23   Slawin, correct?

24       A.    I don't recall a specific date.

25       Q.    Well, it was certainly by December 8,

Page 87

1   2017, wasn't it?

2          A.   It was around then, yes.  I don't recall

3   a specific date.

4          Q.   So around the time that you were

5   considering whether Mr. Slawin was a whistleblower,

6   was about the time that you were deciding to fire

7   him, right?

8              MR. GALANEK:  Objection, form,

9          mischaracterization of testimony.

10             THE WITNESS:  To answer the question that

11         this email was prior to a discussion with

12         relevant partners, preparing to interview and

13         to ask Mr. Slawin about the intentions of his

14         -- of why he did this, and then to make a

15         decision based on the full findings the

16         review.  So no, at this point, no, we were not

17         discussing termination of employment with him

18         or (indiscernible).

19   BY MR. MARX:

20         Q.   Your -- your email is dated December 7th,

21   right?

22             THE WITNESS:  If you -- if you scroll up,

23         I believe that's what it was, so if you can

24         scroll up.  Yes.

25   BY MR. MARX:

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 88

1        Q.   Right, just past midnight.  So it was

2   really, actually, the morning of -- of December

3   8th, just about right?

4             MR. GALANEK:  Objection, form.

5             THE WITNESS:  I know it was --

6             MR. GALANEK:  Go ahead.

7   BY MR. MARX:

8        Q.   Was it just the morning of December 7th?

9        A.   That is correct.

10       Q.   Okay.  And then, on --

11            MR. MARX:  Where is 49, please?  No, 47.

12   BY MR. MARX:

13       Q.   So let's look again at Exhibit 47.  Okay.

14   So the top email was dated December 8, right, 2017?

15       A.   Yes.

16       Q.   In which you had, apparently, told

17   somebody of your decision to fire Mr. Slawin,

18   right?

19       A.   That's appears correct, yep.

20       Q.   Okay.  And that was after your December

21   7th email, Exhibit 42, where you were considering

22   whether or not he was a whistleblower, right?

23            MR. GALANEK:  Objection, form,

24        mischaracterization.

25   BY MR. MARX:

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 89

1        Q.   You can answer.

2        A.   Again, yes, the prior email -- the prior

3    material that you were showing was before a review

4    with partners.  We were considering a number of

5    factors, including that, including whistleblower

6    implications or protections.

7        Q.   Now, if Mr. Slawin had, in fact,

8    communicated his concern to Mr. Kendall about what

9    merchants were being told about, BAMS' PCI

10   noncompliance, in your mind, to your understanding

11   would Mr. Slawin then have considered -- have been

12   considered to be a whistleblower?

13            MR. GALANEK:  Objection, form.  You can

14       answer.

15            THE WITNESS:  To my knowledge, no

16       internal dialogue, but not a constituted

17       whistleblower.

18   BY MR. MARX:

19       Q.   So correct me if I'm wrong.  Your

20   understanding was Mr. Slawin was not yet a

21   whistleblower as of December 8th, because it was

22   just what you're calling internal dialogue, right?

23       A.   Internal dialogue --

24            MR. GALANEK:  Objection, form.

25            THE WITNESS:  -- within the team --

Case 1:19-cv-04129-AT    Document 174-3    Filed 01/08/25    Page 91 of 260

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 90

1          internal dialogue within the team working on

2          this matter, yes.  To my knowledge --

3    BY MR. MARX:

4          Q.    And --

5          A.    -- he was not a whistleblower at that

6    time.

7          Q.    Okay.  And to your understanding as of

8    December 8 -- excuse me, 2017, what would need to

9    happen, if anything, for Mr. Slawin to be

10   considered a whistleblower?

11              MR. GALANEK:  Objection, form.

12   BY MR. MARX:

13         Q.    You can answer.

14         A.    So either, at the time, when I called him

15   and asked him and interviewed him about his reasons

16   for violating our policies or doing this, did not

17   give any reason or indication that would have been

18   an opportunity to say that he intended to blow the

19   whistle, or maybe make this information aware

20   publicly or with an agency.  And additionally, at

21   the time of termination, a second follow-up

22   discussion with him, while he was being terminated,

23   that could have been another opportunity to make me

24   aware, where if, through some other means, BAMS as

25   a company got notified of a -- of a allegation or

Michael Solan                           July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 91

1    whistleblower complaint.  But to my knowledge, at

2    that time, neither of those three had occurred.

3         Q.    Okay.  So your understanding was that Mr.

4    Slawin would become a whistleblower when he filed a

5    complaint with a regulatory body, like the FCC,

6    correct?

7              MR. GALANEK:  Objection, form,

8         mis-preparation or mischaracterization of

9         testimony.

10   BY MR. MARX:

11        Q.    You can answer.

12        A.    That is one of the ways, yes, one of the

13   ways he could have been a whistleblower.

14        Q.    And it was your understanding --

15        A.    We were not aware of that.  Sorry.  Go

16   ahead.

17        Q.    You were not aware of that at the time;

18   is that right?

19        A.    That's correct.

20        Q.    And it was your understanding, was it

21   not, that if Mr. Slawin was fired before he could

22   go to the FCC, he would not get whistleblower

23   protection; is that right?

24              MR. GALANEK:  Objection, form.

25   BY MR. MARX:

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 92

1        Q.    You can answer.

2        A.    The decision to terminate was based on

3    the facts at the time.

4        Q.    Okay.

5        A.    At the time, we did not believe that he

6    was a whistleblower.  We were not aware of any that

7    he did that.

8        Q.    Okay.  And at the time of termination,

9    you believed that Mr. Slawin was not a

10   whistleblower because he had not filed a complaint

11   with any regulatory body, correct?

12            MR. GALANEK:  Objection, form.

13            THE WITNESS:  Among other ways he could

14        have notified us, correct, I was not aware

15        that he had filed any complaint with any

16        regulatory body at that time.

17   BY MR. MARX:

18       Q.    Look at the second page, if you will, of

19   Exhibit 42.  I'm interested in that first bullet.

20   It says, (as read) Continue to escalate within FD

21   InfoSec to get copies of the exact email/documents

22   he sent to -- he sent ASAP.  Is FD First Data?

23       A.    That is correct.

24       Q.    Okay.  And didn't you already have copies

25   of the emails at that time?

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 93

1      A.    I did have some materials.  I don't know

2  what I was referring to specifically with that

3  bullet.  But yes, at the time, I did have -- I did

4  have some -- some content, yes.

5      Q.    Did you believe that there were more than

6  what you had at the time?

7      A.    I don't -- I don't recall.  Don't recall

8  if the review was still going, if they were still

9  looking for more.  I don't recall.  I put that

10  bullet in there.

11      Q.    So the review wasn't done yet; is that

12  right?

13      A.    I don't recall specifically if we were

14  still trying to get additional documents.

15      Q.    To your understanding, was the review

16  completed at that time when you wrote the Exhibit

17  47?

18      A.    From my knowledge, we had enough

19  information to pull up relevant partners.  I don't

20  recall if there was additional information we were

21  still tracking down at that time.

22      Q.    Okay.  You figured you had enough

23  information.  But let me ask the question, did you

24  figure that your -- your investigation was finished

25  when you wrote this Exhibit 47?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 94

1          A.    Not at all.  We had not yet talked to

2     Mr. Slawin, to my knowledge, so we had much, much

3     more information to gather, specifically from him,

4     on -- on --

5          Q.    Okay.

6          A.    -- why he did that?  So now that was --

7     this was still earlier on in the investigation.

8          Q.    Early, it was early in the investigation;

9     is that what you're saying?

10         A.    Correct.  We had not yet interviewed Mr.

11     Slawin, so we were not that -- we did not complete

12     the review, at this point.

13         Q.    Okay.  So aside from not having had an

14     opportunity to interview Mr. Slawin, it was your

15     understanding that there might other -- be

16     additional data coming from First Data, InfoSec,

17     correct?

18         A.    I do not recall specifically if there

19     were any information that we didn't have, at that

20     point, any documents, I should say.

21         Q.    Well, you -- why did you write, continue

22     to escalate to get copies of the exact emails?

23         A.    Just that -- it may have been the case,

24     but I don't recall specifically if there were

25     additional information that we had not yet received

Page 95

1  yet from InfoSec partners.

2       Q.   Did you think there might be additional

3  information that you had not yet received from

4  InfoSec partners?

5       A.   I don't know specifically if there was

6  information that I didn't think that we had at that

7  point.

8       Q.   Were you in any way coordinating with

9  First Data with respect to this investigation?

10      A.   With the information security teams, yes.

11      Q.   Okay.  Were you in any way coordinated

12 with anyone at First Data, other than the

13 information security team regarding this

14 investigation?

15      A.   No, no.

16      Q.   And so you decided to fire Mr. Slawin

17 before you had all the information; is that a

18 correct statement?

19           MR. GALANEK:  Objection, form.

20           THE WITNESS:  That is not a correct

21      statement.

22           MR. MARX:  Sorry.

23           THE WITNESS:  That is not a correct

24      statement.

25 BY MR. MARX:

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 96

1        Q.   Okay.  And was there other information

2    you thought you might get that you did not have?

3             MR. GALANEK:  Objection, form.

4             THE WITNESS:  So at the time of this

5         email, we were just about to meet with

6         partners to discuss the approach, and I had

7         still to interview Mr. Slawin, so at this

8         point, yes, there was still additional

9         information to gather, including Mr. Slawin's

10        statement about this -- this investigation.

11   BY MR. MARX:

12        Q.   I'm sorry.  Did you say there was or was

13   not more information to gather?

14        A.   At the time of this email, yes, there was

15   more information to gather, including and

16   especially, Mr. Slawin's statement.

17        Q.   Okay.  Did the timing of the decision to

18   fire Mr. Slawin have anything to do with the fact

19   that, to your knowledge, he had not yet filed a

20   complaint for the regulatory body?

21             MR. GALANEK:  Objection, form.

22             THE WITNESS:  No.

23   BY MR. MARX:

24        Q.   Okay.  Now, the fourth bullet heading on

25   page 2 is, (as read) Work was legal to prepare the

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 97

1    cease and desist letter, as well as a legal

2    affidavit to serve as his confirmation that he

3    deleted those records.  You wrote that, right?

4         A.   I did write that, yes.

5         Q.   Why did you write that?

6         A.   That is what we were recommending, and

7    want to discuss with our legal partners, at that

8    time, as far as the next steps.

9         Q.   All right.  So you had no -- I don't want

10   to hear what you spoke to legal with.

11        Why did you want the legal affidavit

12   confirming that he deleted the records?

13             MR. GALANEK:  And here, I'm just going to

14        caution the witness.  You can certainly answer

15        that question based on the time that you wrote

16        this email, your thought processes.  If you

17        have separate thoughts from prior discussions

18        with counsel.  You should not go into any

19        prior discussions you had with counsel, or any

20        subsequent discussions after this letter, or

21        after this email to yourself, all right.

22             THE WITNESS:  Got it.  Thank you.

23             Yes.  So was referring to this legal

24        affidavit, they had -- we had done this

25        before, where in instances where an individual

Case 1:19-cv-04129-AT   Document 174-3   Filed 01/08/25   Page 99 of 260
Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 98

1          had sent information outside of our firewall,

2          we had asked them to sign this affidavit

3          affirming that they have deleted and not sent

4          these documents elsewhere.  That was a prior

5          practice, which is why I brought this up for

6          dialogue with the legal counsel at the time.

7              MR. MARX:  Okay.  We're done with 42, I

8          think.  Okay.  That's 42 (indiscernible) 47.

9   BY MR. MARX:

10         Q.   Did you discuss with anyone, other than

11  counsel, whether Mr. Slawin had any whistleblower

12  protection?

13         A.   No.

14             MR. MARX:   41.

15             (Whereupon, Plaintiff's Exhibit Number 41

16  was marked for identification.)

17  BY MR. MARX:

18         Q.   Okay.  Same drill, Mr. Solan.  I'm going

19  to show you Exhibit 41.  Let me know when you're

20  ready to answer questions.  Shelley will move up

21  and down as you direct.

22             THE WITNESS:  Okay.  You can go ahead and

23         scroll down.  Okay.  Go ahead.  Okay.  Go

24         ahead.  Okay.  Okay.  Go ahead and scroll

25         down.  Okay.  Scroll down.  Okay.  Scroll to

Michael Solan                           July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 99

1       the very top, the first document.  Okay.

2       Thank you.

3           I'm ready to answer any questions on

4       this.

5   BY MR. MARX:

6       Q.   Okay.  Exhibit 41, documents produced by

7   defendant bearing Bates numbers 1328 through 1331,

8   and the first page at the top appears to be an

9   email dated December 8, 2017 at 9:08 a.m. from

10  Robert Galarza?  Have you seen that before?

11      A.   This does look familiar, yes.

12      Q.   I'm sorry.

13      A.   This does look familiar, yes.

14      Q.   Does, okay.  So did you see that top

15  email on or about December 8, 2017?

16      A.   Around then, yes.

17      Q.   Okay.  And who is Erik Cizmadia?

18      A.   I do not know.

19      Q.   Okay.  Who is Ronald Smalley,

20  S-M-A-L-L-E-Y?

21      A.   I don't know.

22      Q.   Okay.  Were you talking with either of

23  those individuals or communicating by email with

24  either of those individuals about Mr. Slawin

25  downloading emails?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 100

1        A.    Not to my knowledge, no.

2        Q.    All right.  Now, the second email down on

3   this first page 1328, is the Bates number.  It's

4   from Robert Galarza, dated the 7th -- 7, 2017, 4:08

5   p.m. to you, right?

6        A.    Yes.

7        Q.    And you received the letter about that

8   time, right?

9        A.    Yes.

10       Q.    Okay.  And I think, and correct me if I'm

11  wrong, the rest of this exhibit lists 10 downloaded

12  emails and has a little information about each one

13  of them; is that correct?

14       A.    Yes.

15       Q.    All right.  Let me ask you a question,

16  because I asked you before about a week when

17  nothing happened, were you waiting for this

18  information?

19       A.    Again, I don't recall specifically

20  between -- I believe it was the first, December 1st

21  and 5th, what if anything was -- was done on this,

22  or for just, we didn't get to this case until that

23  time.  So To my knowledge --

24       Q.    Okay.

25       A.    -- I wasn't waiting for this information

Michael Solan                              July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 101

1   for that long.

2        Q.   They weren't waiting.  Just this is when

3   you received it; is that it?

4        A.   To my knowledge, yes.

5        Q.   Okay.  Did you read this at the time you

6   received it?

7        A.   I did read this email around the time,

8   yes.

9        Q.   Okay.  Did you discuss it with Mr.

10  Kendall?

11       A.   I don't recall it was this specific

12  email, but I did discuss with Mr. Kendall the at

13  least one email with the 10 documents or emails

14  that were -- that were found, yes.

15       Q.   Okay.  So this Exhibit 47 lists 10

16  emails, right?

17       A.   Yes.

18       Q.   And you discussed, you recall, at least

19  one of them with Mr. Kendall; is that a correct

20  statement?

21       A.   Correct, I did --

22       Q.   Okay.

23       A.   -- discuss the 10 emails with Mr.

24  Kendall.

25       Q.   I'm sorry.  Did you discuss all 10?

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 102

1       A.   I did discuss the email, yes, all 10

2  emails with Mr. Kendall, to my knowledge.

3       Q.   Okay.  And that discussion, was that

4  verbal discussion?  Was it by email?

5       A.   It would not have been via email.  I

6  don't recall if it was over the phone or in person,

7  but it was verbal, yes.

8       Q.   Okay.  It was not by instant message?

9       A.   That's correct.  It was not by instant

10  message.

11       Q.   Okay.  So you either spoke to him on the

12  phone or in person, but you don't remember which;

13  is that fair to say?

14       A.   That is correct.

15       Q.   Do you remember that conversation?

16       A.   I do.

17       Q.   Tell me what -- everything you remember

18  about that conversation.

19       A.   Again, what I remember is that in looking

20  through the example emails that were found, Mr.

21  Kendall was aware of them, at least most of them,

22  and was aware that the content of them and topic,

23  and informed me again, that was something he and

24  Eric and others were on a working team, working to

25  review and address.

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 103

1      Q.   And okay.  So then during that

2  conversation, would it be correct to say the issue

3  of PCI noncompliance came up?

4      A.   Yes.

5      Q.   Uh-huh.  And was that raised by Mr.

6  Kendall?

7      A.   I don't recall if I raised it or if he

8  did.  I don't -- I don't recall.

9      Q.   Okay.

10          MR. MARX:  I think we're done with 41.

11     Go to 43.

12          (Whereupon, Plaintiff's Exhibit Number 43

13  was marked for identification.)

14  BY MR. MARX:

15     Q.   I'm going to show you Exhibit 43, a one

16  page document.  Again, let me know when you're

17  ready.

18     A.   Okay.  Yep.

19     Q.   All right.  You ready to answer

20  questions?

21     A.   I am, yes.

22     Q.   Okay.  Thank you.  Okay.  So exhibit 43

23  is a document produced by defendants bearing Bates

24  number 1953, and this is an email that you sent,

25  correct?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 104

1      A.    That's correct.

2      Q.    Okay.  And you sent it to Mr. Kendall on

3  December 7, 2014 at 4:41 p.m., correct?

4      A.    That looks like it, yes.

5      Q.    Okay.  The third paragraph that says, (as

6  read) Let me know what you think of the emails he

7  sent, and if there are any specific questions that

8  you think we should ask him based on the selection

9  of emails he chose.  Do you see that?

10      A.    I do, yes.

11      Q.    Yeah.  Did Mr. Kendall get back to you

12  about that?

13      A.    We had a follow-up conversation about

14  this, yes.

15      Q.    Okay.  Tell me everything you remember

16  about that conversation.

17      A.    That is the conversation I was just

18  referring to, where we talked about the emails.

19  This is me providing him with the emails so he

20  could review them.  And then we had this

21  conversation that I referred to previously with Mr.

22  Kendall, talking through the content of those

23  emails, as well as what his role was, and in other

24  -- other ways, preparing to interview Mr. Slawin

25  about this.

Page 105

1      Q.   Did Mr. Kendall suggest any specific
2   questions for you to ask?
3      A.   We did partner on it, but I don't recall
4   specifically if there -- he gave any specific
5   questions.  We did talk about the approach, yes.
6           MR. MARX:  Done with this.  All right.
7       Exhibit 51.
8           (Whereupon, Plaintiff's Exhibit Number 51
9   was marked for identification.)
10  BY MR. MARX:
11     Q.   We're going to show you Exhibit 51.  I
12  apologize.  The writing is very small.  It's the
13  way we received it.  We'll do the best we can with
14  it?
15          MR. MARX:  Is there a way to get it
16      bigger maybe.
17          THE PARALEGAL:  (Indiscernible.)
18          MR. MARX:  Okay.
19  BY MR. MARX:
20     Q.   All right.  Hold on.  Again, let me know
21  when you're ready to answer questions.
22          THE WITNESS:  Okay.  Ready for the next
23      page.  Okay.  Ready for the next page.  Okay.
24      Got it.  I'm ready to answer any questions on
25      this.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 106

1              MR. MARX:  Okay.  For the record it's
2         Exhibit 51 are documents produced by defendant
3         bearing Bates numbers 9585 through 9588.
4         We've put page 9585 at the end on the
5         document, and the first three pages, it will
6         be a chart.
7    BY MR. MARX:
8         Q.   So the first question I have for you is,
9    have you seen this before?
10        A.   Yes.
11        Q.   Did you prepare this?
12        A.   Yes, I did.
13        Q.   Okay.  All right.  Now, the first three
14   pages, and they're out of order, 9586, 9587, 9588,
15   that appears to be chart format, right?
16        A.   Yes.
17        Q.   Okay.  And did you write these three
18   pages?
19        A.   I did, yes.
20        Q.   Okay.  The last page, did you prepare
21   that as well?
22        A.   The last page, I entered the data that is
23   an output of our -- of our system, but yes, I
24   entered much of that data.
25        Q.   Oh, you entered the data into like a

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 107

1    database; is that right?

2         A.   This was a system that the associate

3    relations team used, yes.

4         Q.   Okay.  So let's start with the first --

5    the first three pages.  When -- when were these

6    entries made?

7         A.   The date is on the left-hand side of each

8    entry.  They were made on different days, as the

9    review progressed.

10        Q.   Okay.  So, for example, on the first

11   page, I see an entry on the left that says

12   12/6/2017.  Was it made on that date?

13        A.   Yes.

14        Q.   And would that be the same throughout

15   that the next entry down, which says 12/7/17 was

16   prepared on 12/7/17?

17        A.   Yes.

18        Q.   And so on.  In other words, where I see a

19   date, where it says note date, that's the date on

20   which the note was prepared?

21        A.   Yes.

22        Q.   Okay.  And that's true throughout this

23   chart, right?

24        A.   It should be, yes.

25        Q.   Okay.  Now, the third entry down dated

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 108

1    December 8, 2017 is redacted.  Do you know whether

2    or not that refers to any conversations with an

3    attorney?

4         A.   I do not recall the specific content of

5    that note.

6         Q.   And then on the third page of the

7    exhibit, 9588, there appears to be, on the date of

8    December 11, 2017, there appears to be another

9    redaction.  Do you know whether that refers to a

10   discussion --

11        A.   I do not.

12        Q.   -- with an attorney?

13        A.   I do not know specifically what is

14   referred to in the redacted --

15        Q.   Okay.

16        A.   -- ones.

17        Q.   Now, so let me understand this.  Did

18   anyone tell you to prepare this document?

19        A.   This was part of my job responsibilities,

20   to document investigations and reviews of cases I

21   was working, so this is part of my daily job

22   responsibilities.

23        Q.   Okay.  So would it be fair to say that

24   whenever you have this kind of an investigation,

25   every day, you document what you've done into your

Michael Solan                              July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 109

1    computer?

2        A.    Correct?  I documented all cases I

3    worked, yes.

4        Q.    Okay.  There's no entry for November 30,

5    2017, right?

6        A.    That is correct.

7        Q.    Okay.  Did you do anything regarding the

8    issue of Mr. Slawin's downloading emails with

9    personal email on November 30, 2017?

10       A.    I do not believe I did, no.

11       Q.    Uh-huh.  Now, this Exhibit 51, this is a

12   record that you would create in the normal course

13   of your business, right?

14       A.    These are normal course of business

15   notes, correct.

16       Q.    Okay.  And in fact, this was done

17   contemporaneously with the events recorded; is that

18   right?

19       A.    This is done throughout the review.  We

20   record notes at the time they happen.

21       Q.    Okay.  Did you discuss any of these

22   issues with anybody other than counsel?

23       A.    Yes, my manager, Maryann De Castro.

24       Q.    Okay.  And when did you do that?

25       A.    I don't recall specific dates, but I did

Page 110

1    have conversations Maryann De Castro about

2    pertinent facts documented in this case.

3        Q.   Okay.  But in terms of this particular

4    document, did you discuss any of these particular

5    entries with Ms. De Castro?

6        A.   Ms. De Castro had access to these, so I

7    don't recall specifically reviewing them, but we

8    did discuss what to document, as far as this case.

9        Q.   Do you have any notes that would refresh

10   your recollection as to whether or not these

11   redacted entries refer to any conversations with

12   counsel?

13       A.   I do not.

14       Q.   And if you were to look at the unredacted

15   portion of Exhibit 51, would that refresh your

16   recollection as to whether or not any of these

17   redacted portions referred to conversations with

18   counsel?

19       A.   I'm sorry.  Could you say that question

20   again?

21       Q.   Yeah.  If you were to look at an

22   unredacted version of Exhibit 51, would that

23   refresh your recollection as to whether or not any

24   of these redacted portions referred to any

25   communication with an attorney?

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 111

1        A.   It might.  I don't know for sure.

2        Q.   Uh-huh.  All right.  Is it fair to say

3   that everything that's written here where it says,

4   no details, you wrote?

5        A.   Sorry.  It cut out there for a second.

6   You're saying -- you said --

7        Q.   Yeah.

8        A.   (Indiscernible.)

9        Q.   Okay.  The three pages with the chart --

10       A.   Yeah.

11       Q.   -- the body where it says, note details,

12  with this very small print.  Is it fair to say that

13  all these three pages, the note details, is what

14  you wrote?

15       A.   Yes.

16       Q.   And is everything in there, to your

17  understanding, true and accurate?

18       A.   Yes.

19       Q.   Okay.  Who decided to fire Mr. Slawin?

20       A.   I made the recommendation.  The decision

21  was made by several leaders.

22       Q.   By whom?

23       A.   It would have been a decision with, in

24  joint with our legal counsel at the time, as well

25  as my boss, Maryann De Castro.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 112

1        Q.    What about Mr. Kendall?

2        A.    When it comes to policy violations, HR

3    was really the final decision maker on termination,

4    not -- not an individual's manager.

5        Q.    All right.  And why was Mr. Slawin fired?

6        A.    Mr. Slawin was fired for multiple policy

7    violations, as well as complete loss of trust and

8    confidence that he could continue in his role to

9    access the kind of information needed to perform

10   the role.

11       Q.    Now, if you look at the second page of

12   the exhibit, 9587, is the Bates number, the box

13   with date -- excuse me, of 12/8 -- well, there are

14   more than one.

15       The second box up from the bottom, where it

16   says under -- well, that notes details column,

17   which is not actually printed on this last page, it

18   says (as read) Summary of policies Eric violated.

19   Do you see that?

20       A.    I do see that note, yes.

21       Q.    Okay.  Eric is Eric Slawin, right?

22       A.    That is correct.

23       Q.    Yeah.  Okay.  So and you wrote this,

24   right?

25       A.    I did.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 113

1       Q.    Okay.  And these are the reasons, to your

2    understanding, as to why Mr. Slawin was fired; is

3    that right?

4       A.    Yes.  Like I said, that is part of it.

5    Part is the policy violation, multiple policy

6    violations.  The other part was, again, the loss of

7    trust and confidence in his role --

8       Q.    The policy violations -- excuse me, I'm

9    sorry.  I thought you were done.  The policy

10   violations, those are the ones listed here on this

11   --

12      A.    Those are --

13      Q.    -- on page --

14      A.    -- the policies he violated, yes.

15      Q.    I'm sorry.  Second page of Exhibit 51; is

16   that correct?

17      A.    That is correct.  Those are the policies

18   that he had violated.

19      Q.    Okay.  Are there any policies, to your

20   understanding, that Mr. Slawin violated that are

21   not listed here?

22      A.    Not to my knowledge, no.

23      Q.    And what do you mean by loss of trust and

24   confidence?

25      A.    I mean, that as part of his job in

Michael Solan                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 114

1    remediating issues and working on this matter, we

2    would need to trust that he would be able to keep

3    BAMS sensitive and confidential information exactly

4    that, within -- within our firewalls and within

5    internal dialogue.

6        Q.    The loss of trust and -- sorry, the trust

7    or confidence, or trust and confidence?

8        A.    It's a loss of trust that he can do his

9    job, the loss of confidence that he would be able

10    to continue to do his job.

11        Q.    Okay.  Well, was the loss of trust or

12    confidence connected with the fact that he had

13    downloaded emails to his personal email concerning

14    PCI noncompliance?

15        A.    That is correct.

16        Q.    So to your understanding, was the loss of

17    trust and or confidence related to the concern that

18    he might disclose information regarding PCI

19    noncompliance by BAMS?

20        A.    Yes, among broader concerns around

21    visibility to confidential -- this broader work

22    that he was working, yes.

23            MR. MARX:  I don't know how long we've

24        been going, but I'm about to go into an area

25        which may take a little bit of time.  So I

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 115

1       wonder if we want to take a little break with
2       a lunch break or something.  How long have we
3       been going?  I don't know.
4            MR. GALANEK:  We've gone about another
5       hour and a half.  Robert, I mean, how long do
6       you think you have left, and I'm not going to
7       hold you to it, but if we've got four hours
8       left, yeah, we probably have to take a lunch
9       break.  If you think you've got an hour left,
10      we probably need to take just a bathroom
11      break.
12           MR. MARX:  Oh, more than an hour.  I
13      don't think I got four, but I know I got more
14      than an hour, so I think maybe we'll take a
15      short lunch break.
16           MR. GALANEK:  That's -- that's fine.
17      Want to try to be back at 1:35?  Does that
18      work for everybody?  Does that give you enough
19      time, Mike?
20           MR. MARX:  Can we do 1:40?
21           MR. GALANEK:  That's fine.  Mike, is that
22      okay with you?
23           THE WITNESS:  Works for me.
24           MR. MARX:  Thank you.
25           MR. GALANEK:  Take a break until 1:40.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 116

1      Thank you.

2            THE VIDEOGRAPHER:  The time is -- the

3      time is 1:00 p.m.  We are off video record.

4            (Whereupon, after a lunch recess was

5      taken, the proceeding resumed.)

6            THE VIDEOGRAPHER:  The time is 1:42 p.m.

7      We are back on video record.

8  BY MR. MARX:

9      Q.   I'd like to go back to Exhibit 42.  Mr.

10  Solan, I would like to go back to -- we're going to

11  show you Exhibit 42 again.

12     A.   Okay.

13     Q.   All right.  So this is a two-page

14  document.  Tell me again when you're ready to

15  answer questions, and Shelley will move it around

16  as you wish.

17     A.   I remember it.  I'm ready to answer

18  questions.

19     Q.   Okay.  This is Exhibit 42 bearing Bates

20  numbers 8367 to 68.  It's your email dated December

21  7, 2017 at 12:34 a.m. to Maryann De Castro.  And I

22  believe, you testified -- correct me if I'm wrong,

23  that you prepared this for a meeting?

24     A.   Correct.

25     Q.   Okay.  And when was that meeting?

Michael Solan                                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 117

1          A.   I don't know -- remember, but it looks

2     like it was scheduled for that -- that day on

3     Thursday, 12/7.

4          Q.   Thursday, December 7, 2017?

5          A.   That's what the email alludes to.  I

6     don't recall that, but that's -- that's what it

7     looks like.

8          Q.   Okay.  And do you know what time of day

9     that email -- that meeting was held?

10         A.   Do not know the exact time of day that --

11         Q.   Was it --

12         A.   -- meeting was held, no.

13         Q.   Was it morning or afternoon, do you know?

14         A.   I do not know.

15         Q.   Do you know who was at the meeting?

16         A.   At least my boss, Maryann De Castro.  I

17    do not recall if there were others on that

18    particular call.

19         Q.   It was a call?

20         A.   That's correct.

21         Q.   Okay.  Was Mr. Kendall on the call?

22         A.   I don't recall if there are any others on

23    that call.

24         Q.   Okay.  So your email, that first

25    paragraph ends with your sentence, (as read) Let's

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 118

1    discuss next steps tomorrow morning.  Do you see

2    that?

3         A.    I do, yes.

4         Q.    Does that, in any way, refresh your

5    recollection as to when that meeting was?

6         A.    As I said, the email indicates that it

7    was that coming morning on the 12/7.  I don't

8    recall that, but it sounds right that that was the

9    next morning.

10        Q.    And you recall that it was a phone call

11   with at least you and Ms. De Castro on the phone?

12        A.    That's correct.

13        Q.    Okay.  Now -- excuse me.  And can you

14   tell me what you said to Ms. De Castro and what she

15   said to you during that meeting?

16        A.    Sure.  I mean, at a high level, we

17   reviewed the pertinent facts of this case, as

18   outlined in this email.  We talked about the

19   appropriate next steps, and if I recall, the next

20   steps that my -- Maryann De Castro and I

21   recommended was that we were to then engage our

22   legal counsel to discuss the situation and --

23             MR. GALANEK:  Yeah -- don't -- stop,

24        stop, stop, stop --

25             THE WITNESS:  -- to discuss the --

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 119

1          MR. GALANEK:  Don't -- don't.

2          MR. MARX:  No, no.  I didn't -- I always

3      tell my clients not to back into the privilege

4      end.

5          THE WITNESS:  Yep.

6          MR. MARX:  It's all right.

7  BY MR. MARX:

8      Q.   Let me ask you this question.  That

9  meeting that you had -- I'm sorry, that telephone

10 call with Ms. De Castro was on December 7, 2017,

11 correct?

12     A.   That appears so, yes.

13     Q.   Is that listed on your chart, Exhibit 51.

14         MR. MARX:  Yeah, show him 51.  Yeah, take

15     -- take 42 off, and we're going to put back

16     the share screen for 51, so I'll wait on the

17     answer.

18         THE WITNESS:  I don't believe this

19     specific call with my manager was -- was

20     notated.

21 BY MR. MARX:

22     Q.   Okay.  So there was -- so this call that

23 you referred to with Maryann De Castro, for which

24 you had prepared this memo, Exhibit 42, that's not

25 listed in your -- your chart, Exhibit 51, correct?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 120

1          A.    It appears so, correct.

2          Q.    Okay.  Now, during that first call with

3    Ms. De Castro, did you relate to her any

4    recommendation by yourself or Mr. Kendall or anyone

5    else?

6          A.    I did relay the recommendation that we

7    engage our legal partners at that time.

8          Q.    Okay.  Did you make any recommendation,

9    at that time, as to whether or not Mr. Slawin

10   should be terminated?

11         A.    I did not.

12         Q.    Okay.  Okay.  So then let's go back to

13   Exhibit 50 -- well, we're on 51, and I'd like to go

14   to -- let's go to the second page of Exhibit 51,

15   and I want to refer to the entry, which is third

16   box up on page 9587.  It's dated at 12/8 -- 7/2017,

17   and it begins with after the interview ended.  And

18   I'm going to ask questions about that box, so if

19   you want to take a look at it, let me know when

20   you're ready.

21         A.    Okay.  I don't -- I'm ready.

22         Q.    Okay.  So after -- this was after the

23   interview by telephone, right, with Mr. Slawin,

24   correct?

25         A.    Yes, this note would have been after that

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 121

1   conversation, yes.

2        Q.   Which occurred on December 8, 2017,

3   right?

4        A.   It appears so, yes.

5        Q.   Okay.  And did you speak to Ms. De Castro

6   after that interview about this issue?

7        A.   Yes.

8        Q.   Okay.

9        A.   Yes.

10       Q.   So the did you speak in person, by

11   telephone?

12       A.   From what I recall, there was a telephone

13   conversation involving the partners listed after

14   this -- after the interview --

15       Q.   Okay.

16       A.   -- the phone call.

17       Q.   So you're referring to, when you say

18   partners listed, you're referring to various

19   individuals, which is one, two, three, four, looks

20   like starting five lines down, refers to Mark

21   Kendall, Maryann De Castro, Meg Troughton and Lori

22   Orrico; is that right?

23       A.   To the best of my knowledge, yes.

24       Q.   Okay.  And but that's -- that's who you

25   were referring to in your answer, when you say

Michael Solan                              July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 122

1   partners involved?

2        A.   Yes, that is who I'm referring to, yes.

3        Q.   Okay.  So among those people, including

4   yourself, who made the decision to fire Mr. Slawin?

5             MR. GALANEK:  Objection, form,

6        foundation.

7             THE WITNESS:  The decision would have

8        been made by Maryann De Castro, partnership

9        with our legal counsel.

10  BY MR. MARX:

11       Q.   So to your understanding, who made -- who

12  was the ultimate decision maker who made the

13  decision to fire Mr. Slawin?

14            MR. GALANEK:  Objection, form.  Thank

15       you.  Go ahead.

16  BY MR. MARX:

17       Q.   You can answer.

18       A.   As I just -- as I just stated, that was

19  Maryann De Castro, the ultimate decision-maker,

20  based on guidance from legal counsel.

21       Q.   Okay.  Do you have an understanding as to

22  why Ms. De Castro made that decision?

23       A.   I do.

24       Q.   And what is that understanding?

25       A.   (Indiscernible) based on --

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 123

 1          (Cross-talk)
 2          MR. GALANEK:  Hold on.  Mike, wait, hold
 3      on.  I'm fine with you answering that
 4      question, unless that question is well, legal
 5      counsel told her X, Y, and Z.  You should not
 6      disclose, or you shouldn't respond if your
 7      understanding is based on communications with
 8      legal counsel.  If it's based on anything else
 9      you have -- I'm happy to have you respond, you
10      understand?
11          THE WITNESS:  Yeah, I do.
12          It was -- it was based on my
13      recommendation to terminate and based on the
14      findings of the review.
15  BY MR. MARX:
16      Q.   For the reasons we've discussed before;
17  is that it?
18      A.   That's correct.
19      Q.   And you made that recommendation; is that
20  right?
21      A.   That's correct.
22      Q.   Did Mr. Kendall make that recommendation
23  as well?
24      A.   It wasn't his role to make the
25  recommendation.  He was supportive of the decision.

Michael Solan                           July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

                                          Page 124

1   He was one of the stakeholders we discussed, but it

2   was my recommendation.

3        Q.   So this conversation -- I'm sorry, let's

4   back up.  This reference to a decision being made

5   by these individuals, was that through a telephone

6   conversation?

7        A.   From what I recall, it was a telephone

8   conversation.

9        Q.   And to your understanding, the reason for

10  the decision was the possible reputational damage

11  to BAMS if merchants made aware that BAMS was not

12  PCI compliant; is that correct?

13            MR. GALANEK:  Objection, form.

14  BY MR. MARX:

15       Q.   You can answer.

16       A.   No.  As stated earlier, that the reason

17  for termination was both the policy violation, as

18  well as our loss in trust and confidence that he

19  could continue in his role.

20       Q.   And the loss of trust -- I'm sorry.  I

21  apologize.  I thought you were done.

22       The loss of trust and confidence had to do

23  with the concern that Mr. Slawin might disclose to

24  merchants the fact that BAMS was not PCI compliant,

25  correct?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 125

1      A.    Correct.  He was --

2            MR. GALANEK:  Objection, form.

3            THE WITNESS:  -- part of this -- correct,

4      to perform his role (indiscernible) organized

5      effort as business to address the issues, have

6      a communication plan, and he -- so we had no

7      confidence that he would be able to continue

8      in that role and --

9  BY MR. MARX:

10     Q.    So it was --

11     A.    -- maintain confidentiality.

12     Q.    So it was part of that issue, right?

13           MR. GALANEK:  Objection, form.

14           THE WITNESS:  Related to that issue.

15  BY MR. MARX:

16     Q.    And this phone call was after you spoke

17  to Mr. Slawin when you and Mr. Kendall, right?

18     A.    Yes.

19     Q.    By the way, Mr. Kendall, when you spoke

20  to Mr. Slawin, was Mr. Kendall physically present

21  in your office?

22     A.    I don't recall.

23     Q.    Well, let me ask you this question.  If

24  you look at the top box on this same page, 9587, it

25  seems to say on the first line that Mr. Kendall was

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 126

1   on the phone.  Does that --

2        A.   Yes --

3        Q.   -- refresh your recollection?

4        A.   Yes, you asked if he was present in the

5   office.  I don't recall if he was present in my

6   office.  I know he was on the phone with me during

7   that conversation.

8        Q.   Oh, he might have been in your office and

9   on the phone; is that it?

10       A.   I don't know if he was in the office with

11  me at the time of the call, but I know he was on

12  the phone with me at the time of the call, if that

13  makes sense.

14       Q.   Whatever you say.  I'm listening.  I'm

15  trying to get to the bottom of it.  So he was on

16  the phone, but you don't remember if he was in your

17  office; is that a correct statement?

18       A.   That is a correct statement.

19       Q.   Okay.  And now, the phone call after the

20  interview between you and these other individuals,

21  Lori Orrico -- is that how you pronounce her name?

22       A.   Yes.

23       Q.   She's, and you have in parentheses,

24  H-R-B-P, what is that?

25       A.   HR business partner.

Page 127

1     Q.    Okay.  And was Lori Orrico -- that's a

2  woman, I presume?

3     A.    That's a woman, yes.

4     Q.    Yeah.  Is she -- was she with BAMS?

5     A.    Yes.

6     Q.    All right.  She was not with First Data?

7     A.    Correct.  She was with BAMS.

8     Q.    Okay.  So that phone call with these

9  individuals, yourself, Mr. Kendall, Ms. De Castro

10  and so on, when was that phone call?

11     A.    To the best of my knowledge, and based on

12  the records here, that would have been on 12/8.

13     Q.    In the afternoon.

14     A.    I don't recall the time of day.

15     Q.    Uh-huh.  Now, that was a Friday, right?

16     A.    Don't know the day of the week that that

17  was.

18     Q.    Uh-huh.  So why didn't you fire him on

19  that day?

20     A.    I don't recall.

21     Q.    All right.  Okay.  Yeah.  Let me ask you

22  this question, see if this refreshes your

23  recollection.  That top box that you wrote where

24  Mr. Kendall was on the phone.  It does say Friday,

25  December 8, 2017.  Does that refresh your

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 128

1   recollection as to what day that was?

2        A.   That appears -- that appears to be a

3   Friday then.

4        Q.   Yeah.  And the -- so if that were a

5   Friday, the next working day would have been

6   Monday, December 11, right?

7        A.   That is correct.

8        Q.   You didn't fire him on that day either,

9   right?

10       A.   I don't recall the specific date of his

11   termination.

12       Q.   Okay.  Look at the next page on Exhibit

13   51, which has Bates numbers 9588, second box down,

14   refers to Tuesday, December 12, 2017.  And it says

15   Eric Slawin verbally informed of the termination

16   decision.  See that?

17       A.   I do see that, yes.

18       Q.   Does that refresh your recollection as to

19   when he was fired?

20       A.   That does refresh my recollection of when

21   we notified him of the decision, yes.

22       Q.   Of December 12, 2017, right?

23       A.   It look -- it looks like we notified him

24   on the 12th, yes.

25       Q.   You did not notify Mr. Slawin that he was

Page 129

1    fired on December 11, 2017, correct?

2         A.    Re-read back my notes.  It appears that

3    we did not notify him on the 11th.  We notified him

4    on the 12th.

5         Q.    Uh-huh.  Okay.  And in fact, the

6    termination letter is dated December 12th, isn't

7    it?

8         A.    I do not know that.  I don't know.

9              MR. MARX:  All right.  That's 47?

10              THE PARALEGAL:  Uh-huh.

11              MR. MARX:  Let's show the witness.

12              (Whereupon, Plaintiff's Exhibit Number 45

13    was marked for identification.)

14    BY MR. MARX:

15         Q.    Again, we're going to show you Exhibit

16    45, and Shelley will move the screen up and down.

17    Let me know when you're ready for questions.

18              THE WITNESS:  Okay.  Okay.  I'm ready

19         --Yeah, that's the second page.  Okay.  I'm

20         ready to answer questions on this.

21    BY MR. MARX:

22         Q.    Okay.  In fact, this is a letter from

23    you, right to Mr. Slawin, correct?

24         A.    Yes.

25         Q.    And did you write this letter?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 130

1        A.    In partnership with others, yes.

2        Q.    Okay.

3             MR. MARX:  And for the record, Exhibit 45

4        produced by defendants as BAMS, Bates number

5        is 1287 to 88.

6   BY MR. MARX:

7        Q.    And this is dated December 12, 2017,

8   right?

9        A.    This is dated December 12, 2017, yes.

10       Q.    Okay.  And does this -- and this is your

11  letter, correct?

12       A.    Yes, this was, I helped draft this

13  letter, yes.

14       Q.    By the way, is there a version of it, to

15  your understanding, which has a signature on it

16  from you?

17       A.    I don't recall specifically if I signed

18  and sent him a PDF instead of a word.  I don't

19  recall.

20       Q.    And this was sent to Mr. Slawin on

21  December 12th by email, correct?

22       A.    I don't recall if this was mailed or

23  emailed.

24       Q.    Okay.

25             MR. MARX:  Let's show the witness Exhibit

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 131

1      50, 5-0.

2           (Whereupon, Plaintiff's Exhibit Number 50

3      was marked for identification.)

4      BY MR. MARX:

5           Q.    Again, let us -- you know, Shelley will

6      move it around and let me know when you're ready.

7                THE WITNESS:  Okay.  Scroll down, please.

8           Okay.  I'm ready to answer your questions on

9           this.

10               MR. MARX:  Okay.  For the record, Exhibit

11          50 documents produced by defendant bearing

12          Bates numbers 1510 to 11.  Excuse me.

13     BY MR. MARX:

14          Q.    These are emails that you sent Mr.

15     Slawin, correct?

16          A.    Yes.

17          Q.    And I'm focused on the second one down on

18     the first page, which is dated the seventh --

19     excuse me, December 17, 2017 at 11:46 p.m.  Oh, no,

20     it's from Eric.  I'm sorry.

21          Let's go down one more.  It says on Tuesday,

22     December 12, 2017 2:05 p.m. Mike Solan to Eric

23     Slawin; you see that?

24          A.    I do, yes.

25          Q.    Okay.  And that's the email at which you

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 132

1  forwarded him the termination letter by email,

2  correct?

3        A.    It appears so, yes.

4        Q.    All right.  Any reason to doubt that?

5        A.    Nope.

6        Q.    Okay.  So Mr. Slawin was fired on

7  December 12, 2017, correct?

8        A.    To my knowledge, that's correct.

9              MR. GALANEK:  Objection, form.

10             THE WITNESS:  That's when we -- that's

11        when we were able to notify him of his

12        termination.

13  BY MR. MARX:

14       Q.    What do you mean, were able?

15       A.    To my knowledge, we were trying to get in

16  touch with him, and this is December 12th is when

17  we were able to finally notify him of his

18  termination.

19       Q.    You had Mr. Slawin's email, correct?

20       A.    Say it one more time.

21       Q.    You were aware of Mr. Slawin's email;

22  isn't that right?

23       A.    Which email are you referring to?

24       Q.    Well, let's -- let's revise the question.

25             This email here that says on Tuesday, December

Page 133

1    12, 2017, 2:05 p.m.  That was sent to Mr. Slawin by

2    email, correct?

3         A.    That was sent to him via email, yes.

4         Q.    To what email?

5         A.    To, it appears his personal email

6    address.

7         Q.    All right.  So in fact, you had that

8    because the whole issue was about him downloading

9    documents to his personal email, right?

10             MR. GALANEK:  Objection, form.

11             THE WITNESS:  Yes, we did have his

12        personal email address.

13   BY MR. MARX:

14        Q.    You had that all along, right?

15             MR. GALANEK:  Objection, form.

16             THE WITNESS:  Yes, to my knowledge, we

17        were aware of his personal email address.

18   BY MR. MARX:

19        Q.    But at least since November 30, 2017 you

20   were aware of Mr. Slawin's personal email, correct?

21        A.    Since what date?  I'm sorry.

22        Q.    November 30, 2017?

23        A.    Yes, I was aware of his personal email

24   address.

25        Q.    So and in fact, the termination letter

Michael Solan                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 134

1   was sent to Mr. Slawin by email, correct?

2        A.   Yes.

3        Q.   And it could have been sent on December

4   11, 2017, correct?

5        A.   We typically notify individuals of

6   termination verbally before sending any -- anything

7   in writing.  That was our typical practice, which

8   is why we try to get in touch with them over the

9   phone before --

10       Q.   Okay.

11       A.   -- sending him a termination letter.

12       Q.   But in terms of what you were able to do,

13  you were able --

14       A.   It was --

15       Q.   BAMS was able, could have fired Mr.

16  Slawin on December 11th by email, correct?

17            MR. GALANEK:  Objection, form.

18            THE WITNESS:  Yes.

19  BY MR. MARX:

20       Q.   Okay.  And in terms of what BAMS was able

21  to do, it could have fired Mr. Slawin by email on

22  December 8th, correct?

23       A.   Yes.

24            MR. MARX:  Now, let's go back for a

25       minute to Exhibit 42.  Shelley take -- we're

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 135

1      done with 50 for the moment?  Let's go back to

2      42.

3  BY MR. MARX:

4      Q.   And we've seen this before.  We'll move

5  it around certainly.  I'm going to be asking you

6  about that portion.

7           MR. MARX:  If you move it down, Shelley,

8      to where it says risk summary.

9  BY MR. MARX:

10      Q.   Let me know when you're ready to answer

11  questions.

12      A.   I'm ready to answer questions.

13      Q.   Okay.  First question, that portion of

14  the document is Exhibit 42, where it says, risk

15  summary, did you write that?

16      A.   I did write that, yes.

17      Q.   Okay.  And the second sentence of that

18  paragraph says, (as read) In addition to extensive

19  reputational damage, Joe Moll had also shared a

20  scenario with a company that did not take adequate

21  steps to protect customer data and Visa and Amex

22  dropped the processor with the issue.

23      Do see that?

24      A.   I do see that, yes.

25      Q.   And why did you write that?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 136

1        A.    To add additional context to the risks

2    associated with this matter.

3        Q.    And the context was in the context of the

4    fact of BAMS not being PCI compliant becoming aware

5    of by one or more merchants, correct?

6            MR. GALANEK:   Objection, form.

7            THE WITNESS:   Reputational damage, yes.

8        From clients being, merchants being made

9        aware, yes.

10        Q.    And Visa and Amex, were they merchants

11    that were clients of BAMS, to your knowledge?

12        A.    I'm not familiar with the exact --

13        Q.    Okay.

14        A.    -- connections -- connections.

15            MR. MARX:   Under 48.   Again, we're going

16        to go through 48. (Indiscernible).

17            (Whereupon, Plaintiff's Exhibit Number 48

18    was marked for identification.)

19    BY MR. MARX:

20        Q.    I'm particularly interested in the body

21    on the first page of the exhibit, but take whatever

22    time you need to go through the whole exhibit and

23    let me know when you're ready to answer questions.

24            THE WITNESS:   Can you scroll down.   Okay.

25        Can you scroll down, please.   Can you scroll

Michael Solan                        July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

                                        Page 137

1       down a bit?  Keep scrolling a little bit more.

2       Can you please scroll down a little bit more?

3       Can you scroll down a little bit.  Okay, can

4       you scroll down?  Can you scroll down, please?

5       Keep going.  Okay.  Can you scroll down a

6       little bit further?  And keep going, last

7       page.  Okay.  Can you can scroll down?

8           Okay.  Yes, I'm ready to answer questions

9       on this.

10  BY MR. MARX:

11      Q.   You ready?

12      A.   (Nods head up and down.)

13          MR. MARX:  Okay.  So for the record,

14      Exhibit 48 are documents produced by

15      defendant, bearing BAMS Bates numbers 180

16      through 189 and number 1809 -- 1-8-0-9.

17  BY MR. MARX:

18      Q.   This is a series of emails between you

19  and Mr. Slawin, correct?

20      A.   Yes.

21      Q.   Okay.  Now, I did say I was going to be

22  focusing on that one on the first page, but I

23  actually going to start with something on page 3,

24  so if you need more time, please be sure to let me

25  know.  I'd like to talk about the email that begins

Michael Solan                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 138

1   on page -- the third page, BAMS 182.  Goes on to

2   the next page 183, and it's dated December 8, 2017

3   at 4:20 p.m.  Let me know when you're ready to

4   answer questions.

5        A.    Yes, I'm ready.

6        Q.    Okay.  So this is an email that you sent

7   to Mr. Slawin at the time indicated, correct, 4:20

8   p.m. on December 8, 2017, correct?

9        A.    That appears correct, yes.

10       Q.    And this was after the phone call with

11  him, right?

12       A.    Correct.

13       Q.    Okay.  Now, after the phone call with Mr.

14  Slawin, you testified that you had this telephone

15  conversation among these individuals, yourself, Ms.

16  Orrico, Ms. Troughton, Mr. Kendall, Ms. De Castro.

17  Was that telephone conversation before or after you

18  sent this email to Mr. Slawin at 4:20 p.m.?

19       A.    That would have been before this

20  conversation.

21       Q.    Before?

22       A.    Correct.

23       Q.    Okay.  So at the time that you sent this

24  email on December 8, 2017 at 4:20 p.m. to Mr.

25  Slawin, the decision had already been made to fire

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 139

1    him, correct?

2         A.    Sorry.  Can you say that again?

3         Q.    Yeah, sure.  At the time you sent this

4    email to Mr. Slawin at 4:20 p.m. on December 8,

5    2017, the decision -- the decision had already been

6    made to fire him, correct?

7         A.    No, I take that back.  No, it was not.

8    No, the decision was not made to terminate him at

9    this time.

10        Q.    Okay.  So was the decision made on

11   December 8, 2017 or not?

12        A.    Yes.  I believe the decision was made on

13   December 8th.  Now that I'm recalling, I believe

14   that the conversation with the partners may have

15   occurred after sending him this email.  This might

16   have been a prepared response after the -- after

17   the interview with him.

18        Q.    All right.  And so in other words, are

19   you -- is your testimony then that the partners --

20   I'm sorry, that's --

21            MR. MARX:  Strike that.

22   BY MR. MARX:

23        Q.    Are you testifying at the conference of

24   who you've described as the partners, this Ms. De

25   Castro and others, that that conversation took

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 140

1    place after 4:20 p.m. on December 8, 2017?

2          A.    It may have been after this conversation

3    after 4:20 p.m., yes.

4          Q.    Okay.  But you're sure it was after you

5    sent this email out on 4:20 p.m. -- at 4:20 p.m.;

6    is that correct?

7          A.    It's likely.  I'm not sure.  It's likely.

8          Q.    Oh, you're not sure.  So is it possible

9    that this email was sent out to Mr. Slawin after

10   the decision had been made to fire him?

11              MR. GALANEK:  Objection, form.

12              THE WITNESS:  It's unlikely, but --

13   BY MR. MARX:

14         Q.    But you can't remember?

15         A.    -- it's possible.

16         Q.    It's possible; is that right?

17              MR. GALANEK:  Objection, form.

18              THE WITNESS:  It's unlike, but it's

19         possible.  I don't recall the exact timing of

20         the follow-up conversation with the partners

21         on Friday the 8th.

22   BY MR. MARX:

23         Q.    Okay.  But in any event, this email that

24   you sent to Mr. Slawin on December 8, 2017 at 4:20

25   p.m. does not advise him that he'd been terminated,

Veritext Legal Solutions

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 141

1    correct?

2          A.    This email does not advise him he --

3          Q.    Okay.

4          A.    -- was terminated, no.

5          Q.    And you didn't send him an email advising

6    him that he'd been terminated on December 11, 2017,

7    correct?

8          A.    Correct.  Our email exchanges were to

9    make contact, but I did not notify him via email of

10   his termination, no.

11         Q.    Okay.  So let me go back to my earlier

12   question about this meeting.  And I understand you

13   don't remember whether it was before or after your

14   4:20 p.m. email to Mr. Slawin, but was the meeting

15   with these other people, who you call the partners,

16   Ms. De Castro and others, was that on December 8,

17   2017?

18         A.    Yes, it would have been on December 8th.

19   I just don't recall this specific time.

20         Q.    But it was on December 8, 2017, correct?

21         A.    That's correct.

22         Q.    And that's when the decision was made to

23   fire Mr. Slawin, correct?

24         A.    That is correct, after his interview.

25         Q.    All right.  Okay.  Now, I'd like to go to

Michael Solan                                      July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 142

1    the first page of Exhibit 48, the top email there.

2    And that's an email from Mr. Slawin to you, dated

3    December 11, 2017 at 3:43 p.m., correct?

4         A.    It appears so, yes.

5         Q.    Any question to doubt that -- any reason

6    to doubt that?

7         A.    No reason to doubt it, no.

8         Q.    Uh-huh.  And you received it at the time

9    indicated 3:43 p.m. on December 11, 2017, correct?

10        A.    It appears so, yes.

11        Q.    Uh-huh.  Any reason to question that?

12        A.    No.

13        Q.    Okay.  So did you read it when you got

14   it?

15        A.    I have read this, yes.

16        Q.    Did you read it when you got it?

17        A.    Oh, yes.  Did I read the email, yes, on

18   or around this date and time I did --

19        Q.    All right.

20        A.    -- read this email.

21        Q.    And this is where Mr. Slawin tells you

22   he's not going to complete the declaration or sign

23   the declaration that you asked him to sign,

24   correct?

25        A.    Yes, correct.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 143

1      Q.   And he refers, in at least three places,

2   to withholding information.  Do you see that?

3      A.   I do see the three references to

4   withholding, yes.

5      Q.   Okay.  What was he referring to, do you

6   know?

7           MR. GALANEK:  Objection, form.

8           THE WITNESS:  To my knowledge, he was

9       refusing to affirm that he had permanently

10      deleted and destroyed and not shared this

11      information.

12  BY MR. MARX:

13     Q.   Well, did you ask him what withholding

14  information or withheld information he was

15  referring to in this email?

16     A.   I do not recall specifically asking him

17  what information he's saying he withheld.

18     Q.   So you didn't do that, correct?

19          MR. GALANEK:  Objection, form.

20          THE WITNESS:  No.  My next conversation

21      with him was notifying him of his termination.

22  BY MR. MARX:

23     Q.   Well, I mean, you could have sent him an

24  email at 3:45 saying, what are you talking about

25  withholding information?  I don't understand, but

Page 144

1   you didn't do that, correct?

2          MR. GALANEK:  Objection, form.

3   BY MR. MARX:

4       Q.   You can answer.

5       A.   That's correct.  I responded --

6          MR. GALANEK:  Same objection.

7          THE WITNESS:  -- continue -- I responded,

8       continuing to try to coordinate a time to talk

9       to him, to notify him of his termination.

10      Yes, I did not respond, as you just suggested.

11  BY MR. MARX:

12      Q.   Now, when he refers to here, one, two,

13  three, four, five, six lines from the bottom of

14  that paragraph, he says (as read) Refers to

15  information withheld that could damage the

16  counter-parties of Bank of America Merchant

17  Services, Inc., do you see that?

18      A.   I do see that, yes.

19      Q.   And was he referring to Merchants that --

20          MR. GALANEK:  Objection, form.

21  BY MR. MARX:

22      Q.   -- BAMS was servicing?

23          MR. GALANEK:  Objection, form.

24          THE WITNESS:  I don't know what -- what

25      specifically he was referring to.  I did not

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 145

1      ask him.

2   BY MR. MARX:

3      Q.   Did you ask him?

4           MR. GALANEK:  Objection, form.

5      A.   I did not ask him --

6           THE WITNESS:

7           MR. MARX:  What's the basis of that

8      objection, Mr. Galanek?

9           MR. GALANEK:  He literally just said in

10     the last sentence of his last response that he

11     didn't ask.  So it is effectively, an

12     irrelevant and harassing question.  That's the

13     basis for my form objection.

14          MR. MARX:  Nothing irrelevant about this.

15  BY MR. MARX:

16     Q.   So did you have a concern after reading

17  this email from Mr. Slawin that, at least in his

18  mind, somebody was wrongfully withholding

19  information from BAMS' clients?

20          MR. GALANEK:  Objection, form.

21     A.   I provided his information to legal

22  counsel.  This was my role, at this point, was to

23  notify him of his termination.  I was trying --

24     Q.   How about you answer my question.  Did

25  you have a concern when reading this, that Mr.

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 146

1    Slawin was communicating to you that somebody at

2    BAMS was withholding information wrongfully from

3    their clients, yes or no?

4            MR. GALANEK:  Objection, form.

5            THE WITNESS:  I personally did not have

6        that concern, no.

7    BY MR. MARX:

8        Q.   Okay.  And if somebody at BAMS was

9    withholding information improperly from their

10   clients, that would be a breach of the code of

11   ethics, wouldn't it?

12           MR. GALANEK:  Objection, form.

13           THE WITNESS:  It depends what

14       information.

15   BY MR. MARX:

16       Q.   Okay.  Well, if somebody at BAMS was

17   wrongfully withholding information from one of

18   BAMS' clients, to your understanding, would that be

19   a breach of the code of ethics?

20           MR. GALANEK:  Objection, form.

21           THE WITNESS:  Can't say for sure.  I'd

22       have to review the totality of the

23       circumstances.

24   BY MR. MARX:

25       Q.   Uh-huh.  And to the extent that an

Page 147

1    employee who is aware of an improper withholding of

2    information is required to communicate those

3    concerns to HR, you were HR, right?

4         A.    I was part of the HR team, yes.

5         Q.    Okay.  And Mr. Slawin was not fired until

6    after you received this email, correct?

7         A.    Again, he was notified of his termination

8    after that on Tuesday, when we were finally able to

9    connect.  He was terminated.  The decision was made

10   on 12/8 to terminate his employment.

11        Q.    Mr. Slawin was not notified of his

12   termination until after you received this email

13   from him, first page of Exhibit 48 on December 11,

14   2017 at 3:43 p.m., correct?

15        A.    That's correct.  He did not return my

16   calls before this email.

17        Q.    And do you know whether, at the time that

18   Mr. Slawin sent this email to you at 3:43 p.m. on

19   this December 11, 2017, whether or not he

20   considered himself to still be an employee of BAMS?

21             MR. GALANEK:  Objection, form.

22             THE WITNESS:  I do not know if he assumed

23        that he was still an employee of BAMS.

24   BY MR. MARX:

25        Q.    Okay.  And was he, in fact, to your

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 148

1    understanding, still an employee of BAMS on 3:43

2    p.m. on December 11, 2017?

3        A.    To my knowledge, no.  At that point, he

4    was terminated.

5        Q.    Okay.  But he had not been provided with

6    notice of the termination, correct?

7        A.    That's correct.

8        Q.    Okay.  After receiving this email from

9    Mr. Slawin on December -- December 11, 2017 at 3:43

10   p.m., did you talk with Mr. Kendall about it?

11       A.    I don't recall if I spoke with Mr.

12   Kendall about this.

13       Q.    With respect to the statements that Mr.

14   Slawin made in this email alleging tortfeasors,

15   joint tortfeasors, you see that and withheld

16   information, what steps, if any, did you take to

17   investigate those allegations?

18            MR. GALANEK:  Objection, form.

19            THE WITNESS:  As I said earlier, upon

20        receiving this, I provided this to our legal

21        counsel.

22   BY MR. MARX:

23       Q.    I'm sorry you provided what?

24       A.    Provided this statement to our legal

25   counsel.

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

                                                    Page 149

1        Q.   Okay.  So what steps, if any, did you

2   take to investigate any of the allegations or

3   statements that Mr. Slawin made in this email to

4   you on December 11, 2017 at 3:43 p.m.?

5            MR. GALANEK:  Objection, form, compound.

6            THE WITNESS:  I personally did not have

7        any investigation following his emails into

8        what he's (inaudible).

9   BY MR. MARX:

10       Q.   And other than conversations you might

11  have had with counsel -- I don't want to hear about

12  that, did you cause anybody, either Ms. De Castro

13  or somebody under your supervision, to conduct --

14  to take such an investigation?

15           MR. GALANEK:  Objection, form.

16           THE WITNESS:  I personally did.

17           MR. GALANEK:  And foundation.

18  BY MR. MARX:

19       Q.   Okay.  And other than conversations with

20  counsel, which I'm not going to get into, are you

21  aware of anybody investigating any of these

22  allegations that Mr. Slawin made in his email of

23  December 11, 2017 at 3:43 p.m.?

24       A.   Personally, I am not aware.

25       Q.   Okay.  Did you ask Mr. Kendall if Mr.

Michael Solan                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 150

1    Slawin had ever objected to withholding information

2    from merchants?

3        A.   I do not recall asking Mr. Kendall that

4    specific question, no.

5        Q.   Okay.  And after receiving that email,

6    December 11th email, from Mr. Slawin, do you just

7    -- other than counsel, did you discuss it with Ms.

8    Collins?

9        A.   I do not recall discussing this with Ms.

10   Collins, no.

11       Q.   Did you discuss it with Mr. Adams?

12       A.   No.

13       Q.   Did you discuss it with anyone other than

14   counsel.

15       A.   I believe I discussed this with my boss,

16   Maryann De Castro.

17       Q.   Okay.  And when did you do that?

18       A.   I don't recall a specific date or time of

19   when I discussed this with Ms. De Castro.

20       Q.   Okay.  And when you discussed it with Ms.

21   De Castro -- Ms. De Castro, excuse me, was that on

22   the phone?

23       A.   Don't recall if that was in her office or

24   on the phone.  I don't -- I don't know for sure.

25       Q.   Was it before December 12th?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 151

1      A.    I don't know the specific time --

2      Q.    Okay.

3      A.    -- of when I had that conversation.

4      Q.    Okay.  What did you say to her, and what

5   she say to you?

6      A.    Yeah.  We just discussed that this was

7   his response, that he intends, clearly intends to

8   not sign and affirm that he's deleted the sensitive

9   information that he has in his personal possession,

10  and doesn't -- and then, again, based on the -- we

11  just talked about next steps, and the next steps

12  would be, we decided to pull in our legal counsel

13  at the -- at the time.

14          MR. MARX:  Let's go back to Exhibit 45.

15      We're done with 48 now.

16  BY MR. MARX:

17      Q.    This is the termination letter.  Now, I

18  don't want to hear about what you -- what, if

19  anything, was said between you and counsel, so but

20  I want to know who helped you write this letter?

21      A.    This would have been something I drafted

22  and partnered with my boss, Maryann De Castro, as

23  well as legal counsel.

24      Q.    Okay.  So you wrote a draft of this.  Let

25  me understand the process.  The first thing is, you

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 152

1    wrote a draft of this letter; is that right?

2        A.   Yes, I would --

3        Q.   Yes.

4        A.   -- have drafted it initially.

5        Q.   Okay.  And then you sent it to Ms.

6    De Castro?

7        A.    I don't recall if I -- I sent it to them,

8    Ms. De Castro and the legal counsel at the same

9    time or separately, but yes, at some point my

10   manager, Maryann De Castro, would have reviewed and

11   signed off, as well as legal counsel.

12       Q.   And can you -- are you able to identify

13   which portions of this you actually wrote and which

14   portions were revised; is that a possibility?

15       A.   I can't recall any specific edits that

16   may have been made, just --

17       Q.   Okay.

18       A.   -- of this draft, no.

19       Q.   Well, let's look at the second paragraph

20   and, particularly, the last line, which refers to

21   termination of employment effective December 7,

22   2017.  Do you know who wrote that?

23       A.   Again, I would have drafted this.

24       Q.   And that was before you spoke with Mr.

25   Slawin, right?

Michael Solan                             July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 153

1          MR. GALANEK:  Objection, form.

2          THE WITNESS:  This is before I noti- -- I

3      drafted this before I notified him verbally of

4      his termination, yes.

5   BY MR. MARX:

6      Q.   Right.  But in addition, December 7,

7   2017, when you say this became effective, was

8   before you had spoken with Mr. Slawin on December

9   8; isn't that correct?

10          MR. GALANEK:  Objection, form.

11          THE WITNESS:  It appears so.

12   BY MR. MARX:

13      Q.   Well, it is isn't it.  I mean, wasn't

14   December 7th before December 8th?

15      A.   It appears to be, yes.  So referenced in

16   this Friday, December 7th, so I may have been

17   mistaken on which -- which date was that Friday.

18      Q.   I'm sorry.  Where does it say Friday,

19   December 7th?

20      A.   So the first line of the third paragraph.

21      Q.   Oh, I see.

22      A.   For all days through Friday, December

23   7th.  May have been a typo around which day it was

24   effective.

25      Q.   All right.  So Exhibit 51, which was your

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 154

1    -- your contemporaneous notes, which said, Friday,

2    December 8th, did you have that available at the

3    time you wrote this letter?

4         A.   Yes, I would have had that available at

5    the time, yes.

6         Q.   And did you consult it at the time when

7    you wrote this letter?

8         A.   Don't know specifically if I checked that

9    when I was writing this letter.

10        Q.   Now, the next conversation you had with

11   Ms. De Castro, after receiving Mr. Slawin's email

12   on December 11th, was that before or after you

13   wrote this termination letter, Exhibit 45?

14        A.   So could you repeat the question again?

15        Q.   Yeah.  You said you spoke with Ms.

16   De Castro after you received Mr. Slawin's email of

17   December 11th, right?

18        A.   Correct.

19        Q.   Okay.  I'm asking was that conversation

20   with Ms. De Castro before or after you wrote this

21   termination letter, Exhibit 45?

22        A.   I don't recall a specific date that I

23   wrote -- wrote this letter.

24        Q.   All right.  When you sent the draft to

25   Ms. De Castro and to Ms. -- well, to legal, I

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 155

1   guess, did you get anything back --

2          MR. GALANEK:  I don't want you to -- no.

3      With respect to Ms. De Castro, you can

4      respond.  With respect to legal you cannot.

5          MR. MARX:  All right.  Let me -- I'll

6      rephrase the question.  I'll rephrase the

7      question.

8   BY MR. MARX:

9      Q.   Did you get anything back in terms of a

10  revision to your draft of the termination letter

11  from Ms. De Castro?

12     A.   I do not recall any specific edits that

13  were made by Ms. De Castro.

14          (Whereupon, Plaintiff's Exhibit Number 70

15  was marked for identification.)

16  BY MR. MARX:

17     Q.   Oh.  Okay.  I'm going to show you Exhibit

18  70.  It's a longish document.  Obviously, you're

19  welcome to have Shelley scroll up and down to

20  whatever you want.  I'm going to be interested --

21  what's the material on page 7, but feel free to

22  peruse it, and let me know when you're ready to

23  answer questions.

24          THE WITNESS:  For now, if you can just

25      scroll with page 7, that'd be really helpful.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 156

1          MR. MARX:  Excuse me.

2          THE WITNESS:  Scroll down just a little

3      bit more.  Okay.

4  BY MR. MARX:

5      Q.   Now, are you ready to answer question?

6      A.   Yes.

7      Q.   I didn't know how to interpret the --

8  okay.

9          MR. MARX:  So actually, let's quickly let

10      the witness look at Exhibit 51 again.

11  BY MR. MARX:

12      Q.   And I'm going to be referring to the page

13  9587, the second page of Exhibit 51, and it's the

14  second box from the bottom where you list the

15  violations, policy violations.  You see that?

16      A.   I do, yes.

17      Q.   Okay.  So with respect to the information

18  security policy, you refer to Section 3.32, right?

19      A.   I do refer to that, yes.

20      Q.   Okay.  So now, Exhibit 70, that's the

21  information security policy, you were referring to,

22  right?

23      A.   Yes.

24      Q.   All right.  And section 3.32 is material

25  on page 7, right?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 157

1        A.    Yes.

2        Q.    And just -- and actually, it goes on to

3    the next page.  It goes from 2795 to 2796.  Show me

4    -- and to your understanding, which actual portions

5    of this policy Mr. Slawin violated?

6              THE WITNESS:  Scroll down a bit further.

7         Scroll down a little bit further too.  I'm

8         sorry.  If you can go back to -- forget the

9         which -- no, no, the different material is my

10        -- my notes, like the table where it

11        referenced the --

12             MR. MARX:  Yeah.  He wants to look at 51.

13             THE WITNESS:  Yes, thank you.  Yes,

14        section 3.32, got it.

15             So, yes.  So re-reviewing this policy.

16        It was that -- if you go back to the -- yep,

17        70 it was that 3.3 through the information

18        handling section.  This is the portion of

19        policy that he violated.

20    BY MR. MARX:

21        Q.    And that's on page?

22        A.    Nine.

23        Q.    Okay.  3.32, and which portions of this

24    -- and that's the material on top.  Well, the first

25    half of page 2797, which is page 9 of the document,

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 158

1   right?

2        A.    Page 9 of Exhibit 70, yes.

3        Q.    And which of these did Mr. -- did Mr.

4   Slawin violate?  Can you understand me.

5        A.    Yeah.  Let me reread them.  So to my

6   knowledge, he violated the opening paragraph, as

7   well as section F.  Those appear to be the two most

8   relevant portions of this that were violated.

9        Q.    I'm sorry.  You said the first paragraph?

10       A.    Yeah, the opening paragraph under 3.32,

11  information handling, as well as the lettered F

12  section underneath that.

13       Q.    Okay.  Do you understand that Mr. Slawin

14  disclosed to anybody, any of the emails that he

15  downloaded?

16       A.    He did not affirm that he disclosed them

17  anywhere.

18       Q.    Did he modify any of them?

19       A.    I'm not aware that he modified any of the

20  materials that he sent.

21       Q.    Did he destroy any of them?

22       A.    I'm not aware that he destroyed --

23            MR. GALANEK:  Objection, form.

24            THE WITNESS:  I'm not aware that he

25       destroyed any.

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 159

 1  BY MR. MARX:

 2      Q.   Did he damage any of them?

 3      A.   I'm not aware that he damaged --

 4           MR. GALANEK:  Objection, foundation.

 5           THE WITNESS:  -- any.

 6  BY MR. MARX:

 7      Q.   Okay.  Now, where it says the word delay,

 8  what to your understanding, does that word mean in

 9  that context?

10      A.   I'm not sure what the word delay in that

11  sentence is implying.

12      Q.   And do you have an understanding as to

13  what word removal means in that context?

14      A.   Yes.  Appears to be removing confidential

15  information from where it is securely housed.

16  That's how I would interpret this, my understanding

17  of this policy.

18      Q.   Did Mr. Slawin remove any confidential

19  information, to your understanding?

20      A.   From BAMS' servers, yes.

21      Q.   It they were still on BAMS' servers at

22  all times, though, right?

23      A.   A portion of them, yes.  A copy was still

24  on BAMS' servers, yes.

25      Q.   All right.  Now, with respect to this

Page 160

1  reference to unauthorized use, to your

2  understanding, what unauthorized use did Mr. Slawin

3  make of these emails?

4       A.   He did not affirm what his intended use

5  was for this information.

6       Q.   Well, let me see if I understand that

7  answer.  You telling me that you didn't know what

8  his intended use was?

9       A.   That's correct.  He did not provide an

10  intended use for why he sent this information to

11  himself.

12       Q.   So you didn't know what his use of those

13  documents would be at the time you fired him,

14  correct?

15       A.   That is correct.

16       Q.   All right.  Now, let's talk about the --

17            MR. MARX:  Where is the 51?

18            THE PARALEGAL:  Yes.

19            MR. MARX:  (Indiscernible) 69.  I'll give

20       you the numbers to you.  Oh, here it is.  I'm

21       going to show the witness Exhibit 69.

22            (Whereupon, Plaintiff's Exhibit Number 69

23  was marked for identification.)

24  BY MR. MARX:

25       Q.   And before we do that, again on Exhibit

Michael Solan                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 161

1    51, I'm going by your list of violations.  In that

2    same box, you refer to section 5, I believe, of the

3    proprietary rights agreement.  And to our

4    understanding, Exhibit 69 is that document.

5            MR. MARX:  And Shelley, give him 69.

6    BY MR. MARX:

7        Q.   Again, let us know when you're ready to

8    answer questions.

9            THE WITNESS:  Can you scroll down to 5,

10           please?  If you scroll down just a little

11           further.

12           Okay.  Yeah, I'm ready to answer

13           questions on this.

14   BY MR. MARX:

15       Q.   Okay.  So your -- your belief was that

16   Mr. Slawin had violated section 5 of this document,

17   Exhibit 69, which is the proprietary rights and

18   information agreement, correct?

19       A.   That's correct.

20       Q.   Okay.  To your knowledge, did Mr. Slawin

21   release or publish any of those emails to anyone

22   outside the company?

23           MR. GALANEK:  Objection, form.

24           THE WITNESS:  I was not aware that he

25           released or published the information

Page 162

 1        anywhere, nowhere else, no.

 2               MR. MARX:  61, 70, 72.

 3    BY MR. MARX:

 4        Q.    Now, on Exhibit 51, which is your chart

 5    again, looking at the list of violations, you refer

 6    to sections A, B, and C in the associate handbook.

 7    Do you see that?

 8        A.    Yes, I do see that.

 9               (Whereupon, Plaintiff's Exhibit Number 72

10    was marked for identification.)

11    BY MR. MARX:

12        Q.    Okay.  So we're going to show you now the

13    associate handbook, which is, again, a longish

14    document.

15        A.    Okay.

16        Q.    And my questions will be focused on that

17    section, which begins on page 24 of the document,

18    and I believe, goes to, well, page 26.  But feel

19    free to have Shelley scroll up and down, whatever

20    you need to look at, and tell me when you ready to

21    answer questions.

22        A.    Okay.

23               THE WITNESS:  Yeah, Shelley, if you go

24        directly to that section that would be

25        helpful.

Page 163

1          MR. MARX:  24.  It's BAMS 2744.

2          THE WITNESS:  Okay.  Can you scroll down

3      to the next page?

4          Okay.  If that's the end of that section,

5      I think I'm ready to answer questions on this.

6    BY MR. MARX:

7      Q.   All right.  So section beginning

8    confidential information, A, section A says,

9    confidentiality.  Begins on page 24 of the

10   document, and it BAMS Bates number 2744 going on to

11   45.  That's section A, to your understanding, of

12   the confidentiality portion of the associate

13   handbook, correct?

14     A.   Correct.  That is that section of the

15   handbook.

16     Q.   All right.  And correct me if I'm wrong,

17   but that first sentence looks like the same

18   language we saw before about use, access,

19   disclosure, modification, destruction, damage,

20   delay and removal; am I correct?

21     A.   Yes.

22     Q.   I'm not going to ask those same

23   questions.

24     Let's go on to the next page and the top, the

25   second -- second line from the top talks about (as

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 164

1  read) Documents to be kept confidential and

2  divulged only to individuals within the company

3  with both the need to receive an authorization to

4  receive the information.  Do you see that?

5      A.    I do see that, yes.

6      Q.    Okay.  Is there any allegation that Mr.

7  Slawin violated that provision?

8          MR. GALANEK:  Objection, form.

9          THE WITNESS:  Yes.  He did not keep the

10         information at our confidential servers.  He

11         did not disclose it, but he did violate the

12         confidentiality.

13  BY MR. MARX:

14      Q.    In terms of divulging information, we --

15  can we agree he didn't divulge --

16      A.    We agree --

17      Q.    -- information to --

18      A.    We agree --

19      Q.    -- anybody else?

20      A.    I'm not aware that he divulged

21  information --

22      Q.    Okay.

23      A.    -- outside the company, correct.

24      Q.    Okay.  And that next paragraph, did Mr.

25  Slawin download the information, to your

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 165

1  understanding, to seek future employment outside

2  BAMS?

3       A.    Not aware of the intent of why he

4  downloaded the information, no.

5       Q.    All right.  And just looking at -- it

6  goes on to section B, which is entitled,

7  information security policy, and then C, return of

8  company policy upon separation.

9       Tell me, to your understanding, which of those

10 -- which portions of those parts of the policy he

11 violated?

12      A.    Sure.  So for B it speaks about keeping

13 the information on secure -- in secure servers, and

14 so he violated that portion of it, which was

15 mentioned in the opening paragraph.  It also refers

16 to acceptable use of confidential information

17 throughout.  He violated that expectation.  And

18 then for C on returning -- expectations of

19 returning company equipment, it has sentences in

20 there about returning any confidential information

21 in this possession when his employment was

22 terminated, which he did not.

23      Q.    Okay.  With respect to use of the

24 confidential information, again, you don't know

25 what use Mr. Slawin made of it, correct?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 166

1      A.    Correct.  I don't know what intended use

2    he had for that information.

3      Q.    All right.  And with respect to return of

4    company property upon separation, which is section

5    C, that takes -- that's -- that is relevant to what

6    happens after an employee is fired, right?

7      A.    That's correct.

8      Q.    All right.

9            MR. MARX:  This is -- I'm finished with

10           this exhibit, which is 72.  Okay.  You have

11           71?

12           THE PARALEGAL:  (Inaudible.)

13           MR. MARX:  I want to see it.  71.

14           (Whereupon, Plaintiff's Exhibit Number 71

15    was marked for identification.)

16    BY MR. MARX:

17     Q.    Now, on your charts, your -- your list of

18    violations, you're referring to, the code of ethics

19    sections 1B, 1E and 3C; I'll be referring to that.

20    But again, take whatever time you need to scroll up

21    and down.

22     A.    1B, 1E, 3C, yeah, I see that.

23     Q.    1B is on page 4, 1E is on page 5, and 3C

24    is on page 7, but let me know when you want -- want

25    to ask questions.

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 167

1        A.    Okay.

2              THE WITNESS:  Okay.  Can you scroll down.

3        Can you keep scrolling down.  Okay.  You can

4        scroll down.  Scroll down.

5              What was the last section that was

6        referenced?  Was it 3E.

7              MR. MARX:  From my understanding, and

8        we'll show you Exhibit 51 again, if you like,

9        was 1B, 1E and 3C.

10             THE WITNESS:  3C.  Okay.  If you scroll

11       to 3C, that would be helpful.  If you just

12       scroll up just a little bit.  Okay.

13             Okay.  I'm ready to answer your questions

14       on this.

15  BY MR. MARX:

16       Q.    Okay.  So section 1B, that's on page 4 of

17  the document, and it's BAMS number 2777, that's

18  entitled making sound decisions; see that?

19       A.    Id.

20       Q.    Okay.  And your understanding is that Mr.

21  Slawin violated this section, right?

22       A.    That's correct.

23       Q.    Okay.  And what portion of it did he

24  violate to your understanding?

25       A.    Let's see.  I can't recall a specific

Page 168

1   sentence that was -- that was being referenced on

2   what he violated or --

3          Q.    Okay.

4          A.    -- just in general.

5          Q.    Now, by the way, under that paragraph,

6   that first paragraph under B, making sound

7   decisions, there were four bullet points; you see

8   that?

9          A.    I do.

10         Q.    Okay.  And one of the bullet points is,

11  make sure you have all the facts, both positive and

12  negative, right?

13         A.    Those I've listed, yes.

14         Q.    And just in terms of making sound

15  decisions, did you have all the facts, both

16  positive and negative, before you decided to fire

17  Mr. Slawin?

18             MR. GALANEK:   Objection, form.

19             THE WITNESS:   Yes.  At the time the

20         decision was made to terminate, I felt that we

21         had sufficient information to justify the

22         termination, yes.

23  BY MR. MARX:

24         Q.    You felt you had sufficient information.

25  Did you have all the information?

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 169

1            MR. GALANEK:  Objection, form.

2            THE WITNESS:  I felt that I had all the

3       information needed to make that decision, yes.

4   BY MR. MARX:

5       Q.   Okay.  You felt you had --

6       A.   Correct.

7       Q.   -- all the information needed, but did

8   you have all of the facts, both positive and

9   negative?

10            MR. GALANEK:  Objection, form.

11            THE WITNESS:  Again, specific to the

12       review, I do feel confident that I had all the

13       information relevant and needed to make the

14       recommendation of termination.

15   BY MR. MARX:

16       Q.   And you were still waiting on other

17   information from FD info -- First Data InfoSec;

18   isn't that right?

19            MR. GALANEK:  Objection, form.

20            THE WITNESS:  I'm not -- I don't recall

21       still waiting for additional information from

22       InfoSec.

23   BY MR. MARX:

24       Q.   Well, let's go and take a look at Exhibit

25   42 again.

Michael Solan                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 170

```
 1           MR. MARX:  42.  I have it.  Don't worry
 2       about it.
 3   BY MR. MARX:
 4       Q.   Let's go to the second page.  Doesn't it
 5   say at the top, (as read) Continue working --
 6   continue to escalate within FD InfoSec to get
 7   copies of the exact emails/documents he sent ASAP?
 8       A.   It does say that, but this was prior to
 9   the meeting with Mr. Slawin, and I guess, I got
10   additional information after this email is written.
11       Q.   Did you receive the information that you
12   were looking for in this bullet point before you
13   fired Mr. Slawin?
14       A.   I don't recall specifically what
15   information I may or may not have been referring to
16   with that bullet.
17       Q.   Okay.  So 1E, going back to the -- what's
18   this called?  The code of ethics.
19           MR. MARX:  I'm sorry.  Did you say 1E?
20       Yeah, 1E.
21   BY MR. MARX:
22       Q.   On 1E, that is on page 5 of the document,
23   Exhibit 71, Bates 2778.  That refers to
24   nondisclosure; is that right?
25       A.   That's correct.
```

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 171

1      Q.    Is there any allegation that Mr. Slawin

2  disclosed any of the emails to a third party?

3            MR. GALANEK:   Objection, form.

4            THE WITNESS:   Again, to my knowledge, he

5       had not given us any indication that he had

6       disclosed information that he had sent to

7       himself.

8  BY MR. MARX:

9      Q.    It says, (as read) Associates must agree

10  that during their employment, they will not use,

11  disclose or disseminate to any other person any of

12  the company's confidential information.

13      And to your knowledge, did Mr. Slawin do that

14  while he was employed by BAMS?

15      A.    To my knowledge, he did not confirm that

16  he had did that.

17      Q.    So what section of -- what part of

18  section E, 1E, nondisclosure on page 5 of that

19  exhibit -- Exhibit 71, to your knowledge, did Mr.

20  Slawin violate?

21      A.    We could not confirm that he had not

22  disclosed information.

23      Q.    Well, you could not confirm it, but you

24  didn't know, right?

25      A.    That's correct.

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 172

1        Q.    In fact, if I'm -- and correct me if I'm

2    wrong, you decided to fire Mr. Slawin before you

3    knew whether or not he would confirm that he had

4    not given it to anybody, correct?

5        A.    That is true based on the findings of his

6    -- his answers in the statement, we had made a

7    decision to terminate, even if he had subsequently

8    returned or deleted the documents, correct.

9        Q.    Okay.  But whether or not Mr. Slawin

10   subsequently deleted or confirmed deletion of the

11   documents, the decision to terminate Mr. Slawin was

12   made before BAMS would get that information one way

13   or the other, correct?

14            MR. GALANEK:  Objection, form.

15            THE WITNESS:  So after his interview

16       statement, where he said that he would delete

17       this information, then we had the partner

18       discussion and made the termination decision

19       based on the totality of circumstances,

20       correct.

21   BY MR. MARX:

22       Q.    Now, you also say that he violated, what

23   was that, section 3C of the code of ethics.  I

24   believe you said 3C.  Yes, 3C.  And that's, refers

25   to intellectual property?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 173

1          A.    Yes.

2          Q.    Right?  That's on page 7 of Exhibit 71,

3    Bates 2780 goes on to the next page.

4          Now, what portion of this provision did Mr.

5    Slawin, to your understanding, violate.

6          A.    My understanding is that he did not

7    preserve the confidentiality of BAMS confidential

8    information.

9          Q.    Did he transmit it in any form to any

10   recipient?

11         A.    I'm not aware that he submitted to anyone

12   other than himself, no.

13         Q.    Let's look at the next page, which is

14   section 4 of Exhibit 71, the code of ethics.  Page

15   8 of the document, Bates 2781.

16              MR. MARX:  Okay.  You there?

17   BY MR. MARX:

18         Q.    And looking at the section B that refers

19   to fair dealing, and the second paragraph says, (as

20   read) We will not take unfair advantage of anyone

21   through concealment.  Do you see that?

22         A.    I do see that, yes.

23         Q.    All right.  Well, when Mr. Slawin in the

24   December 11th email referred to withholding

25   information, did it occur to you that he was

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 174

1   accusing BAMS or employees within BAMS of

2   concealing information?

3            MR. GALANEK:  Objection, form.

4            THE WITNESS:  I tried to have a

5        conversation with him to understand his

6        intent, but I don't want to guess as to what

7        his intent was of sending this information to

8        himself.

9   BY MR. MARX:

10       Q.   You tried to have a conversation with Mr.

11  Slawin after you received the email on December 11,

12  2017 at 3:43 p.m.?

13       A.   No.  I was referring to my interview with

14  him on Friday the 8th.

15       Q.   Okay.  But after receiving the email from

16  him on December 11th at 3.43 p.m., did it occur to

17  you that he was accusing BAMS employees of taking

18  unfair advantage of the merchants, or some of the

19  merchants, through concealment?

20            MR. GALANEK:  Objection, form.

21            THE WITNESS:  As discussed, my role at

22        that point, was to try to notify him on his

23        termination and next steps.  I passed along

24        his -- the concerns that he made to our legal

25        counsel.

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 175

1    BY MR. MARX:

2        Q.    Okay.  But did it occur to you that Mr.

3    Slawin was referring to intentional concealment by

4    BAMS employees, yes or no?

5        A.    Did not occur to me.

6              MR. GALANEK:  Objection, form.

7    BY MR. MARX:

8        Q.    Now, let's look at section D versus sales

9    practices on the same page 2781.  When you read Mr.

10   Slawin's -- excuse me.  When you read Mr. Slawin's

11   December 11th email talking about withholding

12   information, did it occur to you that he was

13   referring to unethical or potentially deceitful

14   sales practices?

15       A.    Was -- was his email to us on the 11th,

16   did I assume that it was referring to this?  Is

17   that your question?

18       Q.    Did it occur to you, yes?

19       A.    No.

20       Q.    No, okay.  And after receiving Mr.

21   Slawin's December 11, 2017 email, did you discuss

22   with Ms. De Castro whether his reference to

23   withholding information in his email referred to

24   intentional concealment by some BAMS employee?

25       A.    I don't recall specifically discussing

Page 176

1    that with Maryann De Castro.

2         Q.    All right.

3              MR. MARX:  We've been going for a while.

4         This, I think, would be an appropriate point

5         for a break, if that's okay with everyone.

6              MR. GALANEK:  Fine.

7              THE VIDEOGRAPHER:  The time is 3:19 p.m.

8         We are off video record.

9              (Whereupon, after a brief recess was

10    taken, the proceeding resumed.)

11             THE VIDEOGRAPHER:  The time is 3:30 p.m.

12        We are back on video record.

13    BY MR. MARX:

14        Q.    Okay.  Mr. Solan, I wanted to follow up

15    questions on Exhibit 51, which is your chart?  The

16    question I have is -- I'm not asking about a

17    specific portion of it.  You're free, of course, to

18    look at any of it if you want.  How did you decide

19    what to put down in this chart?

20        A.    I'm sorry.  You said you were referring

21    specifically to the part about which policies?

22        Q.    No, no, I didn't say that.

23        A.    Oh, I'm sorry.

24        Q.    I said, I'm not referring to a specific

25    portion of the chart.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 177

1       A.    Okay.

2       Q.    I'd just like to know what, was your

3   methodology as to what went into this chart?

4       A.    So methodology was just general any parts

5   of the review that I felt were pertinent

6   information or key events.  So it ran the gamut,

7   but try to keep updated notes on pertinent

8   information I had at the time of -- as the

9   interview -- as the review progressed.

10       Q.    Did you update this chart every day?

11       A.    I updated the chart when there was

12   something pertinent or something that occurred of

13   note that would be important to reference and

14   document, but it --

15       Q.    And when --

16       A.    -- may not have been every day.

17       Q.    Okay.  Would that include what you

18   considered pertinent conversations?

19       A.    If a conversation was pertinent, and then

20   yes, I would try to add it.

21       Q.    So in terms of your methodology -- in

22   terms of an event or a discussion happening, would

23   you make the entry on the same day that it

24   happened, or that the conversation occurred?

25       A.    I would -- I would usually make a note of

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 178

1   it the same day, but it is possible to make a note

2   of it, you know, after -- after the fact as well.

3        Q.   Okay.  So would it be fair to say that

4   this was like a file on your computer?

5        A.   It is a system -- a system in the --

6   basically, it's a BAMS system, so it wasn't

7   specific to my computer.  It was something I

8   accessed through my computer.

9        Q.   What was the name of the system?

10       A.   I believe it's called just the associate

11  relations case management system.

12       Q.   Okay.  Okay.  All right.  I have some

13  more documents, Mr. Solan and Mr. Galanek,

14  basically to identify them.  I don't anticipate any

15  long follow-up questions on them, but we'll see

16  what happens.  Hopefully, we're near the end kind

17  of, sort of.  Let's start with Exhibit 44.  Again,

18  let me know when you've got a chance to look

19  through it and are ready to answer questions.

20       A.   Okay.  Okay.  I'm ready to answer

21  questions on this.

22            (Whereupon, Plaintiff's Exhibit Number 44

23  was marked for identification.)

24  BY MR. MARX:

25       Q.   Okay.  Now, Exhibit 44 is a one-page

Michael Solan                        July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 179

1   document.  They're in Bates number 1342 produced by

2   defendant.  Is this a copy of an email that you

3   sent on December 8, 2017 at 11:50 a.m.?

4        A.    Yep, it appears so, yep.

5        Q.    All right.  That's all I need with that.

6   Let's look at Exhibit 30.  Again, Shelley will

7   scroll through it until you're ready to answer

8   questions.  I'll tell you in advance, I'm not going

9   to be asking about a lot of the detail.  I just

10  want to see if you received it and so on.  But take

11  your time, whatever you need.

12            (Whereupon, Plaintiff's Exhibit Number 30

13  was marked for identification.)

14            THE WITNESS:  Scroll down.  Scroll down a

15       bit more.  Okay.  Keep scrolling.  Okay.  Keep

16       scrolling.  You can keep scrolling.  Okay.

17       Keep scrolling a little some more.  Okay.

18            All right.  I'm ready to answer questions

19       with this.

20  BY MR. MARX:

21       Q.    Did you receive Exhibit 30 in or about

22  2017?

23       A.    I can't say for sure.  There were a

24  number of materials, but this -- this does look

25  like something that I may have received as part of

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 180

1    this review.

2         Q.   Did you discuss the substance of this

3    Exhibit 30 with anybody other than counsel?

4         A.   I don't recall if this specific document

5    was discussed with anyone in particular.

6         Q.   Okay.  We're done with 30.  Exhibit 31.

7    Again, let me know when you're ready.

8              (Whereupon, Plaintiff's Exhibit Number 31

9    was marked for identification.)

10             THE WITNESS:  Scroll on to page 2.  All

11        right.  Keep scrolling to page 3, please.

12        Okay.  Keep scrolling to page 4, please.

13        Okay.  Keep scrolling, 5, please.  Okay.  Keep

14        scrolling page 6, please.

15             I'm ready to discuss this.

16   BY MR. MARX:

17        Q.   Okay.  Did you receive Exhibit 31 in or

18   about November or December of 2017?

19        A.   I can't say for sure, but I believe I

20   did.  This looks like something I would have

21   received as part of this review.

22        Q.   Did you discuss the substance of Exhibit

23   31 with anyone other than counsel in 2017?

24        A.   I can't confirm if this specific document

25   was discussed with anyone.  I discussed the

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 181

1    documents as a whole, but I can't -- I don't know

2    if this specific document was discussed with

3    anyone.

4         Q.   Okay.  We're finished with 31.  Let's do

5    32.

6              (Whereupon, Plaintiff's Exhibit Number 32

7    was marked for identification.)

8              THE WITNESS:  Okay.  If you can scroll to

9         the next page.  Next, go to the next page,

10        please.  Okay.  Okay, I'm ready.

11   BY MR. MARX:

12        Q.   Did you see Exhibit 32 in or about

13   November or December 2017?

14        A.   Again, this looks like something I would

15   have received.  I don't recall specifically this

16   document, but it -- this looks like something I

17   would have received as part of this review around

18   that time, yes.

19        Q.   Did you discuss the substance of Exhibit

20   32 with anyone other than counsel?

21             MR. GALANEK:  Objection, form.

22             THE WITNESS:  I do not recall exactly

23        discussing this document.  I discussed the

24        content of all the documents as a whole with

25        others, yes.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 182

1  BY MR. MARX:

2      Q.   Now, if you look at page 1562, which is

3  actually 6 of 7 on the bottom right, it appears to

4  have a date of 12/7/2017.  Do you see that?

5      A.   I do you see that date, yes.

6      Q.   Do you know why that's there?

7      A.   I don't know for sure, but it appears to

8  be when this was pulled, when the InfoSec team

9  pulled this information.

10     Q.   Okay.

11          MR. MARX:  All right.  I'm done with 32.

12     Let's do 33.

13          (Whereupon, Plaintiff's Exhibit Number 33

14  was marked for identification.)

15          THE WITNESS:  Okay.  Go to the next page.

16     Yeah.

17          I'm ready to answer questions on this.

18  BY MR. MARX:

19     Q.   Okay.  Did you receive Exhibit 33 in

20  November or December of 2017?

21     A.   I don't recall if it was specifically

22  this document, but this looks like material that I

23  would have received as part of this review.

24     Q.   Did you discuss --

25     A.   Around that time.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 183

1       Q.   -- the contents of Exhibit 33 with anyone

2  other than counsel in November or December of 2017?

3       A.   I discussed the broader content of all

4  the documents, yes, but I did not -- I don't recall

5  specifically discussing this -- this email

6  exchange, this -- this document with others.

7       Q.   Okay.

8            MR. MARX:  Okay, Shelley, we can do 34.

9            (Whereupon, Plaintiff's Exhibit Number 34

10  was marked for identification.)

11           THE WITNESS:  You can keep scrolling a

12       little bit more.  You can keep scrolling a

13       little bit more, please.  Okay.

14           Okay.  I'm ready to answer questions on

15       this.

16  BY MR. MARX:

17       Q.   Did you receive Exhibit 34 in November or

18  December 2017?

19       A.   Again, I don't recall if it was

20  specifically this document, but this does appear to

21  be a document like what I would have received as

22  part of this review around that time, yes.

23       Q.   Did you discuss the substance of Exhibit

24  34 with anyone other than counsel in November or

25  December 2017?

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

                                              Page 184

1      A.   I don't recall specifically discussing

2   the content of this exhibit.  I only recall

3   discussing the broader content of the documents as

4   a whole.

5           MR. MARX:  All right.  We're done with

6       34.  Let's do Exhibit 35.

7           (Whereupon, Plaintiff's Exhibit Number 35

8   was marked for identification.)

9           THE WITNESS:  If you can, scroll to page

10      5.  If you can, scroll to page 7, please.  If

11      you can scroll to page 8, please.

12          I'm ready to answer questions on this.

13  BY MR. MARX:

14      Q.   Did you receive Exhibit 35 in November or

15  December 2017?

16      A.   I don't recall specifically receiving

17  this document.  This does seem like a document I

18  would have received as part of the review around

19  that time frame, yes.

20      Q.   Any reason to doubt that you received it

21  in about November or December 2017?

22      A.   No reason to doubt it, no.

23      Q.   All right.  Did you discuss the substance

24  of Exhibit 35 with anyone other than counsel in

25  November or December 2017?

Page 185

1          A.    I don't recall specifically discussing

2    the contents of this exhibit, this document with

3    anyone?

4          Q.    Okay.  Okay.  Next on list of 36.

5                (Whereupon, Plaintiff's Exhibit Number 36

6    was marked for identification.)

7                THE WITNESS:  Okay.  I'm ready to answer

8          questions on this.

9    BY MR. MARX:

10         Q.    Okay.  Did you receive Exhibit 36 in

11   November or December 2017?

12         A.    I don't recall specifically receiving

13   this document.  I don't have any reason to doubt

14   it.  It seems like a material I would have received

15   as part of the review of this matter around that

16   time.

17         Q.    And these are all -- so far, 30 to 36

18   these are the incident reports provided by InfoSec

19   regarding Mr. Slawin's downloaded emails, right?

20         A.    These appear to be, yes.

21         Q.    Yeah.  And again, with respect to

22   Exhibits 30 through 34, you have no reason to doubt

23   that you received them as well during November or

24   December 2017, correct?

25         A.    That's correct.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 186

1     Q.    Okay.

2           MR. MARX:  Did we finish 36?

3           THE PARALEGAL:  Uh-huh.

4           MR. MARX:  All right.  Let's do 37.

5           (Whereupon, Plaintiff's Exhibit Number 37

6     was marked for identification.)

7     A.    Okay.  I'm ready to answer your questions

8     on this.

9     Q.    Okay.  Did you receive Exhibit 37,

10    another one of these incident reports, in November

11    or December of 2017?

12    A.    No reason to doubt it.  I don't recall

13    specifically receiving this document, but it looks

14    like what I would have received as part of this

15    review around that time, yes.

16    Q.    All right.  And did you discuss the

17    contents of Exhibit 37 with anyone other than

18    counsel?

19          (Cross-talk)

20    BY MR. MARX:

21    Q.    In November or December 2017.  Sorry.

22    A.    You're fine.  You're fine.

23    Q.    Let me re-ask the question.  I'm sorry.

24    My mistake.  It's getting late in the day, what can

25    I tell you.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 187

1        In or about November or December of 2017, did

2   you discuss the contents of Exhibit 37 with anyone

3   other than counsel?

4        A.   Do not recall specifically discussing the

5   contents of this email, this document, with anyone

6   other than the counsel.  Again, I did discuss the

7   broader content as a whole with others, yes.

8        Q.   Okay.  Let's go to Exhibit 38.

9             (Whereupon, Plaintiff's Exhibit Number 38

10  was marked for identification.)

11            THE WITNESS:  Okay.  I'm ready to discuss

12       this.

13  BY MR. MARX:

14       Q.   Did you see Exhibit 38 in or about

15  November or December 2017?

16       A.   Don't recall specifically seeing this

17  document, but I have no reason to doubt that I did

18  receive it as part of this review around that time.

19       Q.   Did you discuss the substance of Exhibit

20  38 with anyone other than counsel in November or

21  December 2017?

22       A.   I don't recall specifically discussing

23  the content of this document with anyone other than

24  counsel around that time.

25       Q.   Uh-huh.  All right.  Let's do Exhibit 39.

Page 188

```
 1              (Whereupon, Plaintiff's Exhibit Number 39

 2     was marked for identification.)

 3              THE WITNESS:  Okay.  I'm ready to discuss

 4        this.

 5     BY MR. MARX:

 6        Q.   Did you receive Exhibit 39 in or about

 7     November or December 2017?

 8        A.   I have no reason to doubt it, but I don't

 9     specifically recall receiving this document.

10        Q.   Did you discuss the substance of Exhibit

11     39 in November or December 2017 with anyone other

12     than counsel?

13        A.   I do not recall specifically discussing

14     the content of this document with anyone other than

15     counsel.

16        Q.   We're done with that.  Let's do 46.

17              (Whereupon, Plaintiff's Exhibit Number 46

18     was marked for identification.)

19              THE WITNESS:  Okay.  I'm ready to discuss

20        this document.

21     BY MR. MARX:

22        Q.   Is Exhibit 46 a copy of the declaration

23     you wanted Mr. Slawin to sign?

24        A.   Yes, it is.

25        Q.   Did you ever have a telephone
```

Page 189

1   conversation with him about whether or not he was

2   going to sign?

3        A.    Yes, I did.

4        Q.    Was that on December 8, 2017?

5        A.    Yes, it was on Friday the 8th, yep.

6        Q.    And tell me what you said to him and what

7   he said to you about that.

8        A.    Yeah.  From what I recall, it was at the

9   end of the conversation.  Again, that was the

10   interview trying to understand why he did this.

11   But at the end of that conversation, as we're

12   trying to discuss next steps, I conveyed to him

13   that what he had in his possession, his personal

14   possession, was confidential information, and that

15   it was BAMS' expectation that he -- that he delete

16   permanently that information, and then he also sign

17   a legal affidavit affirming that he did not -- that

18   he A, deleted it, but B, did not wrongfully

19   distribute that as well.

20        So that is what I verbally explained to Mr.

21   Slawin.  From what I recall, he indicated --

22   indicated that he would sign it.  So at the end of

23   our -- my interview, at the end of the

24   conversation, I sent him a follow-up email, and

25   this was included in that as an attachment.

Michael Solan                        July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

                                        Page 190

1       Q.    Okay.

2             MR. MARX:  I'm done with 46.  Let's do

3       49.

4             (Whereupon, Plaintiff's Exhibit Number 49

5       was marked for identification.)

6             THE WITNESS:  Okay.  Okay.  Can you

7       scroll back up to the top, the first page, for

8       me.  Okay.  Thank you.

9             I'm ready to discuss it.

10   BY MR. MARX:

11      Q.    Okay.  So Exhibit 49 is various pages

12   produced by defendant.  Some of the pages don't

13   bear Bates numbers because they are reduced to

14   native format.  When we printed them out, they

15   didn't have numbers on them.

16      Is Exhibit 49 a copy of an email that you sent

17   Mark Kendall with a chart attached?

18      A.    No.  To my knowledge, this is something

19   that Mark sent me.

20      Q.    Okay.  Mark Kendall to Mike Solan.  And

21   is this something that Mr. Kendall sent to you with

22   the chart attached?

23      A.    It appears so, yes.

24      Q.    And did he send it to you on December 12,

25   2017 at 4:11 p.m.?

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 191

1      A.   It appears so, yes.

2      Q.   Okay.  So this was after -- correct me,

3 if I'm wrong, you had already sent Mr. Slawin

4 notice of his termination; is that right?

5      A.   I don't recall specifically what time on

6 Tuesday that we had notified Mr. Slawin of his

7 termination.

8           MR. MARX:  All right.  Let's show the

9      witness Exhibit 50, again.

10 BY MR. MARX:

11     Q.   I'm going to show you, again, Exhibit 50

12 and that section there you see, where it says, on

13 Tuesday, December 12, 2017 at 2:05 p.m.  Does that

14 refresh your recollection as to when Mr. Slawin was

15 notified --

16     A.   Yes.

17     Q.   -- that he'd been fired?

18     A.   It does.  Thank you.  Yes.

19     Q.   That was around 2:05 p.m. on December 12,

20 right?

21     A.   Yes, correct.

22     Q.   Okay.  So let's go back to Exhibit 49.

23 All right.  This was sent to you -- I had it

24 incorrect at the beginning.  I apologize for that,

25 from Mr. Kendall.  Later that day, right, 4:11 p.m.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 192

1    right?

2        A.    Correct, yes.

3        Q.    And he refers to the material as being

4    important for a review, right, for our review?  You

5    see that?

6        A.    Yes, yes.

7        Q.    Do you know what review he was talking

8    about?

9        A.    I'm aware that, again, there was a lot of

10   materials, and that discussions and review

11   continued even after the decision to terminate his

12   employment, based on the information that we had.

13       Q.    From your understanding, why did the

14   discussion continue after decision had already

15   communicated to Mr. Slawin that he was fired?

16       A.    The review, at that point, was within our

17   legal team.  At that point for my -- my part in the

18   investigation concluded after terminating him.

19       Q.    Now, page 4 of the exhibit, and I believe

20   in the native format, all these charts are in one

21   page.  We just couldn't print them out that way,

22   but page 4, on the right column, it says (as read)

23   PAN P-A-N, slash PCI.  You see that?

24       A.    I do, yes.

25       Q.    And PAN refers to the PAN data, right,

Michael Solan                         July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 193

1   personal account numbers?

2        A.   Yes.

3        Q.   And PCI refers to personal card

4   information?

5        A.   I believe so.

6        Q.   And some of these where it says yes, of

7   these downloaded emails raise that issue correct,

8   according to Mr. Kendall; is that right?

9             MR. GALANEK:   Objection, form.

10            THE WITNESS:   It appears that he is -- he

11        is indicating which emails relate to that, the

12        PAN and PCI, yes.

13  BY MR. MARX:

14       Q.   Did you -- when you received this Exhibit

15  29, did you have an understanding as to what review

16  was ongoing regarding Mr. Slawin's -- regarding Mr.

17  Slawin?

18       A.   No.  I can't recall specifically the

19  review that was still ongoing at that point.  As

20  mentioned before, once we reached the decision of

21  termination, and executing the termination, it's

22  really no longer within the scope of my role, it's

23  with HR, was more specifically dealing with

24  investigations for employees, so anything beyond

25  that, I would have passed on to partners that I

Page 194

1  recall providing information to our legal partners.

2      Q.   Now, let's go back to -- hang on a

3  second.  Okay.

4      Let's go back to Exhibit 48, particularly the

5  first page.  That's the December 11, 2017 3:43 p.m.

6  email from Mr. Slawin to you, where he says, he's

7  not signing the declaration, correct?

8      A.   That is correct.

9      Q.   Okay.  I'm not going to belabor the

10  earlier testify -- testimony about what's in here.

11  But after receiving this as part of HR, did you

12  feel that you had an obligation to investigate any

13  of Mr. Slawin statements?

14      A.   So again, within my awareness, after

15  discussions with Mr. Kendall and others, was that

16  we were already reviewing this PCI noncompliance

17  issue.  We had an entire team dedicated to it, that

18  Eric was himself on, so I did not feel warranted

19  that an HR investigation was needed, no.

20          MR. MARX:  Let's take a ten minute break.

21          THE VIDEOGRAPHER:  The time is 4:14 p.m.

22      We are off video record.

23          (Whereupon, after a brief recess was

24  taken, the proceeding resumed.)

25          THE VIDEOGRAPHER:  The time is 4:23 p.m.

Michael Solan                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 195

1        We are back on the video record.

2    BY MR. MARX:

3        Q.    Okay.  Mr. Solan, I have a few follow-up

4    questions on Exhibit 48, so let's go to the third

5    page, which is BAMS Number 182.

6         Okay.  So you sent Mr. Slawin this email on

7    December 8, 2017 at 4:20 p.m., right?

8        A.    Yes, yep.

9        Q.    Okay.  And now, during the conversation

10   you had with Mr. Slawin on that date, December 8,

11   2017, he said he had agreed to sign a declaration

12   or affidavit, right?

13       A.    Yes, he had verbally indicated that he

14   would -- he would comply with those expectations,

15   yes.

16       Q.    Okay.  And then -- and you -- at that

17   time, I mean, it was a phone call, right?

18       A.    It was a phone call.

19       Q.    Okay.  You didn't actually read to him

20   the substance of what you were asking him to sign,

21   correct?

22       A.    I did not read word for word the

23   affidavit, no.  I summarized the affidavit when I

24   --

25       Q.    Okay.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 196

1          A.    -- verbally explained it to him.

2          Q.    Okay.  So then, you sent it to him in

3    this email after the phone conversation, right?

4          A.    Correct, yeah.

5          Q.    Okay.  And then you said at the end --

6    well, it wasn't the end, but it's the end of the

7    first paragraph, (as read) If any part of this

8    affidavit is not true, contact me as soon as

9    possible to discuss next steps.  Do you see that?

10         A.    I do, yes.

11         Q.    All right.  And then, looks like the next

12   email up -- correct me if I'm wrong, you sent

13   another email to Mr. Slawin December 11th at 10

14   a.m. saying, (as read) Hi, Eric, please give me a

15   call back today to discuss the next steps regarding

16   our conversation on Friday.  Do you see that?

17         A.    I do, yes.

18         Q.    Yeah.  And was that about getting him to

19   sign that declaration?

20         A.    That was to notify him of his

21   termination.

22         Q.    Okay.

23         A.    To follow up on that outstanding request,

24   yes.  But it was -- it was, the primary reason I

25   was reaching out was to notify him of his

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 197

1    termination.

2        Q.    Okay.  So just in terms of your answer,

3    was it also about getting him to sign the

4    declaration?

5        A.    I would have brought that up, yes.

6        Q.    Okay.  And then, he sent you this email.

7    We've talked about it a lot, not going to belabor

8    it, go over the same testimony on December 11th, in

9    response at 11:43 a.m. where he said he's --

10   actually, he said he's awaiting -- no, this is a

11   December 11th at 11:43 a.m. he sent you this.  This

12   was after you had already decided to fire him; is

13   that --

14       A.    Correct.  I was already trying to notify

15   him of his termination, yes.

16       Q.    All right.  And this is where Mr. Slawin

17   says that (as read) You did not accurately verbally

18   explain to him what the documents actually said,

19   correct?

20       A.    That that was what he's claiming, yes.

21       Q.    Okay.  Now, you had said to him on

22   December 8 in that email that (as read) If anything

23   was not true, to contact you to discuss the next

24   steps.  Right?

25       A.    Yes.

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 198

1      Q.    And he -- okay.  So then, you got the
2  subsequent email from Mr. Slawin, the one we've
3  already talked about on December 11th, where he
4  says that he's not going to sign declaration as is,
5  right?
6      A.    Yes, he did say that he would not sign
7  the declaration.
8      Q.    Okay.  Did you contact Mr. Slawin to ask
9  if there any amendments in the declaration that
10  would allow him to sign it, in his opinion?
11      A.    Well, I was still, at that point, trying
12  to make verbal contact with him, so my next email,
13  I believe, was still just trying to get him on the
14  phone.  No, at that point, I had not asked him any
15  follow-up questions about his claim, no.
16      Q.    So you did not send Mr. Slawin an email
17  to inquire whether there were any changes that
18  could be made in the declaration that would allow
19  him, in his opinion, to sign, correct?
20      A.    Correct.  I did not email him that
21  question.
22      Q.    Okay.
23            MR. MARX:  All right.  We're going to be
24        going through the Court, as I told Mr.
25        Galanek, with respect to Mr. Kendall's

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 199

1    deposition about the IM issue, and based on

2    today's testimony, we're going to also be

3    going to the Court respect -- with respect to

4    redaction on Exhibit 51.  I don't expect Mr.

5    Galanek to agree to that.  I'm just stating my

6    position, but at this point, we don't have any

7    further questions.

8         MR. GALANEK:  I will reserve my questions

9    for a later date.  The witness will read and

10   sign, Linda.  Please send it to me.  I will

11   order a copy of the transcript.  I'd also like

12   a copy of the video, copy of the video synced,

13   please.

14        And Robert the IM issue was discussed

15   with you (indiscernible) eighteen months ago.

16   So I'm not really sure what you're going to go

17   to Court about, but good luck with it.  But

18   thanks everybody for your time.  I appreciate

19   it.  And we'll speak everybody later.  Thank

20   you.

21        MR. MARX:  Well, I will say one thing,

22   and we will have this conversation, but the IM

23   issue was discussed without the testimony of

24   these two witnesses, but we will follow up on

25   that.  Thank you, Mr. Solan for your time.

Michael Solan                              July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 200

1              THE VIDEOGRAPHER:  The time is 4:29 p.m.

2        This concludes the videotape deposition.  We

3        are off video record.

4              (...Off the video record...)

5              THE COURT REPORTER:  Mr. Solan, I need

6        some spellings from you, so don't jump off on

7        me quite yet.

8              THE WITNESS:  Okay.  Sure, yep.

9              THE COURT REPORTER:  And Robert, are you

10       ordering a copy of the transcript?

11             MR. MARX:  Yeah, I was waiting for you to

12       finish.  Yes.

13             THE COURT REPORTER:  Okay.

14             MR. MARX:  E-Tran only.  I don't need a

15       hard copy.

16             THE COURT REPORTER:  Okay.

17             MR. MARX:  And just with the exhibits,

18       you know, virtual --

19             THE COURT REPORTER:  Right.

20             MR. MARX:  -- attachment as well, but I

21       don't need hard copies.

22             THE VIDEOGRAPHER:  Do you need -- do you

23       want to order the video, Mr. Marks?

24             MR. MARX:  Yes, yes.  We're ordering the

25       video.

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 201

1           THE VIDEOGRAPHER:  And you want it

2       synchronized on the transcript?

3           MR. MARX:  Yes.

4           THE VIDEOGRAPHER:  Thank you.

5           (Deposition concluded at 4:29 p.m.)

6           (Signature reserved.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 202

1                     The following reporter and firm
2    disclosures were presented by me at this proceeding
3    for review by counsel:
4
                    REPORTER DISCLOSURES
5
6                     The following representations
     and disclosures are made in compliance with Georgia
     Law, more specifically:
7                          Article 10 (B) of the Rules an
     Regulations of the Board of Court Reporting
8    (disclosure forms)
                          OCGA Section
9    9-11-28(c)(disqualification of reporter for
     financial interest)
10                        OCGA Sections 15-14-37 (a) and
     (b) (prohibitions against contracts except on a
11   case-by-case basis).
12   - I am a certified court reporter in the State of
     Georgia.
13   - I am a subcontractor for Veritext.
     - I have been assigned to make a complete and
14   accurate record of these proceedings.
     - I have no relationship of interest in the matter
15   on which I am about to report which would
     disqualify me from making a verbatim record or
16   maintaining my obligation of impartiality in
     compliance with the Code of Professional Ethics.
17   - I have no direct contract with any party in this
     action, and my compensation is determined solely by
18   the terms of my subcontractor agreement.
19
                    FIRM DISCLOSURES
20
     - Veritext was contacted to provide reporting services
21   by the noticing or taking attorney in this matter.
     - There is no agreement in place that is prohibited
22   by OCGA 15-14-37 (a) and (b).  Any case-specific
     discounts are automatically applied to all parties
23   at such time as any party receives a discount.
     - Transcripts:  The transcript of this proceeding
24   as produced will be a true, correct, and complete
25

Page 203

1    record of the colloquies, questions, and answers as
     submitted by the certified court reporter.

2    - Exhibits:  No changes will be made to the
     exhibits as submitted by the reporter, attorneys,

3    or witnesses.  - Password-Protected Access:
     Transcripts and exhibits relating to this

4    proceeding will be uploaded to a password-protected
     repository, to which all ordering parties will have

5    access.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Michael Solan                               July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 204

                         CERTIFICATE
1
2    STATE OF GEORGIA
     COUNTY OF COBB

3

4        I hereby certify that the foregoing transcript
     was taken down via Zoom, as stated in the caption.
5    The witness and I were not in the same room.  The
     witness was duly sworn in by me remotely pursuant
6    to agreement of all parties.
         The colloquies, questions and answers were
7    reduced to typewriting under my direction; that the
     transcript is a true and correct record of the
8    evidence given upon said proceeding.
         I further certify that I am not a relative or
9    employee or attorney of any party, nor am I
     financially interested in the outcome of this
10   action.
         I have no relationship of interest in this
11   matter which would disqualify me from maintaining
     my obligation of impartiality in compliance with
12   the Code of Professional Ethics.
         I have no direct contract with any party in
13   this action and my compensation is based solely on
     the terms of my subcontractor agreement.
14       Nothing in the arrangements made for this
     proceeding impacts my absolute commitment to serve
15   all parties as an impartial officer of the court.
16
                        This the 1st day of August, 2024.
17
18
19
20                      LINDA PANZICA, CCR 2773
21
22
23
24
25

Veritext Legal Solutions
800.808.4958                                    770.343.9696

Michael Solan                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 205

1    Michael Solan c/o

     Christopher P. Galanek, Attorney at Law

2    chris.galanek@bclplaw.com

3                              August 1, 2024

4    RE: Slawin, Eric v. Banc Of America Merchant Services,

         Et Al.

5        7/16/2024, Michael Solan (#6777019)

6        The above-referenced transcript is available for

7    review.

8        Within the applicable timeframe, the witness should

9    read the testimony to verify its accuracy. If there are

10   any changes, the witness should note those with the

11   reason, on the attached Errata Sheet.

12       The witness should sign the Acknowledgment of

13   Deponent and Errata and return to the deposing attorney.

14   Copies should be sent to all counsel, and to Veritext at

15   litsup-ga@veritext.com

16    Return completed errata within 30 days from

17   receipt of testimony.

18     If the witness fails to do so within the time

19   allotted, the transcript may be used as if signed.

20

21

22                 Yours,

23                 Veritext Legal Solutions

24

25

Michael Solan                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 206

```
 1    Slawin, Eric v. Banc Of America Merchant Services, Et Al.

 2    Michael Solan (#6777019)

 3               E R R A T A   S H E E T

 4    PAGE_____ LINE_____ CHANGE_____

 5    _____

 6    REASON_____

 7    PAGE_____ LINE_____ CHANGE_____

 8    _____

 9    REASON_____

10    PAGE_____ LINE_____ CHANGE_____

11    _____

12    REASON_____

13    PAGE_____ LINE_____ CHANGE_____

14    _____

15    REASON_____

16    PAGE_____ LINE_____ CHANGE_____

17    _____

18    REASON_____

19    PAGE_____ LINE_____ CHANGE_____

20    _____

21    REASON_____

22

23    _____    _____

24    Michael Solan                           Date

25
```

Michael Solan                                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

Page 207

1    Slawin, Eric v. Banc Of America Merchant Services, Et Al.

2    Michael Solan (#6777019)

3                    ACKNOWLEDGEMENT OF DEPONENT

4        I, Michael Solan, do hereby declare that I

5    have read the foregoing transcript, I have made any

6    corrections, additions, or changes I deemed necessary as

7    noted above to be appended hereto, and that the same is

8    a true, correct and complete transcript of the testimony

9    given by me.

10

11   _____    _____

12   Michael Solan                          Date

13   *If notary is required

14                        SUBSCRIBED AND SWORN TO BEFORE ME THIS

15                        _____ DAY OF _____, 20___.

16

17

18                        _____

19                        NOTARY PUBLIC

20

21

22

23

24

25

Michael Solan
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.
July 16, 2024

[& - 2017]

Page 1

**&**

**&**  2:4,9 3:4
6:10

**0**

**04129**  1:5 7:10

**1**

**1**  62:23 63:4,10
63:15,21 64:1
64:19 205:3
**1-8-0-9**  137:16
**10**  3:7 50:14
70:7 100:11
101:13,15,23
101:25 102:1
196:13 202:7
**103**  4:22
**105**  5:8
**1050**  2:4,10
**10:02**  1:17 6:2
6:4
**10:54**  71:10
**11**  108:8 128:6
129:1 131:12
134:4 141:6
142:3,9 147:13
147:19 148:2,9
149:4,23
174:11 175:21
194:5
**11:32**  70:8
**11:43**  70:12
197:9,11
**11:46**  131:19

**11:50**  179:3
**11th**  129:3
134:16 150:6
154:12,17
173:24 174:16
175:11,15
196:13 197:8
197:11 198:3
**12**  128:14,22
130:7,9 131:22
132:7 133:1
190:24 191:13
191:19
**12/6/2017**
107:12
**12/7**  117:3
118:7
**12/7/17**  107:15
107:16
**12/7/2017**
182:4
**12/8**  112:13
120:16 127:12
147:10
**1201**  2:17
**1268**  5:3
**1287**  130:5
**1287-88**  4:24
**129**  4:24
**12:34**  79:11
116:21
**12th**  128:24
129:4,6 130:21
132:16 150:25

**131**  5:7
**1328**  99:7
100:3
**1328-31**  4:20
**1331**  99:7
**1342**  4:23
179:1
**136**  5:5
**14th**  2:16
**15-14-37**
202:10,22
**150**  21:10
**1510**  131:12
**155**  5:10
**1562**  182:2
**16**  1:15 6:4
**160**  5:9
**162**  5:13
**166**  5:12
**17**  131:19
**170-75**  4:9
**176-81**  4:10
**178**  4:23
**179**  4:9
**180**  4:10
137:15
**1809**  5:5
137:16
**181**  4:11
**182**  4:12 138:1
195:5
**182-88**  4:11
**183**  4:13 138:2
**184**  4:14

**185**  4:15
**186**  4:16
**187**  4:17
**188**  4:18 5:3
48:20
**189**  137:16
**189-96**  4:12
**190**  5:6
**1953**  103:24
**197-204**  4:13
**1:00**  116:3
**1:19**  1:5 7:10
**1:35**  115:17
**1:40**  115:20,25
**1:42**  116:6
**1b**  166:19,22
166:23 167:9
167:16
**1e**  166:19,22,23
167:9 170:17
170:19,20,22
171:18
**1st**  62:22
100:20 204:16

**2**

**2**  96:25 180:10
**20**  13:4 207:15
**20075**  204:19
**2014**  104:3
**2017**  13:21,22
15:13 26:15
29:17,18,19
30:8 32:14
41:7,8,14 43:7
43:9 48:22

Michael Solan                                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[2017 - 36]**                                                    Page 2

| | | | |
|---|---|---|---|
| 49:11,12,19,20 | 174:12 175:21 | **27**18-19   5:9 | 109:4,9 133:19 |
| 50:10,21 51:10 | 179:3,22 | **2744**   163:1,10 | 133:22 179:6 |
| 51:13 53:8,19 | 180:18,23 | **2773**   1:25 | 179:12,21 |
| 53:21 54:8 | 181:13 182:20 | 204:20 | 180:3,6 185:17 |
| 55:24 57:4 | 183:2,18,25 | **2777**   167:17 | 185:22 205:16 |
| 59:18 60:12,13 | 184:15,21,25 | **2778**   170:23 | **302-05**   4:19 |
| 60:22 61:8,12 | 185:11,24 | **2780**   173:3 | **30309-3471** |
| 61:16 62:3,12 | 186:11,21 | **2781**   173:15 | 2:17 |
| 62:16,23,24 | 187:1,15,21 | 175:9 | **30338**   2:5,11 |
| 63:4,4,10,10,15 | 188:7,11 189:4 | **2795**   157:3 | **30th**   51:13 |
| 63:16,21 64:1 | 190:25 191:13 | **2796**   157:3 | 53:21 62:15,23 |
| 64:19 65:3,10 | 194:5 195:7,11 | **2797**   157:25 | 64:12 |
| 66:1 71:10,13 | **2018**   29:22 | **28**   12:2 | **31**   4:10 180:6,8 |
| 71:21 75:7 | **2019**   13:21,23 | **28031**   12:1 | 180:17,23 |
| 79:11 84:18 | 13:25 14:3 | **29**   193:15 | 181:4 |
| 86:22 87:1 | 18:7 22:15 | **2:05**   131:22 | **314**   4:22 |
| 88:14 90:8 | 27:2,5 29:9 | 133:1 191:13 | **32**   4:11 181:5,6 |
| 99:9,15 100:4 | 30:2 | 191:19 | 181:12,20 |
| 108:1,8 109:5 | **2020**   14:23 | **2:10**   49:19 | 182:11 |
| 109:9 116:21 | **2022**   13:4 | 61:13 62:3 | **320**   5:4 |
| 117:4 119:10 | 14:23 | **2:34**   71:22 | **33**   4:12 182:12 |
| 121:2 127:25 | **2023**   8:11,13 | | 182:13,19 |
| 128:14,22 | **2024**   1:15 6:4 | **3** | 183:1 |
| 129:1 130:7,9 | 204:16 205:3 | | **335**   5:6 |
| 131:19,22 | **205-12**   4:14 | **3**   137:23 | **34**   4:13 183:8,9 |
| 132:7 133:1,19 | **213-17**   4:15 | 180:11 | 183:17,24 |
| 133:22 134:4 | **21619**   11:12 | **3.3**   157:17 | 184:6 185:22 |
| 138:2,8,24 | **218-23**   4:16 | **3.32**   156:18,24 | **340-41**   5:7 |
| 139:5,11 140:1 | **224-29**   4:17 | 157:14,23 | **342-45**   5:8 |
| 140:24 141:6 | **230-35**   4:18 | 158:10 | **35**   4:14 184:6,7 |
| 141:17,20 | **24**   162:17 | **3.43**   174:16 | 184:14,24 |
| 142:3,9 147:14 | 163:1,9 | **30**   4:9 49:11,19 | **36**   4:15 185:4,5 |
| 147:19 148:2,9 | **26**   162:18 | 53:19 54:8 | 185:10,17 |
| 149:4,23 | **2662**   49:1 | 55:24 60:12,13 | 186:2 |
| 152:22 153:7 | | 60:22 61:8,12 | |
| | | 61:16 62:3 | |
| | | 66:1 71:21 | |

Michael Solan
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.
July 16, 2024

**[37 - 71]**

Page 3

| | | | |
|---|---|---|---|
| **37** 4:16 186:4,5 186:9,17 187:2 | 116:9,11,19 119:15,24 134:25 135:2 | **4:29** 200:1 201:5 | 65:11 180:14 182:3 |
| **38** 4:17 187:8,9 187:14,20 | 135:14 169:25 170:1 | **4:33** 49:11 61:8 | **6/13/2017** 51:3 |
| **39** 4:18,18 187:25 188:1,6 188:11 | **43** 4:22 103:11 103:12,15,22 | **4:34** 60:12 | **61** 162:2 |
| **3:19** 176:7 | **44** 4:23 178:17 178:22,25 | **4:41** 104:3 | **6777019** 205:5 206:2 207:2 |

**5**

**3:30** 176:11
**3:45** 143:24
**3c** 166:19,22,23 167:9,10,11 172:23,24,24
**3e** 167:6

**45** 4:24 129:12 129:16 130:3 151:14 154:13 154:21 163:11
**46** 5:3 188:16 188:17,22 190:2
**47** 4:19 5:4 69:19 70:14,18 71:4 78:13 88:11,13 93:17 93:25 98:8 101:15 129:9

**5** 62:23 63:4,10 63:16,21 64:1 64:19 161:2,9 161:16 166:23 170:22 171:18 180:13 184:10
**5-0** 131:1
**50** 5:7 120:13 131:1,2,11 135:1 191:9,11
**500** 2:5,10
**51** 5:8 105:7,8 105:11 106:2 109:11 110:15 110:22 113:15 119:13,14,16 119:25 120:13 120:14 128:13 153:25 156:10 156:13 157:12 160:17 161:1 162:4 167:8 176:15 199:4
**5:03** 62:12
**5th** 100:21

**68** 116:20
**69** 5:9 160:19 160:21,22 161:4,5,17

**7**

**7** 65:3,6,10,11 79:11 84:18 100:4 104:3 116:21 117:4 119:10 152:21 153:6 155:21 155:25 156:25 166:24 173:2 182:3 184:10
**7/16/2024** 205:5
**7/2017** 120:16
**70** 5:4,10 155:14,18 156:20 157:17 158:2 162:2
**70-78** 5:5
**704** 12:4,6
**704-574-0074** 12:13
**71** 5:12 166:11 166:13,14 170:23 171:19 173:2,14

**4**

**4** 166:23 167:16 173:14 180:12 192:19 192:22
**40** 4:19 47:23 47:24 48:19 55:20 56:11 59:17,25 61:3 61:7 68:7 78:12
**404.261.9559** 2:6,11
**404.572.6600** 2:18
**41** 4:20 98:14 98:15,19 99:6 103:10
**42** 4:21 78:22 79:1,6 88:21 92:19 98:7,8

**48** 5:5 136:15 136:16,17 137:14 142:1 147:13 151:15 194:4 195:4
**49** 5:6 88:11 190:3,4,11,16 191:22
**4:11** 190:25 191:25
**4:14** 194:21
**4:23** 194:25

**6**

**6** 57:4 59:18 62:12,16 65:6

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[72 - addressing]**                                          Page 4

| **72** 5:13 162:2,9 | **9** | 134:20 147:8 | **acronym** 13:15 |
|---|---|---|---|

**72**  5:13 162:2,9
166:10
**78**  4:21
**7th**  87:20 88:8
88:21 100:4
153:14,16,19
153:23

**8**

**8**  4:4 43:7
71:10,13 75:7
86:22,25 88:14
90:8 99:9,15
108:1 121:2
127:25 138:2,8
138:24 139:4
139:11 140:1
140:24 141:16
141:20 153:9
173:15 179:3
184:11 189:4
195:7,10
197:22
**8367**  79:7
116:20
**8367-68**  4:21
**8368**  79:8
**8378**  53:18
55:19
**88**  130:5
**8th**  88:3 89:21
134:22 139:13
140:21 141:18
153:14 154:2
174:14 189:5

**9**

**9**  157:25 158:2
**9-11-28**  202:9
**910**  60:4
**9187**  56:11,25
59:17 60:4
62:7
**9188**  60:1
**9426**  71:5,6
**9585**  106:3,4
**9586**  106:14
**9587**  106:14
112:12 120:16
125:24 156:13
**9588**  106:3,14
108:7 128:13
**98**  4:20
**980-388-0128**
12:5
**9:08**  99:9
**9:33**  53:19
61:16

**a**

**a.com.**  12:20
**a.m.**  1:17 6:2,4
59:19 70:8,12
79:11 99:9
116:21 179:3
196:14 197:9
197:11
**ability**  9:17
**able**  114:2,9
125:7 132:11
132:14,17
134:12,13,15

134:20 147:8
152:12
**above**  205:6
207:7
**absolute**
204:14
**acceptable**
165:16
**access**  17:10
26:24 28:10,12
44:10 110:6
112:9 163:18
203:3,5
**accessed**  17:13
17:18 25:15
178:8
**accessing**  17:14
28:1
**accommodate**
7:16
**account**  53:11
54:1 76:4
193:1
**accuracy**  205:9
**accurate**
111:17 202:14
**accurately**
197:17
**accusing**  174:1
174:17
**acknowledge...**
207:3
**acknowledg...**
205:12

**acronym**  13:15
**action**  1:4 7:9
202:17 204:10
204:13
**actual**  157:4
**actually**  41:23
56:25 60:3
75:18 88:2
112:17 137:23
152:13 156:9
157:2 182:3
195:19 197:10
197:18
**adams**  150:11
**add**  136:1
177:20
**addition**
135:18 153:6
**additional**  42:4
93:14,20 94:16
94:25 95:2
96:8 136:1
169:21 170:10
**additionally**
90:20
**additions**  207:6
**address**  11:11
11:12 17:23,24
41:1 102:25
125:5 133:6,12
133:17,24
**addressing**
46:7,7 52:12
59:1

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[adequate - appear]**                                            Page 5

| | | | |
|---|---|---|---|
| **adequate** 135:20 | **agreed** 195:11 | 14:25 15:5 | 167:13 178:19 |
| **ades** 19:19 51:3 | **agreement** 5:9 | 16:14 17:4 | 178:20 179:7 |
| 68:14,17 | 11:4,9 161:3 | 44:6 76:20 | 179:18 182:17 |
| **advance** 179:8 | 161:18 202:18 | 77:1,22 144:16 | 183:14 184:12 |
| **advantage** | 202:21 204:6 | 205:4 206:1 | 185:7 186:7 |
| 173:20 174:18 | 204:13 | 207:1 | 197:2 |
| **advise** 140:25 | **agreements** | **amex** 135:21 | **answering** |
| 141:2 | 53:15 | 136:10 | 123:3 |
| **advised** 34:7 | **ahead** 35:22 | **analytic** 49:15 | **answers** 9:18 |
| 41:5,12 | 88:6 91:16 | 49:23 | 21:17 172:6 |
| **advising** 141:5 | 98:22,23,24,24 | **answer** 7:18 | 203:1 204:6 |
| **affect** 9:17 | 122:15 | 23:21 27:17 | **anticipate** |
| **affidavit** 74:25 | **al** 205:4 206:1 | 30:10,15 35:5 | 178:14 |
| 75:12 97:2,11 | 207:1 | 47:17 48:4,17 | **anybody** 10:6 |
| 97:24 98:2 | **aligned** 39:7 | 59:9 67:25 | 30:25 32:22 |
| 189:17 195:12 | **allegation** | 70:21 71:2 | 33:8 42:5,5,9 |
| 195:23,23 | 84:23 90:25 | 73:6 79:3,4 | 51:19 63:5,11 |
| 196:8 | 164:6 171:1 | 82:4,21 83:5 | 64:1 72:19 |
| **affirm** 143:9 | **allegations** | 83:10 87:10 | 75:19 77:14,18 |
| 151:8 158:16 | 148:17 149:2 | 89:1,14 90:13 | 78:1 81:6 82:7 |
| 160:4 | 149:22 | 91:11 92:1 | 82:20 109:22 |
| **affirmed** 74:25 | **alleged** 15:23 | 97:14 98:20 | 149:12,21 |
| **affirming** 98:3 | 32:6 35:17 | 99:3 103:19 | 158:14 164:19 |
| 189:17 | 67:19 | 105:21,24 | 172:4 180:3 |
| **afternoon** | **alleging** 148:14 | 116:15,17 | **apologize** |
| 72:14,14 | **allotted** 205:19 | 119:17 121:25 | 105:12 124:21 |
| 117:13 127:13 | **allow** 198:10 | 122:17 124:15 | 191:24 |
| **agencies** 85:3 | 198:18 | 129:20 131:8 | **app** 22:12 |
| **agency** 90:20 | **alludes** 117:5 | 135:10,12 | 24:12 |
| **ago** 8:9 9:21 | **amendments** | 136:23 137:8 | **apparently** |
| 47:4 199:15 | 198:9 | 138:4 144:4 | 61:12 78:13 |
| **agree** 83:14 | **america** 1:6,7 | 145:24 155:23 | 88:16 |
| 164:15,16,18 | 7:7 8:18,19,20 | 156:5 160:7 | **appear** 57:17 |
| 171:9 199:5 | 8:25 10:13,14 | 161:8,12 | 71:8 78:16 |
| | 13:1,3,8,10,16 | 162:21 163:5 | 158:7 183:20 |

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

[appear - aware]                                              Page 6

185:20
**appearances**
2:1 3:1
**appears**  53:18
56:12 60:4
62:1 64:8 71:9
71:20 88:19
99:8 106:15
108:7,8 119:12
120:1 121:4
128:2,2 129:2
132:3 133:5
138:9 142:4,10
153:11,15
159:14 179:4
182:3,7 190:23
191:1 193:10
**appended**
207:7
**applicable**
205:8
**applied**  15:5
202:22
**appreciate**
199:18
**approach**  96:6
105:5
**appropriate**
86:6 118:19
176:4
**area**  114:24
**arrangements**
204:14
**article**  3:7
202:7

**asap**  92:22
170:7
**aside**  19:21
94:13
**asked**  26:3,5
41:20 52:4
75:24,25 81:20
83:2,8,10 85:8
86:20 90:15
98:2 100:16
126:4 142:23
198:14
**asking**  7:14
22:22 26:18
59:21 73:3
79:25 82:15,17
82:18,23,24
83:11 86:3,17
135:5 143:16
150:3 154:19
176:16 179:9
195:20
**assigned**
202:13
**associate**  5:13
15:17,19 16:7
17:4 18:5 19:5
19:22 20:3
34:23,25 35:7
37:10 49:7
53:20 60:2,7
71:21 72:5
107:2 162:6,13
163:12 178:10

**associated**
53:25 58:1
136:2
**associaterelat...**
17:17 18:9
**associates**
171:9
**association**
8:20
**assume**  175:16
**assumed**
147:22
**atlanta**  1:2,19
2:5,11,17
**atlantic**  2:16
**attached**
190:17,22
205:11
**attachment**
189:25 200:20
**attachments**
59:22
**attendance**
16:2
**attending**  6:11
**attention**  26:13
**attorney**  2:3,9
2:15 6:8 7:12
9:3 26:17,18
82:15 108:3,12
110:25 202:21
204:9 205:1,13
**attorneys**  203:2
**audio**  50:12

**august**  204:16
205:3
**authorization**
164:3
**automatically**
202:22
**available**  154:2
154:4 205:6
**awaiting**
197:10
**aware**  23:23
32:3 33:17,24
34:4,4,19 35:4
35:5,10,16
36:2,7,13,16
38:13,15 46:11
51:16 52:8
54:16 55:13
58:2,4,25 66:9
67:18,21 71:17
73:2,7,10,12
74:23 76:13
81:8 90:19,24
91:15,17 92:6
92:14 102:21
102:22 124:11
132:21 133:17
133:20,23
136:4,9 147:1
149:21,24
158:19,22,24
159:3 161:24
164:20 165:3
173:11 192:9

Michael Solan                                      July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[awareness - begins]**                                      Page 7

| | | | |
|---|---|---|---|
| **awareness**   58:6 | 16:14 17:23,25 | 189:15 195:5 | **bates**   48:20 |
| 59:11,13 | 18:4 20:16,25 | **bams266283...** | 56:11 60:1 |
| 194:14 | 21:2,5 22:10 | 48:20 | 62:7 79:7 99:7 |
| **b** | 22:12,14,23 | **banc**   1:6 205:4 | 100:3 103:23 |
| | 23:4,24 24:2 | 206:1 207:1 | 106:3 112:12 |
| **b**   3:7 12:18,19 | 24:13,23 25:2 | **bank**   1:6 7:7 | 116:19 128:13 |
| 12:20 13:11,15 | 25:9,16 27:3,7 | 8:18,19,20,25 | 130:4 131:12 |
| 14:12 126:24 | 27:13,25 28:10 | 10:13,13 13:1 | 137:15 163:10 |
| 162:6 165:6,12 | 28:21,25,25 | 13:3,8,9,16 | 170:23 173:3 |
| 168:6 173:18 | 29:2,6 33:20 | 14:24 15:5 | 173:15 179:1 |
| 189:18 202:7 | 46:9 47:3 49:2 | 16:14 17:4 | 190:13 |
| 202:10,22 | 51:4,4,6 52:7 | 44:6 76:20,25 | **bathroom** |
| **back**   9:11 18:8 | 53:18,20,24,25 | 77:22 144:16 | 115:10 |
| 35:21,23 36:1 | 55:13 58:4 | **bankofameri...** | **bclplaw.com** |
| 36:4,12 51:2 | 59:5,14 60:5 | 18:9 | 2:18 205:2 |
| 61:4 70:13 | 60:25 69:14 | **bankofameri...** | **bear**   190:13 |
| 104:11 115:17 | 71:5,20 72:1 | 17:17 | **bearing**   48:20 |
| 116:7,9,10 | 72:14 85:22 | **based**   30:17 | 71:5 79:7 99:7 |
| 119:3,15 | 89:9 90:24 | 43:1,12,19 | 103:23 106:3 |
| 120:12 124:4 | 114:3,19 | 81:24 82:1,3,6 | 116:19 131:11 |
| 129:2 134:24 | 124:11,11,24 | 82:25 87:15 | 137:15 |
| 135:1 139:7 | 127:4,7 130:4 | 92:2 97:15 | **bears**   59:25 |
| 141:11 151:14 | 134:15,20 | 104:8 122:20 | **becoming** |
| 155:1,9 157:8 | 136:4,11 | 122:25 123:7,8 | 55:13 58:4 |
| 157:16 170:17 | 137:15 138:1 | 123:12,13 | 136:4 |
| 176:12 190:7 | 144:22 145:19 | 127:11 151:10 | **began**   65:6,9 |
| 191:22 194:2,4 | 146:2,8,16,18 | 172:5,19 | 65:12 |
| 195:1 196:15 | 147:20,23 | 192:12 199:1 | **beginning** |
| **bad**   83:3 | 148:1 159:20 | 204:13 | 41:14 163:7 |
| **ballantine** | 159:21,24 | **basically**   84:12 | 191:24 |
| 14:17,18 | 163:1,10 165:2 | 84:23 178:6,14 | **begins**   36:1 |
| **bams**   4:20,24 | 167:17 171:14 | **basis**   17:11 | 49:22 80:5 |
| 5:3,5 6:15 | 172:12 173:7 | 24:3 35:18 | 120:17 137:25 |
| 13:11,14,20,25 | 174:1,1,17 | 145:7,13 | 162:17 163:9 |
| 14:3 15:11,12 | 175:4,24 178:6 | 202:11 | |
| 15:19 16:9,13 | | | |

Michael Solan
July 16, 2024

Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[behalf - case]**

Page 8

**behalf** 2:2,14
**belabor** 194:9
  197:7
**belief** 161:15
**believe** 8:4,13
  8:16,22,25
  11:1,2 15:16
  16:19 17:2,12
  17:24 18:3
  19:10 22:4
  26:15 28:11,11
  28:15,15 29:17
  29:20 31:5,10
  31:12 35:12,14
  35:21 38:6,19
  39:23 49:13
  50:11 51:14
  52:15,23 58:21
  59:25 65:5,20
  66:23 67:2
  68:4 73:16,21
  75:14 81:4,16
  87:23 92:5
  93:5 100:20
  109:10 116:22
  119:18 139:12
  139:13 150:15
  161:2 162:18
  172:24 178:10
  180:19 192:19
  193:5 198:13
**believed** 92:9
**best** 105:13
  121:23 127:11

**better** 67:22
**beyond** 193:24
**big** 17:7
**bigger** 105:16
**bit** 11:22 48:7,8
  48:13 114:25
  137:1,1,2,3,6
  156:3 157:6,7
  167:12 179:15
  183:12,13
**blow** 90:18
**blown** 84:25
**board** 3:7
  202:7
**bodies** 85:2
**body** 53:23
  84:24 91:5
  92:11,16 96:20
  111:11 136:20
**bofa.com.**
  12:16
**boss** 111:25
  117:16 150:15
  151:22
**bottom** 59:16
  60:3,4 71:19
  72:8 112:15
  126:15 144:13
  156:14 182:3
**box** 17:10
  112:12,15
  120:16,18
  125:24 127:23
  128:13 156:14
  161:2

**breach** 26:17
  32:4 146:10,19
**break** 7:15,18
  7:19 15:12
  70:1 115:1,2,9
  115:11,15,25
  176:5 194:20
**brennan** 73:9
  73:20,24 74:2
**brief** 70:10
  176:9 194:23
**bright** 14:14
**brighthouse**
  14:7,8,9,9,15
  15:3
**broader** 114:20
  114:21 183:3
  184:3 187:7
**brought** 38:5
  73:12 98:5
  197:5
**bryan** 2:15
  6:13
**bullet** 83:23,24
  84:1 92:19
  93:3,10 96:24
  168:7,10
  170:12,16
**business** 73:15
  109:13,14
  125:5 126:25

| c |
| --- |

**c** 6:1 11:13,15
  11:17 28:6
  162:6 165:7,18

166:5 202:9
  205:1
**call** 10:1,3
  36:20 40:10
  72:2 117:18,19
  117:21,23
  118:10 119:10
  119:19,22
  120:2 121:16
  125:16 126:11
  126:12,19
  127:8,10
  138:10,13
  141:15 195:17
  195:18 196:15
**called** 7:24 14:7
  15:16 44:17
  65:21 90:14
  170:18 178:10
**calling** 89:22
**calls** 147:16
**capital** 13:15
  13:15,15,16
**caption** 204:4
**card** 193:3
**carolina** 11:17
  11:19,20 14:17
  14:20 21:11,12
**carpena** 31:21
  31:22 56:16
  57:1 59:19
  62:9
**case** 7:13 26:4
  26:9,13 27:8
  28:22 29:5,9

Michael Solan
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.
July 16, 2024

**[case - communicated]**                                                      Page 9

| | | | |
|---|---|---|---|
| 29:16,19,22 | **catch**  41:25 | **chart**  106:6,15 | **close**  77:7 |
| 30:2,9,25 | **cause**  54:3 55:8 | 107:23 111:9 | **cobb**  204:2 |
| 32:14,19,23 | 60:17 149:12 | 119:13,25 | **code**  5:12 10:18 |
| 33:1,9,18 | **caution**  97:14 | 162:4 176:15 | 10:23 11:25 |
| 45:11,12 64:9 | **cave**  2:15 6:13 | 176:19,25 | 44:16,20,22 |
| 67:9 73:11 | **ccr**  1:25 204:20 | 177:3,10,11 | 146:10,19 |
| 74:17,19 94:23 | **cease**  97:1 | 190:17,22 | 166:18 170:18 |
| 100:22 110:2,8 | **cell**  12:8,9,10 | **charts**  166:17 | 172:23 173:14 |
| 118:17 178:11 | 12:11 22:1,3,9 | 192:20 | 202:16 204:12 |
| 202:11,11,22 | 22:10,10,12,13 | **checked**  154:8 | **college**  21:10 |
| **cases**  108:20 | 22:15,20,21,23 | **choi**  4:23 | **collins**  68:20 |
| 109:2 | **center**  2:16 | **chose**  104:9 | 69:1 150:8,10 |
| **castro**  18:17 | **certain**  26:24 | **chris**  6:12 9:3 | **colloquies** |
| 20:12 37:9 | 34:8 47:6,9 | 35:18 82:18 | 203:1 204:6 |
| 38:20 39:16 | 78:17,20 | **chris.galanek** | **column**  112:16 |
| 40:4,6 42:18 | **certainly**  73:17 | 2:18 205:2 | 192:22 |
| 42:23 76:17 | 83:4 86:25 | **christopher** | **com**  12:21 |
| 81:11,17 | 97:14 135:5 | 2:15 205:1 | **come**  15:2 26:2 |
| 109:23 110:1,5 | **certificate** | **circumstances** | 26:8 39:15 |
| 110:6 111:25 | 204:1 | 146:23 172:19 | 68:2 |
| 116:21 117:16 | **certified** | **civil**  1:4 7:9 | **comes**  112:2 |
| 118:11,14,20 | 202:12 203:1 | **cizmadia**  99:17 | **coming**  11:8 |
| 119:10,23 | **certify**  204:4,8 | **claim**  198:15 | 94:16 118:7 |
| 120:3 121:5,21 | **chain**  49:21 | **claiming** | **comment**  50:17 |
| 122:8,19,22 | **chance**  178:18 | 197:20 | 68:11 |
| 127:9 138:16 | **change**  206:4,7 | **clear**  32:25 | **comments** |
| 139:25 141:16 | 206:10,13,16 | **clearly**  151:7 | 50:16,19 |
| 149:12 150:16 | 206:19 | **client**  26:17 | **commitment** |
| 150:19,21,21 | **changed**  19:11 | 51:5 53:5,6 | 204:14 |
| 151:22 152:6,8 | **changes**  198:17 | 59:11,13 82:15 | **common**  41:24 |
| 152:10 154:11 | 203:2 205:10 | **clients**  59:14 | **communicate** |
| 154:16,20,25 | 207:6 | 119:3 136:8,11 | 147:2 |
| 155:3,11,13 | **chapel**  11:13,16 | 145:19 146:3 | **communicated** |
| 175:22 176:1 | **charlotte**  21:11 | 146:10,18 | 89:8 192:15 |
| | 21:12 | | |

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[communicating - contact]**                                                    Page 10

**communicating**
99:23 146:1
**communication**
52:18 76:1
82:16 110:25
125:6
**communicati...**
123:7
**companies**  77:8
**company**  8:16
8:17 11:8 14:2
14:4,6 16:1
21:3 67:22
90:25 135:20
161:22 164:2
164:23 165:8
165:19 166:4
**company's**
171:12
**compensation**
202:17 204:13
**complaint**
84:23 91:1,5
92:10,15 96:20
**complaints**
85:2
**complete**  94:11
112:7 142:22
202:13,24
207:8
**completed**
93:16 205:16
**compliance**
46:12 47:5
50:24 51:16,19

52:3,8,10 58:7
58:24 59:3
202:6,16
204:11
**compliant**
46:10 51:7
55:13 58:5
59:6 61:1
124:12,24
136:4
**comply**  44:20
44:22 195:14
**compound**
149:5
**computer**
20:17 24:23
25:2,10 28:21
28:25 29:1,2,6
109:1 178:4,7
178:8
**concealing**
174:2
**concealment**
173:21 174:19
175:3,24
**concern**  58:8
58:10 59:4
85:20 89:8
114:17 124:23
145:16,25
146:6
**concerned**
44:19 84:8
**concerning**
69:6,12 114:13

**concerns**  57:11
57:22,24 58:12
58:23 85:12,12
85:16 114:20
147:3 174:24
**concluded**  36:4
192:18 201:5
**concludes**
200:2
**conclusion**
73:11 74:17,19
75:16 76:2
**conduct**  44:16
149:13
**conference**
139:23
**confidence**
77:11 112:8
113:7,24 114:7
114:7,9,12,17
124:18,22
125:7
**confident**
169:12
**confidential**
44:10 114:3,21
159:14,18
163:8 164:1,10
165:16,20,24
171:12 173:7
189:14
**confidentiality**
125:11 163:9
163:12 164:12
173:7

**confirm**  171:15
171:21,23
172:3 180:24
**confirmation**
97:2
**confirmed**
172:10
**confirming**
97:12
**conflict**  15:24
**connect**  147:9
**connected**
114:12
**connection**
26:3
**connections**
136:14,14
**consider**  64:13
64:15
**considered**
44:10 84:9
89:11,12 90:10
147:20 177:18
**considering**
87:5 88:21
89:4
**consisted**  65:15
65:16
**consists**  80:17
**constituted**
89:16
**consult**  154:6
**cont'd**  3:1 5:1
**contact**  28:14
141:9 196:8

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[contact - correct]**                                                    Page 11

197:23 198:8
198:12
**contacted**
40:23 202:20
**contacting** 42:1
**contemporan...**
154:1
**contemporan...**
109:17
**content** 40:18
52:6 54:19
57:11,14,14
67:20 68:7,8,9
79:22 80:1,16
81:23 93:4
102:22 104:22
108:4 181:24
183:3 184:2,3
187:7,23
188:14
**contents** 39:22
39:24 40:2
183:1 185:2
186:17 187:2,5
**context** 51:23
136:1,3,3
159:9,13
**continue** 18:5
44:9 92:20
94:21 112:8
114:10 124:19
125:7 144:7
170:5,6 192:14
**continued**
192:11

**continuing**
144:8
**contract**
202:17 204:12
**contracts**
202:10
**contributed**
83:7
**conversation**
30:7 32:7
37:24 38:4,7
38:10 39:3,11
39:14,19,20
40:4,10,16
41:4 42:25
46:11,17 51:21
52:5,13,14,21
54:15,18 56:5
56:8 65:25
66:5,8,10,25
68:4 72:23,24
72:24 102:15
102:18 103:2
104:13,16,17
104:21 121:1
121:13 124:3,6
124:8 126:7
138:15,17,20
139:14,25
140:2,20
143:20 151:3
154:10,19
174:5,10
177:19,24
189:1,9,11,24

195:9 196:3,16
199:22
**conversations**
30:17 32:12
36:22 42:17,23
45:20 67:3,5,5
67:15 68:1
72:19 73:1,4
79:23 83:18
108:2 110:1,11
110:17 149:10
149:19 177:18
**convey** 46:21
**conveyed**
189:12
**cooperative**
44:7
**coordinate**
144:8
**coordinated**
95:11
**coordinating**
95:8
**copies** 92:21,24
94:22 170:7
200:21 205:14
**copy** 33:1
159:23 179:2
188:22 190:16
199:11,12,12
200:10,15
**cornelius** 11:16
11:17,18,19
**corporate** 3:3

**correct** 10:5,21
16:6 17:20,21
18:19,20,22
23:4,6 25:10
25:11 28:6
29:3 33:2,3,5,6
33:22 34:8,11
34:13,15,18
35:1,11 36:3
43:21 44:24
45:1,2,13 49:8
52:1 55:1,2
56:9 57:16
58:5,6,17,20
59:15,20 61:1
64:19 66:2,3
66:16,16,20
69:4,7,14,16
72:3,4,6,7,9
74:4,16 76:12
80:14 84:10
86:21,23 88:9
88:19 89:19
91:6,19 92:11
92:14,23 94:10
94:17 95:18,20
95:23 100:10
100:13 101:19
101:21 102:9
102:14 103:2
103:25 104:1,3
109:2,6,15
112:22 113:16
113:17 114:15
116:22,24

Veritext Legal Solutions

Michael Solan                                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[correct - date]**                                    Page 12

117:20 118:12
119:11,25
120:1,24
123:18,21
124:12,25
125:1,3 126:17
126:18 127:7
128:7 129:1,23
130:11,21
131:15 132:2,7
132:8,19 133:2
133:20 134:1,4
134:16,22
136:5 137:19
138:7,8,9,12,22
139:1,6 140:6
141:1,7,8,20,21
141:23,24
142:3,9,24,25
143:18 144:1,5
147:6,14,15
148:6,7 153:9
154:18 160:9
160:14,15
161:18,19
163:13,14,16
163:20 164:23
165:25 166:1,7
167:22 169:6
170:25 171:25
172:1,4,8,13,20
185:24,25
191:2,21 192:2
193:7 194:7,8
195:21 196:4

196:12 197:14
197:19 198:19
198:20 202:24
204:7 207:8
**corrections**
207:6
**correctly**  23:2
35:5
**counsel**  2:1 3:1
3:8 6:6 8:5
10:15 30:7,14
30:17 31:1,14
32:22 33:9
37:4 51:20
63:11 64:3
72:21 73:4
78:1 81:6,16
82:7,8,10,10,14
82:20 83:1,1
83:19 97:18,19
98:6,11 109:22
110:12,18
111:24 118:22
122:9,20 123:5
123:8 145:22
148:21,25
149:11,20
150:7,14
151:12,19,23
152:8,11
174:25 180:3
180:23 181:20
183:2,24
184:24 186:18
187:3,6,20,24

188:12,15
202:3 205:14
**counter**  9:16
144:16
**county**  204:2
**couple**  64:9
**course**  21:23
22:5,7 26:25
109:12,14
176:17
**court**  1:1 3:7,8
6:16,19,22 7:2
7:9 21:19,21
28:5 35:24
198:24 199:3
199:17 200:5,9
200:13,16,19
202:7,12 203:1
204:15
**covered**  56:7
**create**  82:24
83:2 109:12
**cross**  4:4 8:2
61:21 123:1
186:19
**crown**  2:4,10
**current**  11:11
11:12 12:2,4
12:14,16 13:5
**currently**  12:23
12:25
**customer**  47:6
135:21
**cut**  111:5

**cv**  1:5 7:10
**cyber**  49:15,23

**d**

**d**  6:1 68:15
175:8
**daily**  108:21
**damage**  54:4
55:4,8,12
59:11 60:18,24
124:10 135:19
136:7 144:15
159:2 163:19
**damaged**  159:3
**dan**  55:20 56:1
73:9 78:13
**data**  32:4 46:15
46:15,18 47:6
50:2,4 51:5
53:5,6 65:21
76:22 77:4,7
77:10,13,14,18
92:22 94:16,16
95:9,12 106:22
106:24,25
127:6 135:21
169:17 192:25
**database**  107:1
**date**  6:3 60:13
60:14 71:13,18
71:23,24 72:19
75:9 86:24
87:3 107:7,12
107:19,19,19
108:7 112:13
128:10 133:21

Michael Solan
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.
July 16, 2024

**[date - decisions]**                                                          Page 13

| | | | |
|---|---|---|---|
| 142:18 150:18 | **de**  18:17 20:11 | 79:11 84:17,18 | 186:11,21 |
| 153:17 154:22 | 37:9 38:20 | 86:22,25 87:20 | 187:1,15,21 |
| 182:4,5 195:10 | 39:16 40:4,6 | 88:2,8,14,20 | 188:7,11 189:4 |
| 199:9 206:24 | 42:18,23 76:17 | 89:21 90:8 | 190:24 191:13 |
| 207:12 | 81:11,17 | 99:9,15 100:20 | 191:19 194:5 |
| **dated**  49:10,18 | 109:23 110:1,5 | 104:3 108:1,8 | 195:7,10 |
| 53:19 60:11 | 110:6 111:25 | 116:20 117:4 | 196:13 197:8 |
| 61:8 62:11 | 116:21 117:16 | 119:10 121:2 | 197:11,22 |
| 71:9,9,21 | 118:11,14,20 | 127:25 128:6 | 198:3 |
| 87:20 88:14 | 119:10,23 | 128:14,22 | **decide**  176:18 |
| 99:9 100:4 | 120:3 121:5,21 | 129:1,6 130:7 | **decided**  86:22 |
| 107:25 116:20 | 122:8,19,22 | 130:9,21 | 95:16 111:19 |
| 120:16 129:6 | 127:9 138:16 | 131:19,22 | 151:12 168:16 |
| 130:7,9 131:18 | 139:24 141:16 | 132:7,16,25 | 172:2 197:12 |
| 138:2 142:2 | 149:12 150:16 | 134:3,16,22 | **deciding**  87:6 |
| **dates**  26:12 | 150:19,21,21 | 138:2,8,24 | **decision**  74:23 |
| 38:11 43:8 | 151:22 152:6,8 | 139:4,11,13 | 76:20,23 77:1 |
| 51:2 64:23 | 152:10 154:11 | 140:1,24 141:6 | 77:4,15,19,22 |
| 109:25 | 154:16,20,25 | 141:16,18,20 | 78:1,15 87:15 |
| **david**  19:19 | 155:3,11,13 | 142:3,9 147:13 | 88:17 92:2 |
| 51:3 68:14 | 175:22 176:1 | 147:19 148:2,9 | 96:17 111:20 |
| **day**  8:8 62:22 | **dealing**  173:19 | 148:9 149:4,23 | 111:23 112:3 |
| 71:16 86:21 | 193:23 | 150:6,25 | 122:4,7,12,13 |
| 108:25 117:2,8 | **debating**  51:6 | 152:21 153:6,8 | 122:19,22 |
| 117:10 127:14 | **deceitful** | 153:14,14,16 | 123:25 124:4 |
| 127:16,19 | 175:13 | 153:19,22 | 124:10 128:16 |
| 128:1,5,8 | **december**  43:7 | 154:2,12,17 | 128:21 138:25 |
| 153:23 177:10 | 57:4 59:18 | 173:24 174:11 | 139:5,5,8,10,12 |
| 177:16,23 | 62:12,16,22,23 | 174:16 175:11 | 140:10 141:22 |
| 178:1 186:24 | 62:23 63:3,4 | 175:21 179:3 | 147:9 168:20 |
| 191:25 204:16 | 63:10,10,15,16 | 180:18 181:13 | 169:3 172:7,11 |
| 207:15 | 63:21,21 64:1 | 182:20 183:2 | 172:18 192:11 |
| **days**  38:14,25 | 64:1,12,19,19 | 183:18,25 | 192:14 193:20 |
| 64:9 107:8 | 65:3,6,6,9,11 | 184:15,21,25 | **decisions** |
| 153:22 205:16 | 71:10,13 75:6 | 185:11,24 | 167:18 168:7 |

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[decisions - discussions]**                              Page 14

168:15
**declaration**
142:22,23
188:22 194:7
195:11 196:19
197:4 198:4,7
198:9,18
**declare**  207:4
**dedicated**  59:1
194:17
**deemed**  207:6
**defendant**  1:8
2:14 6:15
48:19 71:5
79:7 99:7
106:2 131:11
137:15 179:2
190:12
**defendant's**  5:2
**defendants**
103:23 130:4
**delay**  159:7,10
163:20
**delete**  172:16
189:15
**deleted**  74:25
97:3,12 98:3
143:10 151:8
172:8,10
189:18
**deletion**  172:10
**department**
16:5 17:18
19:1,13 37:10

**depends**  146:13
**deponent**
205:13 207:3
**deposing**
205:13
**deposition**  1:11
6:5 7:5 9:2
10:10 13:14
21:24 199:1
200:2 201:5
**described**
139:24
**describing**  52:7
**description**  4:8
5:2
**desist**  97:1
**desktop**  20:19
20:22
**destroy**  158:21
**destroyed**
143:10 158:22
158:25
**destruction**
163:19
**detail**  179:9
**details**  39:21
111:4,11,13
112:16
**determined**
202:17
**dialogue**  52:11
89:16,22,23
90:1 98:6
114:5

**different**  15:22
107:8 157:9
**direct**  98:21
202:17 204:12
**direction**  204:7
**directly**  17:8
35:2 78:18
162:24
**disclose**  114:18
123:6 124:23
164:11 171:11
**disclosed**
158:14,16
171:2,6,22
**disclosure**  3:8
163:19 202:8
**disclosures**
202:2,4,6,19
**discount**
202:23
**discounts**
202:22
**discovered**
42:6 51:5
**discuss**  32:22
39:21,21 54:10
65:22,22,23
66:22 81:2,5
83:5 84:13
85:15 96:6
97:7 98:10
101:9,12,23,25
102:1 109:21
110:4,8 118:1
118:22,25

150:7,11,13
175:21 180:2
180:15,22
181:19 182:24
183:23 184:23
186:16 187:2,6
187:11,19
188:3,10,19
189:12 190:9
196:9,15
197:23
**discussed**  40:14
66:17,23 67:1
85:11,16
101:18 123:16
124:1 150:15
150:19,20
151:6 174:21
180:5,25,25
181:2,23 183:3
199:14,23
**discussing**  33:7
87:17 150:9
175:25 181:23
183:5 184:1,3
185:1 187:4,22
188:13
**discussion**
87:11 90:22
102:3,4 108:10
172:18 177:22
192:14
**discussions**
75:3 85:17
97:17,19,20

Veritext Legal Solutions
800.808.4958                                    770.343.9696

Michael Solan
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.
July 16, 2024

[discussions - either]                                                                    Page 15

| | | | |
|---|---|---|---|
| 192:10 194:15 | 162:17 163:10 | **doing** 85:1 | **drill** 98:18 |
| **disqualificati...** | 167:17 170:22 | 90:16 | **dropped** 80:12 |
| 202:9 | 173:15 177:14 | **dot** 12:21 16:21 | 80:19 135:22 |
| **disqualify** | 179:1 180:4,24 | **doubt** 132:4 | **duly** 7:25 204:5 |
| 202:15 204:11 | 181:2,16,23 | 142:5,6,7 | **duties** 15:18,20 |
| **disseminate** | 182:22 183:6 | 184:20,22 | 34:11,17 |
| 171:11 | 183:20,21 | 185:13,22 | |
| **dissolving** 14:1 | 184:17,17 | 186:12 187:17 | **e** |
| **distribute** | 185:2,13 | 188:8 | **e** 6:1,1 11:13,13 |
| 189:19 | 186:13 187:5 | **download** | 11:15,15,17 |
| **district** 1:1,1 | 187:17,23 | 164:25 | 14:12 28:6 |
| 7:8,9 | 188:9,14,20 | **downloaded** | 68:15 99:20 |
| **division** 1:2 | **documented** | 33:24 34:7,20 | 171:18 200:14 |
| **divulge** 164:15 | 109:2 110:2 | 35:6 36:8,14 | 206:3,3,3 |
| **divulged** 164:2 | **documents** | 38:21 39:22 | **earlier** 41:19 |
| 164:20 | 10:9 26:3,6,8 | 41:6,13,17 | 94:7 124:16 |
| **divulging** | 26:20,24,25 | 42:10 66:14 | 141:11 148:19 |
| 164:14 | 27:6 29:8,15 | 69:6,13 100:11 | 194:10 |
| **dlp** 49:25 50:1 | 29:18,22 30:2 | 114:13 158:15 | **early** 38:12 |
| 50:2,6 53:24 | 30:9,14,24 | 165:4 185:19 | 94:8,8 |
| 65:12,21 | 31:16,19 32:13 | 193:7 | **edited** 80:10,11 |
| **document** | 32:18,23 33:1 | **downloading** | **edits** 152:15 |
| 47:16 48:17 | 33:9 38:1 | 42:7,18 54:24 | 155:12 |
| 70:19,24 71:1 | 40:19 48:19,23 | 62:25 63:6,12 | **effective** |
| 71:4 79:6 | 48:24 92:21 | 63:17,23 64:2 | 152:21 153:7 |
| 80:24 81:2,5 | 93:14 94:20 | 64:14 65:2 | 153:24 |
| 81:13,18 82:25 | 98:4 99:6 | 67:12 69:3 | **effectively** |
| 83:2,5,7,20,23 | 101:13 106:2 | 76:4 99:25 | 82:15 145:11 |
| 99:1 103:16,23 | 131:11 133:9 | 109:8 133:8 | **effort** 125:5 |
| 106:5 108:18 | 137:14 160:13 | **draft** 130:12 | **efforts** 46:4 |
| 108:20,25 | 164:1 170:7 | 151:24 152:1 | **eight** 80:17 |
| 110:4,8 116:14 | 172:8,11 | 152:18 154:24 | **eighteen** |
| 135:14 155:18 | 178:13 181:1 | 155:10 | 199:15 |
| 157:25 161:4 | 181:24 183:4 | **drafted** 151:21 | **either** 17:19 |
| 161:16 162:14 | 184:3 197:18 | 152:4,23 153:3 | 22:11,25 23:1 |
| | | | 33:15,16 78:5 |

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[either - entry]**                                                    Page 16

| | | | |
|---|---|---|---|
| 78:8,10 90:14 | 99:15,23 100:2 | **emailed**  77:9 | **employee**  15:24 |
| 99:22,24 | 101:7,12,13 | 130:23 | 19:6 33:20 |
| 102:11 128:8 | 102:1,4,5 | **emails**  22:1,3 | 44:16 77:10 |
| 149:12 | 103:24 109:9 | 23:12 25:9,13 | 147:1,20,23 |
| **electronic**  23:3 | 114:13 116:20 | 33:25 34:8,20 | 148:1 166:6 |
| 23:9 | 117:5,9,24 | 35:6 36:8,14 | 175:24 204:9 |
| **email**  12:15,16 | 118:6,18 | 36:14 38:21 | **employees**  11:7 |
| 16:8,13 17:3,7 | 130:21 131:25 | 41:6,13 42:7 | 24:2,6 44:21 |
| 17:9,10,16,22 | 132:1,19,21,23 | 42:11,19 44:25 | 51:4 174:1,17 |
| 17:24 18:10,11 | 132:25 133:2,3 | 49:15 57:11,15 | 175:4 193:24 |
| 33:25 34:21,24 | 133:4,5,9,12,17 | 58:1 59:22 | **employment** |
| 35:1,7,11,12,14 | 133:20,23 | 62:24,25 63:6 | 15:22 18:6 |
| 36:3,9,17,18,19 | 134:1,16,21 | 63:12,18,23 | 43:3 44:3 73:2 |
| 36:25 37:2 | 137:25 138:6 | 64:2,14 65:2 | 87:17 147:10 |
| 38:21 40:25 | 138:18,24 | 65:12 66:6,14 | 152:21 165:1 |
| 41:6 49:2,21 | 139:4,15 140:5 | 66:22 67:12 | 165:21 171:10 |
| 51:2,3 52:22 | 140:9,23 141:2 | 69:7,13 71:8 | 192:12 |
| 52:24 53:19,23 | 141:5,8,9,14 | 76:4 92:25 | **ended**  16:13 |
| 54:2,25 55:4 | 142:1,2,17,20 | 94:22 99:25 | 120:17 |
| 55:18 56:3,12 | 143:15,24 | 100:12 101:13 | **ends**  117:25 |
| 56:24 59:18 | 145:17 147:6 | 101:16,23 | **engage**  118:21 |
| 60:11,16 61:8 | 147:12,16,18 | 102:2,20 104:6 | 120:7 |
| 61:11 62:2,7,8 | 148:8,14 149:3 | 104:9,18,19,23 | **engaging**  56:23 |
| 62:8 63:1,7,13 | 149:22 150:5,6 | 109:8 114:13 | **entered**  106:22 |
| 63:18,23 64:3 | 154:11,16 | 131:14 137:18 | 106:24,25 |
| 64:14 65:2,17 | 170:10 173:24 | 149:7 158:14 | **entire**  47:16 |
| 69:3 71:12,20 | 174:11,15 | 160:3 161:21 | 194:17 |
| 72:6,8,12 73:8 | 175:11,15,21 | 170:7 171:2 | **entitled**  165:6 |
| 74:22 76:5,7 | 175:23 179:2 | 185:19 193:7 | 167:18 |
| 76:25 77:3,14 | 183:5 187:5 | 193:11 | **entries**  107:6 |
| 78:12 79:8,9 | 189:24 190:16 | **employed** | 110:5,11 |
| 81:1 87:11,20 | 194:6 195:6 | 12:23,25 13:3 | **entry**  107:8,11 |
| 88:14,21 89:2 | 196:3,12,13 | 13:20 14:4 | 107:15,25 |
| 92:21 96:5,14 | 197:6,22 198:2 | 25:16 28:10 | 109:4 120:15 |
| 97:16,21 99:9 | 198:12,16,20 | 171:14 | 177:23 |

Michael Solan    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[equipment - exhibit]**    Page 17

**equipment**
165:19
**eric**  1:3 7:6,12
33:17 53:25
72:15 80:5
102:24 112:18
112:21,21
128:15 131:20
131:22 194:18
196:14 205:4
206:1 207:1
**eric's**  31:5 37:8
51:22 67:22
**erik**  99:17
**errata**  205:11
205:13,16
**escalate**  92:20
94:22 170:6
**escalated**  50:6
**escalation**
53:24
**especially**
96:16
**essentially**  46:3
**et**  205:4 206:1
207:1
**ethics**  5:12
10:19,23 44:17
44:20,22
146:11,19
166:18 170:18
172:23 173:14
202:16 204:12
**event**  140:23
177:22

**events**  109:17
177:6
**everybody**
115:18 199:18
199:19
**evidence**  204:8
**ex**  4:18
**exact**  8:8 11:5
18:24 26:12
27:5 41:11
92:21 94:22
117:10 136:12
140:19 170:7
**exactly**  8:23
16:12,13,18
19:8,17 28:19
42:21 44:17
72:25 114:3
181:22
**examination**
4:1,3,4 8:2
**examined**  7:25
**example**  84:24
102:20 107:10
**except**  202:10
**exchange**  27:14
56:3 73:8
183:6
**exchanges**
141:8
**exchanging**
65:17
**excuse**  31:22
63:16 78:12
90:8 112:13

113:8 118:13
131:12,19
150:21 156:1
175:10
**executing**
193:21
**exhibit**  4:9,10
4:11,12,13,14
4:15,16,17,18
4:19,20,21,22
4:23,24 5:3,4,5
5:6,7,8,9,10,12
5:13 47:23,24
48:19 53:18
55:19 56:11
59:17,25 61:3
61:7 68:6
69:19 70:1,14
70:18 71:4
78:12,22 79:1
79:6 88:13,21
92:19 93:16,25
98:15,19 99:6
100:11 101:15
103:12,15,22
105:7,8,11
106:2 108:7
109:11 110:15
110:22 112:12
113:15 116:9
116:11,19
119:13,24,25
120:13,14
128:12 129:12
129:15 130:3

130:25 131:2
131:10 134:25
135:14 136:17
136:21,22
137:14 142:1
147:13 151:14
153:25 154:13
154:21 155:14
155:17 156:10
156:13,20
158:2 160:21
160:22,25
161:4,17 162:4
162:9 166:10
166:14 167:8
169:24 170:23
171:19,19
173:2,14
176:15 178:17
178:22,25
179:6,12,21
180:3,6,8,17,22
181:6,12,19
182:13,19
183:1,9,17,23
184:2,6,7,14,24
185:2,5,10
186:5,9,17
187:2,8,9,14,19
187:25 188:1,6
188:10,17,22
190:4,11,16
191:9,11,22
192:19 193:14
194:4 195:4

800.808.4958                                    770.343.9696

Michael Solan
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.
July 16, 2024

**[exhibit - five]**                                                 Page 18

199:4
**exhibits**  4:7 5:1
  47:10,22
  185:22 200:17
  203:2,2,3
**expect**  44:21
  199:4
**expectation**
  165:17 189:15
**expectations**
  165:18 195:14
**explain**  197:18
**explained**
  189:20 196:1
**extensive**
  135:18
**extent**  146:25

**f**

**f**  12:18,19,20
  28:6 158:7,11
**fact**  28:10 34:4
  36:7,21 78:11
  89:7 96:18
  109:16 114:12
  124:24 129:5
  129:22 133:7
  133:25 136:4
  147:25 172:1
  178:2
**factors**  89:5
**facts**  92:3
  110:2 118:17
  168:11,15
  169:8

**fails**  205:18
**fair**  59:4 64:5
  64:25 67:10
  83:8 86:9,13
  102:13 108:23
  111:2,12
  173:19 178:3
**faith**  85:2
**familiar**  28:18
  46:14 99:11,13
  136:12
**familiarly**
  46:16
**far**  41:3 97:8
  110:8 185:17
**fcc**  91:5,22
**fd**  92:20,22
  169:17 170:6
**feel**  155:21
  162:18 169:12
  194:12,18
**felt**  168:20,24
  169:2,5 177:5
**figure**  93:24
**figured**  93:22
**file**  1:4 178:4
**filed**  91:4 92:10
  92:15 96:19
**files**  28:21
**final**  112:3
**finally**  132:17
  147:8
**financial**  14:7,9
  14:15 15:3
  202:9

**financially**
  204:9
**find**  26:6 27:15
  59:5
**finding**  60:25
**findings**  43:1
  43:13,15,19
  87:15 123:14
  172:5
**fine**  6:19 83:11
  115:16,21
  123:3 176:6
  186:22,22
**finish**  47:15
  48:3 186:2
  200:12
**finished**  67:25
  82:4 93:24
  166:9 181:4
**fire**  77:15,19,22
  78:2,15 86:22
  87:6 88:17
  95:16 96:18
  111:19 122:4
  122:13 127:18
  128:8 138:25
  139:6 140:10
  141:23 168:16
  172:2 197:12
**fired**  32:9,15
  32:18,21 33:8
  91:21 112:5,6
  113:2 128:19
  129:1 132:6
  134:15,21

147:5 160:13
  166:6 170:13
  191:17 192:15
**firewall**  98:1
**firewalls**  40:25
  54:18 65:19
  75:2 114:4
**firm**  202:1,19
**first**  7:24 14:11
  15:12 16:21
  36:25 38:25
  39:10 48:25
  51:2 54:18
  61:3,7 62:2
  68:4,6,14
  76:22 77:3,6
  77:10,13,14,18
  92:19,22 94:16
  95:9,12 99:1,8
  100:3,20 106:5
  106:8,13 107:4
  107:5,10
  117:24 120:2
  125:25 127:6
  131:18 135:13
  136:21 137:22
  142:1 147:13
  151:25 153:20
  157:24 158:9
  163:17 168:6
  169:17 190:7
  194:5 196:7
**fiserv**  3:3
**five**  80:4,17
  121:20 144:13

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[flag - galanek]**                                              Page 19

| | | | |
|---|---|---|---|
| **flag**  42:2 | 88:23 89:13,24 | 36:5 45:5 | 27:16 29:10,24 |
| **flagged**  42:12 | 90:11 91:7,24 | 122:6 149:17 | 30:4,10,13,20 |
| 42:15 | 92:12 95:19 | 159:4 | 33:10 35:13,20 |
| **floor**  2:16 | 96:3,21 122:5 | **four**  80:4,17 | 36:5 37:16 |
| **focused**  131:17 | 122:14 124:13 | 115:7,13 | 45:5 46:23 |
| 162:16 | 125:2,13 132:9 | 121:19 144:13 | 55:14 59:7 |
| **focusing** | 133:10,15 | 168:7 | 64:7,21 65:4 |
| 137:22 | 134:17 136:6 | **fourth**  50:23 | 69:8,15,20,23 |
| **folder**  25:4 | 140:11,17 | 68:14 96:24 | 69:25 70:4 |
| **follow**  90:21 | 143:7,19 144:2 | **frame**  41:13 | 78:7 81:7 82:8 |
| 104:13 140:20 | 144:20,23 | 184:19 | 82:11,23 84:11 |
| 176:14 178:15 | 145:4,13,20 | **frames**  41:16 | 85:24 86:8 |
| 189:24 195:3 | 146:4,12,20 | **free**  155:21 | 87:8 88:4,6,23 |
| 196:23 198:15 | 147:21 148:18 | 162:19 176:17 | 89:13,24 90:11 |
| 199:24 | 149:5,15 153:1 | **friday**  127:15 | 91:7,24 92:12 |
| **following**  47:12 | 153:10 158:23 | 127:24 128:3,5 | 95:19 96:3,21 |
| 49:25 50:6 | 161:23 164:8 | 140:21 153:16 | 97:13 115:4,16 |
| 56:3 149:7 | 168:18 169:1 | 153:17,18,22 | 115:21,25 |
| 202:1,5 | 169:10,19 | 154:1 174:14 | 118:23 119:1 |
| **follows**  8:1 | 171:3 172:14 | 189:5 196:16 | 122:5,14 123:2 |
| **foregoing** | 173:9 174:3,20 | **full**  51:5 87:15 | 124:13 125:2 |
| 204:4 207:5 | 175:6 181:21 | **function**  19:3 | 125:13 132:9 |
| **forget**  11:5 | 193:9 | **further**  68:8 | 133:10,15 |
| 44:17 157:8 | **format**  106:15 | 137:6 157:6,7 | 134:17 136:6 |
| **form**  23:7,18 | 190:14 192:20 | 161:11 199:7 | 140:11,17 |
| 24:15,19 25:21 | **forms**  202:8 | 204:8 | 143:7,19 144:2 |
| 29:10,24 30:4 | **forwarded** | **future**  165:1 | 144:6,20,23 |
| 33:10,11 35:13 | 132:1 | | 145:4,8,9,20 |
| 36:5 37:16 | **forwarding** | **g** | 146:4,12,20 |
| 46:23 55:14 | 53:25 | **g**  6:1 14:12 | 147:21 148:18 |
| 59:7 64:7,21 | **found**  65:23 | 57:7 | 149:5,15,17 |
| 65:4 69:8,15 | 101:14 102:20 | **ga**  205:15 | 153:1,10 155:2 |
| 78:7 81:7 | **foundation** | **galanek**  2:15 | 158:23 159:4 |
| 84:11 85:24 | 23:19 25:22 | 6:12,12 8:5,14 | 161:23 164:8 |
| 86:8 87:8 88:4 | 27:16 35:22 | 9:22 23:7,18 | 168:18 169:1 |
| | | 24:15,19 25:21 | |

Michael Solan
July 16, 2024

Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[galanek - hard]**

Page 20

169:10,19
171:3 172:14
174:3,20 175:6
176:6 178:13
181:21 193:9
198:25 199:5,8
205:1
**galarza**  28:17
99:10 100:4
**gamut**  177:6
**gather**  94:3
96:9,13,15
**gathering**
79:17
**general**  46:2
67:23 168:4
177:4
**gentlemen**  7:4
**georgia**  1:1,19
2:5,11,17 3:7
7:8 202:6,12
204:2
**getting**  186:24
196:18 197:3
**gist**  39:4 41:4
52:5 54:15
**give**  6:23 9:13
9:18 35:24
90:17 115:18
160:19 161:5
196:14
**given**  18:1
171:5 172:4
204:8 207:9

**global**  5:10
**gmail**  54:1
**go**  7:17,19
14:24 18:8
35:22 47:13,14
56:10 59:24
61:4 62:6 80:3
83:22 88:6
91:15,22 97:18
98:22,23,23,24
103:11 114:24
116:9,10
120:12,13,14
122:15 131:21
134:24 135:1
136:16,22
141:11,25
151:14 157:8
157:16 162:23
163:24 169:24
170:4 181:9
182:15 187:8
191:22 194:2,4
195:4 197:8
199:16
**god**  6:25
**goes**  51:7 72:15
80:6 84:22
138:1 157:2,3
162:18 165:6
173:3
**going**  7:13,17
13:13 17:8
30:18,21 41:2
45:6 47:9

50:17 69:18
70:4,17 78:25
80:6 82:11
83:9,15 93:8
97:13 98:18
103:15 105:11
114:24 115:3,6
116:10 119:15
120:18 129:15
135:5 136:15
137:5,6,21,23
142:22 149:20
155:17,20
156:12 160:21
161:1 162:12
163:10,22
170:17 176:3
179:8 189:2
191:11 194:9
197:7 198:4,23
198:24 199:2,3
199:16
**good**  7:11,21
85:2 199:17
**great**  11:23
**group**  17:7,9
17:10,14 49:6
49:8 51:4 60:8
72:5 73:14,23
**guess**  36:13
155:1 170:9
174:6
**guidance**
122:20

## h

**h**  1:6 14:12,12
20:1 126:24
206:3
**half**  70:5 115:5
157:25
**hand**  6:17,20
7:3 107:7
**handbook**  5:13
10:18,22 44:16
162:6,13
163:13,15
**handling**  53:6
157:18 158:11
**hang**  194:2
**hanky**  20:1
76:15
**happen**  90:9
109:20
**happened**
62:15 65:1
77:9 100:17
177:24
**happening**
62:18 177:22
**happens**  166:6
178:16
**happy**  7:16
123:9
**harassing**
145:12
**harassment**
15:25
**hard**  32:25
200:15,21

Michael Solan
July 16, 2024
Slawin, Eric Vs. Banc Of America Merchant Services, Et Al.

[head - information]
Page 21

**head** 21:13,21
37:9 38:16
137:12
**heading** 84:1
96:24
**headings** 83:23
83:24
**hear** 9:17 97:10
149:11 151:18
**held** 117:9,12
**help** 6:25 11:23
37:25 79:15
83:19
**helped** 130:12
151:20
**helpful** 21:24
155:25 162:25
167:11
**helping** 15:21
**hereto** 207:7
**hi** 196:14
**high** 53:4
118:16
**hold** 105:20
115:7 123:2,2
**home** 21:6 33:4
**hopefully**
178:16
**hour** 70:4
115:5,9,12,14
**hours** 115:7
**house** 14:14
**housed** 159:15
**hr** 17:18 19:13
60:9 72:6,14

73:12,13,14
76:9,12 112:2
126:25 147:3,3
147:4 193:23
194:11,19
**huh** 12:6 41:12
47:8 48:15
49:24 63:20
69:2 103:5
109:11 111:2
127:15,18
129:5,10 142:8
142:11 146:25
186:3 187:25
**human** 16:4
18:25

**i**

**identification**
47:25 70:15
78:23 98:16
103:13 105:9
129:13 131:3
136:18 155:15
160:23 162:10
166:15 178:23
179:13 180:9
181:7 182:14
183:10 184:8
185:6 186:6
187:10 188:2
188:18 190:5
**identify** 6:6
152:12 178:14
**identity** 74:13
75:20

**impacts** 204:14
**impartial**
204:15
**impartiality**
202:16 204:11
**implicates** 83:9
**implications**
84:14 89:6
**implied** 55:15
59:10
**implying**
159:11
**important**
177:13 192:4
**improper** 147:1
**improperly**
146:9
**ims** 23:14 25:20
25:24 28:10,12
**inaudible** 67:23
149:8 166:12
**incident** 185:18
186:10
**incidents** 50:6
50:14
**include** 40:2
177:17
**included** 81:16
189:25
**including** 43:16
44:23 46:4
89:5,5 96:9,15
122:3
**incorrect**
191:24

**index** 4:1,7 5:1
**indicate** 30:16
**indicated** 60:13
60:22 138:7
142:9 189:21
189:22 195:13
**indicates** 118:6
**indicating**
193:11
**indication**
90:17 171:5
**indiscernible**
23:17 87:18
98:8 105:17
111:8 122:25
125:4 136:16
160:19 199:15
**individual**
18:10 74:19
97:25
**individual's**
112:4
**individuals**
17:7 26:23
37:11 56:1
59:1 73:1,5,8
99:23,24
121:19 124:5
126:20 127:9
134:5 138:15
164:2
**info** 169:17
**information**
5:9,10 10:18
10:20 11:9

Michael Solan
July 16, 2024

Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[information - investigation]**    Page 22

| | | | |
|---|---|---|---|
| 27:20,25 28:2 | 160:5,10 | **initial** 39:19,20 | **interest** 202:9 |
| 31:19 32:2,8 | 161:18,25 | 65:25 | 202:14 204:10 |
| 34:22 35:15 | 163:8 164:4,10 | **initially** 35:16 | **interested** 9:5 |
| 36:17 37:5,12 | 164:14,17,21 | 36:16 65:16 | 92:19 136:20 |
| 37:21 38:1,2,8 | 164:25 165:4,7 | 152:4 | 155:20 204:9 |
| 40:11,20 41:24 | 165:13,16,20 | **inquire** 198:17 | **internal** 89:16 |
| 42:4,13 44:11 | 165:24 166:2 | **inquiring** 67:19 | 89:22,23 90:1 |
| 44:15 47:6,7 | 168:21,24,25 | **insensitive** 55:8 | 114:5 |
| 49:2 53:11 | 169:3,7,13,17 | **instance** 58:14 | **interpret** 156:7 |
| 54:1,2,16,17 | 169:21 170:10 | **instances** 28:12 | 159:16 |
| 55:7 58:1 | 170:11,15 | 97:25 | **interrupt** 47:10 |
| 60:16 72:2 | 171:6,12,22 | **instant** 23:15 | **interview** 87:12 |
| 73:10 74:22 | 172:12,17 | 23:23 52:19 | 94:14 96:7 |
| 75:1,6,10 77:5 | 173:8,25 174:2 | 63:5 77:17,21 | 104:24 120:17 |
| 77:8 79:22 | 174:7 175:12 | 77:25 102:8,9 | 120:23 121:6 |
| 80:22 81:14 | 175:23 177:6,8 | **instruction** | 121:14 126:20 |
| 82:1,6 85:21 | 182:9 189:14 | 30:14 | 139:17 141:24 |
| 90:19 93:19,20 | 189:16 192:12 | **intellectual** | 172:15 174:13 |
| 93:23 94:3,19 | 193:4 194:1 | 10:17 11:4 | 177:9 189:10 |
| 94:25 95:3,6 | **informed** | 172:25 | 189:23 |
| 95:10,13,17 | 102:23 128:15 | **intended** 57:14 | **interviewed** |
| 96:1,9,13,15 | **infosec** 27:19 | 90:18 160:4,8 | 90:15 94:10 |
| 98:1 100:12,18 | 28:3,14 39:12 | 160:10 166:1 | **investigate** |
| 100:25 112:9 | 41:18,21 42:6 | **intends** 151:7,7 | 148:17 149:2 |
| 114:3,18 143:2 | 49:2 53:20 | **intent** 165:3 | 194:12 |
| 143:11,14,14 | 56:2,18 60:5 | 174:6,7 | **investigating** |
| 143:17,25 | 65:21 66:1,5 | **intentional** | 15:21 149:21 |
| 144:15 145:19 | 66:10,18 71:20 | 175:3,24 | **investigation** |
| 145:21 146:2,9 | 72:1 73:20,22 | **intentions** | 26:22 27:1 |
| 146:14,17 | 74:14 75:19 | 87:13 | 37:7 38:12 |
| 147:2 148:16 | 76:1 77:12 | **interact** 34:10 | 39:6,8 41:3 |
| 150:1 151:9 | 92:21 94:16 | 34:16 | 43:17 44:8 |
| 156:17,21 | 95:1,4 169:17 | **interacted** | 50:7 76:3 |
| 157:17 158:11 | 169:22 170:6 | 56:21 | 93:24 94:7,8 |
| 159:15,19 | 182:8 185:18 | | 95:9,14 96:10 |

Case 1:19-cv-04129-AT    Document 174-3    Filed 01/08/25    Page 231 of 260

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[investigation - know]**                                    Page 23

108:24 149:7
149:14 192:18
194:19
**investigations**
15:23 108:20
193:24
**involved** 15:20
76:9 122:1
**involves** 53:24
**involving**
121:13
**irrelevant**
145:12,14
**issue** 38:5
39:15 40:7
45:1,4,10,15,23
47:3,5 53:2,10
55:11 58:7,24
59:3,12 62:16
63:6,12,17,22
64:5,13,16
67:1,12 68:1
68:18,21 69:2
69:5,12,13
85:13 103:2
109:8 121:6
125:12,14
133:8 135:22
193:7 194:17
199:1,14,23
**issued** 21:3
22:12
**issues** 16:3
40:12 42:6
46:13 52:8,10

53:5 59:2 85:5
109:22 114:1
125:5
**items** 24:23
25:2

**j**

**jarra** 73:9 74:3
74:7,10
**jean** 2:9
**jeannie** 6:10
**jeannie.marx**
2:12
**job** 15:13,18,20
18:10,23 19:3
19:15 20:2
21:7 34:11,17
85:14 108:19
108:21 113:25
114:9,10
**joe** 135:19
**joint** 14:1
111:24 148:15
**july** 1:15 6:3
**jump** 200:6
**june** 41:14
**justify** 168:21

**k**

**k** 20:1
**keep** 22:15 33:4
39:6 70:23
114:2 137:1,5
137:6 164:9
167:3 177:7
179:15,15,16

179:17 180:11
180:12,13,13
183:11,12
**keeping** 165:12
**kendall** 31:9,9
32:12,13 45:14
45:22 46:9,17
46:21 51:25
52:14 53:1,7
53:14 54:11
57:19 58:16,17
58:20,21,22
63:22 66:22,24
67:7,11,18,20
73:16,17 79:24
80:8,10,18,24
81:3,25 82:2,9
85:4,7,9,10,11
85:19 86:20
89:8 101:10,12
101:19,24
102:2,21 103:6
104:2,11,22
105:1 112:1
117:21 120:4
121:21 123:22
125:17,19,20
125:25 127:9
127:24 138:16
148:10,12
149:25 150:3
190:17,20,21
191:25 193:8
194:15

**kendall's**
198:25
**kept** 29:5 164:1
**keskessa** 73:9
74:3,10
**key** 177:6
**kind** 15:24
54:20 80:12
108:24 112:9
178:16
**kinds** 23:9
**knew** 21:20
172:3
**know** 9:25
10:16 15:23,25
16:3 18:23
19:3,7,12,15
20:2,6,11 24:8
24:12 25:24
29:15 30:6
31:23 34:3,6
42:9 43:15
47:17 48:3
49:16 50:1
52:8 67:24
70:19 77:5
78:21 79:2
80:10,21 82:3
86:4 88:5 93:1
95:5 98:19
99:18,21
103:16 104:6
105:20 108:1,9
108:13 111:1
114:23 115:3

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[know - llc]**                                                        Page 24

115:13 117:1,8
117:10,13,14
117:15 120:19
126:6,10,11
127:16 129:8,8
129:17 131:5,6
135:10 136:23
137:25 138:3
143:6 144:24
147:17,22
150:24 151:1
151:20 152:22
154:8 155:22
156:7 160:7,12
161:7 165:24
166:1,24
171:24 177:2
178:2,18 180:7
181:1 182:6,7
192:7 200:18
**knowledge**
17:5,6 18:14
42:12,14 58:13
62:20 63:2,8
63:20,24,25
64:4 73:7
80:23 89:15
90:2 91:1
93:18 94:2
96:19 100:1,23
101:4 102:2
113:22 121:23
127:11 132:8
132:15 133:16
136:11 143:8

148:3 158:6
161:20 171:4
171:13,15,19
190:18
**known**  17:3
28:3 59:2

**l**

**l**  11:17 99:20
99:20
**l.l.c.**  2:4,9 3:4
**lady**  7:4
**lafferty**  3:3
10:4
**language**
163:18
**laptop**  20:19,20
20:21,24 23:3
23:10,16 25:15
25:17
**largely**  82:1
**larry**  73:8,19
73:20,21
**late**  13:4
186:24
**lateral**  20:5
**law**  2:3,9,15
202:6 205:1
**lawyers**  2:6
**leader**  73:22
**leaders**  111:21
**leadership**
73:18
**leave**  13:25
15:9 27:2

**left**  14:2,3 15:3
22:14,23 107:7
107:11 115:6,8
115:9
**legal**  84:2,13
96:25 97:1,7
97:10,11,23
98:6 111:24
118:22 120:7
122:9,20 123:4
123:8 145:21
148:20,24
151:12,23
152:8,11
154:25 155:4
174:24 189:17
192:17 194:1
205:23
**leighton**  2:15
6:13
**letter**  97:1,20
100:7 129:6,22
129:25 130:11
130:13 132:1
133:25 134:11
151:17,20
152:1 154:3,7
154:9,13,21,23
155:10
**lettered**  158:11
**level**  20:5 53:5
118:16
**likely**  140:7,7
**limited**  46:24
47:2

**linda**  1:25
35:21,23 47:21
199:10 204:20
**line**  50:24 51:2
68:14 73:15
125:25 152:20
153:20 163:25
206:4,7,10,13
206:16,19
**lines**  80:4,18
81:24 121:20
144:13
**list**  156:14
161:1 162:5
166:17 185:4
**listed**  113:10
113:21 119:13
119:25 121:13
121:18 168:13
**listening**
126:14
**lists**  100:11
101:15
**literally**  145:9
**litsup**  205:15
**little**  11:22 48:7
48:8 61:22
100:12 114:25
115:1 137:1,2
137:3,6 156:2
157:7 161:10
167:12 179:17
183:12,13
**llc**  1:6

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[llp - marked]**                                    Page 25

| | | | |
|---|---|---|---|
| **llp**  2:15 | 165:5 170:12 | 122:11,12,22 | 198:12 202:13 |
| **located**  14:16 | 173:18 | 123:19 124:4 | **maker**  112:3 |
| 21:9 | **looks**  65:11 | 124:11 136:8 | 122:12,19 |
| **lodges**  84:23 | 80:9 104:4 | 138:25 139:6,8 | **makes**  84:22 |
| **long**  14:22 18:4 | 117:1,7 121:19 | 139:10,12 | 126:13 |
| 101:1 114:23 | 128:23 163:17 | 140:10 141:22 | **making**  32:5 |
| 115:2,5 178:15 | 180:20 181:14 | 147:9 148:14 | 67:18 76:13 |
| **longer**  44:8 | 181:16 182:22 | 149:3,22 | 167:18 168:6 |
| 193:22 | 186:13 196:11 | 152:16 155:13 | 168:14 202:15 |
| **longish**  155:18 | **lori**  121:21 | 165:25 168:20 | **man**  74:10,11 |
| 162:13 | 126:21 127:1 | 172:6,12,18 | **managed**  19:5 |
| **look**  10:9,12,24 | **loss**  50:2,4 | 174:24 198:18 | **management** |
| 26:19,20 27:14 | 112:7 113:6,23 | 202:6 203:2 | 16:2 178:11 |
| 29:18,21 30:8 | 114:6,8,9,11,16 | 204:14 207:5 | **manager**  17:13 |
| 32:18 60:3 | 124:18,20,22 | **mailbox**  17:7 | 18:15,18 31:4 |
| 88:13 92:18 | **lost**  70:6 | 17:15 35:3 | 31:5 37:8,9 |
| 99:11,13 | **lot**  85:17 179:9 | 49:6,8 60:8 | 39:5 51:22 |
| 110:14,21 | 192:9 197:7 | **mailed**  130:22 | 55:20 57:7,7 |
| 112:11 120:19 | **lower**  49:21 | **main**  15:20 | 57:10,19 58:19 |
| 125:24 128:12 | **luck**  199:17 | 85:18 | 58:20 81:8,11 |
| 128:23 152:19 | **lunch**  115:2,8 | **maintain** | 109:23 112:4 |
| 156:10 157:12 | 115:15 116:4 | 125:11 | 119:19 152:10 |
| 162:20 169:24 | **m** | **maintaining** | **manual**  42:2,3 |
| 173:13 175:8 | **m**  13:11,15 | 202:16 204:11 | 42:14 |
| 176:18 178:18 | 57:7 99:20 | **make**  35:16 | **marathon**  7:15 |
| 179:6,24 182:2 | **made**  32:3 34:3 | 37:25 39:7 | **mark**  6:17 31:5 |
| **looked**  10:16 | 34:3 35:10 | 40:23 41:1 | 31:9 37:8 |
| 11:2 26:8 27:6 | 36:2,7,13,16 | 43:10,22 44:4 | 51:22,25 58:15 |
| 29:8,15 30:1 | 38:13,14 39:5 | 65:17 87:14 | 58:16,17,18,20 |
| 30:24 | 43:12,14,20 | 90:19,23 120:8 | 58:21 121:20 |
| **looking**  30:13 | 52:8 58:25 | 123:22,24 | 190:17,19,20 |
| 32:13,23 33:8 | 73:2,7,10,12 | 141:9 160:3 | **marked**  47:25 |
| 35:11 36:3 | 74:22 107:6,8 | 168:11 169:3 | 70:15,18 78:23 |
| 42:10,15 93:9 | 107:12 111:20 | 169:13 177:23 | 98:16 103:13 |
| 102:19 162:5 | 111:21 122:4,8 | 177:25 178:1 | 105:9 129:13 |

Michael Solan
July 16, 2024

Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[marked - matter]**                                                    Page 26

| | | | |
|---|---|---|---|
| 131:3 136:18 | 86:1,11 87:19 | 151:14,16 | **marxlawgrou...** |
| 155:15 160:23 | 87:25 88:7,11 | 153:5,12 155:5 | 2:6,12 |
| 162:10 166:15 | 88:12,25 89:18 | 155:8,16 156:1 | **maryann**  18:17 |
| 178:23 179:13 | 90:3,12 91:10 | 156:4,9,11 | 31:21 37:9 |
| 180:9 181:7 | 91:25 92:17 | 157:12,20 | 39:16 40:4 |
| 182:14 183:10 | 95:22,25 96:11 | 159:1,6 160:17 | 76:17 109:23 |
| 184:8 185:6 | 96:23 98:7,9 | 160:19,24 | 110:1 111:25 |
| 186:6 187:10 | 98:14,17 99:5 | 161:5,6,14 | 116:21 117:16 |
| 188:2,18 190:5 | 103:10,14 | 162:2,3,11 | 118:20 119:23 |
| **marks**  7:12 | 105:6,10,15,18 | 163:1,6 164:13 | 121:21 122:8 |
| 200:23 | 105:19 106:1,7 | 166:9,13,16 | 122:19 150:16 |
| **marlynn**  31:21 | 114:23 115:12 | 167:7,15 | 151:22 152:10 |
| 56:16 62:9 | 115:20,24 | 168:23 169:4 | 176:1 |
| **marx**  2:3,4,4,9 | 116:8 119:2,6 | 169:15,23 | **material**  79:20 |
| 2:9,9 3:4,4,4 | 119:7,14,21 | 170:1,3,19,21 | 79:21 89:3 |
| 4:4 6:9,9,10,10 | 122:10,16 | 171:8 172:21 | 155:21 156:24 |
| 6:10,11 7:5 8:3 | 123:15 124:14 | 173:16,17 | 157:9,24 |
| 23:8,20 24:17 | 125:9,15 129:9 | 174:9 175:1,7 | 182:22 185:14 |
| 24:21 25:23 | 129:11,14,21 | 176:3,13 | 192:3 |
| 27:21 29:12,14 | 130:3,6,25 | 178:24 179:20 | **materials**  11:3 |
| 29:25 30:5,18 | 131:4,10,13 | 180:16 181:11 | 32:5 38:1 |
| 30:21,23 33:13 | 132:13 133:13 | 182:1,11,18 | 40:21,24 41:17 |
| 35:18 36:6 | 133:18 134:19 | 183:8,16 184:5 | 65:18,23 66:11 |
| 37:19 43:24,25 | 134:24 135:3,7 | 184:13 185:9 | 66:13,14 67:21 |
| 45:6,8 47:1,20 | 135:9 136:15 | 186:2,4,20 | 79:18 93:1 |
| 48:1,18,21 | 136:19 137:10 | 187:13 188:5 | 158:20 179:24 |
| 55:17 59:8 | 137:13,17 | 188:21 190:2 | 192:10 |
| 61:4,6,19,23,25 | 139:21,22 | 190:10 191:8 | **matter**  7:6,7 |
| 64:11,24 65:8 | 140:13,22 | 191:10 193:13 | 38:3 43:18 |
| 68:8,10 69:11 | 143:12,22 | 194:20 195:2 | 46:3 51:23 |
| 69:17,21,24 | 144:3,11,21 | 198:23 199:21 | 64:17,23 84:13 |
| 70:3,6,16 71:3 | 145:2,7,14,15 | 200:11,14,17 | 85:15,17 90:2 |
| 71:7 78:9,24 | 146:7,15,24 | 200:20,24 | 114:1 136:2 |
| 81:10 82:10,17 | 147:24 148:22 | 201:3 | 185:15 202:14 |
| 83:13,17 84:16 | 149:9,18 | | 202:21 204:11 |

Michael Solan                                                      July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[matters - name]**                                              Page 27

| | | | |
|---|---|---|---|
| **matters**  15:22 | **memory**  78:17 | 207:12 | **monday**  128:6 |
| **mean**  16:16 | **mentioned** | **michael.solan** | **mong**  55:20,23 |
| 19:5 33:14 | 53:14 68:5 | 12:16 18:2 | 73:9 78:13 |
| 78:4 113:23,25 | 165:15 193:20 | **michael.solan.** | **monitor**  18:11 |
| 115:5 118:16 | **merchant**  1:6,7 | 17:2 | **month**  27:5 |
| 132:14 143:23 | 7:7 8:20 10:14 | **mid**  14:23 | 41:11 |
| 153:13 159:8 | 13:8,10,16 | **middle**  47:11 | **months**  41:15 |
| 195:17 | 16:14 17:4 | **midnight**  79:13 | 199:15 |
| **meaning**  34:13 | 44:7 53:14 | 88:1 | **morning**  7:11 |
| 84:6 | 144:16 205:4 | **mike**  4:2 6:5,17 | 88:2,8 117:13 |
| **means**  36:9,15 | 206:1 207:1 | 7:6,23 72:14 | 118:1,7,9 |
| 50:2 68:23 | **merchants**  53:3 | 115:19,21 | **move**  83:14 |
| 78:6 90:24 | 55:12 58:4 | 123:2 131:22 | 98:20 116:15 |
| 159:13 | 59:5,14 60:25 | 190:20 | 129:16 131:6 |
| **mediating** | 85:13,21 89:9 | **mind**  89:10 | 135:4,7 |
| 52:11 | 124:11,24 | 145:18 | **msa**  53:15 |
| **medical**  9:12 | 136:5,8,10 | **mine**  20:3 | **multiple**  66:9 |
| **medications** | 144:19 150:2 | **minute**  9:12 | 67:8 73:1 |
| 9:16 | 174:18,19 | 134:25 194:20 | 112:6 113:5 |
| **meet**  96:5 | **merely**  30:16 | **minutes**  70:7 | |
| **meeting**  81:15 | **message**  77:18 | **mis**  91:8 | **n** |
| 81:18 116:23 | 77:21,25 102:8 | **mischaracteri...** | |
| 116:25 117:9 | 102:10 | 87:9 88:24 | **n**  2:3 6:1 11:13 |
| 117:12,15 | **messages**  23:15 | 91:8 | 11:15,17 19:25 |
| 118:5,15 119:9 | 39:22 54:2 | **mistake**  186:24 | 20:1 28:6 |
| 141:12,14 | 60:16 63:5 | **mistaken** | 46:15 192:23 |
| 170:9 | **messaging** | 153:17 | **n.w.**  2:17 |
| **meetings**  81:22 | 23:24 52:19 | **modification** | **name**  7:11 10:8 |
| **meg**  121:21 | **met**  9:3,7,8,9 | 163:19 | 11:5 16:21,21 |
| **member**  17:8 | 9:21 | **modified** | 18:16,17 19:25 |
| **members**  56:21 | **methodology** | 158:19 | 19:25 24:9,10 |
| 74:8 | 177:3,4,21 | **modify**  158:18 | 28:16,18 31:5 |
| **memo**  80:13 | **michael**  1:12 | **moll**  135:19 | 31:20 37:13 |
| 119:24 | 205:1,5 206:2 | **moment**  35:25 | 56:19 66:1 |
| | 206:24 207:2,4 | 135:1 | 76:10 126:21 |
| | | | 178:9 |

Michael Solan                                      July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[names - number]**                                     Page 28

| | | | |
|---|---|---|---|
| **names**  27:24 | 40:7,12 45:1 | 129:2 154:1 | 71:21 109:4,9 |
| **natasha**  68:20 | 45:15,23 46:1 | 157:10 177:7 | 133:19,22 |
| 69:1 | 46:8,21 53:2 | **noti**  153:2 | 180:18 181:13 |
| **national**  8:19 | 53:10 54:3 | **notice**  35:7 | 182:20 183:2 |
| 8:25 | 60:17 64:15 | 38:25 39:12 | 183:17,24 |
| **native**  190:14 | 67:1 68:2 69:7 | 148:6 191:4 | 184:14,21,25 |
| 192:20 | 85:6,22 89:10 | **noticing**  202:21 | 185:11,23 |
| **nature**  54:1 | 103:3 114:14 | **notified**  34:22 | 186:10,21 |
| 60:16 | 114:19 194:16 | 38:20 39:9 | 187:1,15,20 |
| **near**  178:16 | **noncompliant** | 41:19 72:13 | 188:7,11 |
| **necessarily** | 69:14 | 74:16 90:25 | **number**  7:10 |
| 83:13 | **nondisclosure** | 92:14 128:21 | 12:3,5,6,11 |
| **necessary** | 170:24 171:18 | 128:23 129:3 | 15:21 26:23 |
| 207:6 | **nope**  132:5 | 147:7,11 153:3 | 47:24 50:13 |
| **need**  7:15 21:16 | **normal**  26:25 | 191:6,15 | 56:11 60:1 |
| 90:8 114:2 | 34:11,17 | **notify**  128:25 | 62:7 70:14 |
| 115:10 136:22 | 109:12,14 | 129:3 132:11 | 71:6 78:22 |
| 137:24 162:20 | **north**  11:17,19 | 132:17 134:5 | 89:4 98:15 |
| 164:3 166:20 | 11:20 14:17,20 | 141:9 144:9 | 100:3 103:12 |
| 179:5,11 200:5 | 21:10,11,12 | 145:23 174:22 | 103:24 105:8 |
| 200:14,21,22 | **northern**  1:1 | 196:20,25 | 112:12 129:12 |
| **needed**  112:9 | 7:8 | 197:14 | 130:4 131:2 |
| 169:3,7,13 | **notary**  207:13 | **notifying** | 136:17 137:16 |
| 194:19 | 207:19 | 143:21 | 155:14 160:22 |
| **negative** | **notated**  119:20 | **noting**  51:4 | 162:9 163:10 |
| 168:12,16 | **note**  84:12 | **november**  41:7 | 166:14 167:17 |
| 169:9 | 107:19,20 | 41:9 49:11,12 | 178:22 179:1 |
| **neither**  91:2 | 108:5 111:11 | 49:19,20 50:10 | 179:12,24 |
| **new**  69:25 | 111:13 112:20 | 50:21 51:10,13 | 180:8 181:6 |
| **nine**  80:17 | 120:25 177:13 | 53:8,19,21 | 182:13 183:9 |
| 81:24 157:22 | 177:25 178:1 | 54:7 55:23 | 184:7 185:5 |
| **nods**  21:13 | 205:10 | 60:12,13,22 | 186:5 187:9 |
| 38:16 137:12 | **noted**  207:7 | 61:8,12,16 | 188:1,17 190:4 |
| **noncompliance** | **notes**  109:15,20 | 62:3,11,15,22 | 195:5 |
| 38:5 39:15,25 | 110:9 112:16 | 64:12 65:25 | |

Michael Solan                                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[numbers - okay]**                                              Page 29

**numbers** 47:23
48:20 71:5
79:7 99:7
106:3 116:20
128:13 131:12
137:15 160:20
190:13,15
193:1

**o**

**o** 6:1 11:13,15
11:17 12:18,19
12:20 14:12
28:6 205:1
**object** 29:10
82:12 85:24
**objected** 85:5,7
150:1
**objection** 23:7
23:18 24:15,19
25:21 27:16
29:24 30:4
33:10,11 35:13
35:19,22 37:16
45:5 46:23
55:14 59:7
64:7,21 65:4
69:8,15 78:7
81:7 84:11
86:8 87:8 88:4
88:23 89:13,24
90:11 91:7,24
92:12 95:19
96:3,21 122:5
122:14 124:13
125:2,13 132:9

133:10,15
134:17 136:6
140:11,17
143:7,19 144:2
144:6,20,23
145:4,8,13,20
146:4,12,20
147:21 148:18
149:5,15 153:1
153:10 158:23
159:4 161:23
164:8 168:18
169:1,10,19
171:3 172:14
174:3,20 175:6
181:21 193:9
**obligation**
194:12 202:16
204:11
**obviously**
155:18
**occasion** 45:17
45:18,19
**occasions** 45:22
**occur** 41:22
173:25 174:16
175:2,5,12,18
**occurred** 91:2
121:2 139:15
177:12,24
**ocga** 202:8,10
202:22
**office** 21:6,7,8
21:9 33:5
125:21 126:5,6

126:8,10,17
150:23
**officer** 204:15
**oh** 11:20 22:14
54:24 70:3,25
106:25 115:12
126:8 131:19
140:8 142:17
153:21 155:17
160:20 176:23
**okay** 7:20 8:17
8:19,24 9:1,5
9:11,15,25
10:6,9 11:11
12:2 13:2,7,11
13:13,19 14:3
14:22 15:15
16:4,7,20,23
17:3,9,16,22
18:4,8,25 19:3
19:9,15,19,21
20:7,16,19,24
21:2,5,16 22:5
22:9,14,19
23:2,23 24:1,8
24:22 25:8,12
25:16 26:2,11
26:14 27:2,6
27:11,22 28:20
28:24 29:4,12
29:18,21 31:11
31:24 32:1,11
32:17,21 33:4
33:7,23 34:2,2
34:6,10,15,19

34:24 35:4,4
35:10,18 36:20
36:24 37:2
38:19,24 39:10
39:14,24 40:5
40:9,15 42:22
43:6,10,14,19
44:4,19,25
45:14,17,21
46:9,14,20
47:8,11,19,20
48:5,7,9,10,10
48:12,12,13,18
49:5,10,22
50:9,12,20,23
51:1,12,15,18
51:25 52:2,18
52:21 53:1,13
53:17 54:10,13
55:3 56:4,15
56:24 57:13
58:8,18,22
59:16,21,24
60:7,11 62:1,6
62:14,21 63:3
63:15 64:25
65:14,24 66:4
66:13,17,21
67:4,10,14
68:6,13,20
69:5 70:17,22
70:23 71:1,3
71:12,15,19
72:1,8 73:3,19
73:24 74:3,12

Michael Solan
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.
July 16, 2024

**[okay - outside]**

Page 30

| | | | |
|---|---|---|---|
| 75:5,10,18,24 | 117:8,21,24 | 164:22,24 | **once** 67:13 |
| 76:8,19 77:12 | 118:13 119:22 | 165:23 166:10 | 193:20 |
| 77:17 78:10,19 | 120:2,8,12,12 | 167:1,2,3,10,12 | **ones** 108:16 |
| 78:21,25 79:4 | 120:21,22 | 167:13,16,20 | 113:10 |
| 79:4,6,15,19,25 | 121:5,8,15,24 | 167:23 168:3 | **ongoing** 46:3 |
| 80:3,15,23 | 122:3,21 | 168:10 169:5 | 75:3 193:16,19 |
| 81:17 84:1,6,8 | 126:19 127:1,8 | 170:17 172:9 | **opening** 158:6 |
| 84:17 85:19 | 127:21 128:12 | 173:16 174:15 | 158:10 165:15 |
| 86:15 88:10,13 | 129:5,18,18,19 | 175:2,20 176:5 | **operate** 44:9 |
| 88:20 90:7 | 129:22 130:2 | 176:14 177:1 | **opinion** 198:10 |
| 91:3 92:4,8,24 | 130:10,24 | 177:17 178:3 | 198:19 |
| 93:22 94:5,13 | 131:7,8,10,25 | 178:12,12,20 | **opportunity** |
| 95:11 96:1,17 | 132:6 134:10 | 178:20,25 | 15:4 90:18,23 |
| 96:24 98:7,8 | 134:20 135:13 | 179:15,15,16 | 94:14 |
| 98:18,22,23,23 | 135:17 136:13 | 179:17 180:6 | **order** 83:14 |
| 98:24,24,25,25 | 136:24 137:3,5 | 180:12,13,13 | 106:14 199:11 |
| 99:1,6,14,17,19 | 137:7,8,13,21 | 180:17 181:4,8 | 200:23 |
| 99:22 100:10 | 138:6,13,23 | 181:10,10 | **ordering** |
| 100:24 101:5,9 | 139:10 140:4 | 182:10,15,19 | 200:10,24 |
| 101:15,22 | 140:23 141:3 | 183:7,8,13,14 | 203:4 |
| 102:3,8,11 | 141:11,25 | 185:4,4,7,10 | **organized** |
| 103:1,9,18,22 | 142:13 143:5 | 186:1,7,9 | 125:4 |
| 103:22 104:2,5 | 146:8,16 147:5 | 187:8,11 188:3 | **orrico** 121:22 |
| 104:15 105:18 | 147:25 148:5,8 | 188:19 190:1,6 | 126:21 127:1 |
| 105:22,23,23 | 149:1,19,25 | 190:6,8,11,20 | 138:16 |
| 106:1,13,17,20 | 150:5,17,20 | 191:2,22 194:3 | **outcome** 204:9 |
| 107:4,10,22,25 | 151:2,4,24 | 194:9 195:3,6 | **outlined** 118:18 |
| 108:15,23 | 152:5,17 | 195:9,16,19,25 | **outlook** 25:14 |
| 109:4,7,16,21 | 154:19 155:17 | 196:2,5,22 | **output** 106:23 |
| 109:24 110:3 | 156:3,8,17,20 | 197:2,6,21 | **outside** 40:25 |
| 111:9,19 | 157:23 158:13 | 198:1,8,22 | 54:17 65:19 |
| 112:21,23 | 159:7 161:12 | 200:8,13,16 | 75:2 98:1 |
| 113:1,19 | 161:15,20 | **onboarding** | 161:22 164:23 |
| 114:11 115:22 | 162:12,15,22 | 11:3,7 | 165:1 |
| 116:12,19,25 | 163:2,4 164:6 | | |

Veritext Legal Solutions

Michael Solan
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

July 16, 2024

**[outstanding - partner]**                                          Page 31

**outstanding**
  196:23
**own**   28:21 41:3
**owned**   23:4

**p**

**p**   2:15 4:22 5:4
  5:6 6:1 46:15
  126:24 192:23
  205:1
**p.m.**   49:11,19
  53:19 60:12
  61:8,13,16
  62:3,12 71:10
  71:22 100:5
  104:3 116:3,6
  131:19,22
  133:1 138:3,8
  138:18,24
  139:4 140:1,3
  140:5,5,25
  141:14 142:3,9
  147:14,18
  148:2,10 149:4
  149:23 174:12
  174:16 176:7
  176:11 190:25
  191:13,19,25
  194:5,21,25
  195:7 200:1
  201:5
**page**   4:3,8 5:2
  47:14,14 48:3
  48:25 49:1
  53:17 55:19,19
  56:10,12,25

59:16,17,17,24
59:25 60:3
61:3,7,15,20,23
62:3,7,7 68:6
70:19 71:4,9
71:19 78:12
83:22 92:18
96:25 99:8
100:3 103:16
105:23,23
106:4,20,22
107:11 108:6
112:11,17
113:13,15
116:13 120:14
120:16 125:24
128:12 129:19
131:18 136:21
137:7,22,23
138:1,1,2
142:1 147:13
155:21,25
156:12,13,25
157:3,21,25,25
158:2 162:17
162:18 163:3,9
163:24 166:23
166:23,24
167:16 170:4
170:22 171:18
173:2,3,13,14
175:9 178:25
180:10,11,12
180:14 181:9,9
182:2,15 184:9

184:10,11
190:7 192:19
192:21,22
194:5 195:5
206:4,7,10,13
206:16,19
**pages**   106:5,14
  106:18 107:5
  111:9,13
  190:11,12
**paisner**   2:15
  6:13
**pan**   46:15,18
  51:5 192:23,25
  192:25 193:12
**panzica**   1:25
  204:20
**paperwork**
  11:7
**paragraph**
  72:13 104:5
  117:25 135:18
  144:14 152:19
  153:20 158:6,9
  158:10 164:24
  165:15 168:5,6
  173:19 196:7
**paralegal**   3:4
  6:11 48:15
  70:24 105:17
  129:10 160:18
  166:12 186:3
**parentheses**
  126:23

**parkway**   2:4,10
**part**   11:6 26:22
  34:11,17 36:10
  51:21 52:14,18
  52:21 67:8
  73:16,21 75:11
  77:6 82:19
  86:10,13
  108:19,21
  113:4,5,6,25
  125:3,12 147:4
  171:17 176:21
  179:25 180:21
  181:17 182:23
  183:22 184:18
  185:15 186:14
  187:18 192:17
  194:11 196:7
**particular**
  110:3,4 117:18
  180:5
**particularly**
  136:20 152:20
  194:4
**parties**   81:15
  144:16 202:22
  203:4 204:6,15
**partner**   15:17
  15:19 16:8
  18:5 20:4
  26:23 31:20
  32:2,8 37:6,22
  38:8 40:11
  65:22 66:1,5
  66:18 72:3

Michael Solan                                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[partner - played]**                                              Page 32

73:12,13,14
75:6,11,19
76:2,9,13 84:2
105:3 126:25
172:17
**partnered**
151:22
**partners**  27:19
27:22 28:1
37:13 41:21
43:17 65:13
66:10 73:10
76:12 77:6
87:12 89:4
93:19 95:1,4
96:6 97:7
120:7 121:13
121:18 122:1
139:14,19,24
140:20 141:15
193:25 194:1
**partnership**
77:7 122:8
130:1
**parts**  80:20,21
80:24 81:1
165:10 177:4
**party**  49:3
171:2 202:17
202:23 204:9
204:12
**passed**  174:23
193:25
**password**
203:3,4

**past**  88:1
**paying**  8:14
**pci**  38:5 39:15
39:25 40:6,12
45:1,15,23
46:1,8,10,12,21
50:24 51:7,16
51:19 52:2,8
53:2,9 54:3
55:13 58:4
59:6 60:17,25
61:1 64:15
67:1 68:1 69:7
69:13,14 85:5
85:13,22 89:9
103:3 114:14
114:18 124:12
124:24 136:4
192:23 193:3
193:12 194:16
**pdf**  130:18
**peachtree**  2:17
**pending**  7:8,18
**people**  122:3
141:15
**perfect**  48:8
**perform**  112:9
125:4
**performance**
16:2
**period**  13:2,19
54:1 62:21
63:3,9,15,21,25
**permanently**
75:1 143:9

189:16
**person**  9:22
19:12,16,24
28:16 37:22,23
52:16,24 56:18
102:6,12
121:10 171:11
**person's**  76:10
**personal**  22:13
25:17 33:25
34:20 35:7
36:8,14 38:21
40:25 41:6
62:25 63:7,13
63:18,23 64:3
64:14 65:2
76:4 109:9
114:13 133:5,9
133:12,17,20
133:23 151:9
189:13 193:1,3
**personally**
17:13,14 146:5
149:6,16,24
**pertinent**  110:2
118:17 177:5,7
177:12,18,19
**peruse**  155:22
**phone**  9:23
12:8,9,10,11
22:2,3,9,10,10
22:12,13,15,20
22:21,23 52:16
52:23,24 76:7
102:6,12

118:10,11
121:16 125:16
126:1,6,9,12,16
126:19 127:8
127:10,24
134:9 138:10
138:13 150:22
150:24 195:17
195:18 196:3
198:14
**physical**  9:12
**physically**
125:20
**place**  15:25
140:1 202:21
**places**  143:1
**plaintiff**  1:4 2:2
6:9 7:13 33:18
**plaintiff's**  4:8
47:24 70:14
78:22 98:15
103:12 105:8
129:12 131:2
136:17 155:14
160:22 162:9
166:14 178:22
179:12 180:8
181:6 182:13
183:9 184:7
185:5 186:5
187:9 188:1,17
190:4
**plan**  125:6
**played**  50:12

Michael Solan                                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[please - produced]**                                            Page 33

**please**  6:6,17
  6:20 12:12
  35:21 48:9,10
  48:11,11 88:11
  131:7 136:25
  137:2,4,24
  161:10 180:11
  180:12,13,14
  181:10 183:13
  184:10,11
  196:14 199:10
  199:13
**point**  8:13 9:9
  37:6 66:17
  84:25 87:16
  94:12,20 95:7
  96:8 145:22
  148:3 152:9
  170:12 174:22
  176:4 192:16
  192:17 193:19
  198:11,14
  199:6
**pointe**  2:4,10
**points**  168:7,10
**policies**  10:13
  10:15,16,19
  11:1 44:7,12
  44:14 90:16
  112:18 113:14
  113:17,19
  176:21
**policy**  5:11
  10:18,20,25
  11:6 15:23

**pp**  4:9,10,11,12
  4:13,14,15,16
  4:17,18,19 5:7
  5:8
**practice**  22:6,8
  81:21 98:5
  134:7
**practices**  175:9
  175:14
**premarked**
  47:22
**preparation**
  10:10 91:8
**prepare**  9:1
  81:18,20 83:19
  96:25 106:11
  106:20 108:18
**prepared**  82:20
  107:16,20
  116:23 119:24
  139:16
**preparing**  81:2
  81:5 87:12
  104:24
**prescription**
  9:16
**present**  3:2,9
  6:6 125:20
  126:4,5
**presented**
  202:2
**preserve**  173:7
**presume**  127:2
**presuming**
  57:13

32:6 35:17
  44:16,18 67:19
  112:2,6 113:5
  113:5,8,9
  124:17 156:15
  156:18,21
  157:5,15,19
  159:17 165:7,8
  165:10
**portion**  110:15
  135:6,13
  157:18 159:23
  163:12 165:14
  167:23 173:4
  176:17,25
**portions**
  110:17,24
  152:13,14
  157:4,23 158:8
  165:10
**position**  199:6
**positive**  168:11
  168:16 169:8
**possession**
  151:9 165:21
  189:13,14
**possibility**
  152:14
**possible**  124:10
  140:8,15,16,19
  178:1 196:9
**potential**  32:4
**potentially**
  175:13

**prevention**
  50:2,4
**previously**
  104:21
**primary**  28:1
  196:24
**print**  111:12
  192:21
**printed**  112:17
  190:14
**prior**  61:12
  87:11 89:2,2
  97:17,19 98:4
  170:8
**privilege**  26:17
  82:16 83:9
  119:3
**privileged**  9:6
  83:3
**probably**  51:1
  67:13 115:8,10
**problem**  35:24
**proceeding**  3:9
  70:11 116:5
  176:10 194:24
  202:2,23 203:4
  204:8,14
**proceedings**
  202:14
**process**  151:25
**processes**  97:16
**processor**
  135:22
**produced**
  48:19 71:4

Michael Solan                                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[produced - read]**                                              Page 34

79:6 99:6
103:23 106:2
130:4 131:11
137:14 179:1
190:12 202:24
**professional**
202:16 204:12
**progressed**
107:9 177:9
**prohibited**
202:21
**prohibitions**
202:10
**pronounce**
74:5 126:21
**property**  11:5
20:25 166:4
172:25
**proprietary**  5:9
11:9 161:3,17
**protect**  135:21
**protected**  85:1
203:3,4
**protection**  47:5
53:5 84:15
91:23 98:12
**protections**
84:3 89:6
**provide**  59:21
160:9 202:20
**provided**  10:15
80:22 145:21
148:5,20,23,24
185:18

**providing**  38:2
40:21 65:18
104:19 194:1
**provision**  164:7
173:4
**public**  207:19
**publicly**  90:20
**publish**  161:21
**published**
161:25
**pull**  27:20
93:19 151:12
**pulled**  182:8,9
**purports**  49:1
55:20
**purpose**  37:24
**pursuant**  3:7
204:5
**put**  7:3 93:9
106:4 119:15
176:19
**putting**  81:9,14

**q**

**question**  7:19
24:25 25:7
26:5,7 29:4
30:11,16,19,22
32:11 35:20
36:11,20 41:21
41:22 45:7
55:18 62:14
69:10 75:18
78:11 80:15
82:12,22 83:3
83:6,8,10

84:14 85:9
86:2,4,7,10,13
86:18,20 87:10
93:23 97:15
100:15 106:8
110:19 119:8
123:4,4 125:23
127:22 132:24
135:13 141:12
142:5,11
145:12,24
150:4 154:14
155:6,7 156:5
175:17 176:16
186:23 198:21
**questions**  7:14
9:18 37:4
46:12 47:17
48:4,17 52:9
70:21 71:2
79:3,5 83:12
83:16 98:20
99:3 103:20
104:7 105:2,5
105:21,24
116:15,18
120:18 129:17
129:20 131:8
135:11,12
136:23 137:8
138:4 155:23
161:8,13
162:16,21
163:5,23
166:25 167:13

176:15 178:15
178:19,21
179:8,18
182:17 183:14
184:12 185:8
186:7 195:4
198:15 199:7,8
203:1 204:6
**quick**  70:1
**quickly**  156:9
**quite**  200:7

**r**

**r**  6:1 11:13,13
11:15,15,17
14:12 57:7
126:24 206:3,3
**raise**  6:16,20
45:1 193:7
**raised**  103:5,7
**ran**  177:6
**rare**  22:6
**reach**  27:18
**reached**  193:20
**reaching**
196:25
**read**  35:21,22
36:1,4,12 50:5
50:17,20 51:2
51:9,15,18
53:24 54:7
57:6,9 60:15
72:13 80:5,6
84:2 92:20
96:25 101:5,7
104:6 112:18

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[read - receive]**
Page 35

| | | | |
|---|---|---|---|
| 117:25 129:2 | 184:12 185:7 | 36:16 37:5,6,8 | 117:6,17,22 |
| 135:18 142:13 | 186:7 187:11 | 37:10,17 38:9 | 118:8,10,19 |
| 142:15,16,17 | 188:3,19 190:9 | 39:4,18 40:3,5 | 121:12 124:7 |
| 142:20 144:14 | **really**  88:2 | 40:8,13,15 | 125:22 126:5 |
| 164:1 170:5 | 112:3 155:25 | 41:4,11,15,16 | 127:14,20 |
| 171:9 173:20 | 193:22 199:16 | 41:20,23 42:8 | 128:10 130:17 |
| 175:9,10 | **reason**  7:16 | 42:21,22,25 | 130:19,22 |
| 192:22 195:19 | 9:13 75:15 | 43:8 45:19,21 | 140:19 141:19 |
| 195:22 196:7 | 79:25 90:17 | 45:25 46:2,19 | 143:16 148:11 |
| 196:14 197:17 | 124:9,16 132:4 | 46:24 48:24 | 150:3,9,18,23 |
| 197:22 199:9 | 142:5,7,11 | 52:4,7,17,25 | 152:7,15 |
| 205:9 207:5 | 184:20,22 | 53:12,13,16 | 154:22 155:12 |
| **reading**  145:16 | 185:13,22 | 55:25 56:2,22 | 167:25 169:20 |
| 145:25 | 186:12 187:17 | 56:23 62:17,18 | 170:14 175:25 |
| **ready**  47:17 | 188:8 196:24 | 63:14,19 64:22 | 180:4 181:15 |
| 48:4,16 70:20 | 205:11 206:6,9 | 65:21 66:2 | 181:22 182:21 |
| 71:1 79:2,3,4 | 206:12,15,18 | 67:3,14,17,18 | 183:4,19 184:1 |
| 98:20 99:3 | 206:21 | 67:19 68:3,22 | 184:2,16 185:1 |
| 103:17,19 | **reasons**  75:20 | 68:23,23 71:17 | 185:12 186:12 |
| 105:21,22,23 | 75:23 90:15 | 71:22,24 72:25 | 187:4,16,22 |
| 105:24 116:14 | 113:1 123:16 | 73:13,21 74:1 | 188:9,13 189:8 |
| 116:17 120:20 | **recall**  8:8 10:8 | 74:6,8 75:8,20 | 189:21 191:5 |
| 120:21 129:17 | 10:8 16:12,13 | 75:22,25 76:6 | 193:18 194:1 |
| 129:18,20 | 16:15,17,18 | 76:7,13,24 | **recalling** |
| 131:6,8 135:10 | 17:12,14 18:24 | 77:9 78:3 | 139:13 |
| 135:12 136:23 | 19:8,17 20:23 | 80:20 81:19 | **receipt**  205:17 |
| 137:8,11 138:3 | 21:4 22:11,13 | 85:8,15,25 | **receive**  62:24 |
| 138:5 155:22 | 22:22,24,25 | 86:3,19,24 | 63:5 71:15 |
| 156:5 161:7,12 | 23:1 24:10,13 | 87:2 93:7,7,9 | 164:3,4 170:11 |
| 162:20 163:5 | 24:16 26:12 | 93:13,20 94:18 | 179:21 180:17 |
| 167:13 178:19 | 27:5,24 28:19 | 94:24 100:19 | 182:19 183:17 |
| 178:20 179:7 | 29:23 30:1,3 | 101:11,18 | 184:14 185:10 |
| 179:18 180:7 | 31:4,8,19,20,25 | 102:6 103:7,8 | 186:9 187:18 |
| 180:15 181:10 | 32:20,24 33:7 | 105:3 108:4 | 188:6 |
| 182:17 183:14 | 33:12 35:2 | 109:25 110:7 | |

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[received - regarding]**

Page 36

| | | | |
|---|---|---|---|
| **received**  25:9 | 118:5 126:3 | **redaction** | 143:5,15 |
| 36:24 37:2 | 127:23 128:1 | 108:9 199:4 | 144:19,25 |
| 39:12 66:6,13 | 128:18,20 | **reduced**  190:13 | 156:12,21 |
| 66:21 79:22 | 191:14 | 204:7 | 166:18,19 |
| 94:25 95:3 | **recommendat...** | **refer**  13:14 | 170:15 174:13 |
| 100:7 101:3,6 | 39:9 43:1,2,4,5 | 46:18 110:11 | 175:3,13,16 |
| 105:13 142:8 | 43:11,12,20,23 | 120:15 156:18 | 176:20,24 |
| 147:6,12 | 44:1,2,5 | 156:19 161:2 | **refers**  50:24 |
| 154:16 174:11 | 111:20 120:4,6 | 162:5 | 108:2,9 121:20 |
| 179:10,25 | 120:8 123:13 | **reference**  55:4 | 128:14 143:1 |
| 180:21 181:15 | 123:19,22,25 | 55:5 124:4 | 144:12,14 |
| 181:17 182:23 | 124:2 169:14 | 160:1 175:22 | 152:20 165:15 |
| 183:21 184:18 | **recommended** | 177:13 | 170:23 172:24 |
| 184:20 185:14 | 118:21 | **referenced** | 173:18 192:3 |
| 185:23 186:14 | **recommending** | 153:15 157:11 | 192:25 193:3 |
| 193:14 | 97:6 | 167:6 168:1 | **refresh**  78:14 |
| **receives**  202:23 | **record**  6:7 | 205:6 | 78:17 110:9,15 |
| **receiving**  38:25 | 21:16 48:18 | **references** | 110:23 118:4 |
| 65:20 66:11 | 70:9,13 71:4 | 74:22 143:3 | 126:3 127:25 |
| 71:22 148:8,20 | 106:1 109:12 | **referred**  39:25 | 128:18,20 |
| 150:5 154:11 | 109:20 116:3,7 | 55:12 56:5 | 191:14 |
| 174:15 175:20 | 130:3 131:10 | 58:3 60:9 69:7 | **refreshes** |
| 184:16 185:12 | 137:13 176:8 | 69:13 104:21 | 127:22 |
| 186:13 188:9 | 176:12 194:22 | 108:14 110:17 | **refusing**  143:9 |
| 194:11 | 195:1 200:3,4 | 110:24 119:23 | **regarding**  26:9 |
| **recent**  8:10 | 202:14,15 | 173:24 175:23 | 28:22,22 29:5 |
| **recess**  70:10 | 203:1 204:7 | **referring**  54:25 | 29:9,16,19,22 |
| 116:4 176:9 | **recorded** | 55:1 57:18,23 | 30:2,9,25 |
| 194:23 | 109:17 | 57:25 58:9,10 | 31:14 32:13,14 |
| **recipient** | **records**  23:3,10 | 58:14,18,19,20 | 32:18,23 33:1 |
| 173:10 | 97:3,12 127:12 | 66:7,8 67:6 | 33:9 62:16,24 |
| **recollection** | **redacted**  108:1 | 93:2 97:23 | 63:5,11,22 |
| 29:21 40:1 | 108:14 110:11 | 104:18 121:17 | 64:2 65:1 |
| 74:7 78:14 | 110:17,24 | 121:18,25 | 67:11 76:3 |
| 110:10,16,23 | | 122:2 132:23 | 77:15,18,22 |

Michael Solan                                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[regarding - returned]**                                        Page 37

| | | | |
|---|---|---|---|
| 78:1 95:13 | **relevant**  10:14 | **reported**  18:21 | **reserve**  199:8 |
| 109:7 114:18 | 32:6 38:1 | 19:7,10,13,16 | **reserved**  201:6 |
| 185:19 193:16 | 40:24 65:18 | 19:18 20:11 | **resolve**  15:21 |
| 193:16 196:15 | 81:15 87:12 | **reporter**  3:8 | **resources**  16:5 |
| **regular**  17:10 | 93:19 158:8 | 6:16,19,22 7:2 | **respect**  32:11 |
| 22:5,7 24:3 | 166:5 169:13 | 21:19,21 28:5 | 40:9 95:9 |
| **regulations**  3:7 | **remediating** | 35:24 200:5,9 | 148:13 155:3,4 |
| 202:7 | 46:5,6 114:1 | 200:13,16,19 | 156:17 159:25 |
| **regulatory** | **remember** | 202:1,4,9,12 | 165:23 166:3 |
| 84:24 85:2 | 16:25 21:23 | 203:1,2 | 185:21 198:25 |
| 91:5 92:11,16 | 33:15,16 37:14 | **reporting**  3:8 | 199:3,3 |
| 96:20 | 38:11 56:19 | 202:7,20 | **respond**  82:13 |
| **relate**  120:3 | 68:24,25 74:13 | **reports**  185:18 | 123:6,9 144:10 |
| 193:11 | 76:10 77:13 | 186:10 | 155:4 |
| **related**  15:22 | 78:5,8,10 | **repository** | **responded** |
| 28:2 114:17 | 86:17 102:12 | 203:4 | 144:5,7 |
| 125:14 | 102:15,17,19 | **represent**  6:14 | **response** |
| **relating**  203:3 | 104:15 116:17 | **representation** | 139:16 145:10 |
| **relations**  15:17 | 117:1 126:16 | 8:7,15 10:2 | 151:7 197:9 |
| 15:19 16:8 | 140:14 141:13 | **representations** | **responsibilities** |
| 17:4 18:5 19:1 | **remote**  1:11 | 202:5 | 85:18 108:19 |
| 19:6,6,22 20:4 | 9:23,24 | **representative** | 108:22 |
| 34:23,25 35:8 | **remotely**  204:5 | 3:3 10:7 | **rest**  80:7 |
| 37:10 49:7 | **removal**  159:13 | **represented**  8:4 | 100:11 |
| 53:20 60:2,8 | 163:20 | **reputational** | **restroom**  70:1 |
| 71:21 72:5 | **remove**  159:18 | 54:3 55:4,8,12 | **resumed**  70:11 |
| 107:3 178:11 | **removing** | 57:25 58:3 | 116:5 176:10 |
| **relationship** | 159:14 | 59:11 60:18,24 | 194:24 |
| 202:14 204:10 | **repeat**  24:25 | 124:10 135:19 | **retaliation**  85:1 |
| **relative**  204:8 | 26:5 62:2 69:9 | 136:7 | **return**  147:15 |
| **relay**  120:6 | 154:14 | **request**  196:23 | 165:7 166:3 |
| **release**  54:4 | **rephrase**  26:7 | **required**  147:2 | 205:13,16 |
| 161:21 | 86:5 155:6,6 | 207:13 | **returned**  22:20 |
| **released**  55:9 | **report**  19:19 | **reread**  158:5 | 22:23 75:12 |
| 161:25 | 20:7,9 202:15 | | 172:8 |

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[returning - rules]**

Page 38

**returning**
165:18,19,20
**reveal**  42:3
**review**  38:3
39:8 40:22
41:2 42:1,2,3
42:14 43:2,13
43:17 54:20,20
54:23 56:22
65:6,9,14,16
67:9 75:3
86:10,13 87:16
89:3 93:8,11
93:15 94:12
102:25 104:20
107:9 109:19
123:14 146:22
169:12 177:5,9
180:1,21
181:17 182:23
183:22 184:18
185:15 186:15
187:18 192:4,4
192:7,10,16
193:15,19
202:3 205:7
**reviewed**  45:11
118:17 152:10
**reviewing**  46:5
46:7 52:10
59:1 64:17,22
65:20 66:11
110:7 157:15
194:16

**reviews**  108:20
**revise**  132:24
**revised**  152:14
**revision**  155:10
**right**  6:17,20
8:5,12 11:10
11:10 28:14
29:9 30:12
33:17,18,21,25
34:13 35:8
36:25 37:20
38:22 39:12
41:7,10 43:20
44:23 48:8,12
48:16,25 49:3
49:14,18 50:24
51:14,25 53:23
56:8,13,16
57:1,4,7,18,19
57:21 58:9,16
59:14,19,22
60:9,15 61:18
62:12 65:10
66:15,19 68:9
69:3,18 74:15
76:11 79:11,13
79:13 80:13
82:11 84:6
87:7,21 88:1,3
88:14,18,22
89:22 91:18,23
93:12 97:3,9
97:21 100:2,5
100:8,15
101:16 103:19

105:6,20
106:13,15
107:1,23 109:5
109:13,18
111:2 112:5,21
112:24 113:3
116:13 118:8
119:6 120:23
121:3,22
123:20 125:12
125:17 127:6
127:15,21
128:6,9,22
129:9,23 130:8
132:4,22 133:7
133:9,14
138:11 139:18
140:16 141:25
142:19 147:3
152:1,25 153:6
153:25 154:17
154:24 155:5
156:18,22,24
156:25 158:1
159:22,25
160:16 163:7
163:16 165:5
166:3,6,8
167:21 168:12
169:18 170:24
171:24 173:2
173:23 176:2
178:12 179:5
179:18 180:11
182:3,11 184:5

184:23 185:19
186:4,16
187:25 191:4,8
191:20,23,25
192:1,4,22,25
193:8 195:7,12
195:17 196:3
196:11 197:16
197:24 198:5
198:23 200:19
**rights**  5:9
161:3,17
**risk**  55:20
57:25 58:3
59:2,10 135:8
135:14
**risks**  136:1
**road**  11:16
**robert**  2:3 6:9
7:12 28:16
69:20,23 99:10
100:4 115:5
199:14 200:9
**role**  18:6 40:20
40:20 44:9
52:6 54:20
67:22 104:23
112:8,10 113:7
123:24 124:19
125:4,8 145:22
174:21 193:22
**ronald**  99:19
**room**  204:5
**rules**  3:7 202:7

Michael Solan                                    July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[s - see]**                                                    Page 39

**s**

**s**  1:6 6:1 11:17
  13:11,16 14:12
  19:25,25 28:6
  68:15 99:20
  206:3
**sales**  175:8,14
**satisfaction**
  47:15
**saw**  49:21
  51:12 60:21
  163:18
**saying**  45:25
  75:22 94:9
  111:6 143:17
  143:24 196:14
**says**  49:25 50:5
  50:13 51:2
  53:24 60:2
  68:11 72:13
  80:1,16 81:23
  84:2 92:20
  104:5 107:11
  107:15,19
  111:3,11
  112:16,18
  128:14 131:21
  132:25 135:8
  135:14,18
  144:14 159:7
  163:8 171:9
  173:19 191:12
  192:22 193:6
  194:6 197:17
  198:4

**scenario**
  135:20
**scheduled**
  117:2
**scope**  41:2
  193:22
**screen**  47:9,21
  119:16 129:16
**scroll**  48:6,7,9
  48:9,10,11,12
  48:13 61:17,21
  70:20,22 79:1
  87:22,24 98:23
  98:24,25,25
  131:7 136:24
  136:25,25
  137:2,3,4,4,5,7
  155:19,25
  156:2 157:6,7
  161:9,10
  162:19 163:2
  166:20 167:2,4
  167:4,10,12
  179:7,14,14
  180:10 181:8
  184:9,10,11
  190:7
**scrolling**  70:23
  137:1 167:3
  179:15,16,16
  179:17 180:11
  180:12,13,14
  183:11,12
**search**  26:3
  65:22

**searching**
  31:16,18
**second**  51:1
  53:17 55:19
  56:24,25 61:20
  61:23 62:7
  72:12 83:22
  90:21 92:18
  100:2 111:5
  112:11,15
  113:15 120:14
  128:13 129:19
  131:17 135:17
  152:19 156:13
  156:14 163:25
  163:25 170:4
  173:19 194:3
**section**  79:23
  156:18,24
  157:14,18
  158:7,12 161:2
  161:16 162:17
  162:24 163:4,7
  163:8,11,14
  165:6 166:4
  167:5,16,21
  171:17,18
  172:23 173:14
  173:18 175:8
  191:12 202:8
**sections**  162:6
  166:19 202:10
**secure**  165:13
  165:13

**securely**  159:15
**security**  5:10
  10:18,20 27:19
  27:25 31:20
  32:2,8 34:22
  35:15 36:17
  37:6,13,21
  38:8 40:11,20
  41:24 44:15
  49:3 53:10
  54:16 72:2
  73:10 74:23
  75:6,11 77:6,8
  95:10,13
  156:18,21
  165:7
**see**  27:19 42:10
  48:22 49:11,19
  50:7,9,14,18,19
  51:7,8,13
  53:21 54:4
  55:21 60:5,12
  60:19,19 61:9
  61:13,16 62:3
  62:9 68:11
  71:10,12 72:16
  72:17 80:1
  99:14 104:9
  107:11,18
  112:19,20
  118:1 127:22
  128:16,17
  131:23 135:23
  135:24 143:2,3
  144:17,18

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[see - sign]**                                                                    Page 40

| | | | |
|---|---|---|---|
| 148:15 153:21 | **sent** 25:9 35:7 | **separation** | **sheet** 205:11 |
| 156:15 160:6 | 35:15 38:2 | 165:8 166:4 | **sheila** 3:3 10:3 |
| 162:7,8 164:4 | 40:19,24 42:4 | **series** 83:23 | 10:4 |
| 164:5 166:13 | 42:13,16 51:3 | 137:18 | **shelley** 3:4 6:11 |
| 166:22 167:18 | 51:23 54:17 | **serious** 57:10 | 47:12 48:2 |
| 167:25 168:7 | 57:3,11,15 | 57:22 58:12 | 61:5 68:9 79:1 |
| 173:21,22 | 58:2 60:1,2 | **serve** 97:2 | 98:20 116:15 |
| 178:15 179:10 | 65:19 75:1 | 204:14 | 129:16 131:5 |
| 181:12 182:4,5 | 79:10 92:22,22 | **servers** 159:20 | 134:25 135:7 |
| 187:14 191:12 | 98:1,3 103:24 | 159:21,24 | 155:19 161:5 |
| 192:5,23 196:9 | 104:2,7 130:18 | 164:10 165:13 | 162:19,23 |
| 196:16 | 130:20 131:14 | **services** 1:6,7 | 179:6 183:8 |
| **seeing** 48:24 | 133:1,3 134:1 | 7:7 8:21 10:14 | **short** 115:15 |
| 71:24 187:16 | 134:3 138:6,18 | 13:8,10,17 | **shortly** 38:13 |
| **seek** 165:1 | 138:23 139:3 | 16:15 17:5 | 39:11 |
| **seem** 184:17 | 140:5,9,24 | 44:7 49:16,23 | **show** 47:9,20 |
| **seems** 74:21 | 143:23 147:18 | 53:14 144:17 | 47:21 69:18 |
| 125:25 185:14 | 152:5,7 154:24 | 202:20 205:4 | 70:17 78:25 |
| **seen** 72:9 99:10 | 158:20 160:10 | 206:1 207:1 | 98:19 103:15 |
| 106:9 135:4 | 170:7 171:6 | **servicing** | 105:11 116:11 |
| **selection** 104:8 | 179:3 189:24 | 144:22 | 119:14 129:11 |
| **send** 22:1,3 | 190:16,19,21 | **set** 49:25 50:6 | 129:15 130:25 |
| 62:24 63:4 | 191:3,23 195:6 | **seven** 80:17 | 155:17 157:3 |
| 76:25 77:3,14 | 196:2,12 197:6 | **seventh** 131:18 | 160:21 162:12 |
| 77:17,21,25 | 197:11 205:14 | **several** 41:16 | 167:8 191:8,11 |
| 141:5 190:24 | **sentence** 80:7 | 44:6,14 45:20 | **showing** 89:3 |
| 198:16 199:10 | 117:25 135:17 | 56:20,21 74:8 | **sic** 47:8 |
| **sending** 62:8 | 145:10 159:11 | 76:12 111:21 | **side** 77:8 107:7 |
| 134:6,11 | 163:17 168:1 | **shaking** 21:20 | **sign** 16:16 17:1 |
| 139:15 174:7 | **sentences** | **share** 47:21 | 75:13 98:2 |
| **sense** 126:13 | 165:19 | 119:16 | 142:22,23 |
| **sensitive** 53:25 | **separate** 97:17 | **shared** 11:2 | 151:8 188:23 |
| 54:17 114:3 | **separately** | 135:19 143:10 | 189:2,16,22 |
| 151:8 | 152:9 | **sharing** 47:9 | 195:11,20 |
| | | | 196:19 197:3 |

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[sign - sorry]**                                                                    Page 41

| | | | |
|---|---|---|---|
| 198:4,6,10,19 | 73:25 74:14,24 | 161:16,20 | 195:3 199:25 |
| 199:10 205:12 | 75:12,21 76:3 | 164:7,25 | 200:5 205:1,5 |
| **signature** | 77:15,19,23 | 165:25 167:21 | 206:2,24 207:2 |
| 130:15 201:6 | 78:2,15 84:6,9 | 168:17 170:9 | 207:4,12 |
| 204:19 | 85:5,11,20 | 170:13 171:1 | **solely**  202:17 |
| **signed**  11:7 | 86:23 87:5,13 | 171:13,20 | 204:13 |
| 74:24 130:17 | 88:17 89:7,11 | 172:2,9,11 | **solemnly**  6:22 |
| 152:11 205:19 | 89:20 90:9 | 173:5,23 | **solutions** |
| **signing**  194:7 | 91:4,21 92:9 | 174:11 175:3 | 205:23 |
| **simonoff**  2:9 | 94:2,11,14 | 188:23 189:21 | **somebody** |
| **sir**  44:21,25 | 95:16 96:7,18 | 191:3,6,14 | 17:18,19 37:20 |
| 69:24 | 98:11 99:24 | 192:15 193:17 | 74:14 84:22 |
| **sit**  64:6 | 104:24 111:19 | 194:6,13 195:6 | 88:17 145:18 |
| **situation**  54:21 | 112:5,6,21 | 195:10 196:13 | 146:1,8,16 |
| 54:22,23,24 | 113:2,20 120:9 | 197:16 198:2,8 | 149:13 |
| 75:4 118:22 | 120:23 122:4 | 198:16 205:4 | **somewhat** |
| **situations**  51:6 | 122:13 124:23 | 206:1 207:1 | 41:24 |
| **six**  80:4,17 | 125:17,20 | **slawin's**  44:3 | **soon**  196:8 |
| 144:13 | 128:15,25 | 58:19 85:12 | **sorry**  6:18 9:11 |
| **skype**  24:14 | 129:23 130:20 | 96:9,16 109:8 | 11:14 12:4,17 |
| **slack**  24:18 | 131:15,23 | 132:19,21 | 13:22 18:16 |
| **slash**  192:23 | 132:6 133:1 | 133:20 154:11 | 21:18 22:17 |
| **slawin**  1:3 7:6 | 134:1,16,21 | 154:16 175:10 | 23:21 25:6 |
| 7:13 32:9,15 | 137:19 138:7 | 175:10,21 | 31:23 34:14 |
| 32:17,21 33:8 | 138:14,18,25 | 185:19 193:16 | 36:10 48:14 |
| 33:18,24 34:4 | 139:4 140:9,24 | **small**  105:12 | 54:22 56:15 |
| 34:6,11,16,20 | 141:14,23 | 111:12 | 62:11 64:12 |
| 35:6 36:8,13 | 142:2,21 | **smalley**  99:19 | 67:24 69:9 |
| 38:21 41:5 | 145:17 146:1 | **solan**  1:12 4:2 | 70:6 82:3 |
| 42:10,18 44:20 | 147:5,11,18 | 4:23 6:6,14 7:6 | 86:12 91:15 |
| 46:4 47:8 | 148:9,14 149:3 | 7:11,23 70:17 | 95:22 96:12 |
| 53:25 62:25 | 149:22 150:1,6 | 72:14 78:25 | 99:12 101:25 |
| 63:6,12,17,23 | 152:25 153:8 | 98:18 116:10 | 110:19 111:5 |
| 64:2,13 65:1 | 157:5 158:4,13 | 131:22 176:14 | 113:9,15 114:6 |
| 72:15,20 73:16 | 159:18 160:2 | 178:13 190:20 | 119:9 124:3,20 |

Michael Solan                                              July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[sorry - subcontractor]**                                    Page 42

131:20 133:21
139:2,20
148:23 153:18
157:8 158:9
170:19 176:20
176:23 186:21
186:23
**sort**  178:17
**sound**  167:18
168:6,14
**sounds**  7:21
8:12,12 11:10
28:18 118:8
**speak**  11:22
30:25 31:3,13
38:24 45:14
55:23 63:11
68:17,20 69:1
73:24 76:19,22
121:5,10
199:19
**speaking**  31:4
31:19 46:20
53:7 56:2 57:6
57:10
**speaks**  165:12
**specific**  38:11
41:15 43:8
75:9 86:24
87:3 101:11
104:7 105:1,4
108:4 109:25
119:19 128:10
141:19 150:4
150:18 151:1

152:15 154:22
155:12 167:25
169:11 176:17
176:24 178:7
180:4,24 181:2
202:22
**specifically**
31:18 39:18
40:3,18 41:20
42:8 46:19
51:17 52:4,9
52:25 53:12,16
55:25 68:3
73:14 74:1,6,9
75:22 76:6
80:20 81:20
85:8,14,16,25
86:3,19 93:2
93:13 94:3,18
94:24 95:5
100:19 105:4
108:13 110:7
130:17 143:16
144:25 154:8
170:14 175:25
176:21 181:15
182:21 183:5
183:20 184:1
184:16 185:1
185:12 186:13
187:4,16,22
188:9,13 191:5
193:18,23
202:6

**specifics**  39:4
40:8,13 67:3
75:14
**spell**  14:11
**spellings**  200:6
**spoke**  24:5
37:20 38:19
45:22 67:10
74:1,6,9,13,14
76:9 78:14,18
97:10 102:11
125:16,19
148:11 152:24
154:15
**spoken**  153:8
**stakeholders**
124:1
**standard**  16:24
81:21
**start**  37:12
39:10 53:17
69:25 73:19
107:4 137:23
178:17
**started**  7:4
15:12 47:18
**starting**  6:7
121:20
**state**  202:12
204:2
**stated**  122:18
124:16 204:4
**statement**  3:8
17:20 18:20
23:5 25:10

33:2,5 34:16
50:16 57:16
64:20 72:10
80:4 95:18,21
95:24 96:10,16
101:20 126:17
126:18 148:24
172:6,16
**statements**
148:13 149:3
194:13
**states**  1:1 7:9
**stating**  199:5
**steps**  97:8
118:1,19,20
135:21 148:16
149:1 151:11
151:11 174:23
189:12 196:9
196:15 197:24
**stop**  48:7
118:23,24,24
118:24
**store**  23:9,15
**stored**  24:24
25:3,13,20,24
**street**  2:17
21:10
**strength**  59:16
**strike**  43:24
139:21
**subcontractor**
202:13,18
204:13

Michael Solan                                                          July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[submitted - tell]**                                                 Page 43

| | | | |
|---|---|---|---|
| **submitted**  3:8 | **supporting** | **t** | 99:22 104:22 |
| 173:11 203:1,2 | 40:21 43:16 | | 143:24 175:11 |
| **subscribed** | 79:17 | **t**  11:13,15 | 192:7 |
| 207:14 | **supportive** | 14:12 206:3,3 | **talks**  163:25 |
| **subsequent** | 123:25 | **table**  157:10 | **team**  17:6 19:6 |
| 36:22 66:4 | **sure**  6:21 8:22 | **take**  7:15 48:25 | 19:23 27:25 |
| 97:20 198:2 | 25:6 26:16 | 70:1,7 114:25 | 34:22 35:15 |
| **subsequently** | 31:23 32:5 | 115:1,8,10,14 | 36:17 46:3 |
| 14:4 172:7,10 | 37:25 39:5,7 | 115:25 119:14 | 50:7 52:9 |
| **substance** | 40:23 41:1 | 119:15 120:19 | 54:17 56:2,3 |
| 180:2,22 | 60:2 65:17 | 134:25 135:20 | 56:21 73:15,18 |
| 181:19 183:23 | 111:1 118:16 | 136:21 139:7 | 73:22 74:8,17 |
| 184:23 187:19 | 137:24 139:3 | 148:16 149:2 | 74:23 89:25 |
| 188:10 195:20 | 140:4,7,8 | 149:14 166:20 | 90:1 95:13 |
| **suburb**  14:19 | 146:21 150:24 | 169:24 173:20 | 102:24 107:3 |
| **sufficient** | 159:10 165:12 | 179:10 194:20 | 147:4 182:8 |
| 168:21,24 | 168:11 179:23 | **taken**  70:11 | 192:17 194:17 |
| **suggest**  105:1 | 180:19 182:7 | 116:5 176:10 | **teams**  95:10 |
| **suggested** | 199:16 200:8 | 194:24 204:4 | **technically** |
| 144:10 | **susan**  19:25 | **takes**  166:5 | 77:6 |
| **suggesting**  83:1 | 76:15 | **talk**  9:20 36:21 | **telephone**  12:3 |
| **suite**  2:5,10 | **swear**  6:23 | 37:3 61:21 | 12:4 21:3 |
| **summarized** | **sworn**  7:25 | 105:5 123:1 | 119:9 120:23 |
| 195:23 | 204:5 207:14 | 137:25 144:8 | 121:11,12 |
| **summary**  79:23 | **synced**  199:12 | 148:10 160:16 | 124:5,7 138:14 |
| 80:1,16 81:23 | **synchronized** | 186:19 | 138:17 188:25 |
| 112:18 135:8 | 201:2 | **talked**  39:6 | **tell**  9:7 19:22 |
| 135:15 | **system**  23:24 | 42:24 55:25 | 30:15 40:15 |
| **supervision** | 24:9,11,13 | 67:7 81:24 | 46:9 47:12,13 |
| 149:13 | 25:15 28:1 | 94:1 104:18 | 47:16 48:2 |
| **support**  38:3 | 42:2,12,15 | 118:18 151:11 | 53:1 65:14 |
| 40:21 51:5 | 106:23 107:2 | 197:7 198:3 | 73:4 74:18 |
| **supported**  16:1 | 178:5,5,6,9,11 | **talking**  32:4 | 75:5,10,19 |
| 73:15 | | 34:25 37:5,8,8 | 79:1 81:13 |
| | | 37:11 49:3,8 | 102:17 104:15 |
| | | 72:6 73:5 | |

Michael Solan                                July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[tell - time]**                                              Page 44

| | | | |
|---|---|---|---|
| 108:18 116:14 | 145:23 147:7 | 103:22 115:24 | 107:5 111:9,13 |
| 118:14 119:3 | 147:12 148:6 | 116:1 122:14 | 121:19 143:1,3 |
| 162:20 165:9 | 151:17 152:21 | 157:13 190:8 | 144:13 |
| 179:8 186:25 | 153:4 154:13 | 191:18 199:19 | **thursday**  49:10 |
| 189:6 | 154:21 155:10 | 199:25 201:4 | 117:3,4 |
| **telling**  82:21 | 168:22 169:14 | **thanks**  199:18 | **time**  6:4 13:2,5 |
| 160:7 | 172:18 174:23 | **that'd**  155:25 | 13:7,9,13,13,20 |
| **tells**  142:21 | 191:4,7 193:21 | **thing**  65:1 | 26:2,8 29:19 |
| **ten**  194:20 | 193:21 196:21 | 70:20 81:9 | 32:3,17 33:23 |
| **term**  46:14 | 197:1,15 | 151:25 199:21 | 37:6 41:13,16 |
| **terminate**  44:2 | **terms**  110:3 | **things**  15:25 | 46:25 55:24 |
| 74:23 92:2 | 134:12,20 | **think**  9:21 | 59:3 60:21 |
| 123:13 139:8 | 155:9 164:14 | 10:19 11:4 | 61:12 62:19 |
| 147:10 168:20 | 168:14 177:21 | 25:8 62:1 72:8 | 63:10 64:1 |
| 172:7,11 | 177:22 197:2 | 76:8 95:2,6 | 67:8 70:7,8,12 |
| 192:11 | 202:18 204:13 | 98:8 100:10 | 73:13 84:8,17 |
| **terminated** | **testified**  8:1 | 103:10 104:6,8 | 87:4,6 90:6,14 |
| 72:15,20 74:15 | 65:24 66:19 | 115:6,9,13,14 | 90:21 91:2,17 |
| 75:17,21,23 | 116:22 138:14 | 163:5 176:4 | 92:3,5,8,16,25 |
| 90:22 120:10 | **testify**  194:10 | **third**  56:10 | 93:3,6,16,21 |
| 140:25 141:4,6 | **testifying** | 59:17 68:13 | 96:4,14 97:8 |
| 147:9 148:4 | 139:23 | 84:1 104:5 | 97:15 98:6 |
| 165:22 | **testimony**  6:23 | 107:25 108:6 | 100:8,23 101:5 |
| **terminating** | 9:13 87:9 91:9 | 120:15 138:1 | 101:7 109:20 |
| 43:3 192:18 | 139:19 194:10 | 153:20 171:2 | 111:24 114:25 |
| **termination** | 197:8 199:2,23 | 195:4 | 115:19 116:2,3 |
| 73:2 75:15 | 205:9,17 207:8 | **thought**  96:2 | 116:6 117:8,10 |
| 87:17 90:21 | **texts**  50:13 | 97:16 113:9 | 120:7,9 126:11 |
| 92:8 112:3 | **thank**  7:2,3 | 124:21 | 126:12 127:14 |
| 124:17 128:11 | 9:20 11:20 | **thoughts**  97:17 | 132:20 136:22 |
| 128:15 129:6 | 12:14,21 13:19 | **three**  10:19 | 137:24 138:7 |
| 132:1,12,18 | 13:24 14:13 | 37:11 42:20 | 138:23 139:3,9 |
| 133:25 134:6 | 15:2 28:8 | 50:23 68:13 | 141:19 142:8 |
| 134:11 141:10 | 30:20 50:3,5 | 80:3,16 91:2 | 142:18 144:8 |
| 143:21 144:9 | 97:22 99:2 | 106:5,13,17 | 147:17 150:18 |

Michael Solan
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.
July 16, 2024

**[time - understand]**                                              Page 45

| | | | |
|---|---|---|---|
| 151:1,13 152:9 | **took**  64:9 | **triggered**  42:14 | 199:24 |
| 154:3,5,6 | 139:25 | **troughton** | **typewriting** |
| 160:13 166:20 | **top**  49:1 56:12 | 121:21 138:16 | 204:7 |
| 168:19 176:7 | 61:7 71:9 | **true**  107:22 | **typical**  134:7 |
| 176:11 177:8 | 72:12 78:12 | 111:17 172:5 | **typically**  134:5 |
| 179:11 181:18 | 88:14 99:1,8 | 196:8 197:23 | **typo**  57:17 |
| 182:25 183:22 | 99:14 125:24 | 202:24 204:7 | 153:23 |
| 184:19 185:16 | 127:23 142:1 | 207:8 | |

u

| | | | |
|---|---|---|---|
| 186:15 187:18 | 157:24 163:24 | **trust**  112:7 | **u**  11:17 14:12 |
| 187:24 191:5 | 163:25 170:5 | 113:7,23 114:2 | 19:25 |
| 194:21,25 | 190:7 | 114:6,6,7,8,11 | **uh**  12:6 41:12 |
| 195:17 199:18 | **topic**  102:22 | 114:17 124:18 | 47:8 48:15 |
| 199:25 200:1 | **torrence**  11:12 | 124:20,22 | 49:24 63:20 |
| 202:23 205:18 | 11:14,15 | **trusted**  44:9 | 69:2 103:5 |
| **timeframe** | **tortfeasors** | **truth**  6:24,24 | 109:11 111:2 |
| 205:8 | 148:14,15 | 6:25 | 127:15,18 |
| **times**  19:11 | **totality**  146:22 | **try**  83:15 | 129:5,10 142:8 |
| 67:8 159:22 | 172:19 | 115:17 134:8 | 142:11 146:25 |
| **timing**  96:17 | **touch**  132:16 | 144:8 174:22 | 186:3 187:25 |
| 140:19 | 134:8 | 177:7,20 | **ultimate** |
| **title**  15:13 | **towards**  41:9 | **trying**  26:16 | 122:12,19 |
| 18:23,24 19:15 | 43:9 | 67:4 93:14 | **unauthorized** |
| 20:2 | **track**  70:6 | 126:15 132:15 | 54:4 160:1,2 |
| **today**  8:5 9:13 | **tracking**  93:21 | 145:23 189:10 | **under**  17:19 |
| 196:15 | **tran**  200:14 | 189:12 197:14 | 49:14 61:11 |
| **today's**  6:3 9:2 | **transcript** | 198:11,13 | 62:1 112:16 |
| 10:10 199:2 | 199:11 200:10 | **tuesday**  128:14 | 136:15 149:13 |
| **together**  14:14 | 201:2 202:23 | 131:21 132:25 | 158:10 168:5,6 |
| 81:9,14 | 204:4,7 205:6 | 147:8 191:6,13 | 204:7 |
| **told**  81:25 | 205:19 207:5,8 | **twice**  67:11,13 | **underneath** |
| 85:13 88:16 | **transcripts** | **two**  50:23 67:5 | 158:12 |
| 89:9 123:5 | 202:23 203:3 | 68:13 71:8 | **understand** |
| 198:24 | **transmit**  173:9 | 77:8 80:3,16 | 9:17 13:17 |
| **tomorrow** | **tried**  174:4,10 | 116:13 121:19 | 23:2 25:6 35:5 |
| 118:1 | | 144:12 158:7 | 37:21 52:5,6 |

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[understand - voluntary]**    Page 46

53:4 54:19,19
55:3,5,10 67:4
82:18,22 84:2
108:17 123:10
141:12 143:25
151:25 158:4
158:13 160:6
174:5 189:10
**understanding**
20:25 24:2,4
24:22 25:1,12
25:19 28:9
44:13,15 45:3
45:9 46:22,25
47:2 51:22
53:9 55:6,11
57:22,24 67:22
67:23 69:6
74:20,21 76:2
84:19,21 85:3
89:10,20 90:7
91:3,14,20
93:15 94:15
111:17 113:2
113:20 114:16
122:11,21,24
123:7 124:9
130:15 146:18
148:1 157:4
159:8,12,16,19
160:2 161:4
163:11 165:1,9
167:7,20,24
173:5,6 192:13
193:15

**understandings**
47:12
**understood**
32:5 41:2
**unethical**
175:13
**unfair**  173:20
174:18
**united**  1:1 7:9
**unredacted**
4:21 110:14,22
**update**  75:15
177:10
**updated**  39:7
177:7,11
**uploaded**  203:4
**urgent**  64:16
**use**  24:5 83:15
160:1,2,4,8,10
160:12 163:18
165:16,23,25
166:1 171:10
**used**  24:2,13
80:21 107:3
205:19
**using**  51:5
**usually**  177:25

**v**

**v**  1:5 12:17
205:4 206:1
207:1
**various**  121:18
190:11
**venture**  14:1

**verbal**  21:17
36:9,15,22
76:5 102:4,7
198:12
**verbally**  128:15
134:6 153:3
189:20 195:13
196:1 197:17
**verbatim**
202:15
**verify**  205:9
**veritext**  202:13
202:20 205:14
205:23
**veritext.com**
205:15
**version**  110:22
130:14
**versus**  7:6
175:8
**video**  70:9,13
116:3,7 176:8
176:12 194:22
195:1 199:12
199:12 200:3,4
200:23,25
**videographer**
6:3 70:8,12
116:2,6 176:7
176:11 194:21
194:25 200:1
200:22 201:1,4
**videotape**
200:2

**videotaped**
1:11 6:5
**violate**  44:12
158:4 164:11
167:24 171:20
173:5
**violated**  44:6
44:14,15
112:18 113:14
113:18,20
157:5,19 158:6
158:8 161:16
164:7 165:11
165:14,17
167:21 168:2
172:22
**violating**  90:16
**violation**  32:6
35:17 67:19
113:5 124:17
**violations**
15:23 112:2,7
113:6,8,10
156:15,15
161:1 162:5
166:18
**virtual**  200:18
**visa**  135:21
136:10
**visibility**
114:21
**voluntary**  15:9

Michael Solan
July 16, 2024
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.

**[wait - word]**

Page 47

**w**

**wait**  119:16
123:2
**waiting**  100:17
100:25 101:2
169:16,21
200:11
**want**  30:6,8
34:3 37:12
97:7,9,11
115:1,17
120:15,19
149:11 151:18
151:20 155:2
155:20 166:13
166:24,24
174:6 176:18
179:10 200:23
201:1
**wanted**  15:5
27:13 28:13
75:12 176:14
188:23
**wants**  157:12
**warranted**
194:18
**way**  22:25 23:1
33:15,16 78:5
78:8,10 83:8
83:10 95:8,11
105:13,15
118:4 125:19
130:14 168:5
172:12 192:21

**ways**  91:12,13
92:13 104:24
**we've**  47:22
56:7,7 70:2,18
81:24 106:4
114:23 115:4,7
123:16 135:4
176:3 197:7
198:2
**week**  64:6
100:16 127:16
**weeks**  9:8,21
**welcome**
155:19
**went**  75:14
177:3
**west**  2:17
**whistle**  84:25
90:19
**whistleblower**
84:3,10,14,19
87:5 88:22
89:5,12,17,21
90:5,10 91:1,4
91:13,22 92:6
92:10 98:11
**wish**  116:16
**withdraw**
30:18,21 45:6
**withheld**
143:14,17
144:15 148:15
**withholding**
85:21 143:2,4
143:13,25

145:18 146:2,9
146:17 147:1
150:1 173:24
175:11,23
**witness**  4:2
6:14,18,21 7:1
7:21,24 24:16
24:20 27:18
29:11,13 30:12
33:12 35:14
37:17 46:24
48:6,16 55:15
61:17,21,24
64:8,22 65:5
69:9,16 70:22
70:25 78:8
81:8 82:19,21
84:12 85:25
86:9 87:10,22
88:5 89:15,25
92:13 95:20,23
96:4,22 97:14
97:22 98:22
105:22 115:23
118:25 119:5
119:18 122:7
123:11 125:3
125:14 129:11
129:18 130:25
131:7 132:10
133:11,16
134:18 136:7
136:24 140:12
140:18 143:8
143:20 144:7

144:24 145:6
146:5,13,21
147:22 148:19
149:6,16 153:2
153:11 155:24
156:2,10 157:6
157:13 158:24
159:5 160:21
161:9,24
162:23 163:2
164:9 167:2,10
168:19 169:2
169:11,20
171:4 172:15
174:4,21
179:14 180:10
181:8,22
182:15 183:11
184:9 185:7
187:11 188:3
188:19 190:6
191:9 193:10
199:9 200:8
204:5,5 205:8
205:10,12,18
**witnesses**
199:24 203:3
**woman**  31:24
37:13,18 74:10
127:2,3
**won**  15:8
**wonder**  115:1
**word**  11:16
14:10,11 47:4
57:13,14

Michael Solan
Slawin, Eric  Vs. Banc Of America Merchant Services, Et Al.
July 16, 2024

**[word - zoom]**                                                                 Page 48

| | | | z |
|---|---|---|---|
| 130:18 159:7,8 | 111:3 170:10 | 60:7 61:22 | |
| 159:10,13 | **wrong**   89:19 | 69:12 70:3 | **z**   123:5 |
| 195:22,22 | 100:11 116:22 | 71:1,1 72:12 | **zip**   11:25 |
| **wording**   80:11 | 163:16 172:2 | 80:9,14 82:6 | **zoom**   7:25 9:24 |
| **words**   14:14 | 191:3 196:12 | 104:11 110:21 | 9:25 10:1 |
| 107:18 139:18 | **wrongfully** | 111:7,10 | 204:4 |
| **work**   14:22 | 145:18 146:2 | 112:23 115:8 | |
| 15:25 20:17,21 | 146:17 189:18 | 118:23 119:14 | |
| 21:6 22:1,3,12 | **wrote**   57:9 79:8 | 119:14 123:11 | |
| 22:20,21 96:25 | 79:9,10,18,21 | 127:4,21 128:4 | |
| 114:21 115:18 | 80:8,10,18,21 | 129:19 139:3 | |
| **worked**   13:8 | 84:4,18 93:16 | 151:6 154:15 | |
| 15:11 20:16 | 93:25 97:3,15 | 157:12 158:5 | |
| 21:2,7 74:7 | 111:4,14 | 158:10 161:12 | |
| 109:3 | 112:23 127:23 | 162:23 166:22 | |
| **working**   17:19 | 151:24 152:1 | 170:20 182:16 | |
| 27:7 52:10 | 152:13,22 | 185:21 189:8 | |
| 67:9 80:6 90:1 | 154:3,7,13,20 | 196:4,18 | |
| 102:24,24 | 154:23,23 | 200:11 | |
| 108:21 114:1 | | **year**   8:9 9:9,10 | |
| 114:22 128:5 | **x** | 14:23 18:7 | |
| 170:5 | | 27:4,5 29:17 | |
| **works**   115:23 | **x**   123:5 | **years**   8:9 47:4 | |
| **worry**   170:1 | **y** | **yep**   6:21 7:21 | |
| **write**   79:15,19 | **y**   20:1 99:20 | 10:5 11:21 | |
| 80:24 81:13 | 123:5 | 12:13,22 13:18 | |
| 83:24 84:5 | **yeah**   8:9 10:23 | 14:5,12,21 | |
| 94:21 97:4,5 | 11:10,15,22,24 | 15:10 19:2 | |
| 106:17 129:25 | 12:11,20 13:12 | 72:7 79:14 | |
| 135:15,16,25 | 13:12 14:19 | 88:19 103:18 | |
| 151:20 | 16:12,18,18 | 119:5 157:16 | |
| **writing**   105:12 | 18:12 25:1 | 179:4,4 189:5 | |
| 134:7 154:9 | 26:21 27:9 | 195:8 200:8 | |
| **written**   3:8 | 36:5 41:17 | | |
| 78:13 80:25 | 55:5,22 56:10 | | |
| | 57:3 59:10 | | |

Georgia Code

Title 9, Chapter 11

Article 5, Section 9-11-30

(e) Review by witness; changes; signing.

If requested by the deponent or a party before
completion of the deposition, the deponent shall
have 30 days after being notified by the officer
that the transcript or recording is available in
which to review the transcript or recording and, if
there are changes in form or substance, to sign a
statement reciting such changes and the reasons
given by the deponent for making them. The officer
shall indicate in the certificate prescribed by
paragraph (1) of subsection (f) of this Code
section whether any review was requested and, if
so, shall append any changes made by the deponent
during the period allowed. If the deposition is not
reviewed and signed by the witness within 30 days
of its submission to him or her, the officer shall
sign it and state on the record that the deposition
was not reviewed and signed by the deponent within
30 days. The deposition may then be used as fully
as though signed unless, on a motion to suppress
under paragraph (4) of subsection (d) of Code

Section 9-11-32, the court holds that the reasons
given for the refusal to sign require rejection of
the deposition in whole or in part.

DISCLAIMER:  THE FOREGOING CIVIL PROCEDURE RULES
ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY.
THE ABOVE RULES ARE CURRENT AS OF APRIL 1,
2019.  PLEASE REFER TO THE APPLICABLE STATE RULES
OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the
foregoing transcript is a true, correct and complete
transcript of the colloquies, questions and answers
as submitted by the court reporter. Veritext Legal
Solutions further represents that the attached
exhibits, if any, are true, correct and complete
documents as submitted by the court reporter and/or
attorneys in relation to this deposition and that
the documents were processed in accordance with
our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining
the confidentiality of client and witness information,
in accordance with the regulations promulgated under
the Health Insurance Portability and Accountability
Act (HIPAA), as amended with respect to protected
health information and the Gramm-Leach-Bliley Act, as
amended, with respect to Personally Identifiable
Information (PII). Physical transcripts and exhibits
are managed under strict facility and personnel access
controls. Electronic files of documents are stored
in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.