# EXHIBIT 4

Eric Slawin v. Bank of America Merchant Services, et al.

Eric Slawin Depo. – Exhibit 6

## PROPRIETARY RIGHTS AND INFORMATION AGREEMENT

In consideration of my employment by Banc of America Merchant Services, LLC or its affiliates and subsidiaries (hereinafter the "Company"), and my continued employment during such time as may be mutually agreeable, and of the opportunity to receive Company proprietary or confidential information, and other good and valuable consideration:

1. <u>Assignment of Inventions</u>. I hereby assign and agree to assign to the Company all my right, title and interest in and to all Inventions made or conceived by me: (i) in the course of my employment, (ii) or relating to the actual or anticipated business of the Company, or (iii) with the use of Company time, material, information, or facilities. The obligations under this paragraph apply during the period of my employment and six months thereafter. I acknowledge that all Inventions that are original works of authorship and which are protectible by copyright are "works made for hire," as that term is defined in the United States Copyright Act. For the purpose of this Agreement, "Invention" means all inventions, original works of authorship, developments, concepts, improvements, designs, software, know how, processes, technical or business methods, ideas, trade secrets or other proprietary data and the intellectual property rights (if any) related to any of the foregoing.

2. <u>Prior Inventions</u>. If, in the course of my employment with the Company, I incorporate into a product, service, business method or process of the Company an Invention that was made by me prior to my employment with the Company and which is owned by me, or in which I have an interest (each a "Prior Invention"), the Company is hereby granted and shall have a nonexclusive, royalty-free, irrevocable, perpetual, worldwide license to make, have made, modify, make derivative works, use, reproduce and sell such Prior Invention.

3. <u>Maintenance and Return of Records</u>. I will keep and maintain adequate and current written records related to any Inventions made by me. The records will be available to and remain the sole property of the Company at all times. I agree that, at the time of leaving the employ of the Company for any reason or at any other time as Company may request, I will promptly deliver to the Company (and will not keep in my possession, recreate or deliver to anyone else) any and all records, data, memorandum or any other documents or property (or copies of any of the foregoing) developed by me pursuant to my employment with Company or otherwise belonging to Company.

4. <u>Cooperation</u>. I will disclose all Inventions fully and promptly to the Company. I will execute all documents and do all things necessary to assist Company, at its expense, in protecting, maintaining and enforcing the Inventions and any intellectual property rights relating thereto throughout the world. I further agree that my obligations under this paragraph shall continue after the termination of my employment. In the event the Company is unable for any reason, after reasonable effort, to secure my signature on any document needed in connection with the actions specified in this paragraph, I hereby irrevocably designate and appoint the Company and its duly authorized officers and agents as my agent and attorney in fact, which appointment is coupled with an interest, to act for and on my behalf, to execute, verify and file any such documents and to do all other lawfully permitted acts to further the purposes of this paragraph with the same legal force and effect as if executed by me. I hereby waive any and all claims, of any nature whatsoever, which I now or may hereafter have for infringement of any Inventions assigned hereunder to the Company.

5. <u>Company Information</u>. I will hold and maintain, in strictest confidence and in accordance with Company policy, any proprietary and confidential information, including information relating to intellectual property developed during my term of employment. Such information is the sole property of the Company and I will not release or publish the information to anyone outside Company without prior authorization of my manager. I further agree that my obligation to maintain the confidentiality of Company proprietary or confidential information shall continue after the termination of my employment.

6. <u>Former Employer Information</u>. I agree that I will not improperly use, acquire or disclose any proprietary information, trade secrets or other intellectual property of any former employer or other person or entity and that I will not bring to Company any non-public document, proprietary information or

other property belonging to any such employer or entity unless consented to in writing by such employer, or entity.

7. <u>Third Party Information</u>. I recognize that Company has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on the Company's part to maintain the confidentiality of such information and to use it only for certain limited purposes. I agree to hold all such confidential or proprietary information in confidence and not disclose it consistent with the Company's agreement with such third party.

8. <u>Employment</u>. I agree that this Agreement does not constitute a contract of employment. Nothing in this Agreement shall interfere with or limit in any way the right of Company to terminate my employment without cause or notice at any time, confer upon me any right to continue in the employ of Company, or change my existing at-will employee status.

9. <u>Non-limitation of Rights</u>. This Agreement shall not be construed to limit in any way any "shop rights" or other common law right of Company.

10. <u>Governing Law</u>. This Agreement will be governed by and construed according to the laws of the State of Delaware, without regard to its conflict of law principles.

11. <u>Severability</u>. If one or more of the provisions in this Agreement are deemed unenforceable, then the remaining provisions in this Agreement shall remain in full force and effect. Moreover, if one or more of the provisions in this Agreement are deemed excessively broad as to duration, scope, activity or subject, it shall be construed by limiting and reducing it so as to be enforceable to the extent necessary under applicable law.

12. <u>Survival</u>. The provisions of this Agreement shall survive the termination of my employment and the assignment of this Agreement by the Company.

13. <u>Waiver</u>. No waiver by the Company of any breach of this Agreement shall be a waiver of any preceding or succeeding breach. No waiver by the Company of any right under this Agreement shall be construed as a waiver of any other right.

14. <u>Entire Agreement</u>. This Agreement is the final, complete and exclusive agreement of the parties with respect to the subject matter hereof and supersedes and merges all prior discussions between us. No modification or amendment of this Agreement, nor any waiver of any rights under this Agreement, will be effective unless in writing signed by both parties.

This Agreement shall be effective as of the first day of my employment with the Company.

I UNDERSTAND THAT THIS AGREEMENT AFFECTS MY RIGHTS TO INVENTIONS I MAKE DURING MY EMPLOYMENT, AND RESTRICTS MY RIGHT TO DISCLOSE OR USE THE COMPANY'S CONFIDENTIAL INFORMATION DURING OR SUBSEQUENT TO MY EMPLOYMENT.

Signature of Associate: _[signature]_

Print Name of Associate: ERIC JOHN SLAWIN

Date: 11/6/15

2

PLAINTIFF 000156