# EXHIBIT 45

Eric Slawin v. Bank of America Merchant Services, et al.

Eric Slawin Depo. – Exhibit 34

### BANK OF AMERICA MERCHANT SERVICES
### MERCHANT PROCESSING AGREEMENT
### (GOVERNMENT)

**STATE OF DELAWARE, OFFICE OF THE STATE TREASURER**

| CUSTOMER's Legal Name | | Doing Business As | |
|---|---|---|---|

| 820 SILVER LAKE BLVD, SUITE 100 | DOVER | DE | 19904 |
|---|---|---|---|
| Street Address | City | State | Zip Code |

| N/A | DE | | 516000279 |
|---|---|---|---|
| CUSTOMER's business organization type (corporation, LLC, partnership, non-profit or other entity) | State of Organization | | Taxpayer Identification Number |

| Office of the State Treasurer, Banking Services Manager | | | (302) 739-5635 |
|---|---|---|---|
| Recipient/Title For Notices | | | Facsimile Number |

This MERCHANT PROCESSING AGREEMENT ("Agreement") is entered into by and among the undersigned customer ("CUSTOMER"), and on behalf of Agencies (defined below) as further described below, BANK OF AMERICA, NA ("BANK") and BANC OF AMERICA MERCHANT SERVICES, LLC ("BAMS") and, together with BANK and any other third party providers who enter into Supplements to this Agreement in order to perform services hereunder, (collectively "SERVICERS") for the Services described herein. Unless otherwise specified in this Agreement, (a) each SERVICER'S obligations under this Agreement shall be joint, but not several, and (b) each SERVICER shall have separate but equal rights against the CUSTOMER.

This Agreement governs processing services regarding credit, debit and certain other Card transactions and other services, as those services are further described in this Agreement, the Fee Schedule attached hereto as Schedule A (including any additions and changes thereto, the "Fee Schedule"), any and all concurrent and subsequent addenda, supplements or schedules to this Agreement (each, including the Fee Schedule, as amended from time to time, a "Supplement"), and the Card Organization Rules, all as elected by CUSTOMER and approved by SERVICERS (for the purposes of this Agreement, collectively, the "Services"). Unless otherwise expressly provided in this Agreement or any Supplement, (i) references to each Supplement shall be deemed to include this Agreement and (ii) references to this Agreement shall be deemed to include each Supplement. To the extent the terms of a Supplement directly conflict with the terms of this Agreement, the terms of that Supplement shall control.

The intent of this Agreement is to provide one set of standardized general terms and conditions to be utilized by (i) CUSTOMER, (ii) CUSTOMER on behalf of Agencies, and (iii) each Non-Agency (defined below) that executes a Participation Agreement as further described below, with respect to each such entity's receipt of the Services. CUSTOMER represents and warrants to SERVICERS that it has the necessary power and authority under the laws of the State of Delaware to enter into this Agreement on behalf of Agencies as described herein. CUSTOMER acknowledges and agrees that SERVICERS may provide a copy of this Agreement to Agencies and Non-Agencies.

All Agencies as defined herein and as determined from time to time by the CUSTOMER are part of the State of Delaware and, are not separate legal entities for the limited purpose of this Agreement, and as such will not be required to enter into Participation Agreements; provided that CUSTOMER is responsible and liable to SERVICERS for each Agency's compliance with the terms and conditions of this Agreement (including payment obligations). CUSTOMER is solely responsible for providing a copy of this Agreement and related materials to participating Agencies, and for communicating with participating Agencies with regard to the terms and conditions of this Agreement. SERVICERS may terminate any individual Agency's receipt of Services under this Agreement for the same reasons that SERVICERS may terminate this Agreement in its entirety.

A Non-Agency, which is defined herein and as determined from time to time by the CUSTOMER, may not receive Services under this Agreement unless and until it has entered into a Participation Agreement substantially in the form attached hereto as Exhibit A, and Non-Agency and SERVICERS have executed such Participation Agreement. Upon complete execution of a Participation Agreement, the Non-Agency that is a party thereto will have all the same rights and obligations that CUSTOMER has under this Agreement as if that Non-Agency had separately entered into this Agreement; provided, however, that (i) SERVICERS may terminate any Participation Agreement for the same reasons as it has to terminate this Agreement and (ii) any amendments to this Agreement will constitute simultaneous and identical amendments to each Participation Agreement. Each Non-Agency will be liable to SERVICERS only with respect to its own receipt of Services under this Agreement; neither CUSTOMER nor any individual Non-Agency will be liable to SERVICERS under this Agreement for any other Non-Agency.

BANK's obligations hereunder shall be limited to the sponsorship and settlement of certain Card transactions submitted in accordance with the terms and conditions of this Agreement and the Card Organization Rules, and BANK shall not have any obligation or liability of any nature in connection with any services of any kind provided by BAMS or BAMS' Affiliates hereunder

PLAINTIFF 000612